QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>Plaintiff,<br><br>vs.<br><br>ELON MUSK,<br><br>Defendant. | Case No. 2:18-cv-08048<br><br>Judge: Hon. Stephen V. Wilson<br><br>***EX PARTE* APPLICATION FOR AN ORDER PERMANENTLY SEALING DECLARATION OF JARED BIRCHALL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. #61)**<br><br>Complaint Filed: September 17, 2018<br>Trial Date: December 2, 2019<br><br>Hearing Date: October 28, 2019<br>Time: 1:30 p.m.<br>Courtroom: 10A |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Elon Musk hereby applies to this Court *ex parte,* pursuant to Local Rule 7-19, for an Order permanently sealing Docket Entry #61 entitled "Declaration of Jared Birchall in support of Defendant's Motion for Summary Judgement or in the alternative Partial Summary Judgment" ("Birchall Declaration"). This Application is necessary because one page of Exhibit D thereto, and two pages of Exhibit E thereto contain personal information regarding the Plaintiff (address, passport information, and birth date) that was inadvertently not redacted at the time that the Birchall Declaration was filed with the Court.

Defendant's counsel was unaware that the personal information had been filed until Plaintiff's counsel raised the issue on the evening on September 16, 2019 and requested its immediate removal. Upon discovering this error, counsel for Defendant immediately filed an Administrative Motion to Remove the Document from ECF (DKT #66), and filed a redacted version of the Birchall Declaration (at DKT #65). The clerk of this Court has kindly informed Defendant's counsel that the proper mechanism to remediate this issue is to apply for an Order permanently sealing the Birchall Declaration at DKT #61. Given the sensitive nature of the personal information involved, and the publicity surrounding this case, Defendant is submitting this Application *ex parte*, and Plaintiff's counsel have been duly notified that this Application would be forthcoming.

The instant Application is procedurally proper, as preserving the confidentiality of this erroneously-disclosed information is a matter of "genuine urgency such that 'immediate and irreparable injury, loss, or damage will result'" in the absence of the requested *ex parte* relief. *See In re Intermagnetics America, Inc.,* 101 B.R. 191 (C.D. Cal. 1989). This personal information is protected pursuant to

Federal Rule of Civil Procedure 5.2 and the Central District of California Local Rule 5.2-1.

Expedited relief is necessary because the erroneously-submitted personal information is presently viewable to the public via the Court's docket at entry #61; it is imperative that a permanent sealing order be entered to protect this sensitive information as soon as possible.  Finally, this was the result of Defendant's counsel's inadvertent inclusion of protected information in the filing, who are now taking all necessary steps as soon as reasonably possible to rectify this error.  *See Mission Power Engineering Co. v. Continental Cas. Co.,* 883 F.Supp. 488,492 (C.D. Cal. 1995).

In support of this Application, Defendant relies on this *ex parte* Application, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Michael T. Lifrak, all other pleadings, papers, documents and records on file with the Court, and any such other and further arguments and evidence as may properly be presented to the Court.

DATED:  September 17, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Alex Spiro*
Alex Spiro (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Attorneys for Defendant Elon Musk*

-2- Case No. 2:18-cv-08048
*EX PARTE* APPLICATION FOR AN ORDER PERMANENTLY SEALING DECLARATION OF JARED BIRCHALL IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. #61)

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Elon Musk respectfully requests that the Court issue an Order permanently sealing Docket entry No. 61 in the above-captioned matter, the Declaration of Jared Birchall in Support of Defendant's Motion for Summary Judgment or in the Alternative Partial Summary Judgment (the "Birchall Decl."), on the grounds that one page of Exhibit D thereto, and two pages of Exhibit E thereto contain personal information regarding the Plaintiff that was inadvertently not redacted at the time that it was filed with the Court. The information included in these documents is information specifically protected by the Federal Rules and the Court's Local Rules.

Defendant's counsel was unaware that the personal information had been filed until Plaintiff's counsel raised the issue on the evening on September 16, 2019 and requested its immediate removal. *See* Declaration of Michael T. Lifrak filed in support of Defendant's *Ex Parte* Application to Seal ("Lifrak Decl.") at ¶¶ 4-5. Upon discovering this error, counsel for Defendant immediately filed an Administrative Motion to Remove the Document from ECF (DKT #66), and filed a redacted version of the Birchall Declaration (at DKT #65). *See id.* at ¶ 7. The clerk of this Court has kindly informed Defendant's counsel that the proper mechanism to remediate this issue is to apply for an Order permanently sealing the Birchall Declaration at DKT #61. *See id.* at ¶ 9. Counsel for Defendant now brings the instant *ex parte* Application to permanently seal the Birchall Decl. at DKT #61. As set forth below, the instant Application is procedurally proper, and immediate relief is needed.

