L. LIN WOOD, P.C.
L. Lin Wood (admitted *pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (admitted *pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (admitted *pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (admitted *pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (admitted *pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

*Attorneys for Plaintiff Vernon Unsworth*

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Alex B. Spiro (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>              Plaintiff<br><br>   v.<br><br>ELON MUSK,<br><br>              Defendant. | Case No. 2:18-cv-08048-SVW (JCx)<br><br>**JOINT STIPULATION ON PLAINTIFF'S MOTION TO COMPEL**<br><br>Hearing Date:    Nov. 12, 2019<br>Time:            9:30 a.m.<br>Courtroom:      750<br>Discovery Cutoff:  Sept. 13, 2019<br>Pretrial Conference: Nov. 25, 2019<br>Trial Date:      Dec. 3, 2019 |

1  PLEASE TAKE NOTICE THAT on November 12, 2019, at 9:30 a.m. in
2  Courtroom 750 of the above-titled Court, Plaintiff Vernon Unsworth will move this
3  Court for an order granting Plaintiff's Motion to Compel pursuant to Fed. R. Civ. P.
4  37 and Local Rule 37.  Plaintiff's Motion to Compel is made pursuant to this Notice
5  of Motion, the parties' Joint Stipulation on Plaintiff's Motion to Compel and
6  supporting declarations, Plaintiff's forthcoming supplemental memorandum of law
7  and proposed order pursuant to Local Rule 37-2.3, and any such additional argument
8  or materials as may be submitted to the Court before the time of the decision in this
9  matter.

10

11  DATED:  October 14, 2019                    Respectfully submitted,

12                                                              **L. LIN WOOD, P.C.**

13                                                              By: */s/L. Lin Wood*
14                                                              L. Lin Wood

15                                                              *Attorneys for Plaintiff Vernon Unsworth*

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
# TABLE OF CONTENTS
3
I.   PRELIMINARY STATEMENTS..................................................................1
4
   A.  Unsworth's Preliminary Statement ...................................................1
5
   B.  Musk's Preliminary Statement .........................................................4
6
II.  DISCOVERY DISPUTES AT ISSUE ......................................................7
7
   A.  Unsworth's Verbatim Discovery Requests and Musk's Responses .................7
8
   B.  Unsworth's Position .........................................................................9
9
   C.  Musk's Position ...............................................................................13
10
     1.  Unsworth misstates the facts........................................................13
11
     2.  Unsworth is not entitled to production of attorney work product. ..............15
12
     3.  Unsworth is not entitled to a deposition of the investigator or his identity..17
13
     4.  Unsworth has sufficient information to assess Musk's privilege claim. ......18
14
     5.  The information sought is irrelevant..............................................20
15
     6.  Unsworth's motion is untimely....................................................20
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Rule 37 of the Local Rules of Practice for the United States District Court for the Central District of California, Plaintiff Vernon Unsworth ("Unsworth") and Defendant Elon Musk ("Musk") submit this Joint Stipulation in connection with Unsworth's Motion to Compel discovery responses from Musk in this defamation lawsuit.

# I.    PRELIMINARY STATEMENTS.

## A.    Unsworth's Preliminary Statement

Unsworth has sued Musk for defamation based on false and defamatory statements that Musk made accusing Unsworth of being a pedophile and a child rapist. The discovery dispute before this Court arises from a previously undisclosed investigation into Unsworth by Musk.[1]    Unsworth seeks an order from this Court compelling Musk to provide the following:

- Production of documents obtained during the previously undisclosed investigation, including the birth certificate/I.D. of Unsworth's companion, Tik;

- Identification of the person(s) who conducted such investigation(s);

- Deposition of the investigator(s); and

- Production of a privilege log of all documents being withheld regarding any investigation into Unsworth.

These requests are clearly calculated to lead to the discovery of admissible evidence concerning falsity, negligence, and actual malice in this defamation case, particularly given Musk's production of the results of a different investigation with respect to which he did not assert any privilege and the fact that he produced no documents evidencing communications by him regarding any investigation.  Given the importance of this discovery dispute and the impasse between the parties on this issue, Unsworth reluctantly resorts to the Court's intervention to resolve the dispute.

---

[1] As required by L.R. 37-1, the parties have had multiple telephonic and electronic meet and confer attempts to resolve this issue prior to seeking the Court's intervention.  *See* Declaration of G. Taylor Wilson ("Wilson Decl.") at ¶¶ 2-3.

Musk's failure to disclose relevant individuals and information concerning his investigations into Unsworth has persisted throughout discovery. Musk failed to identify any individual who participated in any investigation into Unsworth in his initial disclosures. (*Id.* ¶ 6). Plaintiff first discovered the existence of an investigation of Unsworth undertaken by Howard in Musk's July 18 interrogatory responses. (*Id.*).[2] It was only upon review of Musk's first production of documents in this case that Unsworth discovered the identity of Jared Birchall ("Birchall"), a Musk associate who oversaw the Howard investigation at Musk's request.  (*Id.* ¶¶ 6-7, 9, Ex. D (Birchall Depo. at 20:17-18)).  After Unsworth sought to meet and confer, Musk identified by supplemental interrogatory responses Birchall, whose alleged oral communications with Musk as to the Howard investigation now form the principal basis for Musk's questionable motion for summary judgment.  (*Id.* ¶¶ 5, 7).

