QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>          Plaintiff,<br><br>     vs.<br><br>ELON MUSK,<br><br>          Defendant. | Case No. 2:18-cv-08048<br><br>Judge: Hon. Stephen V. Wilson<br><br>**DECLARATION OF MICHAEL T. LIFRAK IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Complaint Filed: September 17, 2018<br>Trial Date: December 2, 2019 |

**I, Michael T. Lifrak, declare as follows:**

1.     I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Elon Musk.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     I submit this declaration in support of Mr. Musk's Opposition to Vernon Unsworth's Motion to Compel Elon Musk's Text Messages.

3.     Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the August 22, 2019 deposition of Elon Musk.

4.     In July 2019, I was informed that the iCloud backup of all of Mr. Musk's cell phone data had been searched for responsive materials based on search terms and that this search produced no results.

5.     Attached hereto as **Exhibit B** is a true and correct copy of the declaration Alex Stillings regarding the second search of Mr. Musk's iCloud account on October 1, 2019, including the search terms that were used.

6.     Attached hereto as **Exhibit C** is a true and correct copy of a meet and confer correspondence I sent to counsel for Mr. Unsworth, dated October 19, 2019, in which Mr. Musk agrees to perform the additional search of his iCloud backup using the search terms proposed by Mr. Unsworth for the first time in this Joint Stipulation.

7.     Mr. Unsworth made his initial production of documents on August 1, 2019, consisting of documents bates stamped VU00001 – VU00472.

8.     Mr. Unsworth made a first supplemental production of documents on August 9, 2019, consisting of documents bates stamped VU00473 – VU03308.

9.     Discovery closed on September 16, 2019.  Mr. Unsworth made a second supplemental production of documents on September 20, 2019, consisting of documents bates stamped VU03309 – VU03313, a third supplemental production on September 23, 2019, consisting of documents bates stamped  VU03314 – VU03414,

and a fourth supplemental production on October 4, 2019, consisting of documents bates stamped VU03415 – VU03496.

10.    Attached hereto as **Exhibit D** is a true and correct copy of emails between Mr. Unsworth and his agent, Will Robinson, produced as VU03437 and VU03489, on October 4, 2019.

11.    Attached hereto as **Exhibit E** is a true and correct copy of an email I received from Mr. Unsworth's counsel, Jonathan Grunberg, on October 4, 2019, responding to Mr. Musk's intention to move to compel all documents relating to Mr. Unsworth's agent, and providing access to the fourth supplemental production of responsive materials by Mr. Unsworth.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed in Los Angeles, California.

DATED: October 21, 2019

By_____
      Michael T. Lifrak

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VERNON UNSWORTH,

        Plaintiff,

        vs.                 Case No. 2:18-cv-8048

ELON MUSK,

        Defendant.

_____/

VIDEOTAPED DEPOSITION OF

ELON REEVE MUSK

BEVERLY HILLS, CALIFORNIA

AUGUST 22, 2019

Reported By:
PATRICIA Y. SCHULER, CSR No. 11949

Job No.: 45176

ELON REEVE MUSK

August 22, 2019

```
 1              Do you know what a retention policy is?
 2       A.     You mean a corporate retention policy?
 3       Q.     Yeah.
 4       A.     Yeah.
 5       Q.     Okay.  That's what I am talking about.
 6              Do you have a corporate retention policy?
 7   Is your phone owned by you personally, or is it
 8   provided by the corporation?
 9       A.     It's owned by me.
10       Q.     And do you have any type of a policy that
11   you follow in terms of when you destroy your phones
12   or whether you preserve your phone information?
13       A.     The information is stored centrally.
14   It's not local on the phone.
15       Q.     So even though -- somebody told me I
16   believe -- maybe it was something I read about.
17   Your lawyer said you periodically change phones?
18       A.     I mean, I upgrade my phone or it gets
19   damaged.
20       Q.     When was the last time you switched
21   phones?
22       A.     When I got the -- I'm not sure.
23       Q.     Over a year ago?
24       A.     No.  Maybe it was three months ago.
25   Whenever the new Apple phone came out.
```

