L. LIN WOOD, P.C.
L. Lin Wood (admitted *pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (admitted *pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (admitted *pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (admitted *pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402; 404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (admitted *pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff Vernon Unsworth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>　　Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>　　Defendant. | Case No. 2:18-cv-08048-SVW (JC)<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**<br><br>Hearing Date:　　Nov. 12, 2019<br>Time:　　9:30 a.m.<br>Courtroom:　　750<br>Discovery Cutoff:　Sept. 13, 2019<br>Pretrial Conference: Nov. 25, 2019<br>Trial Date:　　Dec. 3, 2019 |

# INTRODUCTION

After making up out of whole cloth that Plaintiff Vernon Unsworth is a pedophile, Defendant Elon Musk commissioned an investigation into Unsworth led by a convicted fraudster to try to prove that his made-up accusation was true. Although every written communication in that investigation (falsely) reported that Unsworth's significant other is 30 years old and was 18/19 when Unsworth first met her, Musk relied upon that investigation as the principal basis for his summary judgment motion to argue that he lacked malice in accusing Unsworth of marrying his significant other when she was 12 years old and of being a child rapist.[1]

While using the findings of the convicted fraudster as a sword, Musk has simultaneously hidden the existence of a second investigation – apparently conducted by an investigator hired by counsel prior to litigation – on the basis that it is protected work product. But he ignores that (a) it is *his burden* to establish that the information sought by Unsworth constitutes protected work product, and (2) Unsworth seeks only the facts of the investigation and does not seek any documents prepared by Musk's lawyers or their agents. *Facts* rather than *documents or tangible things* are protected only when those facts would reveal the impressions or strategies of counsel, a standard Musk ignores while proclaiming in conclusory fashion only that the discovery sought by Unsworth would invade work product. (Dkt. 84 at 4).

Unsworth's requests are limited – he is entitled to: (1) the identity of the investigator; (2) a deposition of that investigator to learn what was discovered and when that information was relayed to Musk or his counsel; (3) a privilege log on this

---

[1] Although Musk's portion of the joint stipulation starts with the *ad hominem* attack that Unsworth filed this motion in "desperation over his crumbling case," the truth is that Musk's motion for summary judgment was denied in its entirety at the conclusion of the summary judgment hearing on October 28, 2019, when the Honorable Stephen V. Wilson held that Unsworth is a private figure and that there is sufficient evidence for the case to go to the jury. As more fully set forth herein, the second investigation is still relevant to falsity as well as negligence (for compensatory damages) and actual malice (for punitive damages).

limited issue regarding the investigation of Unsworth; and (4) a production of documents *gathered* (as opposed to those *created or prepared*) by the investigator.

## **ARGUMENT**

Musk fails to acknowledge the applicable standard and that it is his burden to establish the right to assert the privilege. *See, e.g., Garcia v. City of El Centro*, 214 F.R.D 587, 591 (S.D. Cal. 2003) ("The party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product. Specifically, the party asserting the privilege must show that the materials withheld are: 1) *documents and tangible things*; (2) prepared in anticipation of litigation or for trial; and 3) the documents or tangible things were *prepared by or for the party or the attorney asserting the privilege*.") (emphasis added).

### **I.     Unsworth is Entitled to Discover the Underlying Facts.**

Musk would have the Court address this issue as though Unsworth is seeking documents or tangible things, which is what Rule 26 protects. Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover *documents and tangible things* that are prepared in anticipation of litigation or for trial …") (emphasis added). But with respect to documents and tangible things prepared by counsel or their agents, Unsworth seeks only a very limited privilege log. It is *facts* that are at the heart of Unsworth's demand for discovery: "**The work product doctrine does not protect facts from discovery**. 'Because the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within the work product.' Only when a party seeking discovery attempts to ascertain facts, *'which inherently reveal the attorney's mental impression,'* does the work product protection extend to the underlying facts.'" *Simmons v. Morgan Stanley Smith Barney, LLC*, 2013 WL 879820, *1 (S.D. Cal. Mar. 8, 2013) (citing *Garcia*, 214 F.R.D. at 591) (first emphasis added, second emphasis in original).

What Musk's investigator learned about Unsworth and when Musk learned that information – which are the only facts Unsworth seeks to discover – cannot reveal the mental impressions of counsel. There is no reasonable explanation for how the discovery of facts – such as what the investigator learned about the age of Unsworth's significant other and his travel history to Thailand – would reveal the impressions of counsel. Nor can Musk articulate how revealing the date he received such information from the investigator would reveal counsel's impressions or strategy. *Cf. Alexander v. F.B.I.,* 192 F.R.D 12, 17-20 (D.D.C. 2000) (requiring certain discovery of facts regarding investigation and noting that "Intervenor Clinton relies on conclusory statements to support his claim that all of plaintiffs' questions would reveal information protected by the attorney-work-product privilege"). These types of facts cannot be shielded from discovery simply by communicating them to counsel. *See, e.g., Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981) (holding attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney…").

