L. LIN WOOD, P.C.
L. Lin Wood (admitted *pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (admitted *pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (admitted *pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (admitted *pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402; 404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (admitted *pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff Vernon Unsworth

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>　　　Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>　　　Defendant. | Case No. 2:18-cv-08048-SVW (JC)<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S SECOND MOTION TO COMPEL**<br><br>Hearing Date:　　Nov. 12, 2019<br>Time:　　　　　　9:30 a.m.<br>Courtroom:　　　750<br>Discovery Cutoff:　Sept. 13, 2019<br>Pretrial Conference: Nov. 25, 2019<br>Trial Date:　　　　Dec. 3, 2019 |

Musk has had every opportunity to end this discovery dispute by producing his responsive text messages that indisputably exist. Instead, Musk has spent months providing shifting representations and unfulfilled promises to Unsworth—which have now spilled into his filings to this Court.

In the first discussion between counsel about Musk's failure to produce text messages *in August 2019*, his counsel stated that Musk had changed phones and his records were thus no longer available.[1] (Wilson Decl. ("WD") at ¶ 5 (Dkt. 86-1)). Musk does not dispute that he wiped his cellphone while this case was pending. (*See* WD Ex. D. at 313:20-314:13 (Dkt. 86-1 at 0053-54)).  Since then, Musk peddled a series of claims to avoid producing his phone records. At this point—with trial fast approaching, discovery expired, and Musk still refusing to produce his own text messages—it appears Musk may have destroyed all records of his cell phone and, if so, he should be subject to spoliation sanctions.

Musk asks this Court to believe that he "has agreed to every search of documents Unsworth has ever requested, including this one." (Dkt. 86 at 4). That is both false and incomplete. Musk's "searches"—which either never happened or were narrowly designed to avoid locating any texts—mean little if they result in him failing to produce any of his responsive messages.  Musk must, at least, use reasonable search terms and then conduct an eyes-on review of each of the text messages for the narrow three-month period from July to September of 2018—which he has not agreed to do.

Instead, Musk provides his portion of the second joint stipulation, which continues with the shifting misrepresentations that have plagued Unsworth's efforts to obtain Musk's texts. The latest explanation concocted by Musk is that he searched

---

[1] In Musk's preliminary statement, he argues his "counsel never stated that 'no record of [Musk's] cell phone existed,' as Unsworth claims." (Dkt. 86 at 4 n.2).  Notably, Musk's counsel – unlike Unsworth's counsel – did not submit a declaration to that effect, and for good reason. (*See id.*). Musk's counsel did state that no cell phone records existed, as set forth in the Wilson Declaration.  (Dkt. 86-1 at ¶ 5).

1

his iCloud back in *July 2019* but found nothing, *which directly contradicts the representations during the August 2019 meet and confer that no such record of his phone existed*. (Dkt. 86 at 4). Musk further does not explain why he failed to disclose this alleged July search in his joint stipulation for the first motion to compel or during more than a dozen exchanges counsel had for months about Musk's texts. This new claim about a July search is all the more suspect as Musk failed to say who conducted the search, how it was conducted, what terms were used, and the precise date.

And Musk's notion that Unsworth was required to continue conferring with him about his failure to produce text messages is a nonstarter. Unsworth's good faith efforts have been met with a series of vague claims and delay tactics—including Musk's cynical response to Unsworth's first stipulation for his motion to compel in which Musk (1) describes grossly inadequate search terms that failed to yield a single document, and (2) then boldly decrees the issue is "resolved." (WD Ex. M (Dkt. 86-1 at 0103 n.1)). Musk has been using delay tactics to run out the clock with the hope that this issue will never get before the Court. As the below timeline shows, Musk has had more than a dozen chances to resolve this issue informally:

1. Approx. May 2019 – Musk wipes his iPhone's data despite his preservation obligations in this and other cases. (WD Ex. D 313:20-314:13 (Dkt. 86-1 at 053-54)).

2. June 18, 2019 – Unsworth serves his first requests for production to Musk. (WD Ex. O (Dkt. 86-1 at 0118-24)).

3. July 2019 – Musk purportedly searches his iPhone for responsive documents and finds none (but does not disclose that this search occurred until October 21, 2019, what the search consisted of, or who performed it). (Dkt. 86 at 4).

4. August 9, 2019 – In response to Unsworth's inquiry about Musk failing to produce any of his text messages, **Musk's counsel states that Musk changed his phone and thus his cell records were no longer available**. (WD at ¶ 5 (Dkt. 86-1)). This representation contradicts Musk's counsel's statement months later that Musk's iCloud had supposedly been searched in July. (Dkt. 86 at 4).

5. August 22, 2019 – Musk testifies that approximately three months earlier he wiped the data from the phone he used in 2018. (WD Ex. D 313:20-314:13 (Dkt. 86-1 at 0053-54)). Musk then contradicts the August 9 statement of his attorneys that his cell records are no longer available—revealing the possible existence of his iCloud. (*Id.* at 315:8-18).

6. September 13, 2019 – During a meet and confer about Musk's texts, his counsel fails to disclose the purported July search of Musk's iCloud. (*See* WD ¶ 3 (describing Musk's counsel's statement about prospectively searching Musk's iCloud)).

7. September 17, 2019 – During another meet and confer on the issue, Musk's counsel fails to mention the purported July search.  (*See* WD Ex. A (Dkt. 86-1 at 0031-32) (describing call and future search of iCloud)). Musk's counsel's subsequent email regarding the text issue is silent about a July search.  (*See id.* (0030-31)).

