1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
2 |   alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
3 | New York, New York 10010
Telephone: (212) 849-7000
4 |
QUINN EMANUEL URQUHART & SULLIVAN, LLP
5 | Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
6 | Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
7 | Jeanine M. Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
8 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
9 | Telephone: (213) 443-3000

10 | *Attorneys for Defendant Elon Musk*

11 |

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 |

15 | VERNON MR. UNSWORTH,

16 |         Plaintiff,

17 |     vs.

18 | ELON MUSK,

19 |         Defendant.

Case No. 2:18-cv-08048

Judge: Hon. Stephen V. Wilson

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF DEFENDANT'S UNRELATED TWEETS AND SEC SETTLEMENT AGREEMENT**

Complaint Filed: September 17, 2018
Trial Date: December 2, 2019

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Defendant Elon Musk moves for an order, in limine, precluding Plaintiff Vernon Unsworth from introducing evidence or argument regarding: (1) Mr. Musk's tweets of August 7, 2018, October 26, 2018, which relate to discussions of taking Tesla private and a resulting settlement with the Securities and Exchange Commission ("SEC"); (2) anything relating to the topics of these tweets and SEC settlement, including the fact of an SEC investigation and the final settlement amount; and (3) any other tweets unrelated to this case.

## FACTUAL BACKGROUND

On August 7, 2018, Mr. Musk tweeted: "Am considering taking Tesla private at $420.  Funding secured."  (the "August 7 tweet")(Omnibus Declaration of Michael Lifrak ("Lifrak Decl.") in Support of Motions in Limine, Ex. 4).  On September 28, 2018, Mr. Musk and Tesla reached a settlement agreement, in which, among other things, Mr. Musk did not admit or deny wrongdoing and which required Mr. Musk to pay the SEC $20 million (the "SEC Settlement").  *See SEC v. Tesla, Inc.*, 1:18cv-8947-AJN-GWG, Dkt. Nos. 1, 3.  In October 2018, a Twitter user tweeted at Mr. Musk, asking him: "How about that one [the August 7 tweet] that cost you 20M, how was the 'like' ratio on that one?"  Mr. Musk replied: "Worth it."  (the "October 26 tweet") (Lifrak Decl. Ex. 5).  On April 26, 2019, Mr. Musk and the SEC entered into an amended settlement agreement  (the "Amended SEC Settlement).  *See SEC v. Tesla, Inc.*, 1:18cv-8947-AJN-GWG, Dkt. No. 46.

## ARGUMENT

Mr. Musk anticipates that Mr. Unsworth may seek to introduce evidence and argument related to the August 7 tweet, the SEC Settlement, the October 26 tweet, the Amended SEC Settlement, and other irrelevant tweets.  None of this has any place in this case and would only serve to make a completely irrelevant action the focus of this trial.  If Mr. Unsworth were to claim the falsity of any statement of fact on the issue of the SEC Settlement, Mr. Musk is fully prepared to litigate it.  Asking the jury

1  to hear evidence regarding a "case within a case" would confuse the issues and

2  unnecessarily prolong the trial.

3        Mr. Unsworth has already repeatedly attempted to infect this case with these

4  topics, including at Mr. Musk's deposition.  (Lifrak Decl. Ex 1 (Musk Depo., 213:21-

5  215:19; Musk Depo., Ex. 43)).  For example, Mr. Unsworth's counsel asked Mr.

6  Musk whether the $20 million settlement was worth it, in an apparent attempt to

7  argue that Mr. Musk should pay Mr. Unsworth a similar amount (despite the fact that

8  Mr. Unsworth has not suffered any actual economic harm) (*Id.* (Musk Depo., 214:7-

9  10, 215:9-19)).  He also asked numerous questions regarding the details of the SEC

10 settlement.  (*Id.*).  The Court should not allow this type of prejudicial evidence and

11 argument to improperly prejudice the jury.

12       This Motion is made pursuant to Federal Rules of Evidence 401, 402,  403, and

13 408 on the grounds that such evidence is not relevant to any facts in dispute, that any

14 minimal probative value of the evidence is substantially outweighed by its undue

15 prejudice to Mr. Musk, and that any information about Mr. Musk's irrelevant tweets

16 or the SEC investigation and settlement risk confusing the issues, wasting time, and

17 inflaming or misleading the jury.   The Court should preclude introduction of such

18 evidence.

19 **I.   THE COURT SHOULD PRECLUDE EVIDENCE REGARDING MR.**

20      **MUSK'S IRRELEVANT TWEETS AND THE SEC SETTLEMENTS.**

21      **A.   The Court Should Preclude Evidence Regarding the SEC Settlement**

22           **and Related Tweets under FRE 401 and 402.**

23       Evidence is only relevant if it "has any tendency to make a fact more or less

24 probable than it would be without the evidence" and that "fact is of consequence in

25 determining the action."  Fed. R. Evid. 401.  Whether Mr. Musk tweeted that he

26 intended to take Tesla private does not tend to make any fact of consequence in this

27 action more or less probable.

