1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Alex Spiro (admitted *pro hac vice*)
2    alexspiro@quinnemanuel.com
   51 Madison Avenue, 22nd Floor
3  New York, New York 10010
   Telephone: (212) 849-7000
4
   QUINN EMANUEL URQUHART & SULLIVAN, LLP
5  Robert M. Schwartz (Bar No. 117166)
     robertschwartz@quinnemanuel.com
6  Michael T. Lifrak (Bar No. 210846)
     michaellifrak@quinnemanuel.com
7  Jeanine M. Zalduendo (Bar No. 243374)
     jeaninezalduendo@quinnemanuel.com
8  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
9  Telephone: (213) 443-3000

10 *Attorneys for Defendant Elon Musk*

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  VERNON MR. UNSWORTH, | Case No. 2:18-cv-08048 |
| 15           Plaintiff, | Judge: Hon. Stephen V. Wilson |
| 16        vs. | **DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF HIS CELL PHONE REPLACEMENT** |
| 17  ELON MUSK, | |
| 18           Defendant. | Complaint Filed: September 17, 2018 |
| 19 | Trial Date: December 2, 2019 |

20

21

22

23

24

25

26

27

28

1  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2      Defendant Elon Musk moves for an order, in limine, precluding Plaintiff

3  Vernon Unsworth from introducing any evidence or testimony, or otherwise relying

4  on the fact that Mr. Musk periodically replaces his cell phone and that his old cell

5  phones are then wiped of data.

6                                    **ARGUMENT**

7      Mr. Musk moves for this order in limine because Mr. Unsworth has already

8  attempted to manufacture an issue out of the fact that Mr. Musk sometimes replaces

9  his cell phone.[1]  This argument is a complete red herring.  Mr. Musk's physical cell

10 phone is irrelevant, especially where all information contained on Mr. Musk's

11 phones is backed-up.  Mr. Musk has testified that he replaces his cell phone on a

12 regular basis, that the data contained on the cell phones is backed up to Mr. Musk's

13 iCloud, and that the old cell phones are then wiped.  (Omnibus Declaration of

14 Michael Lifrak in Support of Motions in Limine ("Lifrak Decl."), Ex. 1(Musk Depo.

15 312: 12 – 315: 18)).  Mr. Musk has never testified at any time that his phones are

16 "destroyed" as Mr. Unsworth has argued to this Court.[2]  Mr. Musk's phones are

17 replaced periodically and all data preserved for security purposes.  (Declaration of

18 Michael Lifrak in Support of Opposition to Motion to Compel, DKT 86-2, Ex. 1)

19 None of this has anything to do with the issues in the case.  The Court should

20 exclude such evidence and testimony because it is not relevant under Fed.R.Evid.

21 402, and its probative value is substantially outweighed by its prejudicial effect.

22 Fed.R.Evid. 403.

23

24

25 _____

26   [1]  Lifrak Decl. Exs. 1, 3 (Musk Depo. Tr. 312: 12 – 315: 18; Teller Depo. Tr. 31:
    19 – 37:6); and Second Joint Stipulation on Plaintiff's Motion to Compel, DKT 86.

27   [2]  Second Joint Stipulation on Plaintiff's Motion to Compel, DKT 86, at 7, 11,
    12, 14, and 16.

28

1   **I.      EVIDENCE ABOUT MR. MUSK'S CELL PHONE REPLACEMENT**
2   **        IS IRRELEVANT AND PREJUDICIAL.**
3       **A.      Mr. Musk's Cell Phone Replacement Practices Are Irrelevant**
4   Federal Rules of Evidence, Rule 402 provides that "[e]vidence which is not
5   relevant is not admissible."  According to Rule 401,  "Relevant evidence" means
6   evidence that has a "tendency to make a fact more or less probable than it would be
7   without the evidence."  Fed. R. Evid. 401.  Mr. Musk's cell phone replacement
8   practices do not make the existence of any fact of consequence to the determination
9   of this defamation claim any more or less probable.
10   These issues were first raised in a discovery dispute.  Specifically,  Mr.
11   Unsworth moved to compel Mr. Musk to search his iCloud back-up for text
12   messages responsive to Mr. Unsworth's discovery requests.  *See* DKT 86.  Mr.
13   Unsworth's motion repeated inflammatory allegations that Mr. Musk "destroyed" or
14   "wiped" his cell phones.  *Id.* at 1, 11, 12, 14, 16.  Mr. Unsworth ignored the facts
15   that (a) all data was backed up on the iCloud; and (b) Mr. Musk was willing to
16   search the iCloud using all the search terms proposed by Mr. Unsworth.  *Id.* at 4-5.
17   Mr. Musk brings this motion to avoid a similar irrelevant sideshow at trial.  *See*
18   *Mformation Techs., Inc. v. Research in Motion Ltd.*, 2012 WL 2339762, at *2 (N.D.
19   Cal. June 7, 2012) (excluding "all evidence of prior pretrial discovery disputes" as
20   irrelevant); *Van v. Language Line Servs., Inc.*, No. 14-CV-03791-LHK, 2016 WL
21   3566980, at *4 (N.D. Cal. June 30, 2016) (same).
22       **B.      Evidence of Mr. Musk's Cell Phone Replacement Practices is More**
23               **Prejudicial than Probative**
24   Federal Rules of Evidence, Rule 403 allows the exclusion of relevant
25   evidence if the probative value is substantially outweighed by its prejudicial effect.
26   The prejudicial effect of admitting evidence of purported cell phone destruction
27   would be substantial, especially where there is no actual evidence of destruction of
28   any information.  The unfair prejudice from even a suggestion before the jury that a

1  party did something wrong and destroyed evidence outweighs any minimal

2  probative value.

3       Mr. Unsworth may argue that because Mr. Musk did not retain or "destroyed"

4  his old phones, that he has something to hide, or has done something improper.  This

5  baseless implication of spoliation has the potential to confuse and inflame the jury.

6  There is no evidence of spoliation, and it should not be part of the trial.  Any

7  implication that Mr. Musk has destroyed evidence can easily be misconstrued and

8  would only serve to prejudice him to the jury.  Accordingly, no such evidence or

9  testimony should be permitted.

10                              **CONCLUSION**

11       For the foregoing reasons, Mr. Musk respectfully request that the Court enter

12  an order precluding Mr. Unsworth from eliciting or presenting any evidence,

13  testimony or otherwise mentioning Mr. Musk's cell phone replacement practices.

14

15  DATED:  November 4, 2019            Respectfully submitted,

16                                      QUINN EMANUEL URQUHART &
17                                      SULLIVAN, LLP

18

19                                      By   */s/ Alex Spiro*
20                                           Alexander Spiro
                                             *Attorneys for Defendant Elon Musk*
21

22

23

24

25

26

27

28

DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF HIS CELL PHONE REPLACEMENT