1 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
2 | Alex Spiro (admitted pro hac vice)
    alexspiro@quinnemanuel.com
    51 Madison Avenue, 22nd Floor
3 | New York, New York 10010
    Telephone: (212) 849-7000
4 |
5 | QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Robert M. Schwartz (Bar No. 117166)
    robertschwartz@quinnemanuel.com
6 | Michael T. Lifrak (Bar No. 210846)
    michaellifrak@quinnemanuel.com
7 | Jeanine M. Zalduendo (Bar No. 243374)
    jeaninezalduendo@quinnemanuel.com
8 | 865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
9 | Telephone: (213) 443-3000

10 | *Attorneys for Defendant Elon Musk*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MR. UNSWORTH, | Case No. 2:18-cv-08048 |
| Plaintiff, | Judge: Hon. Stephen V. Wilson |
| vs. | **DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF PURPORTED PRESS LEAKS** |
| ELON MUSK, | |
| Defendant. | Complaint Filed: September 17, 2018<br>Trial Date: December 2, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Defendant Elon Musk moves for an order, in limine, precluding Plaintiff Vernon Unsworth from introducing any evidence or argument regarding any alleged press leaks by James Howard, an investigator hired by one of Mr. Musk's companies. There is no evidence any such "leaks" actually occurred and no evidence any "leaked" information was ever published by anyone, ever. Introducing such evidence would confuse the jury and be unnecessarily prejudicial to Mr. Musk's case.

This Motion is made pursuant to Federal Rules of Evidence 401, 402, 403, and 404 on the grounds that such evidence is not relevant to any facts in dispute, that any minimal probative value of the evidence is substantially outweighed by its undue prejudice to Mr. Musk, and that any information regarding the alleged press leaks risk confusing the issues, wasting time, and inflaming or misleading the jury. The Court should preclude introduction of such evidence.

## FACTUAL BACKGROUND

In late August 2018, Mr. Birchall, an employee of one of Mr. Musk's companies and Mr. Howard discussed potential "leaks" to press in the United Kingdom and Australia. (Omnibus Declaration of Michael Lifrak in Support of Motions in Limine ("Lifrak Decl.") Ex. 2 (Birchall Depo. Ex. 67 at 2-9). This included information regarding Thailand's reputation for sex tourism and Mr. Unsworth's background. (Lifrak Decl. Ex 2 (Birchall Depo. Ex. 66). After Mr. Howard represented to Mr. Birchall that several United Kingdom press outlets were interested in publishing stories on these topics, he sent Mr. Birchall photographs of alleged emails and text communications with reporters "leaking" information to them. (Lifrak Decl. Ex. 2 (Birchall Depo. Ex. 67 at 3-4). But like other elements of Mr. Howard's investigation, there is no evidence that Mr. Howard's "leaks" were real, nor is there any evidence that any stories were ever published. Mr. Unsworth questioned Mr. Birchall extensively about this subject at his deposition. (Lifrak Decl.

Ex. 2 (Birchall Depo., 109:1–130:24; Birchall Depo., Ex. 66; Birchall Depo., Ex 67)). Allowing such speculative evidence at trial would be confusing and prejudicial.

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE EVIDENCE REGARDING MR. HOWARD'S PURPORTED PRESS LEAKS.

#### A. The Court Should Preclude Evidence Regarding Mr. Howard's Purported Press Leaks under FRE 401 and 402.

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is only relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and that "fact is of consequence in determining the action." Fed. R. Evid. 401. Whether Mr. Howard leaked information about Mr. Unsworth is not relevant to any fact in dispute in this case.

These purported press leaks were related to different facts than the allegedly defamatory statements at issue in this case. That Mr. Howard may have leaked information regarding Thailand's reputation and Mr. Unsworth's history of visiting Thailand to the press does not bear on whether Mr. Musk's statements about Mr. Unsworth on Twitter or in his "off the record" statements to BuzzFeed were defamatory, does not bear on whether Mr. Musk intended to his communications with BuzzFeed to be "off the record," nor does it bear on whether it was reasonably foreseeable that BuzzFeed would republish these statements. It has nothing to do with the issues to be decided by the jury. More specifically:

First, evidence about Mr. Birchall's purported press leaks is not relevant to determining whether Mr. Musk's July 15, 2018 tweets were defamatory. The purported press leaks were discussed over a month later. Any leaks by Mr. Howard do not relate to the issue of whether Mr. Musk defamed Mr. Unsworth in mid-July.

Second, this evidence is also not relevant to determining whether the September 4, 2018 BuzzFeed article was defamatory. That Mr. Howard claimed to

leak a story to the British press has nothing to do with whether different information that Mr. Musk sent to BuzzFeed was defamatory, or whether it was reasonably foreseeable that BuzzFeed would republish the statements attributing them to Mr. Musk.

Finally, and most fundamentally, the alleged "leaks" were never published. Mr. Unsworth has not brought (and could not bring) a defamation action against Mr. Musk for these stories, because these stories do not exist. Nor is there any evidence the leaks ever happened at all. There are no emails or texts produced in the case showing that the leaks occurred. Instead, there are only screenshots sent by Mr. Howard, the investigator, to Mr. Birchall.

Therefore, evidence about Mr. Birchall's purported press leaks, and Mr. Musk's possible knowledge or direction thereof, is not admissible.

### B. The Court Should Preclude Evidence Regarding Mr. Birchall's Purported Press Leaks as Highly Prejudicial under FRE 403.

Any probative value of this evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury …." Fed. R. Evid. 403. This evidence would unfairly prejudice the jury against Mr. Musk for a number of reasons.

Evidence regarding non-existent leaks has minimal probative value and would be extremely prejudicial. Further, if Mr. Unsworth is allowed to present evidence on this topic, both parties would have to present evidence regarding an entirely different set of (non-existent) news stories. It would be a "trial within a trial" about information that was never disseminated publicly. Such confusion and delay would substantially outweigh any probative value of the evidence.[1] *See, e.g.*, *Bhatti v.*

---

[1] There is also evidence that Mr. Howard was in contact with **plaintiff's firm** around this same period as his contact with Mr. Birchall. Any evidence of "leaks" will, by necessity, require Defendant to explore communications between Mr. Howard and Mr. Unsworth's attorneys. This would include any evidence regarding

*Ulahannan*, 414 F. App'x 988, 989 (9th Cir. 2011) ("allowing the evidence would effectively require a mini-trial within a trial and likely confuse the jury."); *United States v. Aboumoussallem*, 726 F.2d 906, 912–13 (2d Cir. 1984) (affirming exclusion under Rule 403 because the confusion and delay caused by a trial within a trial would substantially outweighed the probative value of the evidence).  The Court should exclude this evidence on the same basis.

### C. The Court Should Preclude Evidence Regarding the Purported Press Leaks as Improper Character Evidence

Federal Rule of Evidence 404(b) states that a prior "act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  But Mr. Unsworth is seeking to do just that.  He will introduce evidence of a prior act—alleged press leaks—to convince the jury that Mr. Musk made defamatory statements in a completely different context.  This is not permissible.  *See* Fed. R. Evid. 404(b).

### CONCLUSION

For the foregoing reasons, Mr. Musk respectfully requests that the Court issue an order in limine excluding all evidence and testimony related to Mr. Howard's purported press leaks.

---

their knowledge of Mr. Howard's purported leaks and other activities.  All of this would unnecessarily complicate the trial.

DATED:  November 4, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s/ Alex Spiro*
Alex Spiro (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Attorneys for Defendant Elon Musk*