1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  VERNON UNSWORTH, | Case No. 2:18-cv-08048 |
| 15           Plaintiff, | Judge: Hon. Stephen V. Wilson |
| 16      vs. | **JOINT FINAL PRETRIAL** |
| 17  ELON MUSK, | **CONFERENCE ORDER** |
| 18           Defendant. | |
| 19 | |

20      Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS

21  ORDERED:

22      1.      The parties are:  Plaintiff Vernon Unsworth and Defendant Elon Musk

23              Each of these parties has been served and has appeared. All other

24  parties named in the pleadings and not identified in the preceding paragraph are now

25  dismissed.

26              The pleadings which raise the issues are:  (1) Plaintiff's Complaint,

27  dated September 17, 2018 (Doc. 1); and (2) Defendant's Answer, dated May 13,

28  2019 (Doc. 45).

2.     Federal jurisdiction and venue are invoked upon the grounds:  The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).  The facts requisite to federal jurisdiction are admitted.

3.     Plaintiff estimates that the trial will take 5 days.  Defendant estimates that the trial will take 4 days.

4.     The trial is to be a jury trial.  Pursuant to the Court's Civil Trial Preparation Order, on November 21, 2019, the parties shall file and serve by e-mail, fax, or personal delivery:  (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

5.     The following facts are admitted and require no proof:

On or about June 23, 2018, twelve Thai boys (aged 11 to 16) who were members of a soccer team, and their soccer coach entered the Tham Luang Nang Non cave system located in Northern Thailand.  The boys and coach became stranded in the cave system and were unable to exit the cave system due to flooding from a storm.  The boys and their coach remained trapped in the cave system until they were safely rescued between July 8, 2018 and July 10, 2018.

The parties have met and conferred and wish to present their versions of other relevant facts to the jury.

6.     The following facts, though stipulated, shall be without prejudice to any evidentiary objection:  None.  The parties have met and conferred and wish to present their versions of the facts to the jury.

7.

<u>Plaintiff(s):</u>

(a)     Plaintiff plans to pursue the following claims against the following defendants:  A defamation per se claim against Defendant arising out of Defendant's false and defamatory statements published on Twitter conveying that Plaintiff is a pedophile.  Defendant is liable for all damages resulting from the publication on Twitter, and all damages resulting from the worldwide republication of the

statements published on Twitter by various individuals and members of the media, which repetition was authorized or intended by Musk, or was reasonably to be expected at the time the statements were initially published on Twitter.  Plaintiff seeks to recover actual, presumed, and punitive damages.  For compensatory damages for reputational harm, Plaintiff seeks those damages on a worldwide basis.

(b)    The elements required to establish Plaintiff's claims are:

- To recover actual damages, Plaintiff must prove by a preponderance of the evidence that Defendant negligently published a false and defamatory statement conveying that Plaintiff is a pedophile.

- To recover presumed damages, Plaintiff must prove by clear and convincing evidence that Defendant knew the statement was false or published it with a reckless disregard for truth or falsity.

- To recover punitive damages, Plaintiff must prove by clear and convincing evidence that Defendant published the statement with actual malice and with common law malice, oppression, or fraud.

(c)    In brief, the key evidence Plaintiff relies on for each of the claims is:

- Defendant's documented publication that Plaintiff is a pedophile, as established by his July 15, July 18, and August 28, 2018 Twitter tweets/threads and Defendant's August 30 and September 4, 2018 e-mails to BuzzFeed;

- Evidence of the number of Twitter followers Defendant had at the time of his false accusation;

- Evidence of the scope and magnitude of publicity related to Defendant's accusation in the form of testimony and documents presented by Plaintiff's expert, Dr. Bernard Jansen, which establish worldwide online media circulation;

- Defendant's testimony regarding his defamatory accusation and the lack of knowledge or information available to him at the time of publication;

- Evidence concerning Defendant's failure to retract or correct his false accusation of pedophilia despite numerous requests for comment and the wide publicity of the accusation;

