L. LIN WOOD, P.C.
L. Lin Wood (*pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (*pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (*pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (*pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402; 404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (*pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff VERNON UNSWORTH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 2:18-cv-08048-SVW (JCx)<br><br>Judge: Hon. Stephen V. Wilson<br><br>PLAINTIFF VERNON UNSWORTH'S L.R. 16.4 MEMORANDUM OF CONTENTIONS OF FACT AND LAW<br><br>Pretrial Conference: Nov. 25, 2019<br>Hearing Date:        Nov. 25, 2019<br>Time:                3:00 p.m.<br>Courtroom:           10A |

# TABLE OF CONTENTS

# TABLE OF CONTENTS

I. STATEMENT OF PLAINTIFF'S CLAIMS [L.R. 16-4.1(a), (b), & (c)] ........... 1

II. AFFIRMATIVE DEFENSES [L.R. 16-4.1(d), (e), & (f)] ................. 3

    a. First Affirmative Defense: Consent ................. 3

    b. Second Affirmative Defense: Unclean Hands ................. 4

    c. Third Affirmative Defense: Mitigation ................. 5

    d. Fourth Affirmative Defense: Retraction ................. 6

III. ANTICIPATED EVIDENTIARY ISSUES [L.R. 16-4.1(h)] ................. 7

IV. ISSUES OF LAW [L.R. 16-4.1(i)] ................. 10

V. BIFURCATION OF ISSUES [L.R. 16-4.3] ................. 11

VI. JURY TRIAL [L.R. 16-4.4] ................. 11

VII. ATTORNEYS' FEES [L.R. 16-4.5] ................. 11

VIII. ABANDONMENT OF ISSUES [L.R. 16-4.6] ................. 12

Pursuant to Local Rule 16-4, Plaintiff respectfully submits the following Memorandum of Contentions of Fact and Law, addressing the contentions of the parties regarding the trial scheduled to commence December 3, 2019.[1]

## I. STATEMENT OF PLAINTIFF'S CLAIMS [L.R. 16-4.1(a), (b), & (c)]

### a. Claim 1: Defamation *Per Se*

Plaintiff's Allegations: This a defamation per se claim against Defendant arising out of Defendant's false and defamatory statements published on Twitter conveying that Plaintiff is a pedophile. Defendant is liable for all damages resulting from the publication on Twitter, and all damages resulting from the worldwide republication of the statements published on Twitter by various individuals and members of the media, which repetition was authorized or intended by Defendant, or was reasonably to be expected at the time the statements were initially published on Twitter. Plaintiff seeks to recover actual, presumed, and punitive damages. For compensatory damages for reputational harm, Plaintiff seeks those damages on a worldwide basis.

Elements:

To recover actual damages, Plaintiff must prove by a preponderance of the evidence that Defendant negligently published a false and defamatory statement conveying that Plaintiff is a pedophile.

To recover presumed damages, Plaintiff must prove by clear and convincing

---

[1] This memorandum, while based on diligent inquiry and investigation by Plaintiff, necessarily reflects only the current state of Plaintiff's knowledge, understanding, and belief based upon the information made available to him. Plaintiff reserves the right to modify, supplement, revise or amend this Memorandum and to correct any inadvertent errors or omissions that may be contained herein. Furthermore, this Memorandum is provided without prejudice to Plaintiff's right to amend as a result of mistake, error, or oversight, and without prejudice to Plaintiff's using, or relying on, at trial, hearing, or otherwise, testimony omitted from this response as a result of mistake, error, or oversight.

evidence that Defendant knew the statement was false or published it with a reckless disregard for truth or falsity.

To recover punitive damages, Plaintiff must prove by clear and convincing evidence that Defendant published the statement with actual malice and with common law malice, oppression, or fraud.

<u>Source</u>: Cal. Civ. Code §§ 45 & 45a (providing the elements for libel and libel *per se*); CACI 1702 (Defamation per se—Essential Factual Elements (Private Figure—Matter of Public Concern)); BAJI 7.10 (Libel/Slander—General or Compensatory Damages); *New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964) (actual malice standard); CACI 3940 (Punitive Damages—Individual Defendant—Trial Not Bifurcated).

