QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
   alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
   robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
   michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
   jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON MR. UNSWORTH,<br><br>    Plaintiff,<br><br>    vs.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 2:18-cv-08048<br><br>Judge: Hon. Stephen V. Wilson<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF UNRELATED TWEETS AND SEC SETTLEMENT AGREEMENT**<br><br>Complaint Filed: September 17, 2018<br>Trial Date: December 2, 2019 |

Plaintiff's opposition only underscores why the Court should grant this motion in limine.  Mr. Unsworth has made clear that he wants to use the fact and dollar amount of a settlement that Mr. Musk struck with the SEC over a tweet concerning taking Tesla private, as evidence that Mr. Musk defamed Mr. Unsworth and that the jury should award at least the same $20 million involved in that matter.

To connect those Tesla matters to this case, all Mr. Unsworth can say is that the "SEC action is relevant because it involves Musk's Twitter account." (Opp. at 7.)  That is not good enough.  The tweet and the related settlement have no relevance to any claim or defense the jury will decide here and are thus inadmissible under Rule 401.  The evidence is also precluded by Rule 408 (inadmissibility of compromises and settlements).  Because it could confuse the jury, it is barred under Rule 403.  And it is barred under Rule 404 as inadmissible character evidence.

Mr. Unsworth seeks to make it worse by arguing that, because Mr. Musk voluntarily paid $20 million pursuant to the SEC settlement and said it was "worth it," the jury should use that as a floor in this case.  On its face, that would be improper and prejudicial.  The Court should not allow it.

## I. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING THE INITIAL TESLA TWEET AND SEC SETTLEMENT.

### A. The Tweet and Settlement Are Irrelevant.

Mr. Musk's Tweet, that he intended to take Tesla private, does not tend to make any fact of consequence in this action more or less probable.  Fed. R. Evid. 401.  Nor does the fact that the SEC opened an investigation and that Mr. Musk settled it.  Mr. Unsworth's only arguments to the contrary are that the evidence is relevant to: (a) whether Mr. Musk's Tweets are "conveying facts or only opinions," (Opp. at 1), and (b) the "reach, importance, and impact of Musk's Twitter account." (Opp. at 4.)  Those arguments are insufficient to make the evidence admissible in this case.

First, Mr. Musk's August 7, 2018 tweet about taking Tesla private (the "August 7 tweet") is not relevant to whether readers interpret his tweets generally as

facts or whether they have the "capacity to convey provable facts and impact the world." (Opp. at 7.) The August 7 tweet and Mr. Musk's tweets about Mr. Unsworth arise under different circumstances. Unlike the tweets at issue in this case, Mr. Musk's August 7 tweet was about a publicly-traded company and stated "Funding secured." Whether the SEC or anyone else deemed that a statement of "fact" is of no moment to whether persons—in the context of reading about something unrelated to his business activities—would deem calling someone a "pedo-guy" a statement of objective fact. Moreover, picking one tweet from Mr. Musk's over 9,000 and arguing that it demonstrates his use of Twitter to disseminate facts is highly misleading. Among other things, Mr. Musk has also tweeted about:

- An impending zombie apocalypse and a money-back guarantee on flamethrowers to fight them;
- Rumors that he is a Martian;
- Building a volcano lair like Dr. Evil, the villain in the *Austin Powers* movies;
- Launching SpaceX rockets at night because they are easier to fake in the dark.

(Supp. Lifrak Decl. Exs. 1-4.)[1]

Taking one tweet out of context and arguing that it "was alleged by the SEC to be false" (Opp. at 8), has no bearing on whether his *prior* "pedo-guy" tweet about Mr. Unsworth was also intended to be taken as an objective fact or whether anyone did. It has nothing to do with this case.

---

[1] In June 2018, the month before the tweets at issue here, Mr. Musk tweeted that "[t]he actual amount of time I spend on Twitter is tiny. My tweets are literally what I'm thinking at the moment, not carefully crafted corporate bs, which is really just banal propaganda." He later tweeted, "Heading back into the factory, so that's enough for now. Don't take my Tweet too seriously. For one thing, it's called a 'Tweet.'" (Supp. Lifrak Decl. Exs. 5-6.)

Second, Mr. Unsworth does not need evidence of Mr. Musk's August 7 tweet or the SEC settlement to show the "reach" or "impact" of Mr. Musk's tweets. (Opp. at 4.) There will be sufficient evidence in the record to demonstrate the number of Twitter followers Mr. Musk has. And is Mr. Unsworth's burden to show the "impact," if any, Mr. Musk's statements allegedly had on *his* reputation and emotions. That the SEC took action against Mr. Musk due to a tweet concerning a go-private transaction for Tesla has no possible bearing on that.

### B.     Evidence of the Settlements is Barred by Rule 408.

Mr. Unsworth repeatedly asserts in his opposition that the SEC litigation is relevant because it shows that Mr. Musk's August 7 tweet was "deemed factual" by the SEC (Opp. at 1, 2, 3, 7, 8), a contention that, as discussed above, is irrelevant to the matters at issue in this case. If Mr. Unsworth were to claim the falsity of any statement of fact on the issue of the SEC Settlement, Mr. Musk is fully prepared to litigate it. But the only reason Mr. Unsworth wants to introduce evidence of the $20 million settlement is to argue that the SEC's allegations were, in fact, valid. But that is exactly what Rule 408 prohibits. *See* Fed. R. Evid. 408 (preventing use of settlement " to prove or disprove the validity … of a disputed claim.").[2] That is especially the case were, as here, the settlement contains no admission by Mr. Musk of any wrongdoing.

Mr. Musk's opening brief cited several cases for the horn-book rule that a settlement in one case cannot be used against the litigant in a later case, including *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213-14 (9th Cir. 1990) (Rule 408 bars admission of fact or amount of settlement in unrelated case), *Cnty. of Maricopa v. Office Depot*

---

[2] Mr. Unsworth states that he "does not intend to introduce evidence of the SEC settlement to establish the validity or amount of disputed claim. Instead, as explained in this brief, this evidence is the reach, use and impact of Musk's Twitter account, including his knowledge of same." (Opp. at 7.) But the fact that Mr. Musk settled a disputed claim with the SEC and paid $20 million has ***nothing*** to do with the "reach, use, and impact" of his Twitter account.

*Inc.*, 2019 WL 5066808, at *10 (D. Ariz. Oct. 9, 2019) ("The Ninth Circuit has interpreted Rule 408(a) as prohibiting a party from introducing evidence of a settlement in an unrelated case in which it was not a party."), and *Point Ruston, LLC v. Pac. Nw. Reg'l Council of United Bhd. of Carpenters & Joiners of Am.*, 2010 WL 3720277, at *1-2 (W.D. Wash. Sept. 17, 2010) (excluding evidence relating to consent decree because it included a denial of wrongdoing and was unrelated to the instant dispute).

They are dispositive of the issue raised by this motion. Mr. Unsworth's opposition failed to mention or respond to any of them. Instead, he cited a case in which a prior settlement was used to show the bias and credibility of a witness who received benefits from the settlement. *Brocklesby v. U.S.*, 767 F. 2d 1288, 1292-93 (9th Cir. 1985), and cases in which a prior settlement was used to prove knowledge of facts that were being disputed in the later-filed case, *Cunningham v. Gates*, 2006 WL 2294877, at * 2 (C.D. Cal. Aug. 2, 2006) ("relevant to demonstrate whether Defendant policymakers knew of and acquiesced in officers' conduct"); *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1363 (3d Cir. 1987) (offered to "negate the defense of mistake" and show defendant "had noticed and was aware of Desert Drilling Company personnel's conduct."). Those cases are inapposite. The reasons the courts allowed the existence of a settlement to be admitted are not the reasons Mr. Unsworth seeks to introduce the SEC settlement here. He wants to jury to consider the SEC settlement as an "admission" by Mr. Musk, which it was not, and which Rule 408 flatly bars.[3]

---

[3] Throughout his opposition, Mr. Unsworth argues that it is a contradiction for Mr. Musk to argue that his tweets, including his "pedo-guy" tweet, "are protected opinion[s]," given that the SEC supposedly thought otherwise about his Tesla tweet. (Opp. at 1, 2.) But as noted above, Mr. Musk has tweeted about a wide range of subjects, including some that are obviously fictitious or intended not to be taken seriously. To pluck one of thousands of his tweets and claim that, because that one might have been a statement of fact, the one at issue in this case necessarily was, too,

### C. The Tweet and Settlement Would Confuse the Issues (Rule 403).

Mr. Unsworth does not hide that he wants to infect the jury's decision by arguing that "Musk tweeted something that was allegedly false was of such significance and impact that the United States government took action against him as a result of the tweet … and the SEC action clearly demonstrates that his tweets can result in a 'federal case.'" (Opp. at 8.) Thus, the Court need have no doubt that admission of the August 7 tweet and SEC litigation would result in unfair prejudice, confuse, the issues, or mislead the jury. *See* Fed. R. Evid. 403. Mr. Unsworth has admitted that that's why he wants to present it.[4]

In *Kramas v. Sec. Gas & Oil Inc.,* 672 F.2d 766, 772 (9th Cir. 1982), the Ninth Circuit upheld the exclusion of an SEC settlement under Rule 404, finding it would be prejudicial, especially when the settlement "involved no finding of culpability and no judgment of wrongdoing." *Id.*; *see also Point Ruston,* 2010 WL 3720277, at *1-2 (excluding evidence relating to consent decree because the consent decree included a denial of wrongdoing and was unrelated to the instant dispute). Mr. Musk also cited other cases holding that a prior, unrelated settlement should be excluded because of the danger of confusing the issues and forcing the jury to decide a "case within a

---

is nonsensical and prejudicial. Further, Mr. Unsworth's attempt to use a settlement to make this point is also barred by Rule 408(a) (prohibiting use of settlement "to impeach by … a contradiction.").

[4] Mr. Unsworth takes a cheap shot by stating that if he "wanted to introduce evidence for its prejudicial value, there are a number of pending legal actions involving Musk that are arguable relevant." (Opp. at 4, n.2.) No, there are not. And although Mr. Unsworth designated numerous trial exhibits concerning those cases, Mr. Musk will rely on Mr. Unsworth's representation that he will not try to introduce evidence about those irrelevant cases, either. (*Id.*).

case." (*See* Mot. at 6-7.)[5] Mr. Unsworth again ignores all of this authority and cites no case to support his unprecedented assertion.

### D. The Tweet and Settlement Is Inadmissible Character Evidence.

The tweet and settlement should also be excluded because "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404; *see also Sunderland v. Bethesda Hosp., Inc.*, 2014 WL 11411849, at *2 (S.D. Fla. Sept. 10, 2014) ("prior acts **such as settlements** are inadmissible under Rule 404(b) to show 'character' and 'act[ion] in accordance.'") (emphasis added).

Mr. Unsworth does not even mention Rule 404 in his opposition. That is because he seeks to do precisely what Rule 404 prohibits. (*See* Opp. at 10 (admitting that Mr. Unsworth wants to point to the SEC litigation argue that Mr. Musk "may be willing to pay large sums of money to get himself out of trouble that results from his tweets.")). This provides another independent grounds for exclusion.

## II. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING THE "WORTH IT" TWEET.

Mr. Unsworth argues that Mr. Musk's October 2018 "worth it" tweet (concerning the SEC settlement) is somehow relevant to tweets he posted about Mr. Unsworth several months earlier. (Opp. at 9.) For several reasons, that evidence has no place in this case.

First, because it concerns the same subject matter as the August 7 tweet about Tesla and the SEC settlement, it is irrelevant, barred by Rule 408, would confuse the issues under Rule 403, and is inadmissible character evidence under Rule 404. *See* Sections I(A)-(D), *supra*. Moreover, introducing the tweet would require an

---

[5] *Id.* (citing *Bhatti v. Ulahannan*, 414 F. App'x 988, 989 (9th Cir. 2011); *Kramas*, 672 F.2d at 772; *United States v. Aboumoussallem*, 726 F.2d 906, 912–13 (2d Cir. 1984)).

additional inquiry into its context and what Mr. Musk meant by "worth it," which would only serve to distract the jury and waste the Court's time.

Second, the $20 million settlement does not help plaintiff "introduce evidence of a defendant's financial condition to support an award of punitive damages." (Opp. at 9.) Mr. Musk has already testified that he is worth in excess of $20 billion. That is enough evidence for the jury to "determine the defendant's ability to pay the damage award" here. (*Id.*) A prior, unrelated payment of $20 million is irrelevant.

Third, Unsworth argues that the evidence is relevant to show: (a) that the "multi-million fine was not an impediment to his Twitter behavior," (Opp. at 9), and (b) that "Musk knew or should have known the potential harm that could be caused by his tweets." (*Id.*) That is not possible. The settlement (and accompanying civil penalty) occurred *after* Mr. Musk had already made all of his allegedly defamatory statements about Mr. Unsworth. The fine imposed after he had already Tweeted about Mr. Unsworth could not have affected those actions, nor could Mr. Musk have known about the purported "harm" because it had not yet occurred.

## III.   THE COURT SHOULD EXCLUDE OTHER IRRELEVANT TWEETS.

Mr. Musk's motion also expressly requested exclusion of "any other tweet from Mr. Musk unrelated to the issues in this case – the cave rescue and Mr. Unsworth." (Mot. at 7.) Mr. Unsworth's opposition does not address this request. As a result, the Court should grant it.

## CONCLUSION

Mr. Musk respectfully requests that the Court grant his motions in limine.

DATED:  November 18, 2019

           Respectfully submitted,
           QUINN EMANUEL URQUHART
             & SULLIVAN, LLP

           By   */s/ Alex Spiro*
             Alex Spiro (admitted *pro hac vice*)
             *Attorneys for Defendant Elon Musk*