QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERNON UNSWORTH,<br><br>Plaintiff,<br><br>vs.<br><br>ELON MUSK,<br><br>Defendant. | Case No. 2:18-cv-08048<br><br>Judge: Hon. Stephen V. Wilson<br><br>**DECLARATION OF MICHAEL T. LIFRAK IN SUPPORT OF DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA TO ELON MUSK**<br><br>Complaint Filed: September 17, 2018<br><br>Pre-Trial Conference: Nov. 25, 2019<br>Trial Date: December 3, 2019 |

**I, Michael T. Lifrak, declare as follows:**

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Defendant Elon Musk. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Mr. Musk's Motion to Quash the Trial Subpoena to Mr. Musk.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Mr. Unsworth's June 18, 2019 Request for the Production of Documents served on Mr. Musk.

4. Attached hereto as **Exhibit 2** is a true and correct copy of Mr. Unsworth's June 18, 2019 Interrogatories served on Mr. Musk.

5. Attached hereto as **Exhibit 3** is a true and correct copy of the August 5, 2019 meet and confer correspondence I sent to counsel for Mr. Unsworth.

6. Attached hereto as **Exhibit 4** is a true and correct copy of Mr. Musk's verified responses to Mr. Unsworth's Interrogatories.

7. On August 22, 2019, Mr. Musk testified at his deposition that his net worth is greater than $1 billion.

8. Attached hereto as **Exhibit 5** is a true and correct copy of the November 12, 2019 trial subpoena duces tecum served on Mr. Musk.

9. On November 21, 2019, I met and conferred with Plaintiff's counsel regarding the document requests in Mr. Musk's trial subpoena. No agreement regarding limiting the scope of the requests could be reached.

////

////

////

////

////

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed in Los Angeles, California.

DATED: November 21, 2019

By______________________________
Michael T. Lifrak

- 2 -
DECLARATION OF MICHAEL T. LIFRAK IN SUPPORT OF DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENA TO ELON MUSK

# EXHIBIT 1

L. LIN WOOD, P.C.
L. Lin Wood (admitted *pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (admitted *pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (admitted *pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (admitted *pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (admitted *pro hac vice*)
mwood@wshlpp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff
VERNON UNSWORTH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

VERNON UNSWORTH,

Plaintiff,

v.

ELON MUSK,

Defendant.

Case No. 2:18-cv-08048-SVW (JC)

**PLAINTIFF VERNON UNSWORTH'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ELON MUSK**

**PLAINTIFF VERNON UNSWORTH'S FIRST SET**

**OF REQUESTS FOR PRODUCTION TO DEFENDANT ELON MUSK**

PROPOUNDING PARTY: Plaintiff Vernon Unsworth

RESPONDING PARTY: Defendant Elon Musk

SET NUMBER: One (1)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Vernon Unsworth ("Plaintiff") hereby requests that Defendant Elon Musk ("Defendant") produce for inspection and copying the documents and electronically stored information described herein, at the offices of L. Lin Wood, P.C., 1180 W. Peachtree St., Ste. 2040, Atlanta, Georgia 30309, within thirty (30) days of the service of these requests on Defendant, or at a mutually agreeable time and place or through a mutually agreeable alternative method of production (including, but not limited to, electronic production via e-mail attachment or secure file transfer). These Requests for Production shall be read, interpreted, and responded to in accordance with the definitions and instructions set forth below.

**DEFINITIONS**

1. "Affiliated Companies" means Tesla, SpaceX, The Boring Company, and Neuralink.

2. "Cave Rescue" means the rescue of thirteen individuals at the Tham Luang Nang Non cave system subject of this action.

3. "Communication" means any transmission or communication in any form or format whatsoever, whether in person, by telephone, in writing, by facsimile, by e-mail, by voicemail, by instant messaging, by text messaging, by social media (including, but not limited to, Facebook or Twitter), or otherwise. "Communications" are a type of "Document," and nothing herein should be construed otherwise.

4. "Concerning" or "relating to" means referring to, describing, discussing, recording, regarding, reflecting, memorializing, summarizing, constituting, or evidencing.

5. "Defamatory Statements" means your statements regarding Plaintiff identified in the Complaint, including your seven tweets and two emails to Buzzfeed.

6. "Document" is used in the broadest sense of data compilations subject to production and includes any tangible thing on or in which data are preserved by any means or in any form, including, without limiting the generality of its meaning, electronically stored information (ESI) or recorded material of any kind such as email or other electronic correspondence, including social media posts and related data and any other electronic or computerized record from which information can be obtained or translated, communications, correspondence, business records, letters, envelopes, telegrams, facsimiles, telexes, minutes, notes or memoranda of personal or telephone conversations or conferences, telephone logs, memoranda, handwritten or stenographic notes, diaries, calendars, contracts, purchase orders, invoices, accounts, ledgers, evaluations, analyses, forecasts, statistics, estimates, reviews, working papers, reports, studies, books, magazines, newspapers, booklets, brochures, catalogs, pamphlets, instructions, circulars, bulletins, trade letters, press releases, charts, maps, geological or geophysical logs, diagrams, designs, specifications, blueprints, sketches, drawings, pictures, photographs, motion pictures, negatives, undeveloped film, video or audio tapes, belts or discs, voice recordings, transcripts or transcriptions, computer printouts, magnetically encoded cards or tapes, punched cards or tapes, microfilms, microfiches, and any other data compilations from which words, numbers, images or other information can be obtained (translated, if necessary, through appropriate devices into reasonably useable form), whether or not privileged, that is in your possession, custody or control, and shall include all originals, drafts, non-identical copies of such documents, and metadata.

7. "Electronically stored information" or "ESI" includes any information created, stored or best utilized with digital technology of any kind. It includes, but is not limited to, data, word-processing documents, spreadsheets, presentation documents, graphics, animations, images, email, text and instant messages (including attachments), audio recordings, video recordings, audio-visual recordings, database files, phone records, any of which may be stored on networks, computers, tablets, laptops, servers, virtual servers, archives, backup or disaster recovery systems, cloud-storage facilities, the "cloud," thumb drives, discs, memory cards, CDs, DVDs, blu-ray discs, diskettes, hard drives, solid state drives, tapes, cartridges and other storage media, caches, social media sites or posts, websites, apps, pagers, facsimile machines or services, personal digital

assistants, handheld wireless devices, cellular telephones, or smartphones.

8. "Including" means specifically including but not limited to.

9. "Person" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

10. "Third Party" means any person other than you and any entity not owned or controlled by you.

11. "You" means Defendant Elon Musk.

**INSTRUCTIONS**

1. Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if you withhold the production of any document that is responsive to the following requests on the grounds that the document is privileged or otherwise protected, you shall state in a privilege log the nature of the claim of privilege or protection; and describe generally the type and nature of the document; the date of the document; the identity of the author(s), the addressees, and any recipients of the document; the document's present location; and any other information that will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

2. You are required to produce all the requested documents which are in your possession, custody, or control, including (by way of illustration only and not limited to) documents in the possession, custody, or control of you or your companies, affiliates, present and former directors, officers, partners, employees, accountants, attorneys, agents, and/or any other person acting on your behalf.

3. Use of the singular shall be deemed to include the plural and use of the masculine shall be deemed to include the feminine and neuter, as appropriate, and vice versa. The terms, "and," "or," and "and/or" should be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosure of information and documents is achieved.

4. These requests shall be deemed continuing so as to require seasonable supplemental responses as you or your attorneys obtain further information or materials from the time its answers are served until the time of trial.

**DOCUMENTS TO BE PRODUCED**

1. All documents and communications concerning or relating to the Defamatory Statements.

2. All documents and communications concerning or relating to Plaintiff.

3. All documents and communications that you contend support, establish, demonstrate, or show that the Defamatory Statements are true, substantially true, accurate, not misleading, and/or not defamatory.

4. All documents and communications concerning or relating to the falsity of the Defamatory Statements.

5. All documents and communications on which you relied when drafting or publishing the Defamatory Statements.

6. All documents and communications concerning or relating to any basis you had for making the Defamatory Statements.

7. All documents and communications concerning or relating to any effort by you or your representative to verify the truthfulness or accuracy of the Defamatory Statements, whether before or after the Defamatory Statements were published.

8. All documents and communications concerning or relating to any investigation concerning Plaintiff by you or by any person on your behalf.

9. All documents and communications concerning or relating to your state of mind and/or motives when you published the Defamatory Statements.

10. All documents and communications concerning or relating to Plaintiff's sex life, sexual preferences, spouse, or romantic partners.

11. All documents and communications concerning or relating to Plaintiff's residence.

12. All documents and communications concerning or relating to Plaintiff's travel history in Thailand.

13. All documents and communications concerning or relating to Plaintiff's role in the Cave Rescue, including but not limited to whether "most of the actual dive team refused to hang out with" Plaintiff.

14. All documents and communications concerning or relating to Plaintiff's activities or conduct in Thailand.

15. All documents and communications concerning or relating to Plaintiff's reputation.

16. All documents and communications concerning or relating to Plaintiff's experience as a caver.

17. All communications by and between you (or anyone acting on your behalf) and any Thai government official or other person regarding the Cave Rescue.

18. All documents and communications concerning or relating to any response or reaction to any of the Defamatory Statements by the general public or the media, including but not limited to Twitter data, other social media data, search data, internet postings, website hits or views, media coverage, and private communications.

19. All data associated with your tweets referenced in the Complaint, including but not limited to views, impressions, likes, retweets, shares, replies, comments, engagement, analytics, and electronic republications.

20. All data associated with your email communications with Buzzfeed referenced in the Complaint, including but not limited to views, impressions, likes, retweets, shares, replies, comments, engagement, analytics, and electronic republications.

21. All documents and communications concerning or relating to any republication of your Defamatory Statements, including but not limited to all documents obtained by you or the Affiliated Companies through any media monitoring system or software.

22. All documents and communications concerning or relating to your tweets of July 18, 2018, referenced in the Complaint, including the reason(s) you decided to publish said tweets and the purpose(s) of said tweets.

23. All documents and communications concerning or relating to your emails with Buzzfeed referenced in the Complaint, including the reason(s) you decided to send the emails.

24. All documents and communications concerning or relating to any public relations analysis or strategy pertaining to the Defamatory Statements.

25. All documents and communications concerning or relating to any public relations analysis or strategy pertaining to this litigation.

26. All documents and communications concerning or relating to the impact of any of the Defamatory Statements on any of the Affiliated Companies.

27. All documents and communications concerning or relating to the Affiliated Companies' responses, analyses, positions, requests, concerns, investigation, involvement, comments, or statements regarding the Defamatory Statements.

28. All documents and communications concerning or relating to legal or regulatory action based on any of the Defamatory Statements.

29. All documents and communications concerning or relating to the impact of the Defamatory Statements on Plaintiff's reputation.

30. All documents and communications concerning or relating to any fact that you contend is relevant to Plaintiff's damages in this case.

31. All documents and communications concerning or relating to the letter Plaintiff's counsel sent you, dated August 6, 2018.

32. All documents and communications that you or your representatives relied upon to calculate your net worth in response to Plaintiff's Interrogatory No. 5 to you.

33. All documents sufficient to calculate your current net worth.

34. All documents and communications referenced in your responses to Plaintiff's Interrogatories to you.

35. All documents and communications that you or your representatives reviewed or relied upon in responding to Plaintiff's Interrogatories to you and/or in preparing your Answer to Plaintiff's Complaint in this action.

36. All documents and communications concerning or relating to your contention in your Answer to Plaintiff's Complaint that "[t]his lawsuit presents the sad case of the previously unknown Vernon Unsworth, a retired British businessman, now living in Thailand[.]"

37. All documents and communications concerning or relating to your contention in your Answer to Plaintiff's Complaint that "[a]fter the rescue succeeded, [Plaintiff] wanted the

acclaim and media spotlight to be pointed at him" and/or that "this case represents Mr. Unsworth's devious desire to milk the media coverage over what he instigated to reap a financial windfall from Mr. Musk, despite the absence of any injury."

38. All documents and communications concerning or relating to your contention in your Answer to Plaintiff's Complaint that "Mr. Musk's involvement irritated [Plaintiff] and his sense of self-importance."

39. All documents and communications concerning or relating to your contention in your Answer to Plaintiff's Complaint that Plaintiff "made himself a public figure."

40. All documents and communications concerning or relating to your contention in your Answer to Plaintiff's Complaint that "Mr. Musk has already retracted what he said publicly."

41. All documents and communications concerning or relating to your contention in your Answer to Plaintiff's Complaint that Plaintiff's "claim is thus confined to what Mr. Musk said in private conversation."

42. All documents and communications concerning or relating to your contention in your Answer to Plaintiff's Complaint that Plaintiff "and his reputation are no worse off," that "this lawsuit is not about restoring anything Mr. Unsworth claims to have lost," and that the "formerly unknown Mr. Unsworth remains the utterly undamaged Mr. Unsworth."

43. All documents and communications concerning or relating to your Twitter account being a conduit for information about Affiliated Companies, including but not limited to any agreements with the U.S. Securities and Exchange Commission and/or court orders regarding your Twitter account being a conduit for information about Affiliated Companies.

44. All documents and communications concerning or relating to your Twitter account being a conduit to communicate facts, including but not limited to any agreements with the U.S. Securities and Exchange Commission and court orders regarding the use of your Twitter account to communicate facts.

45. All documents and communications concerning or relating to the reliability of your Twitter account as a source of factual information.

46. All documents and communications concerning or relating to whether you are obligated to have your tweets reviewed by another person prior to publication.

47. All documents and communications concerning or relating to your statements, comments, or sentiments about your obligation to pay $20 million to the U.S. Securities and Exchange Commission, including your tweet of October 26, 2018, stating, “Worth it.”

48. All documents and communications concerning or relating to any defense you asserted or intend to assert in this litigation, including the defenses of opinion, failure to join an indispensable party, truth, actual malice, no actual damages, adequate remedy at law, First Amendment protection, unclean hands, applicable privileges, retraction/apology, or failure to mitigate.

49. All documents and communications concerning or relating to any allegation that you denied in your Answer.

50. All documents and communications you intend to rely upon in this litigation, whether by way of a motion, at trial, or otherwise in this proceeding.

51. All documents that you contend support or refute any of the claims asserted in the Complaint.

52. All documents and communications concerning or relating to the journalistic practice referred to as “off the record.”

53. Any insurance agreement that may provide coverage for the claims asserted in the Complaint.

54. All documents and communications concerning or relating to any statements, evidence, or other information obtained by you or on your behalf from any person having knowledge of any facts relevant to this litigation.

55. All documents and communications supplied by you or your representatives to any person you expect to call as an expert witness at trial, and which relate to that expert's engagement with respect to this litigation.

56. All documents and communications prepared by or at the request or direction of any person you expect to call as an expert witness at trial, and which relate to that expert's

engagement with respect to this litigation.

57. All documents and communications obtained from any person you expect to call as an expert witness at trial, and which relate to that expert's engagement with respect to this litigation.

58. All documents and communications evidencing or relating to any correspondence between you or your representatives and any person you expert to call as an expert witness at trial, and which relate to that expert's engagement with respect to this litigation.

59. All documents and communications or other materials reviewed or relied upon by each expert to be called to testify at trial that said expert reviewed or relied upon in rendering his or her opinion.

60. All communications concerning or relating to the subject matter of this litigation with any person having knowledge of facts relevant to this litigation.

61. All documents and communications concerning or relating to this lawsuit.

62. All documents and communications received from third parties through formal or informal discovery in this litigation.

Dated: June 18, 2019

**L. LIN WOOD, P.C.**

By: *s/L. Lin Wood*
L. Lin Wood

Attorneys for Plaintiff
VERNON UNSWORTH

**CERTIFICATE OF SERVICE**

I am employed in the Fulton County, State of Georgia. I am over the age of eighteen years and not a party to the within action; my business address is 1180 West Peachtree Street, Suite 2040, Atlanta, GA 30309.

I hereby certify that a true and correct copy of the document titled "PLAINTIFF VERNON UNSWORTH'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT ELON MUSK" has been served via electronic mail transmission on June 18, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. The electronic mail transmission was made from jgrunberg@linwoodlaw.com, by transmitting PDF format copies of the document to all counsel of record, at the e-mail address provided to the Court's CM/ECF system. The transmission was reported as complete and without error.

Executed on June 18, 2019, at Atlanta, Georgia.

*s/ Jonathan D. Grunberg*
Jonathan D. Grunberg

# EXHIBIT 2

L. LIN WOOD, P.C.
L. Lin Wood (admitted *pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (admitted *pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (admitted *pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (admitted *pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (admitted *pro hac vice*)
mwood@wshlpp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff
VERNON UNSWORTH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

VERNON UNSWORTH,

Plaintiff,

v.

ELON MUSK,

Defendant.

Case No. 2:18-cv-08048-SVW (JC)

**PLAINTIFF VERNON UNSWORTH'S FIRST SET OF INTERROGATORIES TO DEFENDANT ELON MUSK**

**PLAINTIFF VERNON UNSWORTH'S FIRST SET**

**OF INTERROGATORIES TO DEFENDANT ELON MUSK**

PROPOUNDING PARTY: Plaintiff Vernon Unsworth

RESPONDING PARTY: Defendant Elon Musk

SET NUMBER: One (1)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Vernon Unsworth ("Plaintiff") hereby requests that Defendant Elon Musk ("Defendant") answer in writing and under oath each of the following Interrogatories within thirty (30) days of service on Defendant.

**DEFINITIONS**

1. "Any" or "each" should be understood to include and encompass "all"; "or" should be understood to include and encompass "and"; and "and" should be understood to include and encompass "or."

2. "Cave Rescue" shall mean the rescue of thirteen individuals at the Tham Luang Nang Non cave system subject of this action.

3. "Communication" shall mean any contact, oral or written, formal or informal, at any time or place, under any circumstances, in any manner, whereby a statement of any nature is transmitted, disclosed, exchanged or transferred, and shall include, without limitation, any documents containing, constituting, reflecting, memorializing, referring to or relating to any such contact.

4. The terms "concerning," "relating to," or "related to" shall mean consisting of, referring to, reflecting, relating to, pertaining to, or in any way logically or factually connected with the matter discussed.

5. "Date" shall mean the exact day, month, and year, as ascertainable, or, if not, the best approximation (including relationship to other events).

6. "Document" shall mean every writing or record of every type and description that is in your possession, custody, or control, and shall include, without limitation, correspondence, memoranda, stenographic and handwritten notes, diagrams, studies, publications, books,

pamphlets, pictures, drawings and schematics of every type, films, electronic recordings, videotapes, tape recordings, maps, reports, surveys, minutes, facsimiles, contracts, memoranda of agreement, diaries, graphs, charts, checks, bank statements, income tax forms, microfilms, microfiche, computations, data, electronic messages ("email"), instant messages, text messages, web logs, blogs, internet postings, computer/electronic records, files, disks, CDs, DVDs and tapes and printouts and things similar to any of the foregoing; and every copy of such document whenever the original is not in your possession, custody or control. Any markings such as, but not limited to, initials, stamped indicia, comments, or notations of any character not a part of the original text or photographic reproduction thereof are to be considered and identified as a separate document. The term "Document" includes ESI.

7. "Electronically stored information" or "ESI" includes any information created, stored or best utilized with digital technology of any kind. It includes, but is not limited to, data, word-processing documents, spreadsheets, presentation documents, graphics, animations, images, email, text and instant messages (including attachments), audio recordings, video recordings, audio-visual recordings, database files, phone records, any of which may be stored on networks, computers, tablets, laptops, servers, virtual servers, archives, backup or disaster recovery systems, cloud-storage facilities, the "cloud," thumb drives, discs, memory cards, CDs, DVDs, blu-ray discs, diskettes, hard drives, solid state drives, tapes, cartridges and other storage media, caches, social media sites, websites, apps, pagers, facsimile machines or services, personal digital assistants, handheld wireless devices, cellular telephones, or smartphones.

8. "Identify" shall mean:

a. with respect to a person, to state:

i. full name;

ii. last known home address and telephone number;

iii. last known business address and telephone number;

iv. last known email address;

v. name and address of employer; and

vi. position or job title.

b. with respect to an oral communication, to state:

i. by and to whom it was made;

ii. the date when it was made;

iii. all persons present when it was made; and

iv. if it was memorialized, summarized, referenced, recorded or transcribed in any document or documents, and if so, to identify such document or documents.

c. with respect to a document, to state:

i. its nature, i.e., whether it is a letter, memorandum, etc.;

ii. by whom it was generated, to whom it was addressed, and to whom any copies were directed and/or transmitted;

iii. the date(s) when it was generated and/or transmitted;

iv. the title or heading of the document;

v. the number of pages in the document, including enclosures, attachments or exhibits thereto; and

vi. the name and present or last known address of the possessor of the original of the document or, if the original is unavailable, the most legible copy thereof.

d. with respect to an expert, to state:

i. full name;

ii. business address and telephone number;

iii. name and address of employer;

iv. position or job title;

e. qualifications in each area of expertise.

f. with respect to a lawsuit, to state:

i. the parties to the lawsuit;

ii. the court in which the lawsuit was filed;

iii. the case number of the lawsuit;

iv. the subject matter of the lawsuit;

v. whether you were deposed in the lawsuit; and

vi. the final disposition of the lawsuit.

9. "Person" means any individual, partnership, association, corporation, joint venture, governmental or administrative body, or other business or legal entities.

10. "Third Party" means any person other than you and any entity not owned or controlled by you.

11. "Including" means specifically including but not limited to.

12. Use of the singular shall be deemed to include the plural and use of the masculine shall be deemed to include the feminine and neuter, as appropriate, and vice versa. The terms, "and," "or," and "and/or" should be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosure of information and documents is achieved.

13. All words not otherwise defined above shall be interpreted in accordance with their ordinary dictionary definition and any meaning given to them by cases interpreting relevant law.

**INSTRUCTIONS**

1. You are required to make a separate and complete response to each interrogatory and to each subdivision of any interrogatory having more than one part.

2. This First Set of Interrogatories requires you to provide responsive information "available" to you as defined by Rule 33 of the Federal Rules of Civil Procedure, including information in the possession of your employees, agents, representatives, attorneys, investigators, and anyone else acting on your behalf.

3. If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiries to secure the requested information, you must still answer each such interrogatory to the fullest extent possible. You should also state that you cannot answer the interrogatory fully and completely, specify the portion of such interrogatory that you contend you are unable to answer fully and completely, and the facts on which you rely to support said contention.

4. Each interrogatory should be read so as not to seek information subject to a privilege from discovery. To the extent that an interrogatory calls for the disclosure of information subject to a privilege from discovery, the written response to that interrogatory should so indicate and should disclose the balance of the information not subject to a claim of privilege that falls within the scope of the interrogatory. Similarly, if a portion of any document responsive to these Interrogatories is withheld under a claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

5. In accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, if you withhold any requested information on grounds of privilege, trial preparation material, or otherwise:

a. Identify the nature of the privilege which is being claimed and, if the privilege is not governed by federal law, indicate the source of law (e.g., a specific state) for the privilege rule being invoked; and

b. Provide the following information, unless such information would cause disclosure of the allegedly privileged information:

i. Which privilege is being claimed;

ii. Who is asserting the privilege;

iii. A precise statement of the facts upon which said claim of privilege is based;

iv. If the privilege involves any document, describe each purportedly privileged document by providing:

1. A brief description sufficient to identify its nature (i.e., agreement, letter, memorandum, email, etc.);

2. A brief description sufficient to identify its subject matter and purpose of the Document;

3. The date it was prepared;

4. The date it bears;

5. The date it was sent;

6.      The date it was received;

7.      The identity of the person preparing it;

8.      The identity of the person sending it;

9.      The identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

10.      A statement as to whom each identified person represented or purported to represent at all relevant times;

11.      The identities of all persons to whom its contents have been disclosed;

12.      A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file; and

13.      Whether the document has been the subject of an objection to production on the grounds of privilege in any other action or proceeding, and if so, state the privilege asserted, whether the privilege objection was subject to a resolution by any tribunal, and the resolution reached, if applicable.

v.  If the privilege involves an oral communication, describe each purportedly privileged communication by providing:

1.      The name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

2.  The date and place of the communication; and

3.  The general subject matter of the communication.

6.      In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, you are under a continuous obligation to supplement your answers to these interrogatories.

7. For each response below, identify the person(s) that are most knowledgeable regarding the content of the response.

**INTERROGATORIES**

1. Please identify each person who has, or who you believe may have, relevant knowledge or discoverable information relating to the allegations in the Complaint and describe each person's knowledge or suspected knowledge or other discoverable information.

2. Please identify each person who has, or who you believe may have, relevant knowledge or discoverable information relating to any of your defenses in this litigation or denials of the allegations in the Complaint and describe each person's knowledge or suspected knowledge or other discoverable information.

3. Please identify every investigation, including every inquiry, analysis, or background check, concerning Plaintiff undertaken by you or any person on your behalf or for your benefit, including the dates of the investigation, the individuals who conducted or assisted with the investigation, a description of the work undertaken in the investigation, and a description of the investigation's findings.

4. Please identify the number of Twitter followers you had when you made each of the tweets referenced in the Complaint and when you deleted each of the tweets referenced in the Complaint.

5. Please state your current net worth.

6. Please identify each person with whom you communicated regarding the Cave Rescue.

7. Please identify every communication you have made or received concerning Plaintiff, including whether such communication concerned whether Plaintiff has engaged in sexual activity with minors or has an affinity for such activity, and the medium of the communication (e.g., Twitter, e-mail, telephone, text message, letter).

8. Please state whether you published the tweet attached hereto as Exhibit A and, if so, identify the date it was published, the date it was deleted, and the number of Twitter followers you had on the date it was published and the date it was deleted.

9. Please identify any person responsible for reviewing and/or approving any tweets before you may publish them.

10. Please identify each person whom you expect to call as an expert witness in this case, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

11. Please identify each instance in the last three (3) years in which a third party accused you of publishing defamatory information.

12. Please identify each lawsuit to which you were a party in the last five (5) years.

13. Please identify any policies of insurance that may provide coverage in connection with any of Plaintiff's allegations in the Complaint.

Dated: June 18, 2019

**L. LIN WOOD, P.C.**

By: *s/L. Lin Wood*
L. Lin Wood

Attorneys for Plaintiff
VERNON UNSWORTH

**CERTIFICATE OF SERVICE**

I am employed in the Fulton County, State of Georgia. I am over the age of eighteen years and not a party to the within action; my business address is 1180 West Peachtree Street, Suite 2040, Atlanta, GA 30309.

I hereby certify that a true and correct copy of the document titled "PLAINTIFF VERNON UNSWORTH'S FIRST SET OF INTERROGATORIES TO DEFENDANT ELON MUSK" has been served via electronic mail transmission on June 18, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. The electronic mail transmission was made from jgrunberg@linwoodlaw.com, by transmitting PDF format copies of the document to all counsel of record, at the e-mail address provided to the Court's CM/ECF system. The transmission was reported as complete and without error.

Executed on June 18, 2019, at Atlanta, Georgia.

*s/ Jonathan D. Grunberg*
Jonathan D. Grunberg

# EXHIBIT A

**Elon Musk** @elonmusk · 10h

Replying to @elonmusk and @adamchavez

I want to apologise for calling Vernon Unsworth a pedo. I realise that it was childish behaviour that makes me look so immature that I'm now afraid Vernon will rape me.

949          925          6.7K

# EXHIBIT 3

quinn emanuel trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3153**

WRITER'S EMAIL ADDRESS
**michaellifrak@quinnemanuel.com**

August 5, 2019

**VIA ELECTRONIC MAIL**

L. Lin Wood
lwood@linwoodlaw.com
Lin Wood Law
1180 West Peachtree Street, Suite 2040
Atlanta, GA 30309

Re: *Defendant Elon Musk's Responses and Objections to Plaintiff Vernon Unsworth's First Set of Requests for Production and Interrogatories*

Dear Lin:

I write in response to your meet and confer letter of July 29, 2019 in the above-referenced case. Although I disagree with many of the statements in your letter, I believe we can reach agreement on nearly all the issues you raise regarding our discovery responses.

**Interrogatories**

Issue #1: Mr. Musk's Verification

Your letter is mistaken. Mr. Musk did verify his interrogatory responses and the verification was served on Plaintiff with the responses. The verification is on page 22 of 23 – between the signature page and certificate of service – in the interrogatory responses served on Plaintiff on July 18, 2019.

Issue #2: Mr. Musk's Reliance on Rule 33(d).

We disagree with your narrow interpretation of Rule 33(d) and note that your letter cites to no cases supporting the notion that as party can only cite to a restrictive category of "business records" to respond to an interrogatory. To the contrary, courts have permitted the reference to personal records, such as diaries, under the Rule and its antecedent. *See e.g.*, *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1190, 1236 (E.D. Pa. 1980) ("Plaintiffs contend that

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Exhibit 3, Page 26

by producing the diaries and memoranda pursuant to F.R.Civ.P. 33(c) the defendants have conceded that they are business records."). The only instances in which courts have rejected the production of documents under Rule 33(d) is where parties make reference to depositions, pleadings, exhibits, or other documents prepared in litigation or where parties reference records outside of their possession, custody, and control. *See Melius v. Nat'l Indian Gaming Comm'n*,, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000). That is not the case here. Mr. Musk is permitted – and it is appropriate in response to burdensome interrogatories like these – to reference certain documents that have been produced to Plaintiff, which contain all the information sought in the interrogatory.

Nevertheless, in the interest of avoiding motion practice, Mr. Musk is willing to amend his responses to interrogatories 6, 7, 12, and 13 to specifically provide the information sought. Mr. Musk will serve these amended responses within a week of the parties' completing these meet and confer efforts.

Issue #3: Mr. Musk's Net Worth

Mr. Musk's net worth and private financial affairs are protected by the California Constitution's right to privacy. Cal. Const. art. I, § 1; *see Williams v. Superior Court,* 3 Cal. 5th 531, 552 (2017) ("The state Constitution expressly grants Californians a right of privacy…Protection of informational privacy is the provision's central concern."); *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 656 (Cal. 1975) ("[W]e may safely assume that the right of privacy extends to one's confidential financial affairs as well as to the details of one's personal life."). Under California law, Mr. Musk cannot be compelled to produce his precise net worth and private financial information where, as here, it has little relevance to the claims and theories at issue in the litigation.

Mr. Musk's financial information is protected by a qualified privilege, which the Court is bound to recognize, *see e.g.*, Fed. Rules Evid. 501; *Garcia v. City of Imperial*, 270 F.R.D. 566, 572 (S.D. Cal. 2010) ("To the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery."). The Court must weigh: (1) Mr. Musk's "legally protected privacy interest, objectively reasonable expectation of privacy in the given circumstances, and [the[ threatened intrusion that is serious" and (2) Plaintiff's "countervailing interests" in disclosure and Mr. Musk's "feasible alternatives that serves the same interest or protective measure that would diminish the loss of privacy" to determine whether and to what extent disclosure of this information is required. *Williams*, 3 Cal. 5th at 552. Contrary to your letter's assertion, the fact that a protective order is in place does not obviate the need for the balancing analysis required under California law. *See e.g., Elizabeth Arden, Inc. v. Merch. of Tennis, Inc.*, 2012 WL 13006203, at *2–3 (C.D. Cal. Apr. 23, 2012) citing *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 622–23 (9th Cir. 1999).

Here, Mr. Musk has a clear and well-established privacy interest in keeping confidential his personal financial affairs. *See e.g.*, *Valley Bank*, 15 Cal. 3d at 656. Plaintiff's demand for a precise calculation of Mr. Musk's net worth – a burdensome, difficult, and time consuming task given that Mr. Musk has substantial business interests and equity in non-public companies such as SpaceX and the Boring Company – and "all documents sufficient to calculate" his net worth

represents a serious intrusion into Mr. Musk's privacy. On the other hand, Plaintiff's interest in Mr. Musk's net worth is highly limited in light of Mr. Musk's alternative of stipulating that he is worth in excess of $1 billion.

Any recovery of punitive damages in this case is limited. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (where "compensatory damages are substantial, then a lesser [punitive damages] ratio, ***perhaps only equal to compensatory damages***, can reach the outermost limit of the due process guarantee."). Particularly in light of the fact that Plaintiff is not seeking any special economic damages, there is no reasonable possibility that evidence of Mr. Musk's precise net worth or net worth above $1 billion will be relevant to the calculation of punitive damages. The balance of privacy factors weighs heavily in Mr. Musk's favor and against the disclosure of this information.

The authority cited in your letter is inapposite. None of the cases apply the *Williams* test, cited above and determined by the California Supreme Court last year. Moreover, none of the cases involve situations where the party opposing net worth discovery has offered to stipulate to a relevant net worth value or otherwise offer a "feasible alternative" to intrusive discovery. Mr. Musk's proposed stipulation that his net worth exceeds $1 billion is more than sufficient evidence under the circumstances of this case. Mr. Musk stands on his objections.

In the event that Plaintiff decides to move to compel this discovery, we request pursuant to the Protective Order that Plaintiff file his motion under seal. The information sought and already received by Plaintiff (including the response above and the proposed stipulation) is hereby designated as HIGHLY CONFIDENTIAL under the Protective Order.

Issue #4: Insurance Coverage

Again, we disagree with your letter's characterization and purported limitation of Rule 33(d). Plaintiff has now received documents evidencing all of the insurance policies and coverage "that may provide coverage in connection with any of Plaintiff's allegations in the Complaint." However, in the interest of avoiding motion practice, Mr. Musk is willing to amend and serve a new response to Interrogatory #13 within a week of the parties completing their meet and confer efforts.

**Requests for Production**

As an initial matter, Mr. Musk's objections to Plaintiff's overbroad, vague, and burdensome Requests for Production were proper. Subject to his objections and reasonable interpretations of Plaintiff's requests, Mr. Musk has produced all responsive, non-privileged documents in his possession that could be located after a reasonable search.

As for request nineteen, Mr. Musk is willing to amend his response and provide the information available to him from Twitter as outlined in Exhibits 1 and 2 to your letter. Specifically, Mr. Musk is willing to produce portions of the Twitter Archive generated by Twitter as described in Exhibit 1 that are relevant to the allegations in the Complaint. Additionally, Mr. Musk is willing to produce the available "impressions, engagements, and engagement rates" provided by Twitter Analytics for the tweets identified in the Complaint. Mr.

Musk is also willing to produce information sufficient to identify the number of "impressions" and "engagement" on the dates of the tweets identified in the Complaint to the extent that the tweet specific "impressions, engagements, and engagement rates" are unavailable. Finally, Mr. Musk is willing to produce the number of followers of his Twitter account on the dates of the tweets identified in the Complaint, to the extent that information is available.

Please confirm that you agree with this proposal, and Mr. Musk will amend his response within a week of the parties completing their meet and confer efforts. We will endeavor to produce the documents as soon as possible thereafter.

We are in receipt of Plaintiff's subpoena to Twitter. Contrary to your suggestion, Mr. Musk is unwilling to waive his right to object or move for a protective order in response to the requests in the subpoena. Mr. Musk will exercise his rights and interpose objections where appropriate.

Our response to your argument regarding requests for production numbers 32 and 33 is identical to our response to interrogatory number five. This information is protected by the California Constitution's right to privacy. Mr. Musk has provided a feasible alternative that is more than sufficient to provide the necessary evidence for punitive damages in this case and Plaintiff is not entitled to any additional information or documents relating to Mr. Musk's net worth.

**Meet and Confer**

In accordance with United States District Court for the Central District of California Local Rule 37-1, I propose that the parties have a telephonic meet and confer to resolve any remaining disputes or outstanding issues. I am out of town through Thursday, August 8 but am available for a call on Friday August 9, 2019. Please let me know if you are available for a call on Friday, August 9, 2019 and what time is convenient for you.

Sincerely,

Michael T. Lifrak

cc: Counsel of record

MTL

# EXHIBIT 4

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VERNON UNSWORTH,

Plaintiff,

vs.

ELON MUSK,

Defendant.

Case No. 2:18-cv-08048

Judge: Hon. Stephen V. Wilson

**DEFENDANT ELON MUSK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF VERNON UNSWORTH'S FIRST SET OF INTERROGATORIES**

Complaint Filed: September 17, 2018
Trial Date: December 2, 2019

PROPOUNDING PARTY: Plaintiff Vernon Unsworth

RESPONDING PARTY: Defendant Elon Musk

SET NUMBER: One (1)

04684-23666/11036991.1

ELON MUSK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO VERNON UNSWORTH'S FIRST SET OF INTERROGATORIES

Exhibit 4, Page 30

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Civil Rules of the United States District Court for the Central District of California, Defendant Elon Musk ("Defendant" or "Mr. Musk") states the following supplemental responses and objections ("Responses") to Plaintiff Vernon Unsworth's First Set Of Interrogatories to Defendant Elon Musk, dated June 18, 2019 (the "Interrogatories"), without waiving any defenses that Mr. Musk has or hereafter may assert in the above captioned action (the "Action").

**GENERAL OBJECTIONS**

The General Objections set forth below apply to the Interrogatories generally and to the Definitions, Instructions, and the individual Interrogatories set forth therein. Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Interrogatory. Any undertaking to search for, or provide information in response to, any Interrogatory is made subject to the General Objections.

1. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek to impose burdens or obligations on him that are broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, other applicable rules or laws, or any order entered by the Court in, or applicable to, this Action (the "Applicable Rules"). Subject to and without waiving any Objections, in responding to the Interrogatories, Defendant will construe the Interrogatories in accordance with the Applicable Rules.

2. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they request disclosure of information that comes within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege or any other applicable privilege or immunity, or that otherwise are exempted from

disclosure. Defendant hereby claims such privileges and protections to the extent implicated by the Interrogatories and excludes privileged or protected information from its Responses to the Interrogatories. Unless otherwise specified, Defendant will not provide information generated under the direction or on behalf of an attorney after Plaintiff's threat of legal action against Defendant. Any disclosure of any privileged or protected information in response to the Interrogatories is inadvertent and not intended to waive those privileges and protections.

3. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require him to conduct anything beyond a reasonable and diligent search where responsive information reasonably would be expected to be found (including electronic sources), and to the extent that the Interrogatories purport to require him to exceed its obligations under the Applicable Rules.

4. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they are vague, ambiguous, overly broad, unduly burdensome, lacking in particularity, unreasonable, or seek the discovery of information that is neither relevant to the claims or defenses of any party to this Action nor reasonably calculated to lead to the discovery of admissible evidence, as well as to the extent that they are unduly burdensome because they impose a significant expense and inconvenience on him. Defendant's Responses are based upon (i) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information.

5. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to impose an obligation on Defendant to provide information that is not known or reasonably available to him.

6. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they prematurely call for expert discovery at this stage of the litigation, or seek information before Defendant is required to disclose such information in accordance with any applicable law, rule, or procedure.

7. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require him to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Defendant states that any response, production of documents, or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Interrogatories.

8. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that the Interrogatories, Definitions or Instructions contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the Action. Defendant further objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Any response, production of documents, or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

9. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that the Interrogatories call for the disclosure of Mr. Musk’s, or other third parties’ confidential, proprietary, and/or commercially sensitive information. Where necessary, Defendant will

endeavor to work with third parties to obtain their consent before identifying or producing such information and/or documents.

10. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is cumulative, duplicative, or equally obtainable from public sources or from some other source or through some other means of discovery that is more convenient, less burdensome, or less expensive.

11. Defendant objects generally to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is not in Mr. Musk's possession, custody, or control, or is equally available and/or in the possession, custody, or control of Mr. Unsworth or any third person or entity.

12. Defendant objects generally to the Interrogatories to the extent they seek to compel him to generate or create information and/or documents that do not already exist.

13. Defendant objects generally to the Interrogatories to the extent they are compound and comprise discrete subparts resulting in separate interrogatories.

14. Defendant's Responses are based on his current knowledge. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Responses herein. Without in any way obligating itself to do so, Defendant expressly reserves the right to supplement, amend, correct, clarify, or modify the Responses as further information becomes available. Defendant also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these Responses as a result of mistake, error, oversight or inadvertence. The responses to the Interrogatories provided herein are based on a reasonable search for responsive information. Defendant reserves the right at any time to revise, correct, add to, clarify or supplement his Responses to the Interrogatories.

15. Defendant expressly reserves the right to respond to any or all of the Interrogatories by specifying documents wherein the responsive information may be ascertained pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.

16. Defendant is providing these Responses without waiver of or prejudice to (i) his right at any later time to raise objections as to the competence, relevance, materiality, privilege, work product character, and admissibility as evidence, for any purpose, of (a) the Interrogatories or any part thereof, or (b) statements made in this Response to the Interrogatories or any part thereof; or (ii) the right to object to the use of any of the information disclosed hereunder in any subsequent proceedings or the trial of this or any other actions; or (iii) the right to object on any ground at any time to a demand for further response to these or other discovery requests in this Action. Any response or objection to an individual Interrogatory is not an acknowledgement that the information requested therein exists or is in Defendant's possession, custody or control.

17. The foregoing objections and limitations shall be included in Defendant's response to each and every Interrogatory.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Please identify each person who has, or who you believe may have, relevant knowledge or discoverable information relating to the allegations in the Complaint and describe each person's knowledge or suspected knowledge or other discoverable information.

**Responses and Objections to Interrogatory No. 1:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 1 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 1 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 1 to the extent

that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Interrogatory No. 1 on the ground that it prematurely calls for the identification of expert witnesses or testimony at this stage of litigation. Defendant further objects to Interrogatory No. 1 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds, based on the information currently available to him, that the following individuals may have relevant knowledge or discoverable information concerning the allegations raised in this Action.

| **Individual** | **General Subject Matter** |
|---|---|
| Elon Musk<br><br>(Quinn Emanuel) | Efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle; statements by Plaintiff regarding Mr. Musk and the rescue vehicle; Mr. Musk's tweets at issue in this case; Mr. Musk's retraction of and apology regarding tweets at issue in this case; Mr. Musk's communications to BuzzFeed News at issue in this case; communications from Plaintiff's counsel related to Mr. Musk |
| Vernon Unsworth | Plaintiff's role in the Tham Luang cave rescue; statements by Plaintiff regarding Mr. Musk and the rescue vehicle; Mr. Musk's tweets at issue in this case; Mr. Musk's retraction of and apology regarding tweets at issue in this case; Mr. Musk's communications to BuzzFeed News at issue in this case; communications from Plaintiff's counsel related to Mr. Musk; Plaintiff's reputation; Plaintiff's alleged damages |
| Richard Stanton | Efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle; Plaintiff's role in the Tham Luang cave rescue |

| Individual | General Subject Matter |
|---|---|
| Thai government officials | Efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle; Plaintiff's role in the Tham Luang cave rescue |
| Ryan Mac | Mr. Musk's communications to BuzzFeed News at issue in this case; BuzzFeed News' coverage of issues related to this case |
| Employees of SpaceX, the Boring Company, and Tesla, including Steve Davis, Chris Bowman, and Armor Harris | In light of Plaintiff's public statements that the efforts and involvement of Mr. Musk and his fellow employees in the Thai Cave rescue were "just a PR stunt" and "had absolutely no chance of working," these witness will testify about efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle |
| Individuals described in Plaintiff's Initial Disclosures served on June 20, 2019 | As described in Plaintiff's Initial Disclosures served on June 20, 2019 |
| Individuals needed to authenticate any document produced by Defendant | Authentication of documents |
| Jared Birchall | The investigation of Plaintiff by James Howard; the results of James Howard's investigation of Plaintiff; communications with Mr. Musk concerning James Howard's investigation of Plaintiff and the results of said investigation. |
| James Howard | Mr. Howard's investigation of Plaintiff; the results of the investigation of Plaintiff; communications concerning the investigation of Plaintiff and the results of said investigation. |

**<u>INTERROGATORY NO. 2</u>:**

Please identify each person who has, or who you believe may have, relevant knowledge or discoverable information relating to any of your defenses in this litigation or denials of the allegations in the Complaint and describe each person's knowledge or suspected knowledge or other discoverable information.

**Responses and Objections to Interrogatory No. 2:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 2 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 2 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 2 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Interrogatory No. 2 on the ground that it prematurely calls for the identification of expert witnesses or testimony at this stage of litigation. Defendant further objects to Interrogatory No. 2 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds, based on the information currently available to him, that the following individuals may have relevant knowledge or discoverable information concerning Mr. Musk's defenses in this litigation or denials of the allegations raised in the Complaint.

| Individual | General Subject Matter |
|---|---|
| Elon Musk | Efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle; statements by Plaintiff regarding Mr. Musk and the rescue vehicle; Mr. Musk's tweets at issue in this case; Mr. Musk's retraction of and apology regarding tweets at issue in this case; Mr. Musk's communications to BuzzFeed News at issue in this case; communications from Plaintiff's counsel related to Mr. Musk |
| Vernon Unsworth | Plaintiff's role in the Tham Luang cave rescue; statements by Plaintiff regarding Mr. Musk and the rescue vehicle; Mr. Musk's tweets at issue in |

| Individual | General Subject Matter |
| --- | --- |
| | this case; Mr. Musk's retraction of and apology regarding tweets at issue in this case; Mr. Musk's communications to BuzzFeed News at issue in this case; communications from Plaintiff's counsel related to Mr. Musk; Plaintiff's reputation; Plaintiff's alleged damages |
| Richard Stanton | Efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle; Plaintiff's role in the Tham Luang cave rescue |
| Thai government officials | Efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle; Plaintiff's role in the Tham Luang cave rescue |
| Ryan Mac | Mr. Musk's communications to BuzzFeed News at issue in this case; BuzzFeed News' coverage of issues related to this case |
| Employees of SpaceX, the Boring Company, and Tesla, including Steve Davis, Chris Bowman, and Armor Harris | In light of Plaintiff's public statements that the efforts and involvement of Mr. Musk and his fellow employees in the Thai Cave rescue were "just a PR stunt" and "had absolutely no chance of working," these witness will testify about efforts by Mr. Musk, SpaceX, the Boring Company, and Tesla to assist in the Tham Luang cave rescue including the development of a rescue vehicle; the design and use of the rescue vehicle |
| Individuals described in Plaintiff's Initial Disclosures served on June 20, 2019 | As described in Plaintiff's Initial Disclosures served on June 20, 2019 |
| Individuals needed to authenticate any document produced by Defendant | Authentication of documents |
| Jared Birchall | The investigation of Plaintiff by James Howard; the results of James Howard's investigation of Plaintiff; communications with Mr. Musk concerning James Howard's investigation of Plaintiff and the results of said investigation. |
| James Howard | Mr. Howard's investigation of Plaintiff; the results of the investigation of Plaintiff; |

| Individual | General Subject Matter |
|---|---|
| | communications concerning the investigation of Plaintiff and the results of said investigation. |

**INTERROGATORY NO. 3:**

Please identify every investigation, including every inquiry, analysis, or background check, concerning Plaintiff undertaken by you or any person on your behalf or for your benefit, including the dates of the investigation, the individuals who conducted or assisted with the investigation, a description of the work undertaken in the investigation, and a description of the investigation's findings.

**Responses and Objections to Interrogatory No. 3:**

Defendant incorporates his General Objections herein.  Defendant further objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 3 on the grounds that it is vague and ambiguous with regard to the terms "investigation," "inquiry," "analysis," "background check," and "benefit." Defendant further objects to Interrogatory No. 3 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff.   Defendant further objects to Interrogatory No. 3 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 3 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.  Defendant further objects to Interrogatory No. 3 on the ground that it prematurely calls for the identification of expert witnesses or testimony at this stage of litigation.  Defendant further objects to Interrogatory No. 3 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds:

James Howard of Jupiter Military & Tactical Systems conducted an investigation, beginning on or about August 15, 2018. Defendant will produce documents relating to the work done and the findings of the investigation.

**INTERROGATORY NO. 4:**

Please identify the number of Twitter followers you had when you made each of the tweets referenced in the Complaint and when you deleted each of the tweets referenced in the Complaint.

**Responses and Objections to Interrogatory No. 4:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 4 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 4 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 4 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Interrogatory No. 4 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds as follows:

Mr. Musk is unaware of any reliable method to obtain the number of his Twitter followers more than 90 days in the past. Mr. Musk deleted his July 15, 2018 tweets on or about July 18, 2018.

**<u>INTERROGATORY NO. 5</u>:**

Please state your current net worth.

**<u>Responses and Objections to Interrogatory No. 5</u>:**

The following response is hereby designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the Protective Order in the case.

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous with regard to the term "net worth." Defendant further objects to Interrogatory No. 5 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 5 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 5 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Interrogatory No. 5 as it seeks information protected from disclosure pursuant to Defendant's statutory, constitutional, and/or substantive rights, including his right to privacy.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds as follows:

Mr. Musk's net worth is protected by his right to privacy under the United States Constitution and Article 1, Section 1 of the California Constitution. Because

detailed information regarding Mr. Musk's net worth is not relevant given the Constitutional limitations on punitive damages as set forth in *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003), there is no justification to invade his privacy rights in this Action. Moreover, a calculation of Mr. Musk's net worth would be unduly burdensome and complicated given, among other things, his financial interests in non-public entities. Nevertheless, under these circumstances, Mr. Musk would be willing to stipulate that his net worth is in excess of $1 billion.

**INTERROGATORY NO. 6:**

Please identify each person with whom you communicated regarding the Cave Rescue.

**Responses and Objections to Interrogatory No. 6:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 6 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 6 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 6 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 6 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds that his non-privileged communications regarding the Cave Rescue included communications to or from the following persons or Twitter handles, which are reflected in the documents produced by Defendant:

Randy Rees

Sam Teller

Prayut Chan-o-cha (Thai PM)

Lyndon Rive

Ryan Mac

Christopher Eby

Steve Davis

Narongsak Osatanakorn

Christopher Bowman

Ben Reymenants

Richard Stanton

Dan Dees

Dana Brunetti

Jacobus Henning

Jared Birchall

Florence Li

Gwynne Shotwell

Zach Dunn

Mark Juncosa

Kyle Satula

Will Heltsley

Keith Cowing

Inge Solheim

Sriram Krishnan

Charles Kuehmann

Beth Stubbings

Sunai Praphuchanay

Drew Baglino

Carl Peterson

-14-

ELON MUSK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO VERNON UNSWORTH'S FIRST SET OF INTERROGATORIES

04684-23666/11036991.1

Exhibit 4, Page 44

JB Straubel

Alex Schoch

Aaron Nutten

Armor Harris

James Yenbamroong

@BBCWorld

@MabzMagz

@JamesWorldSpace

@thanr

@MattyIce4412

@JL2579

@ArkadiuszKula

@siwgrindaker

@erickveen

@williamwinters

@maysacha

@palicharterhigh

@DowdEdward

@abroadwithalec

@JelteDesign

@ablack82

@aiyanaskye

@jevjack1

@JaneidyEye

@EnochKo

@Anna_online

@2morrowknight

@bweikle

@binarybits

@imscoops

@KyleBrubaker

@PPathole

@JimmyVosika

@dcliem

@LanceUlanoff

@Sarthk007

@dtemkin

@Katheri93719178

@JohnnaCrider1

@Vivek_17m

**INTERROGATORY NO. 7:**

Please identify every communication you have made or received concerning Plaintiff, including whether such communication concerned whether Plaintiff has engaged in sexual activity with minors or has an affinity for such activity, and the medium of the communication (e.g., Twitter, e-mail, telephone, text message, letter).

**Responses and Objections to Interrogatory No. 7:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous with regard to the terms "sexual activity," "minors," and "affinity for such activity." Defendant further objects to Interrogatory No. 7 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 7 on the grounds that it seeks information that is not relevant and not reasonably

calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 7 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Interrogatory No. 7 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds that the following non-privileged communications may be responsive to the interrogatory, putting aside the tweets at issue in this case:

On July 16, 2018, Mr. Musk emailed himself a tweet by @walter_mackay concerning Plaintiff. This email was produced at MUSK_001273.

On July 16, 2018, Sam Teller sent Mr. Musk an email concerning Plaintiff. This email was produced at MUSK_001705.

On July 17, 2018, Mr. Musk had an email exchange with Sam Teller concerning Plaintiff. This exchange was produced at MUSK_001706-07.

On August 18, 2018, Sam Teller forwarded to Mr. Musk an email from Jeremy Arnold concerning Plaintiff. This exchange was produced at MUSK_001077-78.

On August 28, 2018, Sam Teller forwarded to Mr. Musk an email from Mike Ballaban concerning Plaintiff . This exchange was produced at MUSK_0012027-28.

On August 29, 2018, Mr. Musk forwarded an email from Ryan Mac concerning Plaintiff to Jared Birchall. This email was produced at MUSK_000528.

From August 29 – August 30, 2018, Mr. Musk had an email exchange concerning Plaintiff with Ryan Mac. This exchange was produced at MUSK_000964-66.

On August 30, 2018, Mr. Musk sent an email concerning Plaintiff to Ryan Mac. This email was produced at MUSK_000646.

On August 30, 2018, Mr. Musk sent an email concerning Plaintiff to Ryan Mac. This email was produced at MUSK_000964.

On September 4, 2018, Mr. Musk had an email exchange concerning Plaintiff with Ryan Mac. This exchange was produced at MUSK_000967-68.

The following communication is designated CONFIDENTIAL pursuant to the Protective Order: On September 5, 2018, Mr. Musk had an email exchange with Richard Branson concerning Plaintiff. This exchange was produced at MUSK_001708.

On September 17, 2018, Ryan Mac sent an email to Mr. Musk concerning Plaintiff. This email was produced at MUSK_001275.

On September 17, 2018, Mr. Musk forwarded an email from Ryan Mac concerning Plaintiff to Jared Birchall. This email was produced at MUSK_000705.

On September 17, 2018, Sam Teller forwarded to Mr. Musk an email from Niraj Chokshi concerning Plaintiff. This exchange was produced at MUSK_001012.

**INTERROGATORY NO. 8:**

Please state whether you published the tweet attached hereto as Exhibit A and, if so, identify the date it was published, the date it was deleted, and the number of Twitter followers you had on the date it was published and the date it was deleted.

**Responses and Objections to Interrogatory No. 8:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 8 on the grounds that it is vague and ambiguous with regard to the term "published." Defendant further objects to

Interrogatory No. 8 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 8 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 8 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity. Defendant further objects to Interrogatory No. 8 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds as follows:

Mr. Musk did not publish this tweet, which is not an authentic tweet from Mr. Musk's account.

**INTERROGATORY NO. 9:**

Please identify any person responsible for reviewing and/or approving any tweets before you may publish them.

**Responses and Objections to Interrogatory No. 9:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 9 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 9 on the grounds that it is vague and ambiguous with regard to the terms "reviewing," "approving," and "publish." Defendant further objects to Interrogatory No. 9 on the grounds that it seeks information that is outside of his possession, custody, or control. Defendant further objects to Interrogatory No. 9 as overly broad and burdensome to the extent that it requires him to pursue information from persons or entities purporting to act on his behalf, and to the extent it is not limited to any context or time. Defendant further

objects to Interrogatory No. 9 on the grounds that it is harassing and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 9 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds as follows:

This topic has no possible relevance to this Action and will not lead to the discovery of relevant information. In any event, the Consent Motion for Entry of Final Judgment and Consent Motion to Amend Final Judgment in *United States Securities and Exchange Commission v. Elon Musk*, Case No. 1:18-cv-8865-AJN-GWG (Doc. Nos. 6 and 46) are publicly-available documents.

**INTERROGATORY NO. 10:**

Please identify each person whom you expect to call as an expert witness in this case, state the subject matter on which the expert is expected to testify, state the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion.

**Responses and Objections to Interrogatory No. 10:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 10 on the grounds that it is vague and ambiguous with regard to the term "substance." Defendant further objects to Interrogatory No. 10 on the ground that it prematurely calls for expert testimony or opinion at this stage of litigation. Defendant further objects to Interrogatory No. 10 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 10

to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity, including as set forth in Federal Rule of Civil Procedure 26. Defendant further objects to Interrogatory No. 10 on the grounds that it is compound and comprises discrete subparts resulting in separate interrogatories.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds that he will provide expert disclosures at the time designated in the parties' Joint Rule 26(f) Report.

**INTERROGATORY NO. 11:**

Please identify each instance in the last three (3) years in which a third party accused you of publishing defamatory information.

**Responses and Objections to Interrogatory No. 11:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 11 on the grounds that it is vague and ambiguous. Defendant further objects to Interrogatory No. 11 on the grounds that it is vague and ambiguous with regard to the terms "accused," "publishing," and "defamatory information." Defendant further objects to Interrogatory No. 11 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 11 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 11 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds as follows:

He has never been sued for defamation prior to this case. He is currently unaware of any other instances of being accused of defamation.

**INTERROGATORY NO. 12:**

Please identify each lawsuit to which you were a party in the last five (5) years.

**Responses and Objections to Interrogatory No. 12:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 12 on the grounds that it is vague and ambiguous in that it does not define the term "you." Defendant further objects to Interrogatory No. 12 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 12 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 12 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds as follows: a list of lawsuits filed in the last five years, excluding the instant action, in which Mr. Musk is or has been a party has been produced to Plaintiff at MUSK_001709-11

**INTERROGATORY NO. 13:**

Please identify any policies of insurance that may provide coverage in connection with any of Plaintiff's allegations in the Complaint.

**Responses and Objections to Interrogatory No. 13:**

Defendant incorporates his General Objections herein. Defendant further objects to Interrogatory No. 13 on the grounds that it seeks information that is outside of his possession, custody, or control, or that is equally available to Plaintiff. Defendant further objects to Interrogatory No. 13 on the grounds that it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Interrogatory No. 13 to the extent that it seeks to elicit information subject to and protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General Objections and Specific Objections, and in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, Mr. Musk responds  as follows: Mr. Musk's responsive insurance policies have been produced at MUSK_001463-509 and MUSK_001510-50

DATED: August 21, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *<u>/s/ Alex Spiro</u>*

Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Robert M. Schwartz (Bar No. 117166)
robertschwartz@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

Alex Spiro (admitted *pro hac vice*)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Attorneys for Defendant Elon Musk*

**VERIFICATION**

I, Elon Musk, am a party to this action. I have reviewed the factual portions of each Interrogatory response and believe these facts to be true and accurate to the best of my knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 21, 2019

______________________________

Elon Musk

-25-

ELON MUSK'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO VERNON UNSWORTH'S FIRST SET OF INTERROGATORIES

09172-00001/11023232.1

Exhibit 4, Page 55

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

I hereby certify that a true and correct copy of the document titled “Elon Musk’s Responses and Objections to Vernon Unsworth’s First Set of Interrogatories” has been served via electronic mail transmission on August 21, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court’s CM/ECF system. The electronic mail transmission was made from michaellifrak@quinnemanuel.com, by transmitting PDF format copies of the document to all counsel of record, at the e-mail address provided to the Court’s CM/ECF system. The transmission was reported as complete and without error.

Executed on August 21, 2019, at Los Angeles, California.

*s/ Michael Lifrak*
Michael Lifrak

# EXHIBIT 5

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| Vernon Unsworth<br>*Plaintiff*<br>v.<br>Elon Musk<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. 2:18-cv-08048 |

**SUBPOENA TO APPEAR AND TESTIFY**
**AT A HEARING OR TRIAL IN A CIVIL ACTION**

To: Elon R. Musk, c/o Michael Lifrak, Quinn Emanuel Urquhart & Sullivan LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, California 90017

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California 90012 | Courtroom No.: 10A |
|---|---|
| | Date and Time: 12/03/2019 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

See Exhibit A for identification of documents to bring with you to trial.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/12/2019

*CLERK OF COURT*

OR

_______________________ *Signature of Clerk or Deputy Clerk*

_______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Vernon Unsworth, who issues or requests this subpoena, are:

Matt C. Wood, Weisbart Spinger Hayes LLP, 212 Lavaca Street, Suite 200, Austin, Texas 78701, mwood@wshllp.com, 512-831-3619.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:18-cv-08048

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ______________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit 5, Page 58

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**DEFINITIONS**

1. "You" or "your" means Defendant Elon Musk.

2. "Affiliated Entity" means any corporation, partnership, trust, or other type of entity that owns or holds assets on your behalf or for your benefit, directly or indirectly, including without limitation Excession, LLC.

3. "Financial Statement" means a document containing an itemized description of assets, liabilities, income, and/or expenses, including without limitation a balance sheet, income statement, or cash flow statement.

4. "Trial Date" means December 3, 2019, or, if responsive documents are unavailable for that date, such earlier date that is as close as possible to December 3, 2019.

5. "Subpoena Date" means the date of issuance of this subpoena, or, if responsive documents are unavailable for that date, such earlier date that is as close as possible to the date of the subpoena's issuance.

6. "Communication" means any transmission or communication in any form or format whatsoever, whether in person, by telephone, in writing, by facsimile, by e-mail, by voicemail, by instant messaging, by text messaging, by social media (including, but not limited to, Facebook or Twitter), or otherwise.

7. "Concerning" or "relating to" means referring to, regarding, reflecting, describing, evidencing, constituting, discussing, memorializing, summarizing, recording, or providing evidence of a subject matter.

8. "Document" is used in the broadest sense of data compilations subject to production and includes any tangible thing on or in which data are preserved by any means or in any form, including, without limiting the generality of its meaning, electronically stored information (ESI) or recorded material of any kind such as email or other electronic correspondence, including any electronic or computerized record from which information can be obtained or translated, communications, correspondence, business records, letters, envelopes, telegrams, facsimiles, telexes, minutes, notes or memoranda of personal or telephone conversations or conferences, telephone logs, memoranda, handwritten or stenographic notes, diaries, calendars, contracts,

purchase orders, invoices, accounts, ledgers, evaluations, analyses, forecasts, statistics, estimates, reviews, working papers, reports, studies, books, magazines, newspapers, booklets, brochures, catalogs, pamphlets, instructions, circulars, bulletins, trade letters, press releases, charts, maps, geological or geophysical logs, diagrams, designs, specifications, blueprints, sketches, drawings, pictures, photographs, motion pictures, negatives, undeveloped film, video or audio tapes, belts or discs, voice recordings, transcripts or transcriptions, computer printouts, magnetically encoded cards or tapes, punched cards or tapes, microfilms, microfiches, and any other data compilations from which words, numbers, images or other information can be obtained (translated, if necessary, through appropriate devices into reasonably useable form), whether or not privileged, that is in your possession, custody or control, and shall include all originals, drafts, non-identical copies of such documents, and metadata.

9. "Electronically stored information" or "ESI" includes any information created, stored or best utilized with digital technology of any kind. It includes, but is not limited to, data, word-processing documents, spreadsheets, presentation documents, graphics, animations, images, email, text and instant messages (including attachments), audio recordings, video recordings, audio-visual recordings, database files, phone records, any of which may be stored on networks, computers, tablets, laptops, servers, archives, backup or disaster recovery systems, cloud-storage facilities, the "cloud," thumb drives, discs, memory cards, CDs, DVDs, diskettes, hard drives, solid state drives, tapes, social media sites, websites, apps, pagers, facsimile machines or services, personal digital assistants, handheld wireless devices, cellular telephones, or smartphones.

10. "Including" means specifically including but not limited to.

**INSTRUCTIONS**

1. You are required to bring with you to trial for possible use as evidence all the requested documents which are in your possession, custody, or control, including (by way of illustration only) documents in the possession, custody, or control of you, your attorneys, your accountants, or your other agents.

2. These requests specifically require that you bring to trial all responsive documents, including all responsive information that is stored electronically regardless of the data storage

medium or system on which the electronic data resides. These requests should thus be understood to encompass, and the response should include, all responsive ESI.

3. Use of the singular shall be deemed to include the plural, and vice versa.

4. The terms "and," "or," and "and/or" should be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosure of information and documents is achieved.

**DOCUMENTS TO BE PRODUCED**

1. Financial Statements reflecting your net worth as of the Trial Date and as of the Subpoena Date.

2. Financial Statements reflecting the net worth of Excession, LLC as of the Trial Date and as of the Subpoena Date.

3. Documents sufficient to enable calculation of your net worth as of the Trial Date and as of the Subpoena Date.

4. The most recent federal income tax returns of you and of Excession, LLC as of December 3, 2019.

5. Documents sufficient to calculate the amount of income you received, and the amount of your expenses, during the year prior to the Trial Date.

6. Documents sufficient to identify all available liquid assets (including cash) of you and any Affiliated Entity as of the Trial Date and as of the Subpoena Date.

7. Documents sufficient to identify all real property owned by you or any Affiliated Entity, and all mortgages on that real property, as of the Trial Date and as of the Subpoena Date.

8. Documents sufficient to identify the total amount of shares of Tesla, Inc. and SpaceX owned by you or any Affiliated Entity, and all pledges of all or any portion of those shares, as of the Trial Date and as of the Subpoena Date.

9. Documents sufficient to identify all amounts and sources of credit available to you or any Affiliated Entity as of the Trial Date and as of the Subpoena Date.

10. Documents reflecting your financial ability to pay any judgment rendered against you in this case.