### A. DUE NOTICE WAS PROVIDED TO PLAINTIFFS' COUNSEL

On the evening of September 16, 2019, after Plaintiff's counsel informed Defendant's counsel of the inclusion of Plaintiff's personal information, Defendant's counsel responded that they would take immediate steps to remediate the issue, and attempted to do so that evening. *See id.* at ¶¶ 5-6. On the morning of

September 17, 2019, counsel for Defendant was informed that the proper procedure before this Court was to file to the instant Application to Seal.  *See id.* at ¶ 9.  Upon learning such, Defendant's counsel informed Plaintiff's counsel that the instant Application would be filed *ex parte*.  *See id.* at ¶10.

### B. EX PARTE RELIEF IS NECESSARY AND PROPER IN THIS CASE

To justify *ex parte* relief, the moving party must "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that "the crisis [requiring *ex parte* relief] occurred as a result of excusable neglect."  *Mission Power Engineering Co. v. Continental Cas. Co.,* 883 F.Supp. 488, 492 (C.D. Cal. 1995).  Both of the foregoing requirements are met in this case.

#### 1. *Ex Parte* Relief is Needed to Protect Plaintiff's Personal Information.

The protection of personal data identifiers of a party, such as Plaintiff's personal information at issue here, is necessary because such information is "sensitive and private."  *Christopher v. The Neiman Marcus Grp., LLC*, 2017 WL 374903, at *5 (C.D. Cal. Jan. 26, 2017); *see also U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994) (noting an individual's "interest in controlling the dissemination of information regarding personal matters," such as "home address").

"[T]he Local Rules of this district provide for the redaction of personal data identifiers."  *JPMorgan Chase Bank v. Paramount Residential Mortg. Grp.*, Inc., 2015 WL 11404660, at *2 (C.D. Cal. Oct. 27, 2015); *see also* F.R.C.P. 5(a)(2) and C.D. Cal. Local Rule 5.2-1.  This court has previously recognized that "in order to protect any sensitive and private information," personal data identifiers should not be released to the public.  *U.S. Marine Surveyors, Inc. v. Reiner*, 2016 WL 9131961, at *6 (C.D. Cal. Aug. 4, 2016); *see also Lost Art Liquids, LLC v. Food & Drug*

*Admin.*, 2018 WL 5906848, at *2 (C.D. Cal. Feb. 6, 2018) (noting "that Local Rule 5.2-1 requires the redaction of personal data identifiers, including addresses, etc. from Court filings" and entering "a protective order precluding public dissemination of the personal information of the individuals who submitted comments."). And it has ordered documents containing sensitive information sealed in order to protect such information. *See U.S. Marine Surveyors*, 2016 WL 9131961, at *6 ("[T]he Court orders Exhibit 30 to the . . . Declaration provisionally sealed because, in violation of Federal Rule of Civil Procedure 5.2 and Local Rule 5.2–1, the exhibit includes a third party's unredacted personal identifying information."); *St Int'l Grp., Inc. v. Napolitano*, 2014 WL 12561053, at *1 (C.D. Cal. Jan. 28, 2014) (noting "the Court granted the Government's Motion to file the administrative record in this case under seal since it contains personal information subject to redaction under Federal Rule of Civil Procedure 5.2 and Local Rule 5.2-1"); *see also Baker v. FirstCom Music*, 2018 WL 2584814, at *7 (C.D. Cal. Jan. 16, 2018) (striking filings containing "personal information in violation of Fed. R. Civ. P. 5.2 and Local Rule 5.2-1" and giving Plaintiff leave to re-file properly redacted filings).

Expedited relief is necessary because the erroneously-submitted personal information is presently viewable to the public via the Court's docket at entry #61. Due to the publicity surrounding this case, it is imperative that a permanent sealing order be entered to protect this information as soon as possible.

### 2. Counsel Inadvertently Filed Documents with Protected Information

Moreover, the situation necessitating this *ex parte* Application was the result of Defendant's counsel inadvertent filing of such information. When filing the Birchall Decl. at DKT #61, on the morning of Monday, September 16, counsel unintentionally and unknowingly included three pages containing unredacted personal information in that document, specifically, Plaintiff's address, passport information, and birth date. *See* Lifrak Decl. at ¶¶ 3-4. As soon as Plaintiffs'

counsel informed Defendant's counsel of this error on the evening of Monday, September 16, corrective action was immediately taken. *See id.* at ¶¶ 5-7.  On the morning of September 17 the clerk of this Court informed Defendant's counsel that the only way to permanently remediate the error was via the instant Application. *See id.* at ¶9.  Accordingly, Defendant's counsel provided notice to Plaintiff's counsel, and this Application was prepared and filed *ex parte*.  Counsel sincerely apologizes for the inconvenience caused by this error.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court issue an order permanently sealing Docket Entry #61 entitled "Declaration of Jared Birchall in support of Defendant's Motion for Summary Judgement or in the alternative Partial Summary Judgment," in order to protect the personal information contained therein.

DATED:  September 17, 2019           Respectfully submitted,

                                     QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP

                                     By     */s/ Alex Spiro*
                                        Alex Spiro (admitted *pro hac vice*)
                                        alexspiro@quinnemanuel.com
                                        51 Madison Avenue, 22nd Floor
                                        New York, New York 10010
                                        Telephone: (212) 849-7000

                                     *Attorneys for Defendant Elon Musk*