During the deposition of Birchall on September 10, 2019, it was revealed that Birchall received from a different investigator the birth certificate of Unsworth's significant other, who is the person Musk falsely accused Unsworth of marrying when she was twelve years old.  (*Id.* ¶ 10, Ex. D (Birchall Depo. at 216:7-218:1)).  Although Musk did not possess any information to substantiate his twelve-year-old-bride claim in the first place, and in fact had contrary information, this birth certificate would make plain the age of Unsworth's significant other (40). Yet, Birchall was unable or

---

[2] Notably, Musk did not even disclose the fact that Howard's true identity is Howard-*Higgins* – an Englishman with a reported criminal history who was apparently incarcerated just months before he began working for Musk.  (Wilson Decl. ¶ 15).  Unsworth learned Howard's true name on August 23, 2019, with less than a month left in discovery, when Musk served a subpoena on Unsworth seeking production of any communications with "James Howard Higgins."  (*Id.* ¶ 14). Notably, Howard claims in his written correspondence to have infiltrated the law firm of Unsworth's UK-based lawyers during his investigation to obtain insider information about Unsworth and his case.  (*Id.* ¶ 16, Ex. F (MUSK_000203, 000205, 000209)). Musk has provided no explanation for withholding Howard-Higgins' true identity, thereby frustrating Unsworth's ability to obtain discovery from him.

unwilling to disclose the identity of the person who provided the birth certificate, testifying "I believe it was derived through another, you know, relationship that was – that did involve a legal – legal counsel," that the birth certificate was not provided by "a lawyer" but "someone working with a lawyer," that he "do[es]n't know the name of the person" but "could easily find that out," and that he "do[es]n't know if that lawyer was engaged to work on this matter." (*Id.*).  The identity of the individual who apparently conducted a second investigation into Unsworth, when that individual was retained for the stated purpose of "seeking verification," the facts discovered in that investigation, and when those facts were disclosed to Birchall and/or Musk have never been identified by Musk in discovery despite both interrogatories and document requests calling for that information, which is relevant to falsity, negligence, and actual malice; the pending motion for summary judgment; and an eventual trial.  (*Id.* ¶¶ 10-11, Ex. D (Birchall Depo. 217:24-218:1)).  In response to Unsworth's written discovery requests, Musk offered only boilerplate objections without stating whether any documents were, in fact, being withheld.  (*Id.* ¶ 6, Ex. C).

Unsworth understood during e-mail and telephonic meet and confers that the birth certificate and identity of the person who provided it would be provided by Musk, but Musk has subsequently claimed that information is protected by the work product doctrine, again in boilerplate fashion.  (*Id.* ¶ 12).  Although Unsworth immediately requested a privilege log when Musk first asserted the privilege on September 22, Musk has never provided a privilege log during this case.  (*Id.* ¶ 3, 13, Exs. A-B).

Having failed to disclose the existence of an apparent second investigation into Unsworth, the identity of the investigator, or a privilege log consistent with Rule 26, and moreover, having relied on the Howard investigation to support his defenses, Musk cannot now claim that this second investigation is shielded from discovery.  Accordingly, Unsworth seeks a court order as set forth above, requiring Musk to (1) produce responsive non-privileged documents, particularly including Tik's birth

3

certificate/ID card; (2) identify the investigator; (3) make the investigator available for a deposition; and (4) produce a privilege log of all documents prepared by, and communications with, the investigator. Unsworth further seeks sanctions in the form of his attorneys' fees and costs in litigating against Musk's frivolous positions on this issue.[3]

## B.    Musk's Preliminary Statement

This motion is born of Plaintiff Vernon Unsworth's desperation over the crumbling of his case. With Musk's summary judgment motion pending, and unable to counter Musk's showing that Unsworth cannot prove his case as to any of the statements at issue, Unsworth seeks to invade the work product of Musk's attorneys. There is no basis to do so. Unsworth is simply not entitled to discovery into the strategy of Musk's attorneys, the investigations they directed, or the facts that they uncovered in anticipation of threatened litigation.

This improper incursion into privileged information is the entirety of what Unsworth seeks through this motion. The information Unsworth is trying to obtain was the fruit of an investigation undertaken at the direction of Musk's counsel, which began on September 7, 2018, *after* one of Unsworth's attorneys, Lin Wood, had publicly posted on Twitter a litigation threat and demand letter. The investigator starting providing information to Musk's attorneys on September 11, 2018, less than a week before Unsworth filed this lawsuit. Birchall Decl. at ¶ 5. These facts alone demonstrate that the requested information is protected work

---

[3] Unsworth's portion of the stipulation that he delivered to Musk also raised a dispute regarding Musk's failure to produce a single document from his phone and iCloud, such as text messages. After Unsworth delivered his portion, he deposed Musk's third-party associates who themselves produced text messages with Musk that are responsive and relevant, and which Musk has not himself produced. In order to provide the Court with a fulsome record, and to give Musk the opportunity to explain his indisputable failure to produce relevant text messages, Unsworth has removed the dispute regarding text messages from this stipulation and he will instead address it another stipulation that will be provided to Musk.

product and not subject to discovery.  Unsworth's lawyers know all of this.
Remarkably, they omitted it from their motion.

None of the relief Unsworth seeks has any basis in fact or law:

*First*, Unsworth cannot obtain a "production of documents" from the investigation directed by counsel.  Even to the extent the documents or information sought are "factual" in nature, such "fact work product" remains protected unless a party has shown "substantial need" and "an inability to secure the substantial equivalent of the materials by alternate means."  Unsworth has not even attempted to make such a showing.  Indeed, the one example he cites – the national identity card of Unsworth's Thai "wife" – proves the point.[4]  Certainly he and his "wife" already have her national ID card, her birth certificate, and other proof of her age. And any factual information the investigator could have transmitted to Musk's counsel about Unsworth, Unsworth already knows himself.

*Second*, for the same reasons, Unsworth is not entitled to the identity of the investigator nor to any deposition of him.  The investigator is not a fact witness.  He is the agent of the attorneys for whom he was working.  The only case Unsworth cites in support of this argument stands for the unremarkable proposition that a party cannot withhold the identity of fact witnesses even if they were discovered through an investigation directed by counsel.  That is not the issue here.  Musk has disclosed any such witnesses.  No case Unsworth cites allows a party to obtain discovery from a private investigator hired by counsel in anticipation of litigation or the identity of such investigator.

*Third*, Unsworth is not entitled to a detailed privilege log concerning the

---

[4] Musk offered to compromise on Unsworth's requests regarding the investigator by providing him with Tik's national identity card. Wilson Decl. Ex. A (September 23, 2019 Email from Alex Spiro).  Unsworth rejected this offer and demanded the additional relief sought in this motion.  *Id.* (September 23, 2019 Email from L. Lin Wood).

investigator's work.  Rule 26 does not require the logging of documents withheld for privilege, especially where doing so could reveal the strategy of counsel or other protected information.  Musk has provided Unsworth all information necessary to evaluate the privilege claim: that the investigation was conducted at the direction of counsel, the date that his "wife's" national identity card was sent by the investigator to counsel, and the basis for its withholding.  That is all that Rule 26 requires.  *See* Wilson Decl. Ex. B.  Moreover, there is no requirement of a log when litigation is imminent or after a complaint has been filed, which were the circumstances here.[5]

***Finally***, Unsworth's motion is faulty for other reasons.  What Musk's counsel discovered through their own investigation after Musk made allegedly defamatory statements is not relevant to any claim or defense.  Nonetheless, Musk produced the full files of a prior investigation conducted by a different investigator, Mr. Howard, because (a) it was not directed by counsel; and (b) it related to the basis for Musk's allegedly defamatory statements.[6]  Neither circumstance is present in the information Unsworth seeks by his motion.  Moreover, Unsworth's motion is late.  Fact discovery is over.  Unsworth has been aware since July that Musk's attorney had directed an investigation of Unsworth, and Unsworth's attorneys asked

---

[5] Notably, Unsworth has failed to do the very thing he demands here.  He has produced ***no*** privilege log during the course of discovery in this case.

[6] Specifically, Howard reported to Musk that Unsworth was a fixture in Pattaya Beach, Thailand – a locale notorious for prostitution and child trafficking, that he had a taste for young Thai girls, that he whore-mongered his way through the go-go bars of Thailand, that his only friends were his "sexpat" peers, and that he married his Thai wife when she was a teenager, after starting a relationship when she was a young girl.  Declaration of Jared Birchall in support of Musk's Motion for Summary Judgment [DKT 65] ("Birchall MSJ Decl.") at ¶¶ 18-19, Ex. E.  Musk sent an email to BuzzFeed News repeating some of this information, making clear it could not publish any of his statements because they were "off the record."  Declaration of Elon Musk in support of Musk's Motion for Summary Judgment [DKT 60] ("Musk MSJ Decl.") at ¶43, Ex. L.  Those statements by Musk form the basis of part of Unsworth's defamation claim.  Complaint, ¶¶ 88-97.

questions about it during depositions in August.  Unsworth has no explanation for waiting weeks and weeks, until October and with summary judgment motions pending, to raise this dispute and to seek to invade the attorney work product of Musk's lawyers.

The Court should deny Unsworth's Motion to Compel in its entirety.

## II.    DISCOVERY DISPUTES AT ISSUE

### A. Unsworth's Verbatim Discovery Requests and Musk's Responses

#### Unsworth's Interrogatory Request and Musk's Response

**INTERROGATORY NO. 3:**

Please identify every investigation, including every inquiry, analysis, or background check, concerning Plaintiff undertaken by you or any person on your behalf or for your benefit, including the dates of the investigation, the individuals who conducted or assisted with the investigation, a description of the work undertaken in the investigation, and a description of the investigation's findings.

**Responses and Objections to Interrogatory No. 3:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous with regard to the terms "investigation," "inquiry," "analysis," "background check," and "benefit." Defendant further objects to Interrogatory No. 3 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 3 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 3 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Interrogatory No. 3 on

the ground that it prematurely calls for the identification of expert witnesses or testimony at this stage of litigation. Defendant further objects to Interrogatory No. 3 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds:

James Howard of Jupiter Military & Tactical Systems conducted an investigation, beginning on or about August 15, 2018. Defendant will produce documents relating to the work done and the findings of the investigation.

**Unsworth's Document Requests and Musk's Responses**

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning or relating to any effort by you or your representative to verify the truthfulness or accuracy of the Defamatory Statements, whether before or after the Defamatory Statements were published.

**Responses and Objections to Request for Production No. 7:**

Defendant incorporates his General Objections herein. Defendant further objects to Request No. 7 on the grounds that it seeks information that is outside of his possession, custody, or control. Defendant further objects to Request No. 7 on the grounds that it is vague and ambiguous with regard to the terms "representative," "verify," "accuracy," and "published." Defendant further objects to Request No. 7 as argumentative in that it requires the adoption of improper assumptions including that any statement referenced in this Request was defamatory. Defendant further objects to Request No. 7 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Request No. 7 on the grounds that the Request

is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.

Subject to his General and Specific Objections, Defendant responds as follows:

To the extent that such documents exist, are within Defendant's possession, custody, or control, and can be located after a reasonably diligent inquiry, Defendant will produce relevant, non-privileged documents responsive to this request, as Defendant understands it.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning or relating to any investigation concerning Plaintiff by you or by any person on your behalf.

**Responses and Objections to Request for Production No. 8:**

Defendant incorporates his General Objections herein. Defendant further objects to Request No. 8 on the grounds that it seeks information that is outside of his possession, custody, or control. Defendant further objects to Request No. 8 on the grounds that it is vague and ambiguous with regard to the term "investigation." Defendant further objects to Request No. 8 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Request No. 8 on the grounds that the Request is overly broad and unduly burdensome and seeks documents that are not proportional to the needs of the case.

Subject to his General and Specific Objections, Defendant responds as follows:

To the extent that such documents exist, are within Defendant's possession, custody, or control, and can be located after a reasonably diligent inquiry, Defendant will produce relevant, non-privileged documents responsive to this request, as Defendant understands it.

**B.     Unsworth's Position**

9

Unsworth seeks a supplemental response to interrogatory number three identifying (1) the identity of the investigator who provided the birth certificate and (2) the dates of the investigation. As the investigator's identity should have been disclosed in Musk's July 18, 2019, interrogatory responses, Unsworth also seeks permission to conduct a deposition of this investigator and/or the relevant members of the investigator's team to discover the facts surrounding this investigation. Further, Unsworth seeks a privilege log for the documents relating to the investigation and responsive to requests for production seven and eight, both because the log will contain information bearing on Musk's defenses, including a claim of no actual malice, and it will allow for an assessment of the claim of privilege. A log is required, and will, in any case, reveal the information sought by Unsworth in response to interrogatory number three. Finally, Unsworth seeks sanctions in the form of attorneys' fees for Musk's failure to abide by his discovery obligations in identifying the investigator and producing a privilege log in the first place, and his stubborn refusal to do so after substantial meet and confer efforts.

There appears to be no dispute that the information sought by Unsworth is responsive and calculated to lead to the discovery of admissible evidence, but instead only as to whether it is protected by the work product doctrine. Thus, Unsworth will skip the litany of statements of law regarding the broad scope of discovery and focus on the work product doctrine.

*First*, it is black letter law that Unsworth is entitled to disclosure of the identity of the investigator(s) and dates of the investigation(s), as neither constitutes work product. *See, e.g., Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 WL 1459555, at *4 (N.D. Cal., June 21, 2005) ("It is generally accepted that the 'work product doctrine does not protect against the disclosure of facts or the identity of persons from whom the facts are learned.'") (internal citations omitted). Thus, pretermitting whether any documents and communications concerning this investigation even qualify as work product prepared in anticipation of litigation, the

identity and location of individuals possessing relevant knowledge are not work product, and no showing of substantial need is required to obtain this information. *See, e.g., Burlingame v. County of Calaveras*, 2007 WL 2669523, at *2 (E.D. Cal., Sept. 7, 2007) (discussing difference between "opinion work product" and "fact work product" and stating that "while work product immunity protects documents and tangible things, it generally does not protect the underlying facts contained within the document or tangible thing," and noting that "the identity and location of persons having knowledge of any discoverable matter are discoverable"). For the same reason, the dates on which this investigation was undertaken are not protected; this is merely a fact underlying the investigation and does not require the production of any arguably protected tangible materials. Indeed, as set forth below, the identity of the investigator and dates of the investigation are the precise type of information which would have to be provided via a privilege log or other compliant claim of privilege.

*Second*, Musk must produce a privilege log or its substantial equivalent consistent with the mandates of Fed. R. Civ. P. 26(b)(5), which provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: … (i) expressly make the claim; and … (ii) describe the nature of the documents, communications, or tangible things not produce or disclosed … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Notably, a "party's 'failure to provide sufficient information may constitute a waiver of the privilege." *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650 (E.D. Cal. 2010) (internal citation omitted).

The information required to be contained in the privilege log is all that Unsworth requests in response to his interrogatories. "A judge of this court has stated that '[t]he requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the

material's present location, [6] the specific reasons for its being withheld, including the privilege invoked and grounds thereof." *Id.* at 650-51 (internal citations omitted). To date, Musk has stated – late in the meet and confer process – only that "we have reached the conclusion it [the information sought by Unsworth] is privileged and so we are not providing it," and that "Mr. Birchall received the document [the national ID card] on Sept 11th… We are under no obligation to produce a detailed privilege log related to the activities of counsel … We have provided sufficient information for you to evaluate our claim of work product protection, including the date of the communication and the basis for the claim of privilege. … The identity of any investigator is irrelevant and has no bearing on any legal issue." (Wilson Decl. ¶ 3). As held in *Friends of Hope Valley*, Musk's vague boilerplate claims of privilege within his response to Unsworth's requests for production and in meet and confer correspondence do not meet the requirements of Fed. R. Civ. P. 26. *Friends of Hope Valley*, 268 F.R.D at 651 ("One of plaintiff's meet-and-confer letters explains that all of these non-attorney communications 'related directly to forming a response to a query provided by an attorney or precede and relate to forming a communication to an attorney.' However, defendant and the court should not be obligated to take plaintiff's blanket assertion at face value as to all the documents withheld."). *See also Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (establishing this Circuit's rules for waiver of privilege by failure to timely assert the privilege and stating "[w]e hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege"). This is especially so because Unsworth is still unaware of the scope of the investigation and the extent of any documents and communications for which Musk now claims protection.

*Third*, Unsworth is entitled to depose the investigator and/or relevant members of the investigator's team to reveal the facts discovered in the investigation as well as how those facts bear on Musk's stated actual malice defense. Indeed, Birchall has

testified with respect to his receipt of this birth certificate that "[w]e may have been looking for verification." (Wilson Decl. ¶ 10, Ex. D (Birchall Depo. 217:24-218:1)). If Musk was "looking for verification" beyond the Howard investigation to determine the age of Unsworth's significant other, such an effort is circumstantial evidence of among other things, his state of mind. Moreover, even if confirmation of her age was disclosed to Musk or Birchall after Musk's accusations to BuzzFeed, it bears on his state of mind in continuing to permit without correction the republication of his false accusations. Regardless, at a minimum, Unsworth's discovery requests are reasonably calculated to led to the discovery of admissible evidence, the evidence sought is not protected by the work product doctrine, and Musk is not entitled to shield from Unsworth a second investigation on vague claims of privilege. It is clear that Musk has demonstrated a pattern of hiding and delaying disclosure of the facts about his investigations into, and thus knowledge about, Unsworth. But for Musk's failure to identify the investigator, Unsworth would have deposed this investigator within the discovery period.[7]

### C.   Musk's Position

#### 1.   <u>Unsworth misstates the facts.</u>

Unsworth's section of the joint stipulation is rife with factual misstatements, the more significant of which are as follows:

---

[7] Unsworth continues to believe that he is entitled to the documents and communications themselves, including because it is unclear if they were created in anticipation of litigation based upon Birchall's testimony, because Unsworth has a substantial need for the documents, and because Musk has waived his right to assert the protection of the work product doctrine. In compliance with L.R. 37-2.1, Unsworth proposed to compromise by receiving a privilege log to assess the merits of the privilege assertion rather than seeking production of the investigator's documents and communications themselves. Thus, because there is no further compromise, Unsworth seeks here that privilege log so that he and the Court can assess the privilege assertion.

First, Unsworth's statement that Musk's "failure to disclose relevant individuals and information concerning his investigations into Unsworth has persisted throughout discovery" is false. It is also ironic given that Unsworth himself has persistently refused to produce relevant, non-privileged information. For example:

- Unsworth's alleged Thai "wife," Tik, testified in deposition that she and Unsworth communicate through WhatsApp and Line. Yet, Unsworth has not produced a single chat log or document related to those communications on either application. In fact, Unsworth has produced only three emails between him and Tik. He has produced no other electronic communications between the two of them. Lifrak Decl. Ex. 2.

- Unsworth belatedly produced 100 pages of key documents over a month *after* his deposition and several weeks *after* the discovery cutoff. The production included text messages between Unsworth and his British wife, Vanessa. *Id.*.

- Unsworth's belated production identifies 632 photographs, 12 video files, and 37 other files, which he has refused to produce. *Id.*

- Unsworth has failed to produce numerous communications between him and his agent, studios, and others that reflect his persistent efforts to cash in on his fame from the role he played in the cave rescue. *Id.*[8]

Second, Musk did not "fail" to identify in his Rule 26 initial disclosures either Howard or any other investigator. Rule 26 requires the identification of witnesses "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Musk does not plan to call Howard or any other investigator as a witness at trial or otherwise. As noted above, Musk readily produced all documents regarding Howard's investigation (including all his communications with Birchall)

---

[8] Unsworth's attorneys have refused to reconsider their position on these issues. As a result, Musk reserves his right to file a separate motion to compel, as discussed further below.

because the investigation was not directed by counsel and formed the basis for some of Musk's allegedly defamatory statements. Lifrak Decl. at ¶ 5.

Third, Unsworth blames Musk for the fact that the full name of James Howard-Higgins was unknown to him until August 23, 2019. However, Musk never became aware of the "Higgins" portion of Howard's name during his investigation because Howard/Howard-Higgins did not use it in any reports or correspondence. More importantly, the lawyers at one of Unsworth's law firms know Howard/Howard-Higgins and have even spoken to him about the case. Wilson Decl. Ex. H (at MUSK000205, 208-09). Thus, the notion that his true identity has been "hidden" is laughable.

Fourth, Unsworth's assertion that Musk "hid" the existence of counsel's later investigation from him is incorrect. Documents produced by Musk on July 17, 2019 evidence Birchall telling Howard that he had obtained Tik's "birth record" via other means. Lifrak Decl. Ex. 3. Unsworth's counsel was aware of this, sufficiently so to question Birchall about it at his deposition. Wilson Decl., Ex. D (Birchall Depo. 216: 7-9).

### 2. <u>Unsworth is not entitled to production of attorney work product.</u>

All of the information Unsworth seeks to obtain through this Motion to Compel is attorney work product created in anticipation of litigation. The facts are not disputed:

- Birchall hired Howard on August 15, 2018. Birchall MSJ Decl. at ¶ 4.
- Howard reported highly negative information to Birchall throughout August 2018. *Id.* at ¶¶ 11-19.
- Musk repeated some of that information in an email to BuzzFeed News, with the statement that it was "off-the-record." BuzzFeed published the email anyway, and Unsworth sued Musk as a result. Musk MSJ Decl. at ¶ 43.

15

- Musk has produced all communications with Howard.  Lifrak Decl. ¶ 5.
- On August 28, 2018, Unsworth's counsel, Lin Wood, tweeted a demand letter to Musk.  Lifrak Decl. Ex. 4.
- On September 7, 2018, Musk's counsel at Cooley hired the investigator whose information Unsworth now seeks.  Birchall Decl. ¶ 4.
- The investigator provided Tik's national identity card to Cooley and Birchall on September 11, 2018.  Birchall Decl. ¶ 5.

Because the investigator was working for Cooley in preparation for litigation (which Unsworth had already publicly threatened and was a week away from filing), the investigator is an agent of the attorney.  His work and the fruits thereof are protected by the attorney work product doctrine *to the same extent an attorney's work would be protected*.  *See Coito v. Superior Court*, 54 Cal. 4th 480, 488 (2012) ("material created by or derived from an attorney's work reflecting the attorney's evaluation of the law or facts" including "witness statements obtained as a result of interviews conducted by an attorney, or by an attorney's agent at the attorney's behest, constitute work product protected by section 2018.030."); *see also United States v. Nobles*, 422 U.S. 225, 238–39 (1975) (the attorney work product "doctrine is an intensely practical one, grounded in the realities of litigation in our adversary system.  One of those realities is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."); *People v. Superior Court (Jones)*, 34 Cal. App. 5th 75, 81 (2019), *review granted* July 24, 2019 No. S255826 ("California's work product protection exists to encourage attorneys to thoroughly prepare their cases for trial and to investigate the favorable and unfavorable aspects of their cases, as well as to prevent attorneys from 'taking undue advantage of their adversary's industry and efforts,'" and work product "includes materials compiled by investigators and other agents in preparation for

trial.").  The production of materials created during or found as a result of the Cooley-led investigation are therefore not discoverable.

Moreover, contrary to Unsworth's position, factual material obtained during the investigation, such as Tik's national ID card, is also protected work product because the release of documents containing such factual information would necessarily require production of "material created by or derived from an attorney's work reflecting the attorney's evaluation of the law or facts."  *Coito*, 54 Cal. 4th at 488.

The case Unsworth relies on, *Burlingame v. County of Calaveras*, 2007 WL 2669523 (E.D. Cal., Sept. 7, 2007), does not suggest otherwise.  That case makes clear that factual information that is part of protected communications is discoverable *only* when it is unavailable via alternative means, an aspect of the case Unsworth failed to mention.  *See id.* ("fact work product" can be ordered produced only "if the requesting party demonstrates both a 'substantial need' and 'an inability to secure the substantial equivalent of the materials by alternate means without undue hardship'" (citations omitted)); *see also* F.R.C.P 26(b)(3).  Moreover, the court in *Burlingame* denied the motion to compel for this very reason – the moving party did not demonstrate substantial need and a lack of alternative means for obtaining the information.  *See Burlingame* at *3.  Here, Unsworth has access to Tik's national identity card or other proof of her birthday, and he does not need to demand it from Musk.  The same holds true for the other factual information the investigator uncovered regarding Unsworth.  Unsworth already knows about himself, and the information is otherwise available (or else the investigator could not have obtained it).

### 3.   <u>Unsworth is not entitled to a deposition of the investigator or his identity.</u>

For the same reasons, any request to obtain information from the investigator through a deposition is also improper.  An agent cannot be deposed unless an

attorney standing in the same shoes could be deposed.  *Daniels v. Hadley Mem'l Hosp.*, 68 F.R.D. 583, 588 (D.D.C. 1975).  Here, Unsworth has not even attempted to make such a showing.  Nor could he, as he would have to demonstrate that "no other means exist to obtain the information than to depose opposing counsel" and "the information sought is … nonprivileged."  *Littlefield v. Nutribullet, LLC*, 2017 WL 10438897, at *3 (C.D. Cal. Nov. 7, 2017).  Unsworth has not and cannot demonstrate either.

Nor does any basis exist for Unsworth to discover the identity of the investigator.  The only case Unsworth cites for this proposition, *Plumbers & Pipefitters Local 572 Pension Fund*, 2005 WL 145955 (N.D. Cal June 21, 2005), held simply that a party can be compelled to "disclose the identity of persons having knowledge" of relevant facts, even if they had been interviewed by counsel.  *Id*. at *4.  The investigator here, however, is not a fact witness, unlike the individuals at issue in *Plumbers*, and has no first-hand knowledge of anything.  Musk has already timely disclosed all of the witnesses who do.

Moreover, Unsworth does not need to know the name of the investigator Musk's counsel, Cooley, hired in order to evaluate the claim of privilege asserted over the investigation materials.  Rule 26(b)(5)(a) requires the disclosure only of information sufficient to "enable other parties to assess the claim" of privilege.  The name of an investigator does not render the investigator's findings any more or less privileged.

### 4.    Unsworth has sufficient information to assess Musk's privilege claim.

Musk is not required to produce a privilege "log" concerning the investigation.  As noted above, Rule 26 requires that Musk "describe the nature of the documents, communications, or tangible things not produced or disclosed" in a "manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  *See* F.R.C.P. 26(b)(5)(a).  A privilege log

is simply one way to enable a party to assess the claim of privilege.  *See Hully Enters. v. Baker Botts LLP,* 286 F. Supp. 3d 1, 7 (D.D.C. 2017) ("[W]hen a discovery request demands production of an attorney's records in connection with representation of a client, invocation of the protections of the attorney-client privilege and work-product doctrine may be effective without requiring a detailed privilege log.  Otherwise, any objection to the scope of a discovery demand would be rendered moot because interposing that objection would trigger the very burdensome obligation to prepare a privilege log that the objection would be intended to avoid.").

Even the case Unsworth cites, *Friends of Hope Valley v. Frederick Co*., does not hold otherwise.  *See* 268 F.R.D. 643, 651 (E.D. Cal. 2010) ("[W]hether the requisite information [necessary to assess privilege] is provided in a particular format is not dispositive.").[9]  Musk has provided Unsworth all information necessary to evaluate the privilege claim: (1) the date the investigation began, (2) that it was conducted at the direction of counsel, (3) the date the investigator sent a copy of Tik's national identity card to Cooley, (4) that it was a national identity card, and, (5) the basis for its withholding.  That is all Rule 26 requires.  Unsworth has all of the information he needs to assess the privilege claim.

_____

[9]  In *Friend of Hope Valley*, the court did *not* indicate that a privilege log is the only acceptable way to communicate information that would allow an opposing party to assess a claim of privilege.  Further, and most importantly, the communications at issue in *Friends of Hope Valley* were among non-attorneys.  Plaintiff's privilege log was deficient because it did not allow the Court to assess why "communications among non-attorneys" were privileged.  The subject of Unsworth's discovery request—for communications and documents transmitted from an attorney's agent to an attorney—is not analogous.  *Id*.  Finally, in *Friends of Hope Valley*, plaintiff "just copied the subject line from the e-mail or letter withheld," which was not enough information for the Court or the opposing party to assess the claim of privilege.  *Id*.  Musk has provided significantly more information, including the nature of the document withheld, the date it was received, and that it was transmitted from the investigator to Cooley in preparation for this litigation.

Moreover, most jurisdictions, including this one, do not require the logging of privileged materials created when litigation is imminent or after a complaint has been filed.  *See In re Snap Inc. Sec. Litig.*, 2018 WL 7501294, at *1 (C.D. Cal. Nov. 29, 2018) ("Courts in this circuit routinely deny a motion to compel a privilege log of attorney-client communications or work product dated after commencement of litigation."); *Frye v. Dan Ryan Builders, Inc.*, 2011 WL 666326, at *7 (N.D.W.Va. Feb. 11, 2011) (party did not have to produce a privilege log for its litigation file).

### 5.      The information sought is irrelevant.

The information Unsworth demands is not discoverable.  It is not "relevant to any party's claim or defense" within the meaning of Federal Rule of Civil Procedure 26(b)(1).  "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit."  *Saucedo v. McKesson Med.-Surgical, Inc.*, 2017 WL 10591593, at *2 (C.D. Cal. June 2, 2017).  Unsworth has not met his burden of showing the requested information is relevant to any claim or defense in this case.

As explained above, Musk, via counsel, did not receive any information from the investigator until September 11, 2018.  This was two weeks after Musk made his allegedly defamatory statements.  What Musk's counsel may have learned about Unsworth after the fact has no bearing on Musk's statements weeks earlier or to whether they were made with actual malice.  *See e.g.*, *Saucedo*, 2017 WL 10591593, at *3 (denying plaintiffs' discovery request because "[p]laintiff's Requests for Production are not 'relevant to any party's claim or defense'" (citing Fed. R. Civ. P. 26(b)(1)); *Manigo v. Time Warner Cable, Inc.*, 2016 WL 9281314, at *4 (C.D. Cal. Dec. 29, 2016) (denying plaintiffs' discovery request where "[p]laintiffs have made no showing that the requested information is relevant to any party's claim or defense").

### 6.      Unsworth's motion is untimely.

Musk produced documents on July 17, 2019, which included communications

between Birchall and Howard and referenced a separate investigation—the investigation that is now the subject of this motion. Musk Decl. Ex. 2. Unsworth questioned Birchall about this investigation at Birchall's August deposition, and Birchall made clear that the investigation was conducted at the behest of counsel. Wilson Decl. Ex. D (Birchall Depo. 216:17 – 217:21).

The discovery cutoff was September 13. *See* Joint Rule 26 Report [DKT 54]. Musk filed his summary judgment motion on September 16. [DKT 58]. On the same day, the parties submitted a joint stipulation (which Judge Wilson has since approved) that Unsworth could take a handful of depositions after the cutoff. That document made clear that "[t]he Parties have agreed that they will not seek any other depositions except those set forth herein absent exceptional circumstances." [DKT 64]. Unsworth said nothing about the investigator issue until September 17. Wilson Decl. at Ex. A. It is now October, and discovery has closed. Musk did not hide anything from Unsworth. Unsworth was aware of this issue months ago. The fact that he waited until after the discovery cutoff to raise it makes it untimely.[10] District courts "take an active role to ensure that discovery deadlines are adhered to by the parties." *Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*, 2017 WL 10339007, at *2 (C.D. Cal. Aug. 9, 2017). As several courts have held, "compliance with the discovery cutoff requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court [can] grant effective relief within the allotted discovery time." (*Id.*) (citing cases).

_____

[10]   Musk reserves his right to move to compel the outstanding discovery from Unsworth as outlined herein. Musk's motion will be based upon information culled from documents Musk has demanded for months, which Unsworth finally produced after the September 16 discovery cutoff, on September 23, 2019. Lifrak Decl. Ex. 5. Musk had no way of knowing that these new materials would indicate even more withheld documents existed. Indeed, by way of example, Unsworth testified at his deposition that he did not have an agent. However, the September 23 production proved this was false – Unsworth did in fact have an agent, and had corresponded with his agent extensively. Lifrak Decl. Exs. 6, 7.

DATED:  October 14, 2019

Respectfully submitted,
L. LIN WOOD, P.C.

By  _____/s/ L. Lin Wood_____

L. LIN WOOD, P.C.
L. Lin Wood (admitted *pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (admitted *pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (admitted *pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (admitted *pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

-and-

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

-and-

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (admitted *pro hac vice*)
mwood@wshlpp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

*Attorneys for Plaintiff Vernon Unsworth*

1

2     DATED:  October 14, 2019          QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
3

4

5
                                        By    /s/ Michael T. Lifrak
6                                             Michael T. Lifrak (Bar No. 210846)
                                              michaellifrak@quinnemanuel.com
7                                             Robert M. Schwartz (Bar No. 117166)
                                              robertschwartz@quinnemanuel.com
8                                             Jeanine M. Zalduendo (Bar No. 243374)
                                              jeaninezalduendo@quinnemanuel.com
9                                             865 South Figueroa Street, 10th Floor
                                              Los Angeles, California 90017-2543
10                                            Telephone: (213) 443-3000
11
12                                            Alex B. Spiro (admitted pro hac vice)
                                              alexspiro@quinnemanuel.com
13                                            51 Madison Avenue, 22nd Floor
                                              New York, New York 10010
14                                            Telephone: (212) 849-7000
15
16
17                                            *Attorneys for Defendant Elon Musk*
18

19
      Pursuant to L.R. 5-4.3.4(a)(2)(i), the
20    filer hereby attests that all signatories
      listed, and on whose behalf this filing is
21    submitted, concur in the filing's content
      and have authorized the filing.
22

23
        /s/*L. Lin Wood*
24

25

26

27

28

                                23