Exhibit A, Page 4

ELON REEVE MUSK

August 22, 2019

```
 1        Q.    And what did you do with the old --
 2        A.    Sorry.  Generally, if I travel to China
 3   they have to give me a new phone because they're
 4   worried about hacking or something.
 5        Q.    And what did you do with the old phone
 6   when you switched to the new Apple?
 7        A.    My phones are generally wiped and --
 8   wiped and then that's it.
 9        Q.    So the phone that you would have been
10   using back during the relevant time period of July
11   and August, maybe early September of 2018 -- has it
12   been wiped?
13        A.    Yeah, it would have, yeah.
14        Q.    When?
15        A.    I don't know.
16        Q.    After this lawsuit was filed in
17   September, did you wipe any of your phones?
18        A.    Wiping.  It doesn't really matter --
19        Q.    Just a question.  Did you wipe any of
20   your phones after this lawsuit was filed in
21   September of 2018?
22        A.    I have new phones, but the iMessage and
23   email are stored centrally.
24        Q.    Thank you.  Did you wipe your phone after
25   September 2018?
```

Exhibit A, Page 5

ELON REEVE MUSK

August 22, 2019

```
 1          A.    My phones are -- I have new phones.  I
 2    actually don't even know where the old phones are.
 3    I didn't wipe anything.  I don't know.  I didn't
 4    wipe anything, but I don't know where the phones
 5    are.
 6          Q.    Who would handle that for you?
 7          A.    SpaceX or Tesla IT usually.
 8          Q.    But you testified very clearly that even
 9    if it was wiped, all of the data on it would be
10    centrally stored?
11          A.    Yes, I believe so.
12          Q.    Where?
13          A.    Well, Apple stores iMessages, and the
14    email is store at SpaceX and Tesla.
15          Q.    So you've got iCloud, SpaceX, and Tesla,
16    that between the three of them you believe would
17    have preserved anything that was on your phone?
18          A.    I think so.
19                MR. WOOD:  You want to give me about five
20    minutes here off the -- let me have some time alone
21    with my guys.
22                MR. SPIRO:  Yeah.
23                THE VIDEOGRAPHER:  We are going off the
24    record at 5:06 p.m.
25                (Recess taken.)
```

Exhibit A, Page 6

1

2

3

4

5

6

7

8

9   I, ELON MUSK, do hereby declare under the penalty of

10   perjury that I have read the foregoing transcript;

11   that I have made any corrections as appear noted, in

12   ink, initialed by me, or attached hereto; that my

13   testimony as contained herein, as corrected, is true

14   and correct.

15       EXECUTED this _5th_ day of ___September___,

16   20_19_, at _____Los Angeles_____, __California__.

17                    (City)                    (State)

18

19       _____

20                    ELON MUSK

21

22

23

24

25

327

ELON REEVE MUSK

August 22, 2019

```
 1              I, PATRICIA Y. SCHULER, a Certified

 2   Shorthand Reporter of the State of California, do

 3   hereby certify:

 4              That the foregoing proceedings were taken

 5   before me at the time and place herein set forth;

 6   that any witnesses in the foregoing proceedings,

 7   prior to testifying, were duly sworn; that a

 8   verbatim record of the proceedings was made by me

 9   using machine shorthand which was thereafter

10   transcribed under my direction; that the foregoing

11   transcript is a true record of the testimony given.

12              Further, that if the foregoing pertains

13   to the original transcript of a deposition in a

14   Federal Case, before completion of the proceedings,

15   review of the transcript [X] was [ ] was not

16   requested.

17              I further certify I am neither

18   financially interested in the action nor a relative

19   or employee of any attorney of party to this

20   action.

21              IN WITNESS WHEREOF, I have this date

22   subscribed my name.

23   Dated:  August 26th, 2019.

24                      Patricia Y. Schuler
     _____
25              PATRICIA Y. SCHULER, CSR NO. 11949
```

# EXHIBIT B

## ICLOUD SEARCH CERTIFICATION

I, _Alex Bradford Stillings_, as a representative employed by _Space X_, as a _IT Support Lead_ with expertise in _macOS + iOS support, management, and repairs_. I hereby certify as follows:

A.     On _October 1_, 2019, I was provided access Elon Musk's computer, cell phones, and iCloud account that backs up and stores the contents of his devices.

B.     For security purposes, Mr. Musk regularly changes his cellular device, at which time his old device is imaged, wiped clean, and stored or destroyed.

C.     Upon checking Mr. Musk's accessible cell phones, I became aware that he has engaged the setting on the phones to sync his text messages via iCloud. This setting confirms that searches made on this phone would include his full text message history during the period of time requested.

D.     I assisted Mr. Musk in searching the phones using the following search terms for documents or communications from the period July through September 2018:

- "Unsworth"
- pedo! or rapist or rape! or "child bride"
- "James Howard"
- "Jupiter" and investig! and Unsworth
- (PR or publicity or publish! or market! or press) and ("rescue submarine" or submarine or "rescue capsule" or capsule or "rescue tube" or "Thailand" or rescue)

E.     Based on my review of the preserved data, there are no documents that respond to these terms.

Dated:   10/1/19                     Signed by: _____

Sworn to and subscribed before me,

This ____ day of _____, 2019.          See attached

_____

NOTARY PUBLIC

My commission expires:_____

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**　　　　**GOVERNMENT CODE § 8202**

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

1
2
3
4
5
6

_____　　_____
*Signature of Document Signer No. 1*　　*Signature of Document Signer No. 2 (if any)*

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California
County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me

on this _1st_ day of _October_, 20_19_,
　　　　*Date*　　　*Month*　　　*Year*
by

(1) _Alex Bradford Stillings_____

(and (2)_____ ),
　　　　*Name(s) of Signer(s)*

MATILDA N. SIMON-FERRIGNO
Notary Public - California
Los Angeles County
Commission # 2174858
My Comm. Expires Dec 8, 2020

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
　　　　*Signature of Notary Public*

*Seal*
*Place Notary Seal Above*

━━━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━━━
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____ Document Date: _____

Number of Pages: _____ Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

Exhibit B, Page 11

# EXHIBIT C

## Jeanine Zalduendo

| | |
|---|---|
| **From:** | Michael Lifrak |
| **Sent:** | Saturday, October 19, 2019 8:19 AM |
| **To:** | 'Jonathan Grunberg'; Jeanine Zalduendo; Alex Spiro; Robert Schwartz |
| **Cc:** | Taylor Wilson; Nicole Wade; Matt Wood; Lin Wood; 'Chris Chatham' |
| **Subject:** | RE: Unsworth v. Musk - Second Joint Stipulation on Plaintiff's Motion to Compel |

Jonathan and team:

We are in receipt of your joint stipulation regarding Mr. Musk's text messages.  We disagree with many of the characterizations in the joint stipulation.  In addition:

- You did not "confer in a good faith effort to eliminate the necessity for hearing the motion." (L.R. 37-1).  In fact, the first time we saw the new search terms you are requesting was in the joint stipulation.
- You did not send a letter requesting a meet and confer conference "specify[ing[ the terms of the discovery order sought."  (L.R. 37-1).  In fact, you did not send any letter.
- You did not participate in an in-person or telephonic conference prior to transmitting your portion of the joint stipulation in an effort to avoid motion practice. (L.R. 37-1).  *See also* L.R. 37-4 ("failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions.")

Nevertheless, we are willing to run additional search terms you request during the requested time frame, and we will review any identified documents for responsiveness, then produce as appropriate.

Of course, we will be willing to meet and confer further after any new documents are produced, and we assume any filing will be made then.

Alex will be out of pocket until Wednesday but Thursday would work.

Mike

**Michael Lifrak**
*Partner,*
**Quinn Emanuel Urquhart & Sullivan LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3153 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
michaellifrak@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit C, Page 12

**From:** Jonathan Grunberg [mailto:jgrunberg@linwoodlaw.com]
**Sent:** Sunday, October 13, 2019 6:05 PM
**To:** Jeanine Zalduendo <jeaninezalduendo@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>; Robert Schwartz <robertschwartz@quinnemanuel.com>; Michael Lifrak <michaellifrak@quinnemanuel.com>
**Cc:** Taylor Wilson <twilson@linwoodlaw.com>; Nicole Wade <nwade@linwoodlaw.com>; Matt Wood <mwood@wshllp.com>; Lin Wood <lwood@linwoodlaw.com>; 'Chris Chatham' <chris@chathamfirm.com>
**Subject:** Unsworth v. Musk - Second Joint Stipulation on Plaintiff's Motion to Compel

**[EXTERNAL EMAIL]**

Good evening,

Please find attached Unsworth's portion of the Second Joint Stipulation on Plaintiff's Motion to Compel, which I'm serving upon Musk pursuant to Local Rule 37-2.2.  As before, send us your portion of the joint stipulation so we can incorporate it.

Kind regards,

Jonathan D. Grunberg
*Partner*

**L. LIN WOOD, P.C.**
TRIAL LAWYERS

1180 West Peachtree Street NW, Suite 2040
Atlanta, Georgia  30309

direct: 678.365.4108│main: 404.891.1402│fax: 404.506.9111

jgrunberg@linwoodlaw.com
SuperLawyers | LinkedIn | Firm Bio | Download vCard

*Confidentiality Notice*

*This message is being sent by or on behalf of a lawyer.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.*

Exhibit C, Page 13

# EXHIBIT D

**To:**     Taylor Wilson[twilson@linwoodlaw.com]
**From:**  Vernon Unsworth
**Sent:**   Fri 9/27/2019 6:55:13 AM
**Subject:** Fw: Harry book - Tham Luang Deal

----- Forwarded message -----
**From:** Vernon Unsworth <vernon_unsworth@yahoo.co.uk>
**To:** William Robinson <willrobinson001@outlook.com>
**Sent:** Friday, 16 November 2018, 03:23:56 GMT
**Subject:** Fw: Fw: Harry book - Tham Luang Deal


----- Forwarded Message -----
**From:** Thanet Natisri <thanetnatisri@gmail.com>
**To:** Vernon Unsworth <vernon_unsworth@yahoo.co.uk>
**Sent:** Friday, 16 November 2018, 0:31
**Subject:** Re: Fw: Harry book - Tham Luang Deal

Hi Vern
Thank you for the email.
From Ellis's email. Yes, I agreed with you that he desperately need you on board.
The whole rescue key factor is begin with you, and your recommendation to bring in UK dive team, without this
   incident, the rescue would be a failure.

It also sound clear to me is that, any books or film that wanted to include your part in it, they will need to seek
   your permission or your concent first. Otherwise, you have the right to sue them later on. And I think is good,
   it's mean you have bargaining power.

I agreed with you that everyone try to make deal that likely won't work without our part in it. book or film will be
   incomplete and bored.

and seem like everyone just wanted a free pass from you to help them out, while they making fortune out of our
   story.


Thanet

On Thu, Nov 15, 2018 at 2:28 AM Vernon Unsworth <vernon_unsworth@yahoo.co.uk> wrote:


Hi Thanet

Hope you are both well

My agent Will Robinson is now representing me.

Dr Harry and Dr Craig with coach Ekk have apparently sold rights to a book for $6m dollars+ which has been
   sold on to Universal, but they do have problems

One, the guy Ellis has seen Coach Ekk but the Wild Boars Committee won't allow him to be interviewed. He
   tried 3 days ago in Maesai.

Two, I am integral to the book as you can see from the contents of the email from Ellis

Ellis have constantly phoned me for a meeting but I don't answer or wish to meet with him

The book therefore will fall flat on it's feet and Dr H and Dr C now know this.

What I don't like about all this is that everyone is trying to do deals that won't work. I am the KEY, I am the BIG piece in the Jigsaw.

Ellis now knows that they need to make a BIG offer on the table !!!

I have spoken with Josh who also met with Will yesterday in Chiangmai.

Let me make it perfectly clear that my story, Josh's story and your story is HUGE one of the greatest stories ever !!!

It may not be film material but certainly Book and maybe documentary material.

Let me know your thoughts

Take Care
Best
Vern


----- Forwarded Message -----
**From:** Ellis Henican <ellis@henican.com>
**To:** "vernon_unsworth@yahoo.co.uk" <vernon_unsworth@yahoo.co.uk>
**Cc:** "Dr. Richard "Harry" Harris" <drharry@me.com>
**Sent:** Tuesday, 13 November 2018, 3:21
**Subject:** Harry book


Vern—as Harry and Craig tell their story with Coach Ekk, they want to fully recognize the crucial roles played by others—you very much at the top of the list. Were it not for your experience, knowledge of the cave and swift response, it is no exaggeration to say those boys would most likely not be alive today.
I would like to ask about
—Your previous time in the cave and its special challenges.
—the details of how you were alerted to this crisis and your earliest thoughts (many others were quite pessimistic about the boys' chances)
—your impressions upon first arriving
—your feeling about how the rescue was organized
—how you worked with the other British divers, the Thai military personnel, the US military and others on the scene.
—your thoughts about the rescue plan as it came together.
—Your impressions of how the rescuers did and did not work well together.
—lessons learned for the future for cave diving, rescue, Thailand, the boys and your adopted home.
—any personal recollections about the many characters involved.
I am sure I will think of some other things as we speak. But the goal is to share YOUR insights and unique perspective—good, bad or otherwise. Without it, our book won't be as thorough and truthful as it could be.
I look forward to sitting down with you in a more relaxed environment.
Ellis


Sent from my iPhone

**To:**       Taylor Wilson[twilson@linwoodlaw.com]
**From:**    Vernon Unsworth
**Sent:**    Fri 9/27/2019 3:29:37 AM
**Subject:** Fw: Vern Unsworth / Guardian Weekend

----- Forwarded message -----
**From:** William Robinson <willrobinson001@outlook.com>
**To:** Rob Fearn <rob.fearn@theguardian.com>
**Cc:** vernon_unsworth@yahoo.co.uk <vernon_unsworth@yahoo.co.uk>
**Sent:** Thursday, 22 November 2018, 06:01:52 GMT
**Subject:** Re: Vern Unsworth / Guardian Weekend

Hi Rob,

Thank you for your email.

I'm sorry we have to pass.

Regards
Will Robinson

---

**From:** Rob Fearn <rob.fearn@theguardian.com>
**Sent:** Wednesday, November 21, 2018 10:04 pm
**To:** willrobinson001@outlook.com
**Cc:** vernon_unsworth@yahoo.co.uk
**Subject:** Re: Vern Unsworth / Guardian Weekend

Hi Will

Thanks for this. As I said, we want Vern to describe what it was like to be an eyewitness to the Thai cave story - so we'd ask very general
   questions about being first on the scene, the part he played in the rescue, and how it all unfolded, right up to the moment they came out,
   and how his life has changed. We never pay for interviews, or offer copy approval - but it would be a very positive piece about his role in
   the rescue, and I completely understand that he doesn't want to talk about Elon Musk.
Is this something we might be able to do in the next two weeks?

Please let me know,

Rob

On Wed, 21 Nov 2018 at 12:46, William Robinson <willrobinson001@outlook.com> wrote:

   Hi Rob,

Thank you for your interest in Vern.

Vern is not doing any interviews at present, please can you be a little more specific, what questions you wish to ask, what would the fee be,
   and would Vern have editorial proof.

Look forward to hearing from you and we can go from there.

Regards
Will Robinson

Get Outlook for iOS

---

**From:** Rob Fearn <rob.fearn@theguardian.com>
**Sent:** Wednesday, November 21, 2018 6:29 pm
**To:** vernon_unsworth@yahoo.co.uk
**Cc:** willrobinson001@outlook.com
**Subject:** Re: Vern Unsworth / Guardian Weekend

Thanks Vern. As I said, it's not a deal breaker so we can respect that. Look forward to hearing from Will.

Exhibit D, Page 16

VU03489

On Wed, 21 Nov 2018 at 11:24, Vernon Unsworth <vernon_unsworth@yahoo.co.uk> wrote:

Hi Rob

I have copied in my agent on this Will Robinson who will respond to you directly.

Let me make it clear now so there is no mis-understanding. I will NOT be answering any Q's on the situation with MUSK. It would not be prudent to do so and Mark my Lawyer who you know would not welcome any comments.

I am in Thailand and I know you have a roving reporter who has hassled me before with no success.

Best
Vern


**From:** Rob Fearn <rob.fearn@theguardian.com>
**To:** vernon_unsworth@yahoo.co.uk
**Sent:** Wednesday, 21 November 2018, 11:13
**Subject:** Re: Vern Unsworth / Guardian Weekend

Hi Vern

Many thanks for getting back to me.

We'd love to do a full interview with you about your experiences in the cave rescue, for our end-of-year issue. I understand you don't want to talk about Musk - presumably for legal reasons. It's not a deal-breaker but it would be odd not to reference him at all - perhaps we could agree that part of the interview between us, IE we could give you the opportunity to check any quotes relating to him to make sure there's nothing that will cause you problems?

Are you still based in Thailand? Which area? I can see if we have a writer out there who could do it.

Are you doing any other press between now and Christmas? We would ask that you don't do any interviews with other bits of the Guardian or Observer before our piece ran.

Let me know what you think,

Rob


--

**Rob Fearn**
Features editor
Guardian Weekend
Guardian News & Media, theguardian.com
-----
+44 20 3353 4156
rob.fearn@theguardian.com
-----
twitter:@Rfearn
-----



Kings Place, 90 York Way,
London N1 9GU
theguardian.com
-----
**Download the Guardian app for Android and iOS**

On Wed, 21 Nov 2018 at 06:24, Vernon Unsworth <vernon_unsworth@yahoo.co.uk> wrote:

Hello Rob

I believe you have been trying to contact me through my Lawyer Mark Stephens CBE of Howard Kennedy.

What would you like to know? I won't be answering any Q's on Mr Musk !!!

Best
Vern

This e-mail and all attachments are confidential and may also be privileged. If you are not the named recipient, please notify the sender and delete the e-mail and all attachments immediately. Do not disclose the contents to another person. You may not use the information for any purpose, or store, or copy, it in any way. Guardian News & Media Limited is not liable for any computer viruses or other material transmitted with or as part of this e-mail. You should employ virus checking software.

Guardian News & Media Limited is a member of Guardian Media Group plc. Registered Office: PO Box 68164, Kings Place, 90 York Way, London, N1P 2AP. Registered in England Number 908396

--

**Rob Fearn**
Features editor
Guardian Weekend
Guardian News & Media, theguardian.com
-----
+44 20 3353 4156
rob.fearn@theguardian.com

-----
twitter:@Rfearn
-----



Kings Place, 90 York Way,
London N1 9GU
theguardian.com
-----
**Download the Guardian app for Android and iOS**

---

This e-mail and all attachments are confidential and may also be privileged. If you are not the named recipient, please notify the sender and delete the e-mail and all attachments immediately. Do not disclose the contents to another person. You may not use the information for any purpose, or store, or copy, it in any way.  Guardian News & Media Limited is not liable for any computer viruses or other material transmitted with or as part of this e-mail. You should employ virus checking software.

Guardian News & Media Limited is a member of Guardian Media Group plc. Registered Office: PO Box 68164, Kings Place, 90 York Way, London, N1P 2AP.  Registered in England Number 908396

--

**Rob Fearn**
Features editor
Guardian Weekend
Guardian News & Media, theguardian.com
-----
+44 20 3353 4156
rob.fearn@theguardian.com

-----
twitter: @Rfearn
-----

Kings Place, 90 York Way,
London N1 9GU
theguardian.com
-----
**Download the Guardian app for Android and iOS**

---

This e-mail and all attachments are confidential and may also be privileged. If you are not the named recipient, please notify the sender and delete the e-mail and all attachments immediately. Do not disclose the contents to another person. You may not use the information for any purpose, or store, or copy, it in any way.  Guardian News & Media Limited is not liable for any computer viruses or other material transmitted with or as part of this e-mail. You should employ virus checking software.

Guardian News & Media Limited is a member of Guardian Media Group plc. Registered Office: PO Box 68164, Kings Place, 90 York Way, London, N1P 2AP.  Registered in England Number 908396

# EXHIBIT E

**Jeanine Zalduendo**

| | |
|---|---|
| **From:** | Jonathan Grunberg  <jgrunberg@linwoodlaw.com> |
| **Sent:** | Friday, October 4, 2019 8:09 PM |
| **To:** | Jeanine Zalduendo; Robert Schwartz; Alex Spiro; Michael Lifrak |
| **Cc:** | Taylor Wilson; Lin Wood; Nicole Wade; Matt Wood; 'Chris Chatham'; Chelsea Haney; Kimmy Hart Bennett |
| **Subject:** | 2019-10-04 Vernon Unsworth Supplemental Production |

[EXTERNAL EMAIL]

Counsel,

Here is a link to download the 2019-10-04 Vernon Unsworth Supplemental Production containing seventeen emails with attachments, which is hereby being served per the parties' agreement:
https://www.dropbox.com/s/z8u8wizdydj0ji6/2019-10-4%20Unsworth%20Supplemental%20Production.zip?dl=0.

With one exception, these emails relate to a single individual, William Robinson, who approached Mr. Unsworth in November 2018, who Mr. Unsworth considered hiring as his agent in November of 2018, and who made some communications in that capacity at that time. As you can see from the produced documents, the proposed agreement was never executed and their professional relationship ceased in November 2018. The production also contains several communications from August of 2019 regarding Mr. Robinson's work on his own project related to the cave rescue; these documents were prepared by Mr. Robinson and for his own purposes. They were not created in the course of any professional relationship with Mr. Unsworth. While these documents were created after Mr. Unsworth's timely responses to Elon Musk's First Set of Requests for Production to Vernon Unsworth, and although Mr. Unsworth reiterates that there was no income or offered income associated with his relationship with Mr. Robinson and thus are not responsive to the RPD identified by Mr. Musk, Mr. Unsworth is in good faith supplementing said responses pursuant to FRCP 26(e)(1).

As you'll see from the supplemental documents, and as is evident from Mr. Unsworth's deposition, Mr. Musk's statements in footnote 7 of the parties' draft stipulation regarding Plaintiff's motion to compel misrepresents the questions asked by Mr. Musk's counsel and Mr. Unsworth's responses about whether he has an agent. Footnote 7 states:

> Indeed, by way of example, Unsworth testified at his deposition that he did not have an agent.  However, the September 23 production proved this was false – Unsworth did in fact have an agent, and had corresponded with his agent extensively.

At the deposition, Mr. Musk's counsel's questioning about an agent was limited to asking Mr. Unsworth: (1) "Did you have an agent or a publicist [as of the CNN interview on July 13, 2018]?"; and "Do you have one now?"  (Unsworth Dep. 163:19-23.)  Mr. Unsworth truthfully responded, "No" to both questions. Mr. Musk's counsel failed to ask if Mr. Unsworth had any discussions with, considered hiring, or engaged an agent an any point after the cave rescue.

If Mr. Musk did not know before, he knows it now: his footnote 7 in the stipulation alleging perjury is false.  Mr. Unsworth requests that Mr. Musk amend his portion of the stipulation to spare the court from a record marred by false facts (although, it must be noted that Mr. Musk made many more misrepresentations of fact in the stipulation, which will be addressed in due time).

Finally, Mr. Unsworth again asks that Musk timely supplement his responses to Mr. Unsworth's interrogatories and requests for production pursuant to FRCP 26(e)(1).  We will send by separate cover an e-mail attempting to meet and

confer on Musk's belated and untenable search efforts regarding his iCloud; contrary to the position stated in the stipulation, that issue is <u>not</u> resolved.

Kind regards,

Jonathan D. Grunberg
*Partner*

**L. LIN WOOD, P.C.**
TRIAL LAWYERS

1180 West Peachtree Street NW, Suite 2040
Atlanta, Georgia  30309

direct: 678.365.4108│main: 404.891.1402│fax: 404.506.9111

jgrunberg@linwoodlaw.com
SuperLawyers │ LinkedIn │ Firm Bio │ Download vCard

*Confidentiality Notice*

*This message is being sent by or on behalf of a lawyer.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.*

Exhibit E, Page 21