**II.     The Information Sought is Relevant to Falsity, Fault, and Damages.**

Contrary to Musk's position, the results of the investigation are plainly pertinent to the issues of falsity, fault, and damages, and Unsworth's discovery requests are clearly calculated to lead to the discovery of such admissible evidence.

As to falsity, Unsworth's investigator presumably was hired to ascertain whether Unsworth was, in fact, a pedophile. His findings to the contrary (as they must be) are relevant. For instance, if the investigator found that Unsworth had never been to Thailand prior to 2011 (the truth), that he met his significant other when she was 32 (the truth), and that he has never married her (the truth), it would establish the falsity of Musk's statements that Unsworth married her when she was 12 years old, that he is a child rapist, and that he had been traveling to Thailand for decades. Musk's notion that the investigator "is not a fact witness" "and has no first-hand knowledge of anything" is difficult to understand; he is a fact witness as to what he

3

learned, when he learned it, and when he shared it with Musk. [Dkt. 84 at 18].

As to fault, the existence of the second investigation, who conducted that investigation, and its findings bear on Musk's failure to exercise ordinary care – by hiring a reputable and vetted investigator in the first place – as well as his actual malice – because he needed a legitimate, second investigator and because he failed to issue a retraction upon confirmation that his accusations were false. *See, e.g., Tavoulareas v. Piro*, 763 F.2d 1472, 1477 (D.C. Cir. 1985) ("In this case the overwhelming evidence showing the *Post* article was wrong, some of which was brought to the *Post*'s attention … justified the conclusion that the failure to retract displayed a blatant lack of concern for damage wrongfully done … It is entirely consistent with *New York Times* that '[u]nder certain circumstances evidence [of a refusal to retract] … might be relevant in showing recklessness at the time the statement was published.'") (quoting Restatement (Second) of Torts § 580A cmt. d).

As to damages, it is beyond dispute that punitive damages could be based, in part, on Musk's receipt of confirmation that his accusations were false but his failure nevertheless to retract them – even to the contrary, insisting in court pleadings that his accusations were reasonable based upon the purported findings of a separate investigation. *See, e.g., Burnett v. Nat'l Enquirer, Inc.*, 155 Cal. App. 3d 991, 1012 (1983) (punitive damages justified where "the retraction proffered was evasive, incomplete and … legally insufficient"); *Hinerman v. Daily Gazette Co.*, 188 W. Va. 157, 176 (1992) (punitive damages justified where defendant failed "to retract its statement" or "offer an apology"); *Morgan v. Dun & Bradstreet, Inc.*, 421 F.2d 1241, 1243 (5th Cir. 1970) ("Cumulatively, the refusal of the defendant to retract or to issue a corrected report on request is likewise evidence of malice.").

Moreover, Musk has overtly made the findings of this investigation relevant by relying on the alleged findings of another investigation. He is not permitted to rely on one investigation as a sword while preventing Unsworth and a jury from ascertaining the findings of a second investigation. *Cf. U.S. v. Bilzerian*, 926 F.2d

1285, 1292 (2d Cir. 1991) ("However, the attorney-client privilege cannot at once be used as a shield and a sword. A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. Thus, the privilege may be implicitly waived when defendant asserts a claim that in fairness requires examination of protected communications."); *see also City of Almaty, Kazakhstan v. Ablyazov,* 2109 WL 2865102, *7 (S.D.N.Y July 7, 2019) ("Waiver also can occur when a party places a document at issue by relying on it in support of a … defense" or "if a party calls a person it used as an investigator as a witness to testify on matters relating to the protected work product…").

### III. A Privilege Log is Necessary to Assess Musk's Claim of Work Product.

Musk asserts that Unsworth possesses all of the information he needs to assess his claim of privilege because Unsworth has been told the date of *one document* received by Musk or his lawyers. In particular, Musk divulged only that Musk or his agents received Unsworth's significant other's national ID card on September 11, 2018. Even as to this one document, Musk has not divulged the parties to the communication. Moreover, he has failed to identify *any other communication or document* for which he is claiming work product protection. Unsworth is entitled to a log of all such pre-suit communications or documents on this limited topic.

### IV. Unsworth is Entitled to the Limited Documents Requested.

Rule 26 protects only documents or tangible things *prepared* in anticipation of litigation. Documents such as Unsworth's significant other's birth records were not prepared in anticipation of litigation. Only documents prepared by or for counsel are protected, and Unsworth is entitled to production of any other documents.

### CONCLUSION

Therefore, Plaintiff requests that this Court grant his motion to compel.

Dated: October 29, 2019   **L. LIN WOOD, P.C.**
By: */s/L. Lin Wood*
L. Lin Wood
*Attorneys for Plaintiff Vernon Unsworth*

5