8. September 20, 2019 – Musk's counsel's email states "[t]here is nothing on cloud," and says nothing about a July search. (*See id.* (0022-23)). Later that day, Musk's counsel vaguely claims to have "searched all the locations discussed." (*Id.* (0018)).

9.  September 23, 2019 – Musk's counsel sends an email about the texts but makes no mention of the July search; counsel claims declarations have been provided to Unsworth, stating "[t]here is nothing further on the cloud."  (*Id.* (0008)). After being pressed, Musk's counsel sends another email vaguely referencing an "IT professional who confirmed you have everything [and] signed a declaration." (*Id.* (0007)).

10. September 24, 2019 – Still another email from Musk's counsel addressing the text messages with no mention of the purported July search, while claiming that the purported fact that Musk's iCloud had been search is "implicit in the[] declaration" from "the SpaceX tech team."  (WD Ex. B (Dkt. 86-1 at 0038)).  That SpaceX declaration is a general records certification that merely confirms that "business" records were searched.  (WD Ex. G (Dkt. 86-1 at 0069)).  It is dated September 12, 2019, and makes no mention of a July iCloud search. (*Id.*).

3

11. September 25, 2019 – Unsworth sends his portion of his first joint stipulation for motion to compel to Musk, addressing the text messages. (WD ¶ 13 (Dkt. 86-1)).

12. October 1, 2019 – Third-party deponents who worked for Musk at the time of the Cave Rescue produced their responsive text messages with Musk. (*Id.* ¶ 14).

13. October 2, 2019 – Musk sends his portion of the first joint stipulation for the motion to compel. (*Id.* ¶ 15). For the first time, <u>Musk discloses an iCloud Search Certification **dated October 1, 2019**, describing a transparently limited search of Musk's iCloud, which failed to yield a single text message</u>. (*Id.* ¶ 16; Ex. N (Dkt. 86-1 at 0014)). This is the first and only time Musk provided a signed certification regarding an iCloud search, and it does not even suggest the search occurred in July. Nor does Musk's portion of the stipulation or the declaration of counsel submitted in support mention a July iCloud search. (*See* Dkt. 84 *passim*; Dkt. 84-2 *passim*). On this basis, Musk proclaimed that this issue is "resolved." (*Id.*).

14. October 13, 2019 – Unsworth sends to Musk his portion of a second joint stipulation for a motion to compel Musk to produce text messages, which discusses Musk's new iCloud certification. (Lifrak Decl. Ex. C (Dkt. 86-2 at 13)). Unsworth requests that the Court compel Musk to produce the texts revealed by both (1) a keyword search using Unsworth's proposed terms, and (2) an eyes-on review of each of Musk's text messages from the relevant 3-month period. (Dkt. 86).

15. October 19, 2019 – Musk's counsel waits six days to respond to this second stipulation and then sends an e-mail threatening Unsworth with sanctions for a supposed failure to confer about the text message search Musk conducted only in response to the prior stipulation. (*See* Lifrak Decl. Ex. C (Dkt. 86-2 at 12)).

16. October 21, 2019 – Musk sends his portion of the second joint stipulation for this motion to compel text messages and falsely claims he "has agreed to every search of documents Unsworth ever requested." (Dkt. 86 at 4). Musk did not agree to an eyes-on review of his texts for the narrow period from July to September of 2018. (*Id.*; Lifrak Decl. Ex. C (Dkt. 86-2 at 12)). And, to this day, Musk has not produced a

single one of his own text messages, despite the indisputable fact that he sent and received text messages that are responsive to Unsworth's requests for production of documents. (*See* WD Decl. ¶¶ 4, 11, 14 (Dkt. 86-1)).

Ultimately, Musk does not, and cannot, argue that he never sent text messages that are responsive to Unsworth's discovery requests—the third-parties' production and Musk's late-produced email put an end to that issue. Assuming that Musk did not in fact fail to preserve his text messages—despite his attorneys previously saying no records exist—this Court should compel Musk to produce his responsive text messages after conducting a meaningful search of whichever records exist.

And, given the lengthy chronology above, the Court should disregard Musk's argument that Unsworth did not comply with the requirements of Local Rule 37-1. Musk is attempting to use Local Rule 37-1 as a weapon to endlessly forestall a motion to compel his text messages. Musk did not act in good faith (1) in August when his attorney claimed no records existed, (2) in September when he was forced to acknowledge that records existed but claimed there were no responsive documents, (3) in October when he had to concede responsive texts existed but then concocted an inadequate search only in response to a discovery stipulation, or (4) later in October when he refused to search each of his text messages for a narrow three-month window. Local Rule 37-1 merely requires the parties to "confer" one time about the issue before moving forward with a motion to compel. *See* L.R. 37-1 (describing need to arrange a single "conference" rather than engage in a protracted back-and-forth). Unsworth has done far more. Ultimately, Musk has refused to "eliminate the necessity for hearing the motion" by simply complying with his discovery obligation to meaningfully review his text messages and produce responsive documents. *Id.* After months of conferring, only a Court order can put an end to this dispute.

1 | DATED: October 29, 2019        Respectfully submitted,

L. LIN WOOD, P.C.
 By _____ */s/ Lin Wood* _____
      L. Lin Wood (admitted *pro hac vice*)
      *Attorneys for Plaintiff Veron Unsworth*