28

1   Similarly, whether the SEC opened an investigation and ultimately entered into

2   a settlement agreement with Mr. Musk as a result of the August 7 tweet does not

3   make any fact of consequence in this action more or less probable.  There is no fact at

4   issue in this case—which is a defamation case based on a wholly unrelated tweet and

5   an email Mr. Musk sent to BuzzFeed News—that would be made more or less

6   probable if Mr. Musk did enter into such a settlement agreement.  The amount of the

7   SEC Settlement also has no tendency to make any fact of consequence in this

8   defamation action more or less probable.

9   Finally, Mr. Musk's subjective opinion of whether his August 7 tweet was

10  "worth it" in light of the SEC Settlement, expressed in his October 26 tweet, has no

11  bearing on any fact of consequence in this defamation action.

12  That Mr. Musk made one of his allegedly defamatory statements in this action

13  on Twitter is of no moment.  Mr. Musk's unrelated tweets about taking Tesla private

14  and his interactions with the SEC have nothing to do with his tweets about Plaintiff

15  Vernon Unsworth.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

16  Consequently, evidence about Mr. Musk's August 7 and October 26 tweets, and any

17  related evidence about the SEC investigation and settlement, is not admissible.

18  **B.   The Court Should Preclude Evidence Regarding the SEC Settlement**

19  **and Related Tweets under FRE 403, 404, and 408.**

20  Mr. Unsworth will likely argue that the dollar amount of Defendant's

21  settlement agreement with the SEC, and his subjective views about whether his

22  August 7 tweet was "worth it" in light of that twenty million dollar settlement

23  agreement, is probative of Defendant's wealth, which could bear on the amount of

24  punitive damages the jury awards.  Even if this evidence had some probative value (it

25  does not), relevant evidence may be properly excluded "if its probative value is

26  substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

27  misleading the jury …." Fed. R. Evid. 403.  Rule 408 specifically excludes evidence

28  regarding the "amount" of a settlement.

-4-

1         This evidence would unfairly prejudice the jury against Mr. Musk for several

2   reasons.

3         First, the settlement must be excluded because its admission would be contrary

4   to Rule 408.[1]  The Ninth Circuit has recognized that "Two principles underlie Rule

5   408: (1) "[t]he evidence [of compromise] is irrelevant, since the offer may be

6   motivated by desire for peace rather than from any concession of weakness of

7   position;" (2) "[a] more consistently impressive ground is promotion of the public

8   policy favoring the compromise and settlement of disputes."  *Hudspeth v. C.I.R.*, 914

9   F.2d 1207, 1213-14 (9th Cir. 1990).  These policies may be implicated in cases

10  unrelated to the dispute giving rise to the settlement, and thus Rule 408 may bar

11  admission of the fact or amount of a settlement in an unrelated case.  *Id.* at 1214; *see*

12  *also Cnty. of Maricopa v. Office Depot Inc.*, *2019 WL 5066808*, at *10 (D. Ariz. Oct.

13  9, 2019) ("The Ninth Circuit has interpreted Rule 408(a) as prohibiting a party from

14  introducing evidence of a settlement in an unrelated case in which it was not a

15  party.").

16        Courts routinely exclude evidence of prior settlements, particularly settlements

17  that do not contain evidence of wrongdoing—like the one here.  *See, e.g.*, *Point*

18  *Ruston, LLC v. Pac. Nw. Reg'l Council of United Bhd. of Carpenters & Joiners of*

19  *Am.*, 2010 WL 3720277 (W.D. Wash. Sept. 17, 2010) (excluding evidence relating to

20  consent decree because the consent decree included a denial of wrongdoing and was

21  unrelated to the instant dispute).  In addition, evidence of the SEC investigation and

22  settlement and Mr. Musk's tweeted comments also has the potential to confuse the

23  jury—risk that is particularly apparent when a defendant has entered into a consent

---

24      [1]   Rule 408 applies to settlements with government agencies.  *See, e.g.*, *New*

25  *Jersey Tpk. Auth. v. PPG Indus., Inc.*, 16 F. Supp. 2d 460, 473 (D.N.J. 1998) *aff'd*,

26  197 F.3d 96 (3d Cir. 1999) ("Courts agree that Rule 408 applies to civil consent
    decrees executed with government agencies . . . Here, there is no question that

27  [defendant] entered into the 1990 [consent decree] in order to compromise a disputed

28  claim; accordingly, Fed. R. Evid. 408 bars reliance upon it as evidence of liability.").

Case No. 2:18-cv-08048

DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNRELATED TWEETS AND EVIDENCE OF SEC
SETTLEMENT AGREEMENT

1    decree that did not find any culpability or judgment of wrongdoing. *See Kramas v.*

2    *Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982).  In *Kramas*, the Ninth Circuit

3    upheld the district court's decision excluding a consent decree entered in a prior SEC

4    enforcement proceeding where the consent decree "involved no finding of culpability

5    and no judgment of wrongdoing" and there was a danger of prejudice in admitting

6    such evidence of other wrongful acts, noting that "the prejudicial impact of the

7    evidence upon the jury was obviously substantial." *Id*.

8           To the extent Mr. Unsworth seeks to rely on the $20 million SEC settlement to

9    argue that he is entitled to similar damages here, he seeks to use the $20 million

10   settlement for a purpose prohibited under Rule 408 – the amount of his claim.   Thus,

11   Rule 408 explicitly forecloses the introduction of the SEC settlement and related

12   communications for this purpose.

13          Indeed, opening the door to this topic would require the parties to present

14   evidence regarding an entirely different litigation. *See Kramas*, 672 F.2d at 772

15   (affirming exclusion of SEC settlement when "admission of the evidence would have

16   opened large areas of proof on collateral matters).  If Mr. Unsworth were to claim the

17   falsity of any statement of fact on this issue, Mr. Musk is fully prepared to litigate it.

18   Asking the jury to hear evidence regarding a "case within a case" would confuse the

19   issues and unnecessarily prolong the trial.  Courts routinely exclude evidence of prior

20   acts on the basis that the confusion and delay would substantially outweigh any

21   probative value of the evidence. *See, e.g.*, *Bhatti v. Ulahannan*, 414 F. App'x 988,

22   989 (9th Cir. 2011) (excluding evidence of prior litigation because "allowing the

23   evidence would effectively require a mini-trial within a trial and likely confuse the

24   jury."); *United States v. Aboumoussallem*, 726 F.2d 906, 912–13 (2d Cir. 1984)

25   (affirming exclusion under Rule 403 because the confusion and delay caused by a

26   trial within a trial would substantially outweighed the probative value of the

27   evidence).  The Court should do the same here.

28

1   Second, Rule 404 likewise bars the admission of such evidence.  Mr. Unsworth

2   should not be allowed to present evidence or argument suggesting that Mr. Musk is

3   wealthy and may be willing to pay large sums of money to get himself out of trouble

4   that results from his tweets.  Such evidence should be excluded because it has

5   minimal probative value and would be extremely prejudicial.  Federal Rule of

6   Evidence 404 provides that "[e]vidence of a person's character or character trait is not

7   admissible to prove that on a particular occasion the person acted in accordance with

8   the character or trait." Fed. R. Evid. 404.  Yet that is exactly what Mr. Unsworth

9   wants to do.  It is inappropriate.  *See, e.g. Sunderland v. Bethesda Hosp., Inc.*, No.

10  13-80685-CV, 2014 WL 11411849, at *2 (S.D. Fla. Sept. 10, 2014) ("prior acts such

11  as settlements are inadmissible under Rule 404(b) to show 'character' and 'act[ion] in

12  accordance.'").

13      **C.**   **The Court Should Also Preclude Evidence Regarding Any Other**

14           **Tweet from Mr. Musk Unrelated to this Case.**

15  Mr. Musk tweets frequently.  He currently has over 9,000 tweets since June

16  2009.  For the same reasons set forth above, Mr. Unsworth should not be permitted to

17  present into evidence of any other tweet from Mr. Musk unrelated to the issues in this

18  case – the cave rescue and Mr. Unsworth.  Mr. Musk's unrelated Twitter exchanges

19  on separate topics have nothing to do with this case, but it could confuse the jury and

20  lead to a trial within a trial on unrelated issues raised in Mr. Musk's tweets.  Allowing

21  such evidence also has the tendency to mislead the jury.

22                          **CONCLUSION**

23      For the foregoing reasons, Mr. Musk respectfully requests that the Court issue

24  an order in limine excluding any evidence related to (1) the August 7 tweet, (2) the

25  October 26 tweet, (3) the SEC investigation pertaining to the August 7 tweet, (4) the

26  facts of the SEC Settlement, Amended SEC Settlement and the settlement amount,

27  and (5) any other tweets unrelated to this case.

28

1    DATED:  November 4, 2019          Respectfully submitted,

2                                      QUINN EMANUEL URQUHART &
3                                      SULLIVAN, LLP

4

5

6                                      By    */s/ Alex Spiro*
                                            Alex Spiro (admitted *pro hac vice*)
7                                           alexspiro@quinnemanuel.com
                                            51 Madison Avenue, 22nd Floor
8                                           New York, New York 10010
                                            Telephone: (212) 849-7000
9

10                                          *Attorneys for Defendant Elon Musk*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNRELATED TWEETS AND EVIDENCE OF SEC
SETTLEMENT AGREEMENT