- The testimony of Plaintiff, Vanessa Unsworth, Woranan Ratrawiphakkun, Jared Birchall, Elon Musk, Martin Ellis, and/or Richard Stanton establishing that Defendant's accusation was negligently published and was false;

- Plaintiff's testimony regarding his compensatory damages in the form of emotional distress, mental distress, shame, and/or mortification;

- Documents and testimony from Defendant establishing his ill-will, anger, and spite toward Plaintiff, as well as Defendant's desire to harm him; and

- Documents and testimony from Defendant regarding his net worth and/or his financial status at the time of trial.

*Defendant's Position*:  In addition to the elements above, Plaintiff must also prove that (a) the people to whom Defendant's statements were made understood them to be about Mr. Unsworth; (b) that Mr. Musk's statements were provable statements of fact, not opinion; and (c) as to statements republished by BuzzFeed, that Mr. Musk authorized, intended, or reasonably expected BuzzFeed to republish them.

*Plaintiff's Response to Defendant's Position*: (a) Defendant's contention on the of and concerning burden misstates the law. Plaintiff has no burden to prove that the people to whom Defendant's statements were made understood them to be about Plaintiff. The Plaintiff's only burden on the concerning issue is to show the statement expressly mentions him or refers to him by reasonable implication. *See, e.g., Dickinson v. Cosby*, 37 Cal. App. 5th 1138, 1160 (2019) (internal citations omitted).  Plaintiff must also show the statement was understood by at least one third person to have concerned him. *Id.* (internal citations omitted).  Among other evidence, the republications of Defendant's statements on Twitter satisfy the of and

-4-

concerning burden as a matter of law with no issue to be decided by the jury. As to Defendant's point (b), the Plaintiff's burden of proof on this issue is correctly stated as being the burden to prove that Defendant's statements were implied assertions of objective fact; and as to point (c), the Plaintiff's burden of proof on the issue of republication is to prove the repetition of the actionable statements on Twitter was authorized or intended by Musk, or was reasonably to be expected. California law does not impose this legal burden of proof as to each individual republication, including the repetition by BuzzFeed.

Defendant(s):

(a)     Defendant plans to pursue the following affirmative defenses:  Consent, Unclean Hands, Failure to Mitigate Damages, Failure to Request a Retraction.

(b)     The elements required to establish Defendant's counterclaims and affirmative defenses, as well as the key evidence Defendant relies on for each affirmative defense are:

1.     Consent.

Summary:  Mr. Musk asserts that Mr. Unsworth's claims are barred because he consented to the publication of Mr. Musk's statements.

Elements:  Mr. Musk is not responsible for any reputational harm Mr. Unsworth claims has occurred if Mr. Musk shows that Mr. Unsworth consented, by words or conduct, to the publication or republication of Mr. Musk's communication of the statement to others.  Inaction or silence can constitute actual or implied consent to publication.  Consent may be inferred from the circumstances surrounding Mr. Unsworth's words or conduct.  Source:  CACI 1721; *Royer v. Steinberg*, 90 Cal. App. 3d 490, 498, 153 Cal. Rptr. 499 (1979); *Bueno v. Becker*, 2016 WL 4506070 (Cal. Ct. App. Aug. 29, 2016); *People v. Davidson*, 2015 WL 4751166 (Cal. Ct. App. Aug. 12, 2015); *Sleepys LLC v. Select Comfort Wholesale Corp.*, 779 F.3d 191

(2d Cir. 2015); *Aggarwal v. Puranmalka*, 149 A.D.2d 493 (N.Y. App. Div. 1989); Restatement, Torts, 2d, § 892.

<u>Mr. Musk's Evidence in Support:</u>  The evidence will show that Mr. Unsworth sought to use his proximity to the Thai Cave rescue as means for monetary gain.  To do so, Mr. Unsworth asserted on an international news broadcast that Mr. Musk did not care about the lives of the trapped boys and was engaging in only a PR stunt, provoking a response from Mr. Musk.  Later, as a result of Mr. Unsworth publicizing his threat to sue Mr. Musk that expressly invited Mr. Musk to respond, Mr. Musk responded with an "off-the-record" email to a BuzzFeed reporter directing him to further investigate Mr. Unsworth's background based on information provided by an investigator on the subject matter that Mr. Unsworth claimed was defamatory.

### 2.    Unclean Hands.

<u>Summary:</u>  Mr. Musk asserts that Mr. Unsworth's claims are barred because his conduct connected with the issues in this case was inequitable and resulted in prejudice to Mr. Musk.

<u>Elements:</u>  Mr. Musk must show (1) that Mr. Unsworth's conduct has been inequitable, unfair, unconscionable, or deceitful; (2) that such conduct resulted in prejudice to Mr. Musk; and (3) Mr. Unsworth's misconduct was connected with the issues in this case. <u>Source:</u>  Matthew Bender, Cal. Forms of Jury Instruction 300F.29; *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal App. 4th 612 (1992); *Kendall–Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970 (2000); *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015).

09172-00001/11162936.5

1   <u>Mr. Musk's Evidence in Support:</u>  The evidence will show that Mr. Unsworth

2   sought to monetize his proximity to the Thai Cave rescue by baselessly attacking

3   Mr. Muk's motivation for assisting the trapped boys.  Mr. Unsworth engaged in a

4   campaign, starting when the rescue was still underway, to claim fame and fortune

5   for himself, while diminishing the role and recognition accorded everyone else

6   involved.  As part of this campaign, Mr. Unsworth asserted on an international news

7   broadcast that Mr. Musk did not care about the lives of the trapped boys and was

8   engaging in only a PR stunt

9

10                      3.       <u>Failure to Mitigate Damages.</u>

11  <u>Summary:</u>  Mr. Musk asserts that Mr. Unsworth's damages must be reduced to the

12  extent that he failed to mitigate his damages, in particular in failing to request that

13  BuzzFeed not publish its September 4, 2018 article and in failing to request a

14  retraction.

15

16  <u>Elements:</u>  Mr. Musk must prove by a preponderance of the evidence that Mr.

17  Unsworth has failed to minimize his damages.  A plaintiff who has been injured by

18  the defamation of another must use reasonable care to prevent any aggravation or

19  increase of the injury.  Mr. Unsworth is not entitled to be compensated for any

20  injury or aggravation of injury caused by his failure to minimize damages.  His

21  damages award must be reduced to the extent that Mr. Unsworth made his condition

22  worse by not taking reasonable care to prevent any aggravation or increase of the

23  injury.  <u>Source:</u>  CACI 3930.

24

25  <u>Mr. Musk's Evidence in Support:</u> The evidence will show that, to the extent any

26  damages exist, Mr. Unsworth failed to mitigate.  Despite knowing about it in

27  advance, Mr. Unsworth never urged BuzzFeed not to publish the allegedly

28

defamatory article and instead welcomed it. Once the article was published, Mr.
Unsworth never requested a retraction from BuzzFeed.

### 4.      Failure to Request a Retraction.

<u>Summary:</u>  Mr. Musk asserts that, with regard to damages resulting from
BuzzFeed's republication of Mr. Musk's statements in the September 4, 2018
article, Mr. Unsworth may only recover special damages because he failed to
request a retraction.

<u>Elements:</u>  Because BuzzFeed News is a news publication, Mr. Unsworth may
recover for the republication of Mr. Musk's statements by BuzzFeed News only the
following:

    a.  Damages to property, business, trade, profession, or occupation; and

    b.  Damages for money spent as a result of the defamation.

However, this limitation does not apply if Mr. Unsworth proves both of the
following:

    a.  That Mr. Unsworth demanded a correction of the statement within 20 days
       of discovering the statement; and

    b.  That BuzzFeed News did not publish an adequate correction.

<u>Source:</u>  CACI 1722; Civ. Code, § 48a; *Shively v. Bozanich*, 31 Cal. 4th 1230
(2003), *as modified* (Dec. 22, 2003);  *DiGiorgio Corp. v. Valley Labor Citizen,* 260
Cal. App. 2d 268 (1968)*; Desnick v. Am. Broad. Companies, Inc.*, 1999 WL 51796
(N.D. Ill. Jan. 29, 1999).

<u>Mr. Musk's Evidence in Support:</u> Mr. Unsworth is suing Mr. Musk based on
BuzzFeed's allegedly defamatory article, but Mr. Unsworth never requested a
retraction from BuzzFeed and thus BuzzFeed has never published a retraction.

1    *Plaintiff's position*:  Plaintiff objects to the assertion by Defendant of any of

2    these affirmative defenses in this case.  These defenses are not legal affirmative

3    defenses to this defamation claim, are incorrect statements of general law, and/or are

4    irrelevant, frivolous and lack even a scintilla of supporting evidence.  Further, the

5    alleged affirmative defenses of "Failure to Mitigate Damages" and "Failure to

6    Request a Retraction" are not affirmative defenses to the claim against Defendant

7    and should be stricken from this Order.  *Cf.* Appendix A to Local Rules at ¶ 7

8    ("…Defendant should identify only *affirmative* defenses, which are those matters on

9    which the Defendant bears the burden of proof … [and] which would defeat

10   Plaintiff's claims even if Plaintiff established the elements of the claim.")  Further,

11   the alleged affirmative defense of "consent" has not been pleaded by Defendant and

12   should be stricken on that basis.  *Cf. id.*  ("Examples of such affirmative defenses –

13   which must have been pleaded in Defendant's Answer – appear in F.R.Civ.P. 8(c)").

14   Further, the alleged affirmative defense of "Failure to Request a Retraction" is a

15   fictional defense, as Plaintiff is not required under California law to demand

16   retraction from third-party republishers in order to obtain damages against

17   Defendant as the original publisher.

18

19   Third Party Plaintiffs and Defendants:

20       None.

21       8.      In view of the admitted facts and the elements required to establish the

22   claims, counterclaims and affirmative defenses, the following issues remain to be

23   tried:

24       For Plaintiff's claims:

25   •   Whether Defendant's statements were implied assertions of objective fact;

26   •   Whether Defendant's statements conveying that Plaintiff is a pedophile are

27       false;

28

- Whether Defendant negligently published the statements conveying that Plaintiff is a pedophile;

- Whether Defendant's statements conveying that Plaintiff is a pedophile were published with actual malice;

- Whether the circumstances of Defendant's publication of the statements that Plaintiff is a pedophile establish common law malice, an intent to harm Plaintiff, a willful or knowing disregard of the rights of Plaintiff, oppression, or fraud;

- Whether republication of Defendant's Twitter statements that Plaintiff is a pedophile were authorized, intended, or reasonably to be expected by Defendant;

- Whether Plaintiff is entitled to an award of actual damages, and if so, in what amount;

- Whether Plaintiff is entitled to an award of presumed damages, and if so, in what amount; and

- Whether Plaintiff is entitled to an award of punitive damages, and if so, in what amount.

*Defendant's Position*:  In addition to the issues to be tried above, Plaintiff must also prove that (a) the people to whom Defendant's statements were made understood them to be about Mr. Unsworth; (b) that Mr. Musk's statements were provable statements of fact, not opinion; and (c) as to statements republished by BuzzFeed, that Mr. Musk authorized, intended, or reasonably expected their republication.

For Defendant's Affirmative Defenses:

- Whether Mr. Unsworth consented, by words or conduct, to the publication or republication of Mr. Musk's communication of any allegedly defamatory statement to others.

09172-00001/11162936.5

- Whether(a) Mr. Unsworth's conduct has been inequitable, unfair, unconscionable, or deceitful; (b) such conduct resulted in prejudice to Mr. Musk; and (c) Mr. Unsworth's misconduct was connected with the issues in this case.

- Whether Mr. Unsworth did not use reasonable care to prevent any aggravation or increase of any claimed injury.

- Whether Mr. Unsworth failed to demand a correction of any allegedly defamatory statement republished by BuzzFeed within 20 days of discovering the statement and whether BuzzFeed therefore failed to publish an adequate correction.

*Plaintiff's position:*  As set forth above in response to Defendant's purported affirmative defenses, Plaintiff denies that any of Defendant's listed affirmative defenses should be included in this Order as they do not represent issues to be tried in this case.

9.   All discovery is complete.

10.   All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted into evidence without objection, except those exhibits listed in the joint list to which an objection has been asserted.

11.   Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions will be lodged with the Clerk as required by L.R. 32-1:  Vanessa Unsworth, Woranan Ratrawiphakkun, David Arnold, Steven Davis,

1  and Armor Harris.  The parties' objections are noted on the transcripts as required

2  by 16-2.7.

3     12. The following law and motion matters and motions in limine, and no

4  others, are pending or contemplated:  (1) Plaintiff's Motion in Limine, dated

5  November 4, 2019 (Doc. 95); (2) Defendant's Motions in Limine #1 and #3, dated

6  November 4, 2018 (Doc. 96, 98); (3) Exclusion from evidence of Defendant's

7  accusations of fraud by Plaintiff or his legal representatives, arising from

8  Defendant's proposed exhibit list, and whether Defendant should be sanctioned for

9  asserting those false, unsupported, and totally irrelevant accusations in this

10  litigation; and (4) as more fully discussed in Plaintiff's Motion in Limine (Doc. 95)

11  and Defendant's Opposition to same (Doc. 106), Plaintiff originally included in his

12  Complaint an exclusion of damages suffered in England and Wales (Doc. 1 at 108),

13  but notified Defendant of his intent to withdraw those exclusions on August 12 and

14  September 3, 2018, and Defendant objected to the withdrawal; (5) Defendant's

15  Motion to enforce trial subpoena to Plaintiff; and (6) Defendant's Motion to quash

16  trial subpoena on Mr. Musk for documents.

17     13. Bifurcation of the following issues for trial is ordered:  None

18     14. The foregoing admissions having been made by the parties, and the

19  parties having specified the foregoing issues remaining to be litigated, this Final

20  Pretrial Conference Order shall supersede the pleadings and govern the course of the

21  trial of this cause, unless modified to prevent manifest injustice.

22  Dated:  _____, 20_____.

23

24

25         _____

        UNITED STATES DISTRICT JUDGE

26

27

28

1

2

3

4

5 Approved as to form and content.

6

7 /s/ L. Lin Wood

8 Attorney for Plaintiff

9 /s/ Alex Spiro

10 Attorney for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

FINAL PRETRIAL CONFERENCE ORDER

Respectfully Submitted,

L. LIN WOOD, P.C.
L. Lin Wood (admitted *pro hac vice*)
  lwood@linwoodlaw.com
Nicole J. Wade (admitted *pro hac vice*)
  nwade@linwoodlaw.com
Jonathan D. Grunberg (admitted *pro hac vice*)
  jgrunberg@linwoodlaw.com
G. Taylor Wilson (admitted *pro hac vice*)
  twilson@linwoodlaw.com
1180 West Peachtree Street
Suite 2400
Atlanta, Georgia 30309
(404) 891-1404

CHATHAM LAW GROUP
Robert Christopher Chatham (Bar No. 240972)
  chris@chathamfirm.com
3109 W. Temple Street
Los Angeles, California 90026

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (admitted *pro hac vice*)
  mwood@wshllp.com
212 Lavaca Street, Suite 200
Austin, TX 78701

*Attorneys for Plaintiff Vernon Unsworth*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

-14-