<u>Plaintiff's Evidence in Support</u>:

- Defendant's documented publication that Plaintiff is a pedophile, as established by his July 15, July 18, and August 28, 2018 Twitter tweets/threads and Defendant's August 30 and September 4, 2018 e-mails to BuzzFeed;
- Evidence of the number of Twitter followers Defendant had at the time of his false accusation;
- Evidence of the scope and magnitude of publicity related to Defendant's accusation in the form of testimony and documents presented by Plaintiff's expert, Dr. Bernard Jansen, which establish worldwide online media circulation;
- Defendant's testimony regarding his defamatory accusation and the lack of knowledge or information available to him at the time of publication;
- Evidence concerning Defendant's failure to retract or correct his false accusation of pedophilia despite numerous requests for comment and the wide publicity of the accusation;
- The testimony of Plaintiff, Vanessa Unsworth, Wornanan Ratrawiphakkun,

Jared Birchall, Defendant, Martin Ellis, and/or Richard Stanton establishing that Defendant's accusation was negligently published and was false;

- Plaintiff's testimony regarding his compensatory damages in the form of emotional distress, mental distress, shame, and/or mortification;
- Documents and testimony from Defendant establishing his ill-will, anger, and spite toward Plaintiff, as well as Defendant's desire to harm him; and
- Documents and testimony from Defendant regarding his net worth and/or his financial status at the time of trial.

## II. AFFIRMATIVE DEFENSES [L.R. 16-4.1(d), (e), & (f)][2]

### a. First Affirmative Defense: Consent[3]

Defendant's Allegations: Defendant alleges that Plaintiff, through his conduct, allegedly invited or induced Defendant's false and defamatory statements.

Element: Plaintiff consented, by words or conduct, to Defendant's communication of the statements to others.

Source: CACI 1721.

Plaintiff's Evidence in Opposition: This defense is not a legal affirmative defense to the facts of this defamation claim. Plaintiff never "consented," through

---

[2] L.R. 16-4.1(d) requires that Plaintiff list "[a] summary statement of the . . . affirmative defenses Defendant has pleaded *and* plans to pursue." *Id.* (emphasis added). Plaintiff is listing the affirmative defenses that Defendant is pursuing based on his portion of the proposed pretrial order, which does not include each of the affirmative defenses he pleaded in his Answer, many of which are not even affirmative defenses.

[3] As discussed in Section IV, Defendant should not be permitted to assert this affirmative defense at trial. Nor is this affirmative defense appropriately listed in this Memorandum, because L.R. 16-4.1(d) requires listing "affirmative defenses Defendant *has pleaded*," *id.* (emphasis added), and Defendant never pleaded consent. (*See* Doc. 45 at Affirmative Defenses ¶¶1-11). To assist the Court, because it is clear from Defendant's proposed jury instructions that he intends to seek to assert this affirmative defense, Plaintiff is nevertheless listing this affirmative defense, without waiving his objection to it being raised at trial.

words or conduct or in any manner whatsoever, to Defendant's public accusations that he is a pedophile, including to Defendant's 22+ million Twitter followers, or to the republication of that accusation around the world. Plaintiff is not aware of any evidence that would support this purported affirmative defense.

### b. Second Affirmative Defense: Unclean Hands[4]

<u>Defendant's Allegations</u>: Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

<u>Elements</u>: To prevail on a defense of unclean hands, Defendant must demonstrate by clear and convincing evidence:

1. Plaintiff's conduct is inequitable, as demonstrated through a showing of wrongfulness, willfulness, bad faith, or gross negligence; and
2. The conduct relates to the subject matter of the plaintiff's claims.

<u>Source</u>: *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016) (internal alterations omitted).

<u>Plaintiff's Evidence in Opposition</u>: This defense is not a legal affirmative defense to the facts of this defamation claim. Notwithstanding that unclean hands is not an applicable affirmative defense, if Plaintiff were forced to present evidence to rebut a defense of unclean hands, the evidence would be:

- The total absence of evidence in the record that Plaintiff engaged in any conduct which could serve as the basis for the defense that Plaintiff had unclean hands.
- Plaintiff's testimony regarding his statement to CNN International on July 13, 2018. In direct response to a question posed by a CNN International reporter who had requested the interview, Plaintiff stated his non-defamatory opinion regarding the mini-sub voluntarily built by Defendant

---

[4] The issue of unclean hands is not properly joined for trial given the total absence in the record of facts supporting an assertion that Plaintiff has unclean hands.

and his employees and the accurate factual basis for his opinion. Plaintiff believed the mini-sub had no chance of working in the cave due to its size and rigidity and was a PR stunt.

- Defendant's testimony regarding Plaintiff's statement to CNN International on July 13, 2018. Defendant admitted that he knew at the time he learned of the interview that the phrase "stick [your submarine] where it hurts" was an idiomatic statement that described the mini-sub as "Bullshit." Defendant admitted that he did not take the statement literally because idiomatic statements are by definition figurative statements. Plaintiff never at any time asserted in the CNN International interview that Defendant "did not care about the lives of the trapped boys." Defendant's version of Plaintiff's interview comments is a blatant misrepresentation and wholly unsupported by evidence.

### c. Third Affirmative Defense: Mitigation[5]

<u>Defendant's Allegations</u>: Defendant alleges that Plaintiff's claims are barred, in whole or in part, because of his alleged failure to mitigate or reasonably attempt to mitigate his alleged damages.

<u>Element</u>: As discussed below in Section IV, there are no elements for this purported affirmative defense because it is not, in fact, an affirmative defense for defamation. A defendant proves failure to mitigate in a personal injury matter by showing:

1. Plaintiff suffered harm; and
2. Plaintiff could have avoided that harm with reasonable efforts or expenditures.

<u>Source</u>: CACI 3930 – Mitigation of Damages (Personal Injury).

---

[5] As discussed in the Section IV, Defendant should not be permitted to assert this affirmative defense at trial.

5

<u>Plaintiff's Evidence in Opposition</u>: This defense is not a legal affirmative defense to the facts of this defamation claim. Notwithstanding that mitigation is not an applicable affirmative defense, if Plaintiff were put to the task of opposing an affirmative defense claim that he failed to mitigate his damages, the evidence would be:

- Plaintiff's August 6, 2018, demand letter to Defendant to retract his false and defamatory accusation that Plaintiff is a pedophile. Defendant brands Plaintiff as a gold-digger seeking fame and fortune as evidenced in part by Plaintiff filing a civil lawsuit against Defendant, a defamer who by his own admission while totally illiquid, has a net worth in excess of $20 Billion. While the August 6 letter did not make a monetary demand, the letter identified a request for Defendant to "correct the public record." If the defense of mitigation of damages is applicable, Plaintiff's letter evidences his effort to do so. Defendant ignored Plaintiff's request.
- Plaintiff filed this lawsuit after Defendant's public statement suggesting that if he did not sue, the accusations are true.
- Publications containing statements on Plaintiff's behalf advocating in the court of public opinion that the accusation was false and Plaintiff is not a pedophile.

d. **Fourth Affirmative Defense: Retraction**[6]

<u>Defendant's Allegations</u>: Defendant alleges that Plaintiff's claims are barred because Plaintiff failed to seek a retraction from BuzzFeed for its republication of Defendant's statements in its September 4, 2018, article.

<u>Elements</u>: There are no elements for this purported affirmative defense because it is not, in fact, an available affirmative defense.

---

[6] As discussed in the Section IV, Defendant should not be permitted to assert this affirmative defense at trial.

<u>Source</u>: Defendant erroneously relies on Cal. Civ. Code § 48a as his source, which is inapplicable to Defendant as a matter of law.

<u>Plaintiff's Evidence in Opposition</u>:  Retraction is not an available affirmative defense for Defendant because Cal. Civ. Code § 48a applies only to libel published by daily or weekly news publications.  Plaintiff is pursuing a claim for defamation against Defendant for his statements published on Twitter that Plaintiff is a pedophile. Defendant is liable for all damages resulting from the publication on Twitter, and all damages resulting from the worldwide republication of the statements published on Twitter by various individuals and members of the media, which repetition was authorized or intended by Musk, or was reasonably to be expected <u>at the time the statements were initially published on Twitter</u>. California law does not impose any retraction requirement as to each individual republisher such as BuzzFeed. To the extent that any evidence is required on this point, Plaintiff identifies:

- Plaintiff's August 6, 2018, demand letter to Defendant to retract his false and defamatory accusation that Plaintiff is a pedophile.

## III. ANTICIPATED EVIDENTIARY ISSUES [L.R. 16-4.1(h)]

As reflected in Plaintiff's Motions in Limine (Doc. 95), and based on Plaintiff's positions expressed therein, he contends the following evidence is inadmissible:

- Evidence related to Plaintiff filing a lawsuit in England or Wales, or the potential of his filing any other lawsuit.
- Purported evidence related to Plaintiff filing this lawsuit based on his and/or his attorneys' purported financial motives.
- Evidence related to Plaintiff's not filing suit against third parties that republished Defendant's false and defamatory accusations.
- Evidence that purportedly shows lack of injury to reputation, despite the defamatory *per se* nature of Defendant's accusations.
- Evidence related to Plaintiff's business dealings in connection with his

employment with and ownership of Burgess, Wreford, and Unsworth.

- Evidence being submitted to suggest (however falsely) that Plaintiff abandoned his wife and/or daughter, or otherwise offered regarding the details of Plaintiff's relationship with his daughter.
- Evidence of Plaintiff's purported interest in publicity.
- Evidence of BuzzFeed News' Standards and Ethics Guide.
- Evidence of the "Big Kren's" Facebook posting, including its purported translation from Thai to English.
- Evidence of an Internet page from the purported Jobpub.com opinion board, including its purported translation from Thai to English.
- Evidence of whether Plaintiff has ever viewed pornography.
- Evidence of third-party tweets that purport to comment on the meaning of "pedo guy."
- Testimony at trial from witnesses that Defendant's previously failed to disclose during discovery.

Defendant, through his opposition to the Plaintiff's Motions in Limine, contends the above evidence is admissible. Plaintiff contends the evidence is not admissible.

In addition to the above evidentiary disputes, Plaintiff anticipates the following evidentiary issues:

- Evidentiary issues related to a false, defamatory, and fraudulent police report filed in the United Kingdom by Defendant or his agents or representatives, making unsubstantiated claims about Plaintiff's U.K. legal counsel. Plaintiff contends evidence related to that police report is inadmissible, including because its admission would perpetrate a fraud upon this court. Plaintiff contends Defendant should be sanctioned for asserting this fraudulent defense.
- Evidentiary issues related to Plaintiff presenting evidence of his worldwide damages. Plaintiff originally included in his Complaint a request for worldwide

8

damages excluding England and Wales, (Doc. 1 at 108), and notified Defendant of his intent to withdraw that exclusion on August 12 and September 3, 2018. Defendant objects to Plaintiff seeking worldwide damages because he did not formally seek leave to amend his complaint to formally remove the relevant paragraphs related to England and Wales. Plaintiff contends formal amendment was unnecessary because the pre-trial order governs the case, not the pleadings.

- Evidentiary issues related to documents, and presumably testimony, that Defendant apparently intends to introduce regarding the purported results of an investigation commissioned by Defendant by a third party convicted felon who will not be present at trial to be cross-examined and which would therefore constitute inadmissible hearsay.
- Evidentiary issues related to documents on Defendant's Exhibit List (exchanged after the motions in limine were filed), including issues regarding Defendant's apparent attempt to introduce tweets of Plaintiff's counsel for some undisclosed purpose.

As reflected in Defendant's Motions in Limine No. 1, No. 3, and No. 5, (Docs. 96, 98, 101), and based on Defendant's positions expressed therein, he contends the following evidence is inadmissible:

- Evidence of or relating to Defendant's tweets about taking Tesla private and the resulting SEC investigation and settlement.
- Evidence relating to "any other tweets unrelated to this case." (Doc. 96).
- Evidence relating to Defendant's efforts to leak to the press false and defamatory information about Plaintiff, including through Defendant's private investigator, James Howard-Higgins.
- The expert opinion of Dr. Bernard J. Jansen.

Plaintiff, through his opposition to Defendant's Motions in Limine, contends the above evidence is admissible.

## IV. ISSUES OF LAW [L.R. 16-4.1(i)]

The following issues of law remain in this case regarding three of Defendant's purported affirmative defenses:[7]

- **Consent.** Defendant did not plead the affirmative defense of consent in his Answer (*see* Doc. 45 at Affirmative Defenses ¶¶1-11), and thus this defense is not an issue to be tried. *See UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 612 (C.D. Cal. 2017) ("[A]n affirmative defense is 'generally waived' where, as here, it was 'not asserted in the answer to a complaint.'") (quoting *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008)). Moreover, given the absence of evidence of record that Plaintiff consented to Defendant's false and defamatory accusations, this affirmative defense should be stricken as a matter of law.

- **Mitigation.** Mitigation is not an affirmative defense—despite Defendant titling it as an affirmative defense in his proposed jury instructions—because it would not "defeat" Plaintiff's claim "even if all allegations in the complaint are true." *See Ayon v. United Parcel Serv., Inc.*, 2019 WL 4391116, at *5 (C.D. Cal. Mar. 18, 2019) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2nd Cir. 2003) ("An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'") (quoting Black's Law Dictionary 430 (7th ed. 1999))). Even if mitigation, in general, could be considered an affirmative defense, the form of mitigation alleged by Defendant is alien to California defamation law governing retractions. Moreover, the

---

[7] Defendant's fourth affirmative defense, unclean hands, is actually an affirmative defense, although it cannot be asserted in this case by Defendant, as there is absolutely no evidence upon which make an assertion that Plaintiff had "unclean hands."

limited evidence of mitigation that is allowed in defamation cases is described by Cal. Civ. Code §461 and its notes of decision, which do not include evidence that a plaintiff failed to reasonably attempt to mitigate damages. This affirmative defense should thus be stricken as a matter of law.

- **Retraction.** The only California law that Defendant relies on for his purported retraction affirmative defense is based on Cal. Civ. Code § 48a, *which only applies to "libel in a daily or weekly news publication." Id.* (emphasis added). Defendant, himself, published his false and defamatory accusation against Plaintiff on Twitter, and California law does not provide him any protection under Section 48a which governs retraction demands and does not require a retraction demand be sent to republishers in order to sue the original publisher for damages resulting from the republications even if the republisher is a member of the media. Thus, Defendant's purported affirmative defense of retraction should be stricken as a matter of law.

## V. BIFURCATION OF ISSUES [L.R. 16-4.3]

There are no issues that would be properly bifurcated in this case.

## VI. JURY TRIAL [L.R. 16-4.4]

Plaintiff has properly requested trial by jury on his defamation claim. (Doc. 1 at 22).

## VII. ATTORNEYS' FEES [L.R. 16-4.5]

Plaintiff may seek attorneys' fees in connection with evidentiary issues created by Defendant, including in connection with Defendant's untimely and improper evidence listed on his exhibit list and his fraudulent effort to manufacture evidence.

11

## VIII. ABANDONMENT OF ISSUES [L.R. 16-4.6]

None.

Dated: November 18, 2019        L. LIN WOOD, P.C.

By: */s/L. Lin Wood*
L. Lin Wood
***Attorneys for Plaintiff Vernon Unsworth***