L. LIN WOOD, P.C.
L. Lin Wood (*pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (*pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (*pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (*pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (*pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff VERNON UNSWORTH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VERNON UNSWORTH,<br><br>         Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>         Defendant. | Case No. 2:18-cv-08048-SVW (JCx)<br><br>Judge: Hon. Stephen V. Wilson<br><br>**JOINT LIST OF PROPOSED JURY INSTRUCTIONS**<br><br>Complaint Filed:  Sept. 17, 2018<br>Trial Date:  Dec. 3, 2019<br>Pretrial Conference:  Nov. 25, 2019<br>Time: 3:00 p.m.<br>Courtroom:  10A |

Pursuant to this Court's Civil Trial Preparation Order, Dkt. 46 at 2, Plaintiff submits this joint list of proposed jury instructions. The Parties exchanged two sets of draft proposed instructions and engaged in a meet and confer telephone conference on November 21, 2019, but were not able to reach agreement on the substance of the instructions or the sequence of instructions. Therefore, each side's instructions are provided below in the order proposed by that party.

Dated: November 21, 2019      L. LIN WOOD, P.C.


By: */s/L. Lin Wood*
L. Lin Wood
***Attorneys for Plaintiff Vernon Unsworth***

# NUMBERED INDEX

## Plaintiff's Proposed Jury Instructions

| No. | Opp. Party No. | Title | Page |
|-----|----------------|-------|------|
| 1 | | Defamation – Statement of Case | 4 |
| 2 | 1, 3, 7 | Elements of Defamation | 6 |
| 3 | 4, 5, 6 | Fact and Opinion | 12 |
| 4 | 11 | Actual Damages | 15 |
| 5 | 8 | Republication | 17 |
| 6 | 2 | Actual Malice | 20 |
| 7 | 12 | Presumed Damages | 25 |
| 8 | 13 | Punitive Damages | 28 |
| 9 | | Taxability of Damages Award | 31 |
| 10 | 15 | Verdict Form | 34 |

## Defendant's Proposed Jury Instructions

| No. | Opp. Party No. | Title | Page |
|-----|----------------|-------|------|
| 1 | 2 | Liability: Defamation Per Se – Limited Purpose Public Figure | 38 |
| 2 | 6 | Actual Malice | 45 |
| 3 | 2 | Alternative Instruction on Liability: Defamation Per Se – Private Figure, Public Concern | 49 |
| 4 | 3 | Fact Versus Opinion | 56 |
| 5 | 3 | Relevant Context for Assessing Fact Versus Opinion | 59 |
| 6 | 3 | Ambiguous Statements | 62 |
| 7 | 2 | Effect on Average Reader | 65 |
| 8 | 5 | Reasonable Foreseeability of Republication of Statement | 68 |
| 9 | | Affirmative Defense: Consent | 71 |
| 10 | | Unclean Hands | 74 |
| 11 | 4 | Actual Damages: Defamation Per Se | 77 |
| 12 | 7 | Assumed Damages: Defamation Per Se | 80 |
| 13 | 8 | Punitive Damages: Defamation Per Se | 82 |
| 14 | | Affirmative Defense: Mitigation | 86 |
| 15 | 10 | Verdict Form | 88 |

# UN-NUMBERED INDEX

**Plaintiff's Proposed Jury Instructions**

| | Title | Page |
|---|---|---|
| | Defamation – Statement of Case | 4 |
| | Elements of Defamation | 6 |
| | Fact and Opinion | 12 |
| | Actual Damages | 15 |
| | Republication | 17 |
| | Actual Malice | 20 |
| | Presumed Damages | 25 |
| | Punitive Damages | 28 |
| | Taxability of Damages Award | 31 |
| | Verdict Form | 34 |

**Defendant's Proposed Jury Instructions**

| | Title | Page |
|---|---|---|
| | Liability: Defamation Per Se – Limited Purpose Public Figure | 38 |
| | Actual Malice | 45 |
| | Alternative Instruction on Liability: Defamation Per Se – Private Figure, Public Concern | 49 |
| | Fact Versus Opinion | 56 |
| | Relevant Context for Assessing Fact Versus Opinion | 59 |
| | Ambiguous Statements | 62 |
| | Effect on Average Reader | 65 |
| | Reasonable Foreseeability of Republication of Statement | 68 |
| | Affirmative Defense: Consent | 71 |
| | Unclean Hands | 74 |
| | Actual Damages: Defamation Per Se | 77 |
| | Assumed Damages: Defamation Per Se | 80 |
| | Punitive Damages: Defamation Per Se | 82 |
| | Affirmative Defense: Mitigation | 86 |
| | Verdict Form | 88 |

**<u>Plaintiff's Proposed Jury Instruction No. 1</u>**

**<u>DEFAMATION – STATEMENT OF THE CASE</u>**

In this case, Mr. Unsworth contends that Mr. Musk is liable for defamation *per se* arising out of Mr. Musk's false and defamatory statements published on Twitter conveying that Mr. Unsworth is a pedophile.  Mr. Unsworth contends that Mr. Musk conveyed that Mr. Unsworth is a pedophile when he published the following statements on July 15, 2018, on his Twitter account @elonmusk:

> (1) "Never saw this British expat guy who lives in Thailand (sus) at any point when we were in the caves."

> (2) "Sorry pedo guy, you really did ask for it."

> (3) "Bet ya a signed dollar it's true."

Mr. Unsworth also contends that other statements by Mr. Musk, including Mr. Musk's tweets on July 18, 2018, and August 28, 2018, and e-mails published by Mr. Musk to BuzzFeed News on August 30, 2018, and September 4, 2018, are additional evidence that the July 15, 2018 tweets were intended to convey a factual accusation and of Mr. Musk's malice.

You must determine by a preponderance of the evidence whether the July 15, 2018 statements communicated a false and *per se* defamatory meaning about Mr. Unsworth which is capable of being proven true or false and if he published it negligently.  If so, you must determine the amount, if any, of <u>actual damages</u> appropriate to compensate Mr. Unsworth.

If you find that Mr. Musk authorized or intended that his negligently published statements of July 15, 2018 be repeated, or that their repetition was reasonably to be expected, then Mr. Musk is liable for all future republications by third parties, without exception.

If you find, based on clear and convincing evidence, that Mr. Musk also published the July 15, 2018 statements with a reckless disregard for whether they

4

were true or false or with knowledge that they were false, California law requires that Mr. Unsworth recover <u>presumed damages</u> in an amount of monetary damages you find are supported by the evidence since the statements are defamatory *per se* as a matter of law.

If you find, based on clear and convincing evidence, that Mr. Musk published the July 15, 2018 statements with a reckless disregard for whether they were true or false or with knowledge that it was false and that Mr. Musk conduct evidences oppression or maliciousness, then Mr. Unsworth is entitled to recover <u>punitive damages</u> in an amount you determine, considering Mr. Musk's net financial worth, are sufficient in your minds to punish Mr. Musk and deter him from repeating his conduct in the future toward other persons.

### Plaintiff's Proposed Jury Instruction No. 2

### ELEMENTS OF DEFAMATION

To establish his claim for defamation *per se*, Mr. Unsworth must prove by a preponderance of the evidence the following:

***Liability***

    (1) That Mr. Musk published statements on July 15, 2018 to a third party conveying that Mr. Unsworth is a pedophile;

    (2) That the July 15, 2018 statements published by Mr. Musk are false and defamatory; and

    (3) That Mr. Musk negligently published the false and defamatory statements.

***Falsity***

A private defamation plaintiff, such as Mr. Unsworth, normally has the burden of proving by a preponderance of the evidence that the challenged statements are false.  In this case, Mr. Unsworth has presented admissible evidence of falsity and Mr. Musk has not presented any evidence to the contrary so the challenged statements are deemed false as a matter of law and you do not need to consider the issue of falsity in your deliberations.

***Negligence***

Negligence is the failure to exercise reasonable care to prevent harm to others. A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation. This standard is an objective standard and does not require proof of Mr. Musk's subjective state of mind. When deciding if Mr. Musk negligently published the July 15, 2018 statements, you must decide how a reasonably careful person would have acted in Mr. Musk's situation.

1

2    ### ***Publication***

3        A "publication" of a statement occurred if Mr. Musk communicated it to a

4    person other than Mr. Unsworth who understands its defamatory meaning and that

5    the statement is referring to Mr. Unsworth. Here, the Court has determined the July

6    15, 2018 are defamatory per se and that a publication of the July 15, 2018 statements

7    occurred as a matter of law because the statements convey a defamatory per se

8    meaning and were of and concerning Mr. Unsworth. Therefore, you do not need to

9    consider issues of whether the statements are defamatory per se or whether they were

10   published under the law of defamation.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2 **Source**:

3 CACI 1702 (Defamation per se—Essential Factual Elements (Private Figure—

4 Matter of Public Concern)); CACI No. 401 (Basic Standard of Care); BAJI 7.01

5 (Libel/Slander—Effect on Average Reader/Listener); Cal. Civ. Code §§ 45 & 45a

6 (providing the elements for libel and libel *per se*); *Fairfield v. Hagan*, 248 Cal. App.

7 2d 194, 201, 56 Cal. Rptr. 402, 408 (Ct. App. 1967), *abrogated on other grounds by*

8 *Lundquist v. Reusser*, 7 Cal. 4th 1193, 875 P.2d 1279 (1994) (describing statements

9 capable of innocent construction, and defamatory meaning through innuendo);

10 *Washer v. Bank of Am. Nat. Tr. & Sav. Ass'n*, 21 Cal. 2d 822, 829, 136 P.2d 297,

11 301 (1943) ("Contrary to the respondents' assertion, the fact that the appellant is not

12 named in the defamatory statement does not preclude words clearly conveying a

13 meaning within one of the statutory classifications of libel and slander from being

14 actionable per se."); *Yow v. Nat'l Enquirer, Inc.*, 550 F. Supp. 2d 1179, 1183 (E.D.

15 Cal. 2008) ("Statements which falsely impute the commission of a crime are libelous

16 on their face."); *Nylander v. Eastman*, E070814, 2019 WL 3852778, at *1, 4 (Cal.

17 Ct. App. Aug. 16, 2019) (denying anti-SLAPP motion to strike defamation per se

18 claim in which plaintiff was accused of being a pedophile); *Arno v. Stewart*, 245 Cal.

19 App. 2d 955, 962-63, 54 Cal. Rptr. 392 (Ct. App. 1966) ("In order that the

20 defendant's words may be defamatory, they must be understood in a defamatory

21 sense. It is not necessary that anyone believe them to be true, since the fact that such

22 words are in circulation at all concerning the plaintiff must be to some extent

23 injurious to his reputation – although obviously the absence of belief will bear upon

24 the amount of the damages.") (internal quotation marks omitted).

25

26

27

28

**Plaintiff's Alternative to *Defendant's Proposed Instruction No. 1, 3, 7*:**

Plaintiff's Proposed Jury Instruction No. 2 is an alternative to *Defendant's Proposed Jury Instruction Nos. 1, 3,* and *7.* Plaintiff contends that the elements of defamation should be set forth together immediately following Plaintiff's contentions.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 1: Liability: Defamation Per Se – Limited Purpose Public Figure* because this Court has held that Plaintiff is a private figure plaintiff, and therefore, this proposed instruction is inapplicable to this case and sets forth an inaccurate statement of Plaintiff's burden of proof to be applied in this case.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 3: Alternative Instruction on Liability: Defamation Per Se – Private Figure, Public Concern* because (1) it is an incomplete statement of the law; (2) it is not tailored to the facts of our case and includes elements that are not jury issues in our case; (3) it improperly includes bracketed element 3 from CACI No. 1702, which is to be included only if the statement is not defamatory on its face; (4) it would be misleading to a jury because of the insufficient explanation of the elements listed; and (5) Plaintiff's Proposed Jury Instruction No. 2 is a clearer and more applicable statement of the law to be applied to the facts of this case.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 7: Effect on Average Reader* because (1) it is an inaccurate statement of the law; (2) it is not tailored to the facts of this case; (3) it confuses issues of falsity and defamatory meaning; (4) it improperly raises the issue of whether the statements are defamatory per se, which has already been determined (and conceded in Defendant's other proposed instructions); (5) it would be misleading and confusing to a jury because it improperly indicates that Defendant's subjective intent is relevant to liability; (6) it is duplicative of other proposed jury instructions; and (7) Plaintiff's Proposed Jury Instruction No. 2 is a clearer and more applicable statement of the law to be applied on the facts of this case.

**Plaintiff's Objections to *Defendant's Proposed Instructions Nos. 9, 10, 14*:**

Plaintiff's Proposed Jury Instruction No. 2 is an accurate statement of the elements of Plaintiff's defamation claim, and Plaintiff objects to any instructions on Defendant's purported affirmative defenses as proposed in *Defendant's Proposed Jury Instructions Nos. 9, 10,* and *14*.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 9: Affirmative Defense: Consent* because (1) it would be error to give any charge to the jury on the affirmative defense of consent; (2) Defendant failed to plead this affirmative defense in his Answer and has therefore waived it; (3) this Court has held that Defendant's statements about Plaintiff were not germane to any statements made by Plaintiff, and therefore this defense cannot apply in this case as a matter of law; and (4) there are no facts in evidence to support an instruction to the jury on the affirmative defense of consent.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 10: Unclean Hands* because (1) it would be error to give any charge to the jury on unclean hands; (2) it is an inaccurate application of the law as this is not a proper defense in a defamation action; (3) it is an inaccurate application of the law as there are no facts in evidence to support an instruction to the jury on the equitable defense of unclean hands; (4) it would be misleading and confusing to the jury; (5) it is an inaccurate and incomplete statement of the law in that it fails to instruct that this defense must be proven by clear and convincing evidence; and (6) it is an incomplete statement of the law in that the listed factors are incomplete.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 14: Affirmative Defense: Mitigation* because (1) it would be error to give any charge to the jury on the affirmative defense of mitigation; (2) it is an inaccurate application of the law as this is not a proper defense in a defamation action but rather is a form instruction for tort mitigation; (3) it is inaccurate application of the law as there are no facts in evidence to support an instruction to the jury on mitigation; (4) it would be

misleading and confusing to the jury; and (5) it is an inaccurate statement of the law in that it is not properly an affirmative defense and would not be dispositive of Plaintiff's claim for defamation.

**Plaintiff's Proposed Jury Instruction No. 3**

**FACT AND OPINION**

For Mr. Unsworth to recover actual damages, you must find that the July 15, 2018 statements conveying that Mr. Unsworth is a pedophile must be statements of fact under the law.  In other words, the statements must be capable of being proven true or false.  In other words, plaintiff must prove that the statements that Mr. Unsworth is a pedophile are capable of being proven true or false.

Even if phrased as an opinion, if the statements in context (a) imply Mr. Musk knew of undisclosed facts that supported the claimed opinion, but such undisclosed facts are actually false or do not exist; and (b) can reasonably be interpreted as conveying that Mr. Unsworth is a pedophile, then the statements are treated as statements of fact for defamation purposes.

Alternatively, even if phrased as an opinion, statements for which Mr. Musk explicitly disclosed a factual basis, but the disclosed factual basis is false and/or materially incomplete; and in context, can reasonably interpreted as conveying that Mr. Unsworth is a pedophile, then the statements are treated as statements of fact for defamation purposes.

In deciding the issues about fact and opinion, you should consider what the average reader would conclude from the language of the statement and its context.  For example, if a speaker says, "In my opinion John Jones is a killer," and, in context, the opinion can be reasonably interpreted as stating that Jones actually killed someone, the publisher implies a knowledge of facts leading to the conclusion that Jones is in fact a killer.  But, if for example, the statements in context, are understood as conveying a figurative statement of the publisher's opinion that Jones was a "killer" to describe Jones' outstanding performance shutting down an opposing team in a basketball game, then the statements cannot reasonably be interpreted as conveying Jones of actually being a killer.

**Source:**

BAJI 7.00.1 (Opinion—When Defamation); *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-22 (1990) (setting forth First Amendment protections for certain statements of opinion).

**Plaintiff's Alternative to *Defendant's Proposed Instructions Nos. 4, 5, 6*:**

Plaintiff's Proposed Jury Instruction No. 3 is an alternative to *Defendant's Proposed Jury Instruction Nos. 4, 5,* and *6*. The distinction between fact and opinion relates to liability; therefore, Plaintiff submits that the charge on Fact and Opinion should immediately follow after the instruction on Elements of Defamation.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 4: Fact Versus Opinion* because (1) it is an incomplete statement of the law; (2) it is not tailored to the facts of this case, and the evidence in this case does not support the charge; (3) it would be misleading to a jury; and (4) Plaintiff's Proposed Jury Instruction No. 3 is a more complete and accurate statement of the law on this issue to be applied to the facts of this case.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 5: Relevant Context for Assessing Fact Versus Opinion* because (1) it is an inaccurate and incomplete statement of the law; (2) it is not tailored to the facts of our case; (3) it would be confusing and misleading to a jury, because it is duplicative of the charge on fact versus opinion; and (4) in contrast, Plaintiff's Proposed Jury Instruction No. 3 is an accurate and complete statement of the law on this issue to be applied to the facts of this case.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 6: Ambiguous Statements* because (1) it is an inaccurate application of the law, because *Good Gov't Grp. of Seal Beach, Inc. v. Superior Court* does not apply in private figure cases, and this Court has held that Plaintiff is a private figure plaintiff; (2) it is an inaccurate

13

1  statement of the holding in *Good Gov't*; (3) it is an inaccurate statement of the law on

2  Plaintiff's burden of proof for liability in this case, which is by a preponderance of

3  the evidence; (4) it is redundant of the charge on fact versus opinion and is therefore

4  likely to be confusing to the jury; and (5) Plaintiff's Proposed Jury Instruction No. 3

5  is an accurate statement of the law on this issue to be applied to the facts of this case.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Plaintiff's Proposed Jury Instruction No. 4**

**ACTUAL DAMAGES**

If you find that Mr. Unsworth has proven by a preponderance of the evidence that Mr. Musk negligently published the false and defamatory *per se* July 15, 2018 statements conveying that Mr. Unsworth is a pedophile, then Mr. Unsworth is entitled to recover his actual damages if you find that Mr. Musk's conduct in making such statement was a substantial factor in causing any of the following:

(1) Harm to Mr. Unsworth's reputation; or

(2) Mr. Unsworth experiencing shame, mortification, hurt feelings, or mental suffering.

In considering an award of actual damages, you should consider but are not limited to the following: the wide publicity given to the statement, Mr. Unsworth's prominence in the community, and Mr. Unsworth's good reputation. In order to recover damages for harm to his reputation, Mr. Unsworth need not present evidence that anyone believed Mr. Musk's statements were true, or that Mr. Unsworth suffered any economic or financial harm as a result of the publication of the statements.

In determining the amount of Mr. Unsworth's actual damages, the law does not establish any absolute fixed or mathematical rule or standard by which to compute damages. The amount of a monetary award for actual damages is to be determined based on the enlightened consciousness of a fair and impartial juror's mind without passion or prejudice for or against either party.

1

2 **Source:**

3 CACI 1702 (Defamation per se—Essential Factual Elements (Private Figure—

4 Matter of Public Concern)); BAJI 7.10 (Libel/Slander—General or Compensatory

5 Damages); *Weller v. Am. Broad. Companies, Inc.*, 232 Cal. App. 3d 991, 1011-14

6 (1991) (actual and presumed damages); *Correia v. Santos*, 191 Cal. App. 2d 844,

7 856 (1961) (actual damages) (citing Cal. Civ. Code § 48a); *Alioto v. Cowles*

8 *Commc'ns, Inc.*, 430 F. Supp. 1363, 1371–72 (N.D. Cal. 1977), *aff'd,* 623 F.2d 616

9 (9th Cir. 1980) (quoting *Scott v. Times-Mirror Co.*, 181 Cal. 345, 365 (1919)) (actual

10 damages); *Arno v. Stewart*, 245 Cal. App. 2d 955, 962-963 (1966) (belief as to truth);

11 *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 344-48 (1974) (describing latitude under

12 state law to allow for private figures to recover damages).

13

14 **Plaintiff's Alternative to *Defendant's Proposed Instruction No. 11*:**

15      Plaintiff's proposed Jury Instruction No. 4 is an alternative to *Defendant's*

16 *Proposed Jury Instruction No. 11: Actual Damages: Defamation Per Se*.  Plaintiff

17 contends that the instruction on damages should be the fourth instruction because

18 Plaintiff objects to Defendant's Proposed Jury Instructions Nos. 5, 6, 7, and 9 in their

19 entirety as separate charges. Plaintiff contends that the jury instruction regarding

20 actual damages should follow the instruction on fact and opinion.

21      Plaintiff objects to *Defendant's Proposed Jury Instruction No. 11: Actual*

22 *Damages: Defamation Per Se*, because (1) it is an inaccurate and incomplete

23 statement of the law regarding defamation per se; (2) whether the defamation in this

24 case is defamation per se is not a jury issue; (3) it misstates Plaintiff's contentions and

25 burden and fails to recognize that Plaintiff's burden is to establish negligent

26 publication by a preponderance of the evidence; (4) it is not tailored to the facts of

27 this case; and (5) Plaintiff's Proposed Jury Instruction No. 4 is a more accurate and

28 complete statement of the law applicable to this case.

## **Plaintiff's Proposed Jury Instruction No. 5**

## **REPUBLICATION**

Damages may also be awarded based for all repetitions of the false and defamatory July 15, 2018 statements by third parties if you find that Mr. Musk authorized or intended their repetition, or if it was reasonably foreseeable that the statements would be repeated by third parties.  Reasonable foreseeability is an objective standard; thus, even if Mr. Musk himself did not believe the false and defamatory July 15, 2018 statements would be repeated by third parties, he is responsible for all damage caused if a reasonable person in the same factual circumstances would have foreseen that the statements would be repeated by third parties. Since Mr. Musk published the false and defamatory *per se* July 15, 2018 statements on Twitter, Mr. Musk is liable as a matter of law for damages resulting from the repetitions.

The actual damages awarded to Mr. Unsworth can be enhanced based on the third-party republications of Mr. Musk's false and defamatory *per se* July 15, 2018 statements, regardless of whether Mr. Unsworth has sought, or could seek, a recovery of such damages directly from the republishers.

**Source:**

Restatement Second of Torts (1977) §576 (republication); *Mitchell v. Superior Court*, 37 Cal. 3d 268, 281, 690 P.2d 625, 633 (1984) (holding that "California decisions follow the restatement rule [§ 576 on republication]"); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 881 F. Supp. 2d 1132, 1145 (N.D. Cal. 2012) (reasonable foreseeability as objective standard in the context of preservation); *Fogel v. Collins*, 531 F.3d 824, 831 (9th Cir. 2008) (reasonable foreseeability as objective standard in the context of threatening speech); Restatement (Second) of Torts § 576 comment (b) ("If the person who repeats the defamation is privileged to repeat it, the repetition does not prevent the original defamation from being the legal cause of the resulting harm. In such a case, the person who repeats the defamation is not liable to the other because of the privilege. The person defamed, however, may vindicate his reputation by an action against the person who first published the defamation.").


**Plaintiff's Alternative to Defendant's Proposed Instruction No. 8:**

Plaintiff's proposed Jury Instruction No. 5 is an alternative to *Defendant's Proposed Jury Instruction No. 8: Reasonable Foreseeability of Republication of Statement*. Plaintiff contends that the instruction on republication should follow the instruction on actual damages and not precede it. Plaintiff is entitled to damages for Musk's negligent publication of false and defamatory statements regardless of whether those statements were republished by third parties. Thus, it would be misleading to the jury to imply, as Defendant asserts, that Plaintiff is not entitled to any damages unless he establishes the elements of recovery for republication.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 8: Reasonable Foreseeability of Republication of Statement*, because (1) it is an inaccurate and incomplete statement of the law regarding republication; (2) it inaccurately instructs the jury that Defendant is not liable for defamation unless his statements were

republished, which is not an accurate statement of the law; (3) it is an inaccurate statement of the law in that it instructs the jury that Plaintiff has the burden to establish that republication was reasonably foreseeable and authorized or intended to hold Defendant liable for damages for republications; (4) it is an incomplete statement of the law with respect to the definition of "reasonably foreseeable" and inaccurately communicates that reasonable foreseeability is a subjective standard, failing to disclose that it is an objective standard measured against the conduct of a reasonable person; (5) it is not tailored to the facts of this case because Plaintiff seeks damages for Defendant's publication of false and defamatory statements, as well as the republication of those statements by third parties on Twitter and elsewhere; (6) Defendant published the false and defamatory statements publicly on Twitter, which demonstrates foreseeability of republication as a matter of law; and (7) in contrast, Plaintiff's Proposed Jury Instruction No. 5 is a complete and accurate statement of the law to be applied to the facts of this case.

### Plaintiff's Proposed Jury Instruction No. 6

### ACTUAL MALICE

"Actual malice" is present if Mr. Musk published the false and defamatory July 15, 2018 statements with a reckless disregard for whether they were true or false, or published them despite knowing they were false.  "Actual malice" is a subjective inquiry that focuses on Mr. Musk's state of mind at the time he published the statements, but Mr. Musk's conduct before and after he published the statements can be circumstantial evidence of his state of mind at the time he published them. Whether a statement was published with actual malice may be proven through various types of evidence, including objective, cumulative, and circumstantial evidence that Mr. Musk recklessly disregarded truth or falsity or acted with knowledge of falsity.

For example, the following are the types of evidence that you may consider in determining the issue of actual malice:

(1) Evidence that Mr. Musk fabricated an accusation.

(2) Evidence that Mr. Musk published a statement despite having serious doubts that the statement was true.

(3) Evidence that Mr. Musk conceived a story line in advance of an investigation and then consciously set out to make the evidence conform to the preconceived story.

(4) Evidence that Mr. Musk relied upon information despite obvious reasons to doubt the veracity of the informant or the accuracy of his reports.

(5) Mr. Musk's purposeful avoidance of the truth can be a factor in finding actual malice.

(6) Evidence of negligence can be a factor in finding actual malice.

(7) Mr. Musk's ill will or vindictive motive toward the Mr. Unsworth can bolster an inference of actual malice.

1   (8) Mr. Musk's refusal to retract a defamatory statement can be considered as
2       relevant evidence of actual malice.

**Source**:

*New York Times v. Sullivan*, 376 U.S. 254, 279-80 (1964) (actual malice standard); *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) (holding actual malice may be shown where "a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call. [Moreover, it may be shown] when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports."); *Harte-Hanks Commc'ns v. Connaughton*, 491 U.S. 657 (1989) (actual malice exists when published with serious doubts, and may be proven through circumstantial evidence, including of purposeful avoidance of truth, motive, and degree of care); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 161 n.23 (1967) (plurality opinion) (actual malice based on failure to investigate despite inherently improbable story and known contradictory information); *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 709, 61 Cal. Rptr. 3d 29, 46 (2007) ("[E]vidence of negligence, of motive and of intent may be adduced for the purpose of establishing, by cumulation and by appropriate inferences, the fact of a defendant's recklessness or of his knowledge of falsity.") (internal quotation marks omitted); *St. Surin v. Virgin Islands Daily News, Inc.*, (21 F.3d 1309, 1318 (3d Cir. 1994) (discussing actual malice when defendant fabricated source statements); *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 539 (7th Cir. 1982) (actual malice when defendant "conceived of a story line; solicited . . . a writer with a known and unreasonable propensity to label persons or organizations as Communist, to write the article; and after the article was submitted, made virtually no effort to check the validity of statements that were defamatory per se . . . , and in fact added further defamatory material based"); *Schiavone Construction Co. v. Time, Inc.*, 847 F.2d 1069, 1090 (3rd Cir. 1988) ("[O]bjective circumstantial evidence can suffice to demonstrate actual malice"); *Zerangue v. TSP Newspapers, Inc.*, 814 F.2d 1066, 1071 (5th Cir. 1987)

1   (finding actual malice for failure to adequately investigate a story weakened by
2   inherent improbability, internal inconsistency, or apparently reliable contrary
3   information is evidence of actual malice; and holding that "[r]efusal to retract an
4   exposed error tends to support a finding of actual malice."); *Young v. Gannett Satellite*
5   *Information Network, Inc.*, 734 F.3d 544, 548 (6th Cir. 2013); *Suzuki Motor Corp. v.*
6   *Consumers Union*, 330 F.3d 1110, 1135 (9th Cir. 2003); *Armstrong v. Shirvell*, 596
7   F. Appx. 433, 447-48 (defendant's "vindictive motive" relevant to actual malice) (6th
8   Cir. 2015); *Eramo v. Rolling Stone, LLC*, 209 F. Supp. 3d 862, 874 (W.D. Va. 2016)
9   (collecting cases and sources regarding circumstantial evidence of actual malice based
10  on conduct after the publication); Restatement (Second) of Torts § 580A.

11

12  **<u>Plaintiff's Alternative to Defendant's Proposed Instruction No. 2:</u>**

13      Plaintiff's proposed Jury Instruction No. 6 is an alternative to *Defendant's*
14  *Proposed Jury Instruction No. 2: Actual Malice*.   Plaintiff contends that the
15  instruction on actual malice should follow the instructions regarding liability.  The
16  Court has held that Plaintiff is a private figure plaintiff, and Plaintiff's burden of proof
17  is by a preponderance of the evidence; therefore, it would be misleading to charge the
18  jury regarding actual malice as part of the instructions on liability.

19      Plaintiff objects to *Defendant's Proposed Jury Instructions No. 2: Actual*
20  *Malice*, because (1) it is an inaccurate statement of the law on actual malice; (2) it
21  incorrectly applies the burden of actual malice to liability in this case despite this
22  Court's holding that Plaintiff is a private figure plaintiff whose burden of proof on
23  liability is by a preponderance of the evidence; (3) it is an inaccurate statement of the
24  law in that Plaintiff is entitled to establish actual malice through circumstantial
25  evidence;  (4) it is an incomplete statement of the law on actual malice in that it fails
26  to instruct the jury regarding the many forms of circumstantial evidence that can
27  support a finding of actual malice; (5) it is not tailored to the facts of this case and
28  injects elements that are not jury issues, such as publication; and (6) in contrast,

1  Plaintiff's Proposed Jury Instruction No. 6 is an accurate and complete statement of

2  the law as applied to the facts of this case.

## **Plaintiff's Proposed Jury Instruction No. 7**

## **PRESUMED DAMAGES**

If you further find by clear and convincing evidence that the false and defamatory July 15, 2018 statements were published with actual malice, then the law presumes that Mr. Unsworth's reputation has been harmed and that he has suffered shame, mortification, and hurt feelings.  Presumed damages are those damages that necessarily result from the publication of defamatory matter and are presumed by law to exist without the necessity of plaintiff proving their existence.

Without presenting evidence of actual damage, Mr. Unsworth is entitled to receive compensation for this presumed harm in whatever sum you believe is fair and reasonable.  The opinion of any witness is not required as to the amount of such reasonable compensation for presumed damages. No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for presumed damages. The amount of a monetary award for presumed damages is to be determined based on the enlightened consciousness of a fair and impartial juror's mind without passion or prejudice for or against either party.

**Source**:

CACI 1702 (Defamation per se—Essential Factual Elements (Private Figure—Matter of Public Concern)); *Alberts v. Franklin*, D040310, 2004 WL 1345078, at *22 (Cal. Ct. App. June 16, 2004) (quoting Cal. Jury Instr.—Civ. 7.10.1 (BAJI No. 7.10.1) (presumed damage).

**Plaintiff's Alternative to *Defendant's Proposed Instruction No. 12*:**

Plaintiff's proposed Jury Instruction No. 7 is an alternative to *Defendant's Proposed Jury Instruction No. 12: Assumed Damages: Defamation Per Se.* Plaintiff contends that the instruction on assumed damages should immediately follow the instruction on actual malice.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 12: Assumed Damages: Defamation Per Se*, because (1) it is an incorrect statement of the law on presumed damages in that it inaccurately instructs that Plaintiff is entitled to presumed damages only if he has not proven actual damages, but California law permits recovery of both actual and presumed damages, even if the actual damages are only for general damages, *see, e.g., Weller v. Am. Broad. Companies, Inc.*, 232 Cal. App. 3d 991, 1014 (1991) (rejecting defendants' "double recovery" argument when the jury awarded both actual and presumed damages); *Alberts v. Franklin*, 2004 WL 1345078, at *23 (Cal. Ct. App. June 16, 2004) ("A logical explanation for the jury's defamation verdict and answer to the court's supplemental question is that the jury awarded James (1) actual general damages for his emotional distress and injury to his reputation shown by the evidence and (2) presumed general damages, not necessarily shown by the evidence, for the injury to his reputation based on the court's determination that four of the statements at issue were defamatory per se"); *Peterson v. Stewart*, 2012 WL 541521, at *10 (Cal. Ct. App. Feb 17, 2012) (awarding $500 in actual damages and $150,000 in presumed damages); (2) it is an incomplete statement of the law with respect to the measure of damages; (3) it is not tailored to the facts of this case; (4) it

1  is duplicative of the instruction on actual malice, although grossly incomplete and
2  misleading; (5) it is misleading and could cause confusion; and (6) in contrast,
3  Plaintiff's Proposed Jury Instruction No. 7 is an accurate and complete statement of
4  the law applicable to the facts of this case.

**Plaintiff's Proposed Jury Instruction No. 8**

**PUNITIVE DAMAGES**

If you find by clear and convincing evidence that Mr. Musk's July 15, 2018 statements were published with actual malice as previously defined in these instructions and were also published with common law malice or oppression, then Mr. Unsworth is entitled to a recovery of punitive damages.

In civil cases, punitive damages are quasi-criminal in purpose. Punitive damages are not intended to compensate a civil plaintiff but are intended to punish a defendant for his conduct and to deter a repetition of such conduct in the future by him or others. Punitive damages are not awarded in order to actually prevent Mr. Musk from engaging in such conduct in the future, but are only awarded to punish him for his conduct and deter him or others from repeating such conduct.

"Malice" is a separate analysis from "actual malice." "Malice" is present if Mr. Musk acted with the intent to cause injury to Mr. Unsworth or if Mr. Musk's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of Mr. Unsworth. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences. Conduct is despicable when it is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Oppression" means that Mr. Musk's conduct was despicable and subjected Mr. Unsworth to cruel and unjust hardship in knowing disregard of his rights.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. In determining the amount of punitive damages, if any, you may consider the following factors in determining the amount:

(1) How reprehensible was Mr. Musk's conduct? In deciding how reprehensible Mr. Musk's conduct was, you may consider, among other factors:

    a.  Whether the conduct caused physical harm;

    b.  Whether Mr. Musk disregarded the health or safety of others;

    c.  Whether Mr. Unsworth was financially weak or vulnerable and Mr. Musk knew Mr. Unsworth was financially weak or vulnerable and took advantage of him; and

    d.  Whether Mr. Musk's conduct involved a pattern or practice.

(2) While not intended to compensate Mr. Unsworth, a reasonable relationship must exist between the amount of punitive damages and Mr. Unsworth's harm or potential harm.

(3) In determining the amount to be awarded for punitive damages, you may consider evidence of Mr. Musk's net worth, wealth, and financial condition.

**Source**:

Based on: CACI 3940 "Punitive Damages—Individual Defendant—Trial Not Bifurcated); *In re Late Fee & Over-Limit Fee Litig.*, 741 F.3d 1022, 1027 (9th Cir.), *cert denied*, 573 U.S. 947 (2014) (recognizing that punitive damages "further a State's legitimate interests in punishing unlawful conduct and deterring its repetition" and that "[t]he Supreme Court has characterized this state interest as 'quasi-criminal'") (internal citations omitted)).

**Plaintiff's Alternative to *Defendant's Proposed Instruction No. 13*:**

Plaintiff's proposed Jury Instruction No. 8 is an alternative to *Defendant's Proposed Jury Instruction No. 13: Punitive Damages: Defamation Per Se*.  Plaintiff contends that the instruction on punitive damages should immediately follow the instruction on presumed damages.

Plaintiff objects to *Defendant's Proposed Jury Instruction No. 13: Punitive Damages: Defamation Per Se*, because (1) it is an incorrect statement of the law on punitive damages; (2) it is not tailored to the facts of this case; (3) it is not an accurate statement of CACI 1702; (4) it is a grossly incomplete statement of the law on punitive damages, as evidenced by the fact that it fails to include the specific provisions of CACI Nos. 3940-3949, as referenced in CACI No. 1702, and therefore fails to provide explanations of the terms used, such as "malice" and "oppression"; and (5) in contrast, Plaintiff's Proposed Jury Instruction No. 8 is an accurate and complete statement of the law applicable to the facts of this case.

## **Plaintiff's Proposed Jury Instruction No. 9**

## **TAXABILITY OF DAMAGES AWARD**

In determining the amount of damages to which Mr. Unsworth is entitled, you may consider the fact that any actual, presumed, or punitive damages awarded may be subject to U.S. federal and state income tax on any such award. Taxes may also be owed by Mr. Unsworth on the amount of the award for actual, presumed, or punitive damages that Mr. Unsworth has agreed to pay his attorney for contingency fees and/or reimbursement of reasonable expenses.

**<u>Source</u>**:

Based on: As the U.S. Supreme Court has recognized, jurors, like the American public, are tax-conscious and may make assumptions—including incorrect assumptions—about the taxability or non-taxability of damages awards. *Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 496 (1980). And as the Supreme Court has explained, jurors' assumptions about the taxability or non-taxability can affect the amount of damages a jury awards to compensate for their belief in the taxability or non-taxability of those damages. *Id*. Accordingly, to avoid the possibility that mistaken assumptions about the taxability or nontaxability of damages may affect the jury's damages award, the jury should be instructed about the tax implications of such an award. This is especially true where, as here, the applicable tax rules are anomalous: whereas most recoveries for personal injury sounding in tort are not taxable, damages awarded to compensate a defamation plaintiff for injury to reputation — and damages awarded to compensate a defamation plaintiff for harm, pain, embarrassment, humiliation — may be taxable. *See* I.R.C. (26 U.S.C.) § 104; *see also, e.g., Rivers v. U.S. Dep't of Interior*, No. 05-cv-2086, 2006 WL 2841929, at *14 (W.D. Wash. Oct. 3, 2006) (observing that Congress amended I.R.C. § 104 in 1996 to "treat[] damages in defamation actions as taxable income"). Moreover, punitive damage awards may be taxable. I.R.C. (26 U.S.C.) § 104. The Supreme Court repeatedly approved the use of jury instructions regarding the taxability of damages awards and have found error in refusals to give a requested instruction about the taxability or non-taxability of damages. *Norfolk*, 444 U.S. at 498 (holding district court's refusal to give instruction on taxability of damages to be reversible error, and observing: "[T]he requested instruction ...was brief and could be easily understood. It would not complicate the trial by making additional qualifying or supplemental instructions necessary. It would not be prejudicial to either party, but would merely eliminate an area of doubt or speculation that might have an improper impact on the computation of the amount of damages"); *see also Anderson v. United Air Lines, Inc.,*

1  183 F. Supp. 97, 98 (S.D. Cal. 1960) (allowing instruction that award would not be

2  taxable). And while the above cases involved instructions regarding the nontaxability

3  of damages awards, the same logic applies to instructions regarding the taxability of

4  awards.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Plaintiff's Proposed Verdict Form (No. 10)**

## **VERDICT FORM**

We the jury unanimously answer the issues as follows:

1.  Did Mr. Musk negligently publish the July 15, 2018 false defamatory *per se* statements about Mr. Unsworth?

> ANSWER  (  ) Yes   (  ) No

> If you answered "No" then the case is over. The foreperson should date and sign the verdict form.

> If you answered "Yes", then proceed to "2".

2.  What monetary amount is Mr. Unsworth entitled to recover from Mr. Musk for actual damages?

> $ _____.

3.  Did Mr. Musk publish the false and defamatory July 15, 2018 statements about Mr. Unsworth with a reckless disregard for the truth or falsity of the statements or with actual knowledge of the falsity of the statements?

> ANSWER  (  ) Yes   (  ) No

4.  What monetary amount is Mr. Unsworth entitled to recover from Mr. Musk for presumed damages?

> $ _____.

5.  In publishing the false and defamatory July 15, 2018 statements about Mr. Unsworth, did Mr. Musk engage in that conduct that evidences malice or oppression?

> ANSWER  (  ) Yes   (  ) No

6.  What monetary amount is Mr. Unsworth entitled to recover from Mr. Musk for punitive damages?

$ _____.

The foreperson should date and sign the verdict form.

These are our unanimous answers. So say we all. This ____day of December 2019.

_____
Signature of Foreperson

**Plaintiff's Alternative to *Defendant's Proposed Verdict Form***

Plaintiff's Proposed Verdict Form is an alternative to Defendant's Proposed Verdict Form.  Plaintiff contends that his verdict form should follow the final instruction issued in this matter. *See Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1475 (9th Cir. 1995) ("[T]he trial court's complete discretion as to whether a special or general verdict is to be returned extends to determining the form of the verdict and interrogatories, provided that the questions asked are adequate to obtain a jury determination of all factual issues essential to judgement.") (internal quotation marks omitted).  General verdict forms are appropriate when the jury instructions correctly inform jurors about the law, as jurors are presumed to follow those instructions when executing a verdict form. *Madrigal v. Allstate Ins. Co.*, 215 F. Supp. 3d 870, 915 (C.D. Cal. 2016), *aff'd sub nom. Madrigal v. Allstate Indem. Co.*, 697 Fed. Appx. 905 (9th Cir. 2017) ("A jury is presumed to follow its instructions").

Plaintiff objects to Defendant's Proposed Verdict Form because (1) it inappropriately includes issues that have been or will be decided as a matter of law in Plaintiff's favor, including because of Defendant's void of evidence, such as defamation *per se*, falsity, of and concerning, consent, and republication, *id.* at 914-15 ("While the court's discretion regarding content of special verdict forms is broad, the Ninth Circuit has explained that, as a general matter, 'a new trial should be granted when a district court erroneously submits to a jury an issue that should have been decided as a matter of law and the basis of the jury's general verdict is unknown.'") (quoting *Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1050 (9th Cir. 1998)); (2) it erroneously limits defamation *per se* to criminal accusations, despite accusations of sexual deviance being defamatory *per se* as a matter of law, *see Shumate v. Johnson Publishing Co.*, 139 Cal. App. 2d 121, 132, 293 P.2d 531, 539 (1956) (holding "sexual deviate" as libelous per se); (3) it ignores the statutory definition of defamation *per se*, which includes written

36

statements that are libelous on their face that "expose[] any person to hatred, contempt, ridicule, or obloquy, or which cause[] him to be shunned or avoided," Cal. Civ. Code §§ 45, 45a; (4) it contravenes the law by precluding presumed damages if Plaintiff recovers for actual damages both to reputation and for shame, mortification, or hurt feelings; (5) it misstates the actual malice standard in both questions 10 and 12, erroneously substituting the "reckless disregard for truth or falsity" standard with the confusing "serious doubts" standard that ignores the breadth of law regarding what constitutes actual malice; (6) it inappropriately suggests to the jurors that they should award a nominal sum for assumed damages; and (7) it is overlong and unnecessarily confusing, inviting jurors to mistakenly enter judgement in favor of Defendant.

**Defendant's Proposed Jury Instructions And Verdict Form**

**1.     LIABILITY:  DEFAMATION PER SE – LIMITED PURPOSE PUBLIC FIGURE**

Mr. Unsworth claims that Mr. Musk harmed him by publishing statements on Twitter on July 15, 2018 conveying that Mr. Unsworth is a pedophile.

To establish this claim, Mr. Unsworth must prove all of the following:

1.     That on July 15, 2018, Mr. Musk published statements on Twitter conveying that Mr. Unsworth is a pedophile to a person other than Mr. Unsworth;

2.     That these people reasonably understood that the statements were about Mr. Unsworth;

3.     That these people reasonably understood the statements to mean that Mr. Unsworth was a pedophile; and

4.     That the statements on Twitter conveying that Mr. Unsworth is a pedophile were false.

In addition, Mr. Unsworth must prove that Mr. Musk made the statements with "actual malice," in other words, that Mr. Musk knew the statements were false or recklessly disregarded the truth of the statements when he made them.

1  **(Source:  CACI 1700; BAJI 7.02.)**

2

3  **Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

4       Mr. Musk respectfully requests that the Court adopt his proposed instruction

5  regarding the elements of defamation per se for a public figure.  As explained in Mr.

6  Musk's Memorandum of Contentions of Fact and Law, Mr. Musk's comments were

7  germane to the controversy, and Mr. Musk maintains his position that Mr. Unsworth

8  is a public figure.  This instruction is based on the CACI instruction for the elements

9  of defamation per se for limited purpose public figures, and does not add any

10 additional instructions which may confuse or mislead the jury.  This instruction

11 relies on the BAJI instruction only for the substitution of the word "published" for

12 the word "made" used in the CACI instruction.  The proposed instruction is both

13 proper and instructive for the jury.

14      A public controversy exists, Mr. Unsworth voluntarily injected himself into

15 the controversy and/or seeks to influence the resolution of it, and the alleged

16 defamatory statement is "germane" to the plaintiff's participation in the controversy.

17 *See Copp v. Paxton*, 45 Cal. App. 4th 829, 845-46 (1996); *Jankovic v. Int'l Crisis*

18 *Grp.*, 822 F.3d 576, 589 (D.C. Cir. 2016) (statements are germane if they relate "to

19 understanding [plaintiff's] role and why he wanted to be involved" in the

20 controversy); *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1298 (D.C.

21 Cir. 1980); *see also Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175, 183

22 (Ga. App. 2001) (comments comparing the plaintiff to a serial killer and discussing

23 his "aberrant personality" and "bizarre employment history" held germane to a

24 controversy over the 1996 Olympic bombing).  Likewise, Mr. Unsworth should be

25 considered a general ("all purpose") public figure because has used his role in the

26 Thai Cave rescue as a springboard to fame, starting with the CNN interview he gave

27 attacking Mr. Musk.  *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 334 (1974).

28

Mr. Musk objects to Mr. Unsworth's proposed jury instruction on the elements of defamation.  First, Mr. Unsworth's proposed instruction is for private figures, which Mr. Musk disputes.  Mr. Musk maintains that Mr. Unsworth's proposed instruction erroneously instructs the jury that Mr. Musk's actions must have been negligent.  Mr. Musk reasserts his position that an actual malice standard applies to this action.

Further, Mr. Unsworth's proposed instruction is overly long, confusing, and risks misleading the jury.  *See Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) ("[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.").  On issues of California law, the CACI instructions are clearly preferred, and should be used unless special circumstances exist that would warrant the use of a non-pattern jury instruction.  *See* California Rules of Court 2.1050(e) ("Use of the Judicial Council instructions is strongly encouraged. If the latest edition of the jury instructions approved by the Judicial Council contains an instruction applicable to a case and the trial judge determines that the jury should be instructed on the subject, it is recommended that the judge use the Judicial Council instruction unless he or she finds that a different instruction would more accurately state the law and be understood by jurors."); *see also Citizens of Humanity v. Sussman Shank, LLP*, 2017 WL 2713728, at *3 (C.D. Cal. Mar. 15, 2017) ("The Defendants did not err in failing to convince the trial court to deviate from giving a CACI, especially considering the court's stated preference of giving CACI instructions because of their inclusion of plain English.").  Mr. Unsworth's multi-page jury instruction on the elements of defamation is not "plain English," and is overly complicated and likely to confuse the jury.

Mr. Unsworth's instruction embraces numerous areas of law, including liability, falsity, negligence, and publication, which is prohibited by Local Rule 51-

2.  C.D. Cal. Local Rule 51-2(b) ("Each proposed instruction shall…[e]mbrace only one subject or principle of law[.]").

   a.  Mr. Musk objects to the inclusion of a section on falsity in the liability instruction.  The jury does not need an instruction on the meaning of falsity— this is a plain English term that does not require additional explanation.  Mr. Unsworth's instruction on falsity does not even purport to explain what "falsity" means but rather seeks to improperly shift the burden of proving Mr. Musk's statement was false to Mr. Musk.  Contrary to Mr. Unsworth's assertion, Mr. Musk's statement was not false as a matter of law.  It is axiomatic that Mr. Unsworth is required to present facts and prove all elements of his claim.  *See, e.g.*, *Lyons v. Williams*, 91 F.3d 1308, 1311 (9th Cir. 1996) ("it was the burden of the plaintiff to prove every element of the alleged violation" and jury instruction requiring plaintiff to prove essential elements of claim was not an error); *Juan Pollo Franchising, Inc. v. B & K Pollo Enterprises, Inc.*, 2015 WL 10695881, at *2 (C.D. Cal. Aug. 6, 2015) (Plaintiff's claim failed because at trial it "failed to satisfy its burden of proving an essential element of its claim.").  Mr. Musk has not stipulated that his statement was false, and therefore Mr. Unsworth must present evidence and carry his burden at trial of proving that the statement was false.

   b.  Mr. Musk objects to the inclusion of an instruction on negligence as a sub-section to the instruction on liability.  First, Mr. Musk reasserts his position that the standard in this case is actual malice, not negligence.  Further, inclusion of this legal principle within the liability instruction is contrary to Local Rule 51-2.  Even if the standard is negligence, the CACI instruction on liability for defamation for private figures adequately explains to the jury that it must find Mr. Musk "failed to use reasonable care to determine the truth or falsity of the statements."  CACI 1702.  If the Court finds negligence is the

1    correct standard, it should simply adopt CACI 1702 as the jury instruction on

2    liability.  *See* Mr. Musk's proposed jury instruction No. 3.

3    c.  Mr. Musk objects to the inclusion of an instruction on the meaning of

4        publication as a sub-section to the instruction on liability.  Inclusion of this

5        legal principle within the liability instruction is contrary to Local Rule 51-2.

6        Mr. Musk maintains that CACI 1700 (and CACI 1702, should the Court

7        determine Mr. Musk is a private figure) adequately sets out the elements of

8        publication, that is that Mr. Musk published statements on Twitter conveying

9        that Mr. Unsworth is a pedophile to a person other than Mr. Unsworth, that

10       these people reasonably understood that the statements were about Mr.

11       Unsworth, and that these people reasonably understood the statements to

12       mean that Mr. Unsworth was a pedophile.  CACI 1700, 1702.  Mr.

13       Unsworth's instruction on publicity also materially misleads the jury in

14       stating that "the Court has determined the July 15, 2018 are defamatory *per se*

15       and that a publication of the July 15, 2018 statements occurred as a matter of

16       law because the statements convey a defamatory *per se* meaning and were of

17       and concerning Mr. Unsworth" and that "you do not need to consider issues

18       of whether the statements are defamatory *per se*."  These statements are

19       misleading because they imply that the Court has already decided Mr. Musk

20       is liable for defamation, which it has not.  Mr. Unsworth's proposed

21       instruction is therefore improper.  *See Dang v. Cross*, 422 F.3d 800, 804 (9th

22       Cir. 2005) ("[J]ury instructions must fairly and adequately cover the issues

23       presented, must correctly state the law, and must not be misleading.").

24   d.  Mr. Unsworth's proposed jury instruction fails to clearly set out the third

25       element of the CACI instruction, that is that the persons to whom the

26       statements were made must have understood them to mean that Mr. Unsworth

27       is a pedophile, and the second element of the CACI instruction, that is that the

28

persons to whom the statements were made reasonably understood them to be about Mr. Unsworth.  CACI 1700.

Mr. Musk requests that the Court adopt his jury instruction on liability for defamation.

Separately, Mr. Musk objects to Mr. Unsworth's proposed statement of the case.

As an initial matter, the Court should not give the jury any statement of the case.  No statement of the case should be given to the jury as part of the instructions after summation, because the relevant evidence will already be before the jury and the jury's decision should be based on the evidence before them.  "The purpose of jury instructions is to give the jury a clear and concise statement of the law applicable to the facts of the case," not to repeat the facts after the close of the case. *Girden v. Sandals Intern.*, 262 F.3d 195, 203 (2d Cir. 2001); *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1194 (11th Cir. 1995) (same).  The jury instructions are not the appropriate place for Mr. Unsworth to recite facts favorable to him, or to otherwise elaborate on his theory of the case.  He will have had plenty of time to do that during the trial.  The jury instructions should be "a clear, concise, and accurate statement of the law in question," nothing more. *See Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991).  The Court should refuse to give Mr. Unsworth's statement of the case.

Further, Mr. Musk objects specifically to the content of Mr. Unsworth's proposed statement of the case.  Mr. Unsworth's proposal is argumentative. Argumentative instructions emphasize the evidence of one witness and disregard other relevant evidence. *See, e.g.*, *Spesco, Inc. v. General Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983) ("An instruction is viewed as argumentative if it emphasizes the testimony of one witness while disregarding other relevant evidence."); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (8th Cir. 1982).

Mr. Unsworth's proposed statement of the case is riddled with openly argumentative statements, such as that Mr. Musk published a false and defamatory statement on Twitter, and that Mr. Musk's subsequent publications are evidence that Mr. Musk's July 15 tweets were statements of fact, and were published with malice.

Finally, to the extent that Mr. Unsworth's proposed statement of the case summarizes the law on liability for defamation, actual damages, assumed damages, punitive damages, and republication, the statement is duplicative of the other jury instructions, and should not be given.  *See, e.g., Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005) ("It is not error to reject a theory-of-the-case instruction if the other instructions in their entirety cover the [case] theory[.]"); *Yowan Yang v. ActioNet, Inc.*, 2017 WL 2117028, at *9 (C.D. Cal. Jan. 23, 2017) ("The Court rejected this instruction because it is redundant … it was not error to reject Defendant's duplicative proposed instruction."); *see also Dupre v. Fru–Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) ("Repetitious instructions that place undue emphasis on a certain aspect of a party's case so as to prejudice the jury require reversal."); *McDonald v. Sandvik Process Systems, Inc.*, 870 F.2d 389, 395 (7th Cir. 1989) ("Refusal of instructions on a party's theory of the case is not reversible error if the instruction given adequately presents the party's theory."); *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 236–37 (7th Cir. 1956) (jury instructions "unduly emphasized defendant's version of the case" and were repetitious of other instructions already given, and therefore case was remanded for new trial).

Finally, Mr. Unsworth's statement of the case instruction is misleading because it omits any mention of Mr. Musk's affirmative defenses.

For these reasons, the Court should not give any statement of the case, and should reject Mr. Unsworth's proposed statement of the case.

## 2.   ACTUAL MALICE

Actual malice in this context does not mean hatred, ill will, or a desire to injure on the part of one person toward another.  Rather, "actual malice" means that, for each alleged defamatory statement, Mr. Unsworth must prove by clear and convincing evidence that Mr. Musk either knew that the statement was false or recklessly disregarded whether it was false.  Reckless disregard, in turn, means Mr. Unsworth must prove that, at the time Mr. Musk published the statement, Mr. Musk either had a high degree of awareness that the statement was probably false or entertained serious doubts as to the truth of that statement.

Only the mental state of Mr. Musk may satisfy the actual malice requirement. Your decision must be based upon Mr. Musk's mental state at the time Mr. Musk allegedly published the statement.

Reckless conduct is not measured by whether a reasonably prudent person would have published a particular statement or would have investigated before publishing it.  A failure to investigate must fairly be characterized as the purposeful avoidance of the truth or the product of a deliberate decision not to acquire knowledge to qualify as reckless conduct.  A failure to exercise ordinary or reasonable care in ascertaining the truth of a published statement does not constitute actual malice.

**(Source:  *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *Beckley Newspapers Corp. v. Hanks*, 389 U.S. 81 (1967); *Garrison v. Louisiana*, 379 U.S. 64 (1964); *St. Amant v. Thompson*, 390 U.S. 727 (1968); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657 (1989); *Rosenaur v. Scherer*, 88 Cal. App. 4th 260 (2001); *Antonovich v. Superior Court*, 234 Cal. App. 3d 1041 (Ct. App. 1991).)**

## Basis for Adopting Mr. Musk's Proposed Jury Instruction:

Should the Court determine that Mr. Unsworth is a limited purpose public figure, Mr. Musk must have made the allegedly defamatory statements with actual malice.  Although there is no model jury instruction on actual malice, Mr. Musk's proposed jury instruction is an "accurate statement of the law."  *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law," although "formulation or choice of language of the jury instructions is within the discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate statement of the law").

Mr. Musk's proposed jury instruction is based on Supreme Court and California case law defining actual malice.  Actual malice means the statement was made with "knowledge that it was false or with reckless disregard of whether it was false or not" and requires "clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth."  *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 334, 342(1974).  Actual malice is a subjective test and, at minimum, reckless disregard means that only "false statements made with the high degree of awareness of their probable falsity" can give rise to liability under the actual malice test.  *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964); *see also Beckley Newspapers Corp. v. Hanks*, 389 U.S. 81, 82 (1967)

1  (jury instructions equating constitutional malice with "ill will" "were clearly

2  impermissible.").

3

4      Mr. Musk objects to Mr. Unsworth's jury instruction on actual malice.  In

5  particular, Mr. Musk objects to the examples Mr. Unsworth provides of evidence he

6  may rely on to show actual malice.  These examples are argumentative.

7  Argumentative instructions emphasize the evidence of one witness and disregard

8  other relevant evidence.  Mr. Unsworth's proposed examples in his actual malice

9  instruction are all based on his distorted view of Mr. Musk's behavior, for example

10  that Mr. Musk fabricated an accusation against Mr. Unsworth or that Mr. Musk had

11  serious doubts about his tweet at the time he published it.  This Court should reject

12  argumentative instructions.  *See, e.g.*, *Spesco, Inc. v. General Elec. Co.*, 719 F.2d

13  233, 239 (7th Cir. 1983); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688

14  F.2d 1206, 1219 (8th Cir. 1982).

15      The examples also are not based on evidence, and are relevant only to Mr.

16  Unsworth's abandoned claim based on BuzzFeed's republication of Mr. Musk's

17  emails in the September 4, 2018 article, which is no longer part of this case.  Mr.

18  Unsworth's statements in the Pretrial Order and in his Memorandum of Contentions

19  of Fact and Law make clear that he is pursuing only a defamation per se claim based

20  on Mr. Musk's tweets.  *See, e.g.*, *DP Aviation v. Smiths Indus. Aerospace & Def.*

21  *Sys. Ltd.*, 268 F.3d 829, 842 (9th Cir. 2001) ("We have held that '[a] pretrial order

22  generally supersedes the pleadings, and the parties are bound by its contents.' We

23  follow this rule here by looking to the pretrial order in determining the scope of the

24  claims presented."); *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 886–

25  87 (9th Cir. 1981) ("Unless pretrial orders are honored and enforced, the objectives

26  of the pretrial conference to simplify issues and avoid unnecessary proof by

27  obtaining admissions of fact will be jeopardized if not entirely nullified.

28  Accordingly, a party need offer no proof at trial as to matters agreed to in the order,

1   nor may a party offer evidence or advance theories at the trial which are not

2   included in the order or which contradict its terms.").  The examples in Mr.

3   Unsworth's proposed instruction are not relevant to the issue remaining in the case,

4   and will only serve to confuse and mislead the jury.  *See Dang v. Cross*, 422 F.3d

5   800, 804 (9th Cir. 2005) ("[J]ury instructions must fairly and adequately cover the

6   issues presented, must correctly state the law, and must not be misleading.").  For

7   these reasons, Mr. Musk requests the Court adopt his jury instruction on actual

8   malice.

9         As to the order of the instructions, Mr. Musk agrees that, if the Court declines

10  to adopt Mr. Musk's proposed instruction No. 1, Mr. Musk's proposed instruction

11  No. 2 on Actual Malice should follow after the instruction on assumed damages.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.     ALTERNATIVE INSTRUCTION ON LIABILITY:  DEFAMATION PER SE – PRIVATE FIGURE, PUBLIC CONCERN**

Mr. Unsworth claims that Mr. Musk harmed him by publishing statements on Twitter on July 15, 2018 conveying that Mr. Unsworth is a pedophile.

To establish this claim, Mr. Unsworth must prove all of the following:

1.     That on July 15, 2018, Mr. Musk published statements on Twitter conveying that Mr. Unsworth is a pedophile to a person other than Mr. Unsworth;

2.     That these people reasonably understood that the statements were about Mr. Unsworth;

3.     That these people reasonably understood the statements to mean that Mr. Unsworth was a pedophile;

4.     That the statements on Twitter conveying that Mr. Unsworth is a pedophile were false; and

5.     That Mr. Musk failed to use reasonable care to determine the truth or falsity of the statements.

1 | **(Source:  CACI 1702; BAJI 7.02.)**

2

3 | **Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

4 |       Mr. Musk respectfully requests that the Court adopt his proposed instruction

5 | regarding the elements of defamation per se.  This instruction is based on the CACI

6 | instruction for the elements of defamation per se for private figures, and does not

7 | add any additional instructions which may confuse or mislead the jury. This

8 | instruction relies on the BAJI instruction only for the substitution of the word

9 | "published" for the word "made" used in the CACI instruction.  The proposed

10 | instruction is both proper and instructive for the jury.

11

12 |       Mr. Musk objects to Mr. Unsworth's proposed jury instruction on the

13 | elements of defamation.  Mr. Unsworth's instruction on the elements of defamation

14 | is also overly long, confusing, and risks misleading the jury.  *See Dang v. Cross*,

15 | 422 F.3d 800, 804 (9th Cir. 2005) ("[J]ury instructions must fairly and adequately

16 | cover the issues presented, must correctly state the law, and must not be

17 | misleading.").  On issues of California law, the CACI instructions are clearly

18 | preferred, and should be used unless special circumstances exist that would warrant

19 | the use of a non-pattern jury instruction.  *See* Cal. Rules of Court 2.1050(e) ("Use of

20 | the Judicial Council instructions is strongly encouraged. If the latest edition of the

21 | jury instructions approved by the Judicial Council contains an instruction applicable

22 | to a case and the trial judge determines that the jury should be instructed on the

23 | subject, it is recommended that the judge use the Judicial Council instruction unless

24 | he or she finds that a different instruction would more accurately state the law and

25 | be understood by jurors."); *see also Citizens of Humanity v. Sussman Shank, LLP*,

26 | 2017 WL 2713728, at *3 (C.D. Cal. Mar. 15, 2017) ("The Defendants did not err in

27 | failing to convince the trial court to deviate from giving a CACI, especially

28 | considering the court's stated preference of giving CACI instructions because of

their inclusion of plain English."). Mr. Unsworth's multi-page jury instruction on the elements of defamation is not "plain English," and is overly complicated and likely to confuse the jury.

Mr. Unsworth's instruction embraces numerous areas of law, including liability, falsity, negligence, and publication, which is prohibited by Local Rule 51-2. C.D. Cal. Local Rule 51-2(b) ("Each proposed instruction shall…[e]mbrace only one subject or principle of law[.]").

a. Mr. Musk objects to the inclusion of a section on falsity in the liability instruction. The jury does not need an instruction on the meaning of falsity—this is a plain English term that does not require additional explanation. Mr. Unsworth's instruction on falsity does not even purport to explain what "falsity" means but rather seeks to improperly shift the burden of proving Mr. Musk's statement was false to Mr. Musk. Contrary to Mr. Unsworth's assertion, Mr. Musk's statement was not false as a matter of law. It is axiomatic that Mr. Unsworth must present facts on all elements of his claim. *See, e.g.*, *Lyons v. Williams*, 91 F.3d 1308, 1311 (9th Cir. 1996) ("[I]t was the burden of the plaintiff to prove every element of the alleged violation" and jury instruction placing burden on plaintiff to prove essential elements of claim was not an error); *Juan Pollo Franchising, Inc. v. B & K Pollo Enterprises, Inc.*, 2015 WL 10695881, at *2 (C.D. Cal. Aug. 6, 2015) (Plaintiff's claim failed because at trial it "failed to satisfy its burden of proving an essential element of its claim."). Mr. Musk has not stipulated that his statement was false, and therefore Mr. Unsworth must present evidence at trial that the statement was in fact false.

b. Mr. Musk objects to the inclusion of an instruction on negligence as a sub-section to the instruction on liability. First, Mr. Musk reasserts his position that the standard in this case is actual malice, not negligence. Further, inclusion of this legal principle within the liability instruction is contrary to

Local Rule 51-2.  Even if the standard is negligence, the CACI instruction on liability for defamation for private figures adequately explains to the jury that it must find Mr. Musk "failed to use reasonable care to determine the truth or falsity of the statements."  CACI 1702.  If the Court finds negligence is the correct standard, it should simply adopt CACI 1702 as the jury instruction on liability.  *See* Mr. Musk's proposed jury instruction No. 3.

c.  Mr. Musk objects to the inclusion of an instruction on the meaning of publication as a sub-section to the instruction on liability.  Inclusion of this legal principle within the liability instruction is contrary to Local Rule 51-2.  Mr. Musk maintains that CACI 1700 (and CACI 1702, should the Court determine Mr. Musk is a private figure) adequately set out the elements of publication, that is that Mr. Musk published statements on Twitter conveying that Mr. Unsworth is a pedophile to a person other than Mr. Unsworth, that these people reasonably understood that the statements were about Mr. Unsworth, and that these people reasonably understood the statements to mean that Mr. Unsworth was a pedophile.  CACI 1700, 1702.  Mr. Unsworth's instruction on publicity also materially misleads the jury in stating that "the Court has determined the July 15, 2018 are defamatory *per se* and that a publication of the July 15, 2018 statements occurred as a matter of law because the statements convey a defamatory *per se* meaning and were of and concerning Mr. Unsworth" and that "you do not need to consider issues of whether the statements are defamatory *per se*."  These statements are misleading because they imply that the Court has already decided Mr. Musk is liable for defamation, which it has not.  Mr. Unsworth's proposed instruction is therefore improper.  *See Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) ("[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.").

d. Mr. Unsworth's proposed jury instruction fails to clearly set out the third element of the CACI instruction, that is that the persons to whom the statements were made must have understood them to mean that Mr. Unsworth is a pedophile, and the second element of the CACI instruction, that is that the persons to whom the statements were made reasonably understood them to be about Mr. Unsworth. CACI 1702.

In the event that the Court determines Mr. Unsworth is a private figure, Mr. Musk requests the Court adopt this proposed jury instruction on liability for defamation.

Separately, Mr. Musk objects to Mr. Unsworth's proposed statement of the case.

As an initial matter, the Court should not give the jury any statement of the case. No statement of the case should be given to the jury as part of the instructions after summation, because the relevant evidence will already be before the jury and the jury's decision should be based on the evidence before them. "The purpose of jury instructions is to give the jury a clear and concise statement of the law applicable to the facts of the case," not to repeat the facts after the close of the case. *Girden v. Sandals Intern.*, 262 F.3d 195, 203 (2d Cir. 2001); *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1194 (11th Cir. 1995) (same). The jury instructions are not the appropriate place for Mr. Unsworth to recite facts favorable to him, or to otherwise elaborate on his theory of the case. He will have had plenty of time to do that during the trial. The jury instructions should be "a clear, concise, and accurate statement of the law in question," nothing more. *See Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991). The Court should refuse to give Mr. Unsworth's statement of the case.

Further, Mr. Musk objects specifically to the content of Mr. Unsworth's proposed statement of the case. Mr. Unsworth's proposal is argumentative.

53

Argumentative instructions emphasize the evidence of one witness and disregard other relevant evidence.  *See, e.g.*, *Spesco, Inc. v. General Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983) ("An instruction is viewed as argumentative if it emphasizes the testimony of one witness while disregarding other relevant evidence."); *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F.2d 1206, 1219 (8th Cir. 1982). Mr. Unsworth's proposed statement of the case is riddled with openly argumentative statements, such as that Mr. Musk published a false and defamatory statement on Twitter, and that Mr. Musk's subsequent publications are evidence that Mr. Musk's July 15 tweets were statements of fact, and were published with malice.

Finally, to the extent that Mr. Unsworth's proposed statement of the case summarizes the law on liability for defamation, actual damages, assumed damages, punitive damages, and republication, the statement is duplicative of the other jury instructions, and should not be given.  *See, e.g., Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005) ("It is not error to reject a theory-of-the-case instruction if the other instructions in their entirety cover the [case] theory[.]"); *Yowan Yang v. ActioNet, Inc.*, 2017 WL 2117028, at *9 (C.D. Cal. Jan. 23, 2017) ("The Court rejected this instruction because it is redundant … it was not error to reject Defendant's duplicative proposed instruction."); *see also Dupre v. Fru–Con Engineering Inc.*, 112 F.3d 329, 335 (8th Cir. 1997) ("Repetitious instructions that place undue emphasis on a certain aspect of a party's case so as to prejudice the jury require reversal."); *McDonald v. Sandvik Process Systems, Inc.*, 870 F.2d 389, 395 (7th Cir. 1989) ("Refusal of instructions on a party's theory of the case is not reversible error if the instruction given adequately presents the party's theory."); *Howard v. Cincinnati Sheet Metal & Roofing Co.*, 234 F.2d 233, 236-37 (7th Cir. 1956) (jury instructions "unduly emphasized defendant's version of the case" and were repetitious of other instructions already given, and therefore case was remanded for new trial).

1    Finally, Mr. Unsworth's statement of the case instruction is misleading

2  because it omits any mention of Mr. Musk's affirmative defenses.

3    For these reasons, the Court should not give any statement of the case, and

4  should reject Mr. Unsworth's proposed statement of the case.

1

### 4.    FACT VERSUS OPINION

2

3        For Mr. Unsworth to recover, Mr. Musk's statement must have been a

4   statement of fact, not opinion. A statement of fact is one that can be proved to be

5   true or false. In some circumstances, Mr. Unsworth may recover if a statement

6   phrased as an opinion implies that a false statement of fact is true.

7        In deciding this issue, you should consider whether the average reader would

8   conclude from the language of the statement and its context that Mr. Musk was

9   implying that a false statement of fact is true.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**(Source:  CACI 1707.)**

**Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

Mr. Musk respectfully requests that the Court adopt his proposed jury instruction on fact versus opinion.  Mr. Musk's proposed instruction on "Fact versus Opinion" is identical to CACI instruction number 1707, modified to include the names of the parties.  For issues of state law, the CACI instructions are the preferred pattern jury instructions, and give a concise and clear explanation of the law. *See* California Rules of Court 2.1050(e).

Mr. Musk objects to Mr. Unsworth's proposed jury instruction on "Fact and Opinion."  This instruction is overly long, and gives an inflammatory example of a statement of fact ("In my opinion John Jones is a killer") which is not relevant to this case.  The case Mr. Unsworth cites for this example actually uses the example, "In my opinion John Jones is a liar."  *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-20 (1990).  The example used in *Milkovich* would be less inflammatory than the example proposed by Mr. Unsworth, but even the *Milkovich* example would not be helpful to the jury because Mr. Musk said nothing to the effect of "In my opinion, Mr. Unsworth is a pedophile."  Therefore this example is entirely unhelpful.

Mr. Unsworth's proposed instruction also includes a sub-section stating that a statement is a statement of fact in circumstances in which the defendant "explicitly disclosed a factual basis [for the statement], but the disclosed factual basis is false and/or materially incomplete."  This instruction has no basis in the evidence, as there is no evidence suggesting that Mr. Musk's tweets included any disclosure of a purported factual basis for the allegedly defamatory statement.  This instruction is therefore improper.  *See Vigal v. Monin, Inc.*, 166 F.3d 1219 (9th Cir. 1999) ("[A] jury instruction must have some foundation in the evidence …."); *Jenkins v. Union Pac. R. Co.*, 22 F.3d 206, 210 (9th Cir. 1994), *as amended* (July 7, 1994) ("A party

1    is entitled to an instruction concerning his or her theory of the case if it is supported

2    by law and *has some foundation in the evidence*.") (emphasis added).

3           Further, in stating that Mr. Unsworth may "recover actual damages" if Mr.

4    Musk's statement was a statement of fact, this jury instruction erroneously suggests

5    that Mr. Unsworth may recover assumed or punitive damages even if Mr. Musk's

6    statement was a statement of opinion.  That is not the law.  Statements of opinion

7    are not actionable as defamation. *See, e.g.*, *Gardner v. Martino*, 563 F.3d 981, 987

8    (9th Cir. 2009).  This Court must reject jury instructions that misstate the law, even

9    where the misstatement is by implication.  *United States v. Service Deli Inc.*,151

10   F3d 938, 942 (9th Cir. 1998) (district court properly refused a proposed jury

11   instruction that materially misstated the applicable law, where the proposed

12   instruction "contained an inaccurate statement of the law, because it implied that

13   price sharing between commonly owned companies is always permissible.

14   However, price sharing is only permissible in some circumstances. Therefore,

15   giving the proposed instructions would have misled the jury in a material respect.").

16          Mr. Unsworth's proposed jury instruction also fails to adequately explain that

17   the jury must consider the context of Mr. Musk's statements as a whole when

18   determining whether a statement was a statement of fact, and fails to instruct the

19   jury what it should do if it finds that it is ambiguous whether Mr. Musk's statements

20   were statements of fact.  These objections are explained in more detail below,

21   subsequent to Mr. Musk's proposed jury instructions on "Relevant Context for

22   Assessing Fact versus Opinion" and "Ambiguous Statements."

23          For these reasons, Mr. Musk requests the Court adopt his proposed jury

24   instruction on "Fact versus Opinion."

25

26

27

28

## 5.   RELEVANT CONTEXT FOR ASSESSING FACT VERSUS OPINION

A statement that does not make an assertion of a factual matters, and which does not suggest that a conclusion is being drawn from facts not disclosed in the statement, is commonly a statement of opinion.  In considering the context, you should take into account whether the surrounding circumstances of the statement, including the words used, the medium by which the statement is disseminated and whether the statement was made in the court of a debate or dispute, such that the remark was intended and understood not as fact but as rhetorical hyperbole, name-calling, or ridicule and thus a statement of opinion.

**(Source: *Koch v. Goldway*, 817 F.2d 507 (9th Cir. 1987); *Information Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980); Restatement (Second) of Torts § 566 cmt. e (1977).)**

**Basis for Adopting Mr. Musk's Proposed Instruction:**

Mr. Musk respectfully requests the Court adopt his proposed jury instruction on "Relevant Context for Assessing Fact versus Opinion." Although there is no model jury instruction on the relevant context for assessing whether a statement is a fact or opinion, Mr. Musk's proposed jury instruction is an "accurate statement of the law." *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law," although "formulation or choice of language of the jury instructions is within the discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate statement of the law").

This instruction would explain to the jury the boundaries between fact and opinion, and would correctly inform the jury that in deciding whether Mr. Musk's statement was a statement of fact, it must consider the context in which the statements were made, including the words used, the medium by which the statement was disseminated, and whether the statement was made in the course of a debate or dispute, such that the remark was intended and understood not as fact but, for example, as rhetorical hyperbole, name-calling, or ridicule and thus a statement of opinion. *See Info. Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980) ("In sum, the test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality in the context in which it was uttered or published. The court must consider all the words used, not merely a particular phrase or sentence. In addition, the court must give weight to cautionary terms used by the person publishing the statement. Finally, the court must consider

1   all of the circumstances surrounding the statement, including the medium by which

2   the statement is disseminated and the audience to which it is published.").

3        Mr. Musk reasserts his objections to Mr. Unsworth's instruction on fact and

4   opinion, and emphasizes that Mr. Unsworth's' proposed instruction fails to properly

5   explain to the jury that it must consider the context in which Mr. Musk's statements

6   were made when determining whether the statements were fact or opinion.  Thus,

7   Mr. Musk respectfully requests the Court adopt his proposed instruction on

8   "Relevant Context for Assessing Fact versus Opinion."

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# 6.   AMBIGUOUS STATEMENTS

If you find the words used by Mr. Musk in his statements are ambiguous as to whether the statement is a statement of fact or opinion, but you determine Mr. Musk honestly and without recklessness believed that they were an opinion and not a fact, then to find the words were meant as fact you must determine not only that a reasonable reader would interpret the words in a defamatory, factual sense, but also that Mr. Musk either:  (a) deliberately framed his statements in an ambiguous manner in the hope of insinuating a defamatory import to the reader, or (b) that Mr. Musk knew or acted in reckless disregard of whether his words would be interpreted by the average reader as defamatory statements of fact.

1  **(Source: *Good Gov't Grp. of Seal Beach, Inc. v. Superior Court*, 22 Cal. 3d 672**

2  **(1978).).**

3

4  <u>**Basis for Adopting Mr. Musk's Proposed Instruction:**</u>

5      Mr. Musk respectfully requests the Court adopt his proposed jury instruction

6  on "Ambiguous Statements."  Although there is no model jury instruction on

7  ambiguous statements of fact or opinion, Mr. Musk's proposed jury instruction is an

8  "accurate statement of the law."  *See, e.g.*, *United States v. Garza*, 980 F.2d 546,

9  554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law,"

10 although "formulation or choice of language of the jury instructions is within the

11 discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.

12 1990) (jury instruction must be "accurate statement of the law").

13     This instruction would explain to the jury what it is to do in the event it finds

14 it ambiguous whether Mr. Musk's statements were statements of fact or opinion.

15 The California Supreme Court has explained that "a statement is entitled to

16 constitutional protection if the words used are ambiguous but the defendant honestly

17 and without recklessness believes that they constitute an opinion or idea." *Good*

18 *Gov't Grp. of Seal Beach, Inc. v. Superior Court*, 22 Cal. 3d 672, 684, 586 P.2d 572

19 (1978).  Therefore, if the jury finds it ambiguous whether a statement was a

20 statement of fact or opinion, and determines that the defendant honestly and without

21 recklessness believed the statements were an opinion and not a fact, then to find the

22 words were meant as fact "the jury must find not only that the words were

23 reasonably understood in their defamatory, factual sense, but also that the defendant

24 either deliberately cast his statements in an equivocal fashion in the hope of

25 insinuating a defamatory import to the reader, or that he knew or acted in reckless

26 disregard of whether his words would be interpreted by the average reader as

27 defamatory statements of fact." *Id.*  Mr. Musk's proposed jury instruction is a short

28 and plain statement of this governing law.

1    Mr. Musk reasserts his objections to Mr. Unsworth's instruction on fact and
2 opinion, and emphasizes that Mr. Unsworth's' proposed instruction fails to properly
3 explain to the jury what it should do if it finds the words used by Mr. Musk in his
4 statements are ambiguous.  Thus, Mr. Musk respectfully requests the Court adopt
5 his proposed instruction on "Ambiguous Statements."

## 7.     EFFECT ON AVERAGE READER

The defamatory nature of a false and unprivileged publication must be determined by the natural and probable effect of the publication on the mind of the average reader.  The question is whether the average reader would regard Mr. Musk's statements as conveying falsity that tends to damage Mr. Unsworth's reputation.  This determination must be based on reading the entire text of the article.  The publication in question may not be divided into segments and each portion treated as a separate unit; it must be read as a whole in order to understand its import and the effect that it was calculated to have on the reader.

1  **(Source:  BAJI 7.01; *Kaelin v. Globe Communications Corp.*, 162 F.3d 1036 (9th**

2  **Cir. 1998); *Eastwood v. National Enquirer, Inc.*, 123 F.3d 1249 (9th Cir. 1997);**

3  ***Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123 (1985); *Corman v. Blanchard*,**

4  **211 Cal. App. 2d 126 (1962); *Davis v. Hearst*, 160 Cal. 143 (1911).)**

5

6  **<u>Basis for Adopting Mr. Musk's Proposed Instruction:</u>**

7        Mr. Musk respectfully requests the Court adopt his proposed jury instruction

8  on "Effect on Average Reader."  The first sentence of Mr. Musk's proposed jury

9  instruction is taken from BAJI 7.01 and the remainder of the instruction is based on

10  relevant Ninth Circuit and California case law.  This instruction would explain to the

11  jury that, when determining whether a statement is defamatory per se, the

12  defamatory nature of a false and unprivileged publication must be determined by the

13  natural and probable effect of the publication on the mind of the average reader.

14  *See, e.g.*, *Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036, 1040 (9th Cir. 1998)

15  ("California courts in libel cases have emphasized that the publication is to be

16  measured, not so much by its effect when subjected to the critical analysis of a mind

17  trained in the law, but by the natural and probable effect upon the mind of the

18  average reader." (citation omitted)).  Further, this instruction explains to the jury

19  that in determining whether Mr. Musk's statements were defamatory on their face,

20  "[t]he publication in question may not be divided into segments and each portion

21  treated as a separate unit; it must be read as a whole in order to understand its import

22  and the effect that it was calculated to have on the reader, and construed in the light

23  of the whole scope and apparent object of the writer, considering not only the actual

24  language used, but the sense and meaning that may be fairly presumed to have been

25  conveyed to those who read it."  *Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123,

26  1131 (1985).  This instruction is necessary because Mr. Unsworth is pursuing only a

27  defamation per se claim.  If Mr. Musk's statements were not susceptible to

28

1  defamatory meaning in the eyes of the average reader, then they are not defamatory

2  per se and Mr. Unsworth may not prevail on his defamation per se claim.

3         Mr. Unsworth does not have an analogous proposed jury instruction.  Mr.

4  Unsworth's failure to include this element in his proposed instructions is contrary to

5  the law.  For the reasons listed above, Mr. Musk respectfully requests the Court

6  adopt his proposed instruction on "Effect on Average Reader."

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 8. REASONABLE FORESEEABILITY OF REPUBLICATION OF STATEMENT

To find that Mr. Musk is liable for the publication of his statements on Twitter by third parties, Mr. Unsworth must show that the republication of the statement was reasonably foreseeable. Mr. Musk is liable for a subsequent publication by third parties if he authorized or intended the third party to publish his statement. For the republication to be reasonably foreseeable, it must have been an expected consequence of Mr. Musk's actions.

1   **(Source:  *Shively v. Bozanich*, 31 Cal. 4th 1230 (2003), *as modified* (Dec. 22,**

2   **2003); *Curley v. Vick*, 211 Cal. App. 2d 670 (1963); *Mitchell v. Superior Court*,**

3   **37 Cal. 3d 268 (1984).)**

4

5   **<u>Basis for Adopting Mr. Musk's Proposed Jury Instruction:</u>**

6         Mr. Musk respectfully requests the Court adopt his proposed jury instruction

7   on reasonable foreseeability.  Although there is no model jury instruction on

8   reasonable foreseeability, Mr. Musk's proposed jury instruction is an "accurate

9   statement of the law." *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir.

10  1992) (jury instruction must be "accurate statement of the law," although

11  "formulation or choice of language of the jury instructions is within the discretion of

12  the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury

13  instruction must be "accurate statement of the law").  Mr. Musk's statement is a

14  short and accurate statement of the law, which is that Mr. Musk is liable for

15  republication only if he "authorized nor intended such publication to be made" such

16  that it was "reasonably foreseeable." *Curley v. Vick*, 211 Cal. App. 2d 670, 673

17  (1963).  Mr. Musk's proposed jury instruction explains to the jury the meaning of

18  reasonable foreseeability under California defamation law, which is that "the

19  repetition was reasonably to be expected." *Mitchell v. Superior Court*, 37 Cal. 3d

20  268, 281 (1984) (citing Restatement (Second) of Torts § 576).

21

22        Mr. Musk objects to Mr. Unsworth's analogous proposed jury instruction

23  (titled "Republication").  Mr. Musk objects to Mr. Unsworth's characterization of

24  this standard as objective, as whether Mr. Musk authorized or intended the

25  republication is clearly a subjective standard.  Further, Mr. Musk objects to Mr.

26  Unsworth's proposed instruction because it fails to explain to the jury what

27  "reasonable foreseeability" means in the context of republication.  For these reasons,

28

1    Mr. Musk requests the Court adopt his proposed jury instruction on reasonable

2    foreseeability of republication.

3          Mr. Musk also notes his objection to the language in Mr. Unsworth's

4    proposed instruction informing the jury that "[t]he actual damages awarded to Mr.

5    Unsworth can be enhanced based on the third-party republications of Mr. Musk's

6    false and defamatory *per se* July 15, 2018 statements, regardless of whether Mr.

7    Unsworth has sought, or could seek, a recovery of such damages directly from the

8    republishers."  This instruction is not relevant to an assessment of whether

9    republication of the Tweets was reasonably foreseeable and conflates the damages

10   issue with the jury's determination of liability.

11         Mr. Musk therefore requests the Court adopt his proposed instruction on

12   reasonable foreseeability.

### 9.    AFFIRMATIVE DEFENSE: CONSENT

Mr. Musk has raised as an affirmative defense the allegation that Mr. Unsworth, through his conduct, invited or induced Mr. Musk's statements.  Mr. Musk is not responsible for any reputational harm Mr. Unsworth claims has occurred if Mr. Musk shows that Mr. Unsworth consented, by words or conduct, to the publication or republication of Mr. Musk's communication of the statement to others.  Inaction or silence can constitute consent to publication.  In deciding whether Mr. Unsworth consented to the communication, you should consider the circumstances surrounding the words or conduct.

**(Source:  CACI 1721;** *Sleepys LLC v. Select Comfort Wholesale Corp.***, 779 F.3d 191 (2d Cir. 2015);** *Bueno v. Becker***, 2016 WL 4506070 (Cal. Ct. App. Aug. 29, 2016);** *People v. Davidson***, 2015 WL 4751166 (Cal. Ct. App. Aug. 12, 2015);** *Puranmalka v. Puranmalka***, 149 A.D.2d 493 (N.Y. App. Div. 1989); Restatement, Torts, 2d, § 892.)**

**Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

Mr. Musk respectfully requests the Court adopt his proposed jury instruction on consent.  The second and fourth sentences are taken from CACI 1721 and the first and third sentences are based on the authorities cited in the "Sources and Authorities" section of CACI 1721 and Restatement (Second) of Torts § 892.  Mr. Musk is entitled to a jury instruction on consent because Mr. Musk is not responsible for any harm Mr. Unsworth claims has occurred if Mr. Musk shows that Mr. Unsworth consented, by words or conduct, to the publication or republication of Mr. Musk's communication of the statement to others.  CACI 1721.  Mr. Musk's proposed instruction explains to the jury that in deciding whether Mr. Unsworth consented to the communication, it should consider the circumstances surrounding the words or conduct. *Id.*  Further, inaction or silence can constitute consent to publication.  Restatement (Second) Torts, § 892.  Mr. Musk's proposed jury instruction is a short and plain statement of the law, and explains to the jury that Mr. Musk is not responsible for any harm Mr. Unsworth may have suffered if Mr. Unsworth invited or induced the allegedly defamatory statements. *Royer v. Steinberg*, 90 Cal. App. 3d 490, 499 (1979) (cited in CACI 1721) ("The primary purposes of the doctrine of consent in defamation law is to prevent a party from inviting or inducing indiscretion and thereby laying the foundation of a lawsuit for his own pecuniary gain."); *see also Sleepys LLC v. Select Comfort Wholesale Corp.*, 779 F.3d 191, 199-200 (2d Cir. 2015) ("[I]n some circumstances, a person's intentional eliciting of a statement she expects will be defamatory can constitute her

1  consent to the making of the statement.").  "Whether words or other conduct are

2  reasonably to be interpreted as expressions of consent to the publication is to be

3  determined by the reasonable inferences from the conduct in the light of the

4  circumstances surrounding it."    Restatement (Second) of Torts § 583

5  (1977).  Consent in fact may "be manifested by silence or inaction, if the

6  circumstances or other evidence indicate that the silence or inaction is intended to

7  give consent."  Restatement (Second) of Torts § 892 (1979); *see generally Bueno v.*

8  *Becker*, 2016 WL 4506070, at *2 (Cal. Ct. App. Aug. 29, 2016) (discussing consent

9  in tort and contract, holding that "plaintiff may also express consent by silence or

10  inaction if a reasonable person would understand that the silence or inaction

11  intended to indicate consent"); *People v. Davidson*, 2015 WL 4751166, at *7 n. 3

12  (Cal. Ct. App. Aug. 12, 2015) (discussing California civil jury instructions on

13  consent, noting a "person may also express consent by silence or inaction if a

14  reasonable person would understand that the silence or inaction intended to indicate

15  consent").

16      Mr. Unsworth has no analogous jury instruction.  Mr. Unsworth's failure to

17  include this affirmative defense in his proposed instructions is contrary to the law.

18  Consequently, Mr. Musk requests the Court adopt his proposed jury instruction on

19  consent.

20

21

22

23

24

25

26

27

28

## 10.   UNCLEAN HANDS

Mr. Musk has raised as an affirmative defense the allegation that Mr. Unsworth has come into court with unclean hands.  The doctrine of unclean hands is invoked when a plaintiff has engaged in inequitable, unfair, unconscionable, or deceitful conduct in connection with the same subject matter for which the plaintiff claims a right to damages.

Even if you determine that Mr. Unsworth has proved the elements of his case, you may still find against Mr. Unsworth if you determine that Mr. Musk has shown that Mr. Unsworth's conduct has been inequitable, unfair, unconscionable, or deceitful, and resulted in prejudice to Mr. Musk.  Mr. Unsworth's misconduct must be intimately connected with the issues in this case.

**(Source:  Matthew Bender, Cal. Forms of Jury Instruction 300F.29; *see also Unilogic, Inc. v. Burroughs Corp.*, 10 Cal App. 4th 612 (1992) (unclean hands applies in tort actions); *Kendall–Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970 (2000); *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015).)**

**Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

Mr. Musk respectfully requests the Court adopt his proposed jury instruction on unclean hands.  Although there is no model jury instruction on unclean hands, Mr. Musk's proposed jury instruction is an "accurate statement of the law." *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law," although "formulation or choice of language of the jury instructions is within the discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate statement of the law").  Mr. Unsworth is not entitled to recover any damages if he came into this case with unclean hands.  Mr. Musk's proposed instruction is based on the Cal. Forms of Jury Instruction 300F.29 and applicable California law on the unclean hands doctrine.  Under California law, unclean hands is available in legal as well as equitable actions, and is a question properly submitted to the jury.  *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal App. 4th 612, 618-619 (1992).  This defense applies if Mr. Unsworth engaged in "inequitable conduct" which "occurred in the transaction related directly to the matter before the court."  *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 987 (1999), *as modified on denial of reh'g* (Jan. 3, 2000).  Mr. Musk's proposed jury instruction is a short and plain statement of applicable law, and correctly explains to the jury the availability of this defense.

Mr. Unsworth has no analogous jury instruction.  Mr. Unsworth's failure to include this element in his proposed instructions is contrary to the law.

1   Consequently, Mr. Musk requests the Court adopt his proposed jury instruction on

2   unclean hands.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 11.  ACTUAL DAMAGES:  DEFAMATION PER SE

If Mr. Unsworth has proved Mr. Musk is liable for publishing without using reasonable care to determine their truthfulness the false statements that Mr. Unsworth is a pedophile, then Mr. Unsworth is entitled to recover his actual damages if he proves that Mr. Musk's wrongful conduct was a substantial factor in causing any of the following:

      a.  Harm to Mr. Unsworth's reputation; or

      b.  Shame, mortification, or hurt feelings.

1   **(Source:  CACI 1700, 1702.)**

2

3   **Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

4       Mr. Musk respectfully requests the Court adopt his proposed jury instruction

5   on actual damages, which is taken directly from CACI 1700 (limited purpose public

6   figure) and 1702 (private figure, matter of public concern).  Mr. Unsworth's

7   proposed instruction on actual damages does not include, and Mr. Musk agrees the

8   jury instruction should not include, subparts allowing for recovery of actual

9   damages for harm to harm to property, business, trade, profession, or occupation or

10   for expenses incurred as a result of the allegedly defamatory statements, as Mr.

11   Unsworth has conceded that he did not sustain such actual damages.

12

13       Mr. Musk objects to Mr. Unsworth's proposed instruction.  First, Mr. Musk

14   objects to the statement "If you find that Mr. Unsworth has proven by a

15   preponderance of the evidence that Mr. Musk negligently published the false and

16   defamatory *per se* July 15, 2018 statements conveying that Mr. Unsworth is a

17   pedophile, then …."  This statement "materially misstate[s] the law[,]" *United States*

18   *v. Service Deli Inc.*, 151 F3d 938, 942 (9th Cir. 1998), and is impermissibly

19   misleading, *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005).  This statement

20   implies that Mr. Musk's statements were false and defamatory, and that all the jury

21   needs to decide is whether Mr. Musk was negligent.  That is putting the cart before

22   the horse—Mr. Musk does not concede that the statements were false, or that they

23   were defamatory.  This proposed jury instruction therefore risks misleading the jury

24   and confusing the issues that they are to decide.

25       Mr. Musk also objects to Mr. Unsworth's final two explanatory paragraphs.

26   These paragraphs add additional information beyond the CACI instructions, and

27   there is no reason in this case that Mr. Unsworth's alternative instructions "would

28   more accurately state the law and be understood by jurors."  Cal. Rules of Court

1  2.1050(e).  To the contrary, Mr. Unsworth's proposed instructions overly complicate

2  the issue, which is simply that Mr. Unsworth must prove that Mr. Musk's conduct

3  was a substantial factor in causing actual harm.  There is no need to depart from the

4  CACI instruction on actual damages in a defamation per se case.

5      Finally, Mr. Musk lodges his objection to Mr. Unsworth's proposed jury

6  instruction on taxation of damages.  As an initial matter, there is no foundation in

7  the evidence for the proposition that Mr. Unsworth's damages award will be subject

8  to United States federal and state and/or United Kingdom taxes.  This is reason

9  alone to refuse to give the instruction.  Further, all of the cases Mr. Unsworth cites

10 in his proposed jury instruction on taxation of damages are about instructions on the

11 *non-taxability* of certain damages awards.  Mr. Unsworth does not cite, and Mr.

12 Musk is not aware of, any case in which any court has given a jury instruction on the

13 *taxability* of a damages award.  And Mr. Unsworth is wrong that the logic of the

14 non-taxability case applies to jury instructions on taxation of income.  An

15 instruction that a damages award is not taxable does not invite any sort of

16 speculation, because the jury can be assured that the amount of damages it awards

17 will not be reduced by any unknowable amount of taxes.  *See Bach v. Penn Cent.*

18 *Transp. Co.*, 502 F.2d 1117, 1123 (6th Cir. 1974) (non-taxability instruction does

19 "not require the jury to make complicated calculations nor does it necessitate

20 speculation").  The instruction Mr. Unsworth proposed invites exactly that type of

21 speculation because the jury will have absolutely no information about Mr.

22 Unsworth's potential United States tax liability, particularly because Mr. Unsworth

23 is a United Kingdom citizen and lives in Thailand.  Mr. Unsworth is seeking to have

24 the jury inflate his damages award based on speculated, and perhaps non-existent,

25 taxation that his damages award may or may not be subjected to.

26      For these reasons, Mr. Musk requests the Court adopt his proposed jury

27 instruction on actual damages, and also requests this Court reject Mr. Unsworth's

28 proposed  jury instruction on taxation of damages.

### 12.     ASSUMED DAMAGES:  DEFAMATION PER SE

If Mr. Unsworth has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings but proves by clear and convincing evidence that Mr. Musk published the statement with actual malice, that is that Mr. Musk knew the statement was false or that he had serious doubts about the truth of the statements, then the law assumes that Mr. Unsworth's reputation has been harmed and that he has suffered shame, mortification, or hurt feelings.  Without presenting evidence of damage, Mr. Unsworth is entitled to receive compensation for this assumed harm in whatever sum you believe is reasonable.  You must award at least a nominal sum, such as one dollar.

**(Source:  CACI 1700, 1702.)**

**Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

Mr. Musk requests the Court adopt his proposed jury instruction on assumed damages, which is taken directly from CACI 1700 (limited purpose public figure) and 1702 (private figure, matter of public concern).

Mr. Musk objects to Mr. Unsworth's proposed instruction.  There is no reason to depart from the CACI instructions, and nothing about Mr. Unsworth's proposed alternative makes the instruction a more accurate statement of law or easier to understand by jurors.  Cal. Rules of Court 2.1050(e).  To the contrary, Mr. Unsworth's proposed instructions overly complicate the issue, which is simply that Mr. Unsworth must prove by clear and convincing evidence that Mr. Musk published the statement with actual malice, and if he does so then he is entitled to receive compensation for this assumed harm in whatever sum the jury believes is reasonable.  *See* CACI 1700, 1702.

Further, Mr. Unsworth's examples of the types of evidence the jury may consider (1) materially misstate the law, or (2) are irrelevant, unhelpful, and have no foundation in the evidence.      Finally, Mr. Musk reasserts his objection to Mr. Unsworth's taxation of damages instruction, as if they had been reprinted here in full.  *See supra*, at Mr. Musk's proposed jury instruction No. 11, on actual damages.

For these reasons, Mr. Musk requests the Court adopt his proposed instruction on assumed damages.    If the Court declines to give Defendant's jury instruction No. 1, the instruction on "Actual Malice" should follow this instruction.

### 13.    PUNITIVE DAMAGES:  DEFAMATION PER SE

Mr. Unsworth also may recover damages to punish Mr. Musk if he proves by clear and convincing evidence that Mr. Musk acted with actual malice in publishing the statements on Twitter about Mr. Unsworth, that is that Mr. Musk either knew the statements were false or had serious doubts about the truth of the statements.  Mr. Unsworth also must prove that Mr. Musk acted with malice, oppression, or fraud.

1   **(Source:  CACI 1700, 1702.)**

2

3   **Basis for Adopting Mr. Musk's Proposed Jury Instructions:**

4       Mr. Musk requests the Court adopt his proposed jury instruction on assumed

5   damages, which is taken directly from CACI 1700 (limited purpose public figure)

6   and 1702 (private figure, matter of public concern).

7

8       Mr. Musk objects to Mr. Unsworth's proposed instruction.  There is no reason

9   to depart from the CACI instructions, and nothing about Mr. Unsworth's proposed

10   alternative makes the instruction a more accurate statement of law, nor is Mr.

11   Unsworth's proposed punitive damages instruction easier to understand than the

12   CACI instruction.  Cal. Rules of Court 2.1050(e).

13       For example, Mr. Musk objects to the paragraph in Mr. Unsworth's proposed

14   instruction beginning with "In civil cases, punitive damages are quasi-criminal in

15   purpose … ."  As an initial matter, the jury should not be informed that punitive

16   damages are quasi-criminal.  This statement in inflammatory, prejudicial, and is not

17   "a clear, concise, and accurate statement of the law in question."  *See Floyd v. Laws*,

18   929 F.2d 1390, 1394 (9th Cir. 1991); *Aleman v. CDCR*, 2016 WL 3254029, at *13

19   (E.D. Cal. June 13, 2016), *report and recommendation adopted*, 2016 WL 9685587

20   (E.D. Cal. Aug. 4, 2016) ("jury instructions must be neutral and

21   nonargumentative").  The jury does not need this description in order to adequately

22   assign punitive damages.  The legal elements necessary for the jury to award

23   punitive damages are sufficiently covered by the CACI instruction on defamation

24   per se.  *See CACI 1700, 1702.*

25       Further, the second and third sentences of this paragraph are duplicative of

26   one another.  The Court should refuse to give at least one of these instructions.  *See,*

27   *e.g., Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005) (it is not an error to reject

28   duplicative instructions); *Yowan Yang v. ActioNet, Inc.*, 2017 WL 2117028, at *9

(C.D. Cal. Jan. 23, 2017) ("The Court rejected this instruction because it is redundant … it was not error to reject Defendant's duplicative proposed instruction.").

Mr. Musk also objects to Mr. Unsworth's modification of the language from CACI 3940, which states that "If you decide to award punitive damages, you **should** consider all of the following factors in determining the amount," to state that "In determining the amount of punitive damages, if any, you **may** consider the following factors in determining the amount." The CACI model instruction requires the jury to consider the presence or absence of each of the enumerated factors. Mr. Unsworth's instruction wrongly implies that the jury need not consider the absence of the enumerated factors in assessing punitive damages. This Court must reject jury instructions that misstate the law, even where the misstatement is by implication. *United States v. Service Deli Inc.*, 151 F3d 938, 942 (9th Cir. 1998) (district court properly refused a proposed jury instruction that "contained an inaccurate statement of the law, because it implied that price sharing between commonly owned companies is always permissible" when "price sharing is only permissible in some circumstances," and the instruction "would have misled the jury in a material respect").

In addition, Mr. Musk objects to Mr. Unsworth's statement that the jury may consider evidence of Mr. Musk's net worth, wealth, and financial condition. Any punitive damages awarded to Mr. Unsworth will be capped at a one–to–one (or similar) ratio to any award of compensatory damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 429 (2003) (Compensatory damages often contain a "punitive element" and where "compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee." Thus, "the substantial compensatory damages awarded (a portion of which contained a punitive element), likely would justify a punitive damages award at or near the amount of compensatory damages.").

1  Punitive damages thus are capped at a one–to–one or similar single-digit ratio to
2  compensatory damages.  *See, e.g.*, *Dawe v. Corr. USA*, 506 F. App'x 657, 660 (9th
3  Cir. 2013); *Peterson v. Stewart*, 2012 WL 541521, at *13 (Cal. Ct. App. Feb. 17,
4  2012).  Mr. Musk has stipulated that his net worth is in excess of $1 billion and thus
5  any other evidence of Mr. Musk's net worth, wealth, or financial condition is
6  irrelevant and the jury should not be allowed to consider it.

7       Finally, Mr. Musk reasserts his objection to Mr. Unsworth's taxation of
8  damages instruction, as if they had been reprinted here in full.  *See supra*, at Mr.
9  Musk's proposed jury instruction No. 11, on actual damages.

10       For these reasons, Mr. Musk requests the Court adopt his jury instruction on
11  punitive damages.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 14.     AFFIRMATIVE DEFENSE: MITIGATION

You should also consider what efforts Mr. Unsworth took to minimize the effects of his alleged injury.  One who has been injured by the defamation of another must use reasonable care to prevent any aggravation or increase of the injury.  Mr. Unsworth is not entitled to be compensated for any injury or aggravation of injury caused by his failure to minimize damages.  Thus, you should reduce the damages awarded to Mr. Unsworth to the extent you find that Mr. Unsworth made his condition worse by not taking reasonable care to prevent any aggravation or increase of the injury.  It is Mr. Musk's burden to prove by a preponderance of the evidence that Mr. Unsworth has failed to minimize his damages.

1  **(Source: CACI 3930.)**

2

3  <u>**Basis for Adopting Mr. Musk's Proposed Jury Instruction:**</u>

4          Mr. Musk respectfully requests the Court adopt his proposed jury instruction

5  on mitigation of damages.  As a matter of law, Mr. Unsworth was required to

6  mitigate his damages.  *See Green v. Smith*, 261 Cal. App. 2d 392, 396 (1968) ("It

7  has been the policy of the courts to promote the mitigation of damages. The

8  doctrine applies in tort, wilful as well as negligent. A plaintiff cannot be

9  compensated for damages which he could have avoided by reasonable effort or

10 expenditures.").  Mr. Musk's proposed jury instruction is based on CACI instruction

11 number 3930, modified to include the names of the parties and the nature of the

12 claim at issue in this case.  It is a short and plain statement of the law, that correctly

13 instructs the jury that Mr. Unsworth is not entitled to damages for harm that he

14 could have prevented.

15          Mr. Unsworth has no analogous jury instruction.  Mr. Unsworth's failure to

16 include this element in his proposed instructions is contrary to the law.

17 Consequently, Mr. Musk requests the Court adopt his proposed jury instruction on

18 mitigation of damages.

19

20

21

22

23

24

25

26

27

28

### <u>Defendant's Proposed Verdict Form</u>

We answer the questions submitted to us as follows:

### <u>LIABILITY</u>

1.   Has Mr. Unsworth proved that Mr. Musk made a provable statement of fact conveying that Mr. Unsworth is a pedophile in his July 15, 2018 tweets?

**YES \_\_\_\_   NO \_\_\_\_**

*If you answered yes, then answer question 2.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

2.   Has Mr. Unsworth proved that the same provable statement or statements of fact referred to in Question 1 was false?

**YES \_\_\_\_   NO \_\_\_\_**

*If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

3.   Has Mr. Unsworth proved that Mr. Musk failed to use reasonable care to determine the truth or falsity of the false statement or statements referred to in Question 2?

**YES \_\_\_\_   NO \_\_\_\_**

*If your answer to question 3 is yes, then answer question 4.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form*

4.  Has Mr. Unsworth proved that the people to whom those same false statement or statements were made reasonably understood those statement(s) to mean that Mr. Unsworth had committed a crime?

**YES \_\_\_\_   NO \_\_\_\_**

*If your answer to question 4 is yes, then answer question 5.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

**CONSENT**

5.  Did Mr. Unsworth, though his action or inaction, consent to Mr. Musk's July 15, 2018 tweets?

**YES \_\_\_\_   NO \_\_\_\_**

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form.  If you answered no, proceed to question 6.*

**UNCLEAN HANDS**

6.  Was Mr. Unsworth's conduct unconscionable, inequitable, unfair, or deceitful, as it relates to circumstances surrounding the July 15, 2018 tweets?

**YES \_\_\_\_   NO \_\_\_\_**

*If you answered yes, answer no further questions, and have the presiding juror sign and date this form.  If you answered no, proceed to question 7.*

**REPUBLICATION**

7.  Has Mr. Unsworth proved that Mr. Musk authorized, intended, or reasonably expected the republication of the statements in his July 15, 2018 tweets?

**YES \_\_\_\_   NO \_\_\_\_**

*Proceed to the next question.*

## DAMAGES

### SUBSTANTIAL FACTOR

8.   Was Mr. Musk's conduct a substantial factor in causing

Mr. Unsworth's  actual harm?

### YES _____   NO _____

*If you answered yes, then answer question 9.  If you answered no, skip to question 10.*

### ACTUAL DAMAGES

9.   What are Mr. Unsworth's actual damages for:

a.  Harm to Mr. Unsworth's reputation?     $ _____

b.  Shame, mortification, or hurt feelings?   $ _____

*If Mr. Unsworth has not proved any actual damages for either a or b, then answer question 10.  If Mr. Unsworth has proved actual damages for both a and b, skip question 10 and answer question 12.*

### ASSUMED DAMAGES

10.   Did Mr. Unsworth prove by clear and convincing evidence that Mr.

Musk knew the statements were false or had serious doubts about the

truth of the statements?

### YES _____   NO _____

*If you answered yes, then answer question 11.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

11.  What are the damages you award Mr. Unsworth for the assumed harm to his reputation, and for shame, mortification, or hurt feelings? You must award at least a nominal sum.   $ _____

*Answer the next question.*

## PUNITIVE DAMAGES

12.  Did Mr. Unsworth prove by clear and convincing evidence that Mr. Musk knew the statements were false or had serious doubts about the truth of the statements?

**YES _____   NO _____**

*If you answered yes, then answer question 13.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

13.  Did Mr. Unsworth prove by clear and convincing evidence that Mr. Musk acted with malice, oppression, or fraud?

**YES _____   NO _____**

*If you answered yes, then answer question 14.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.*

14.  What is your award of punitive damages, if any, against Mr. Musk? $ _____

**Basis for Adopting Mr. Musk's Verdict Form:**

Mr. Musk's verdict form follows CACI  Verdict Form 1702 for liability and damages and inserts Mr. Musk's affirmative defenses prior to a determination of damages.  If this Court agrees that Mr. Unsworth is a limited-purpose public figure, then the portion of the verdict form addressing the standard of care instead should be replaced with the following from CACI Verdict Form 1700:  "Did Mr. Unsworth prove by clear and convincing evidence that Mr. Musk knew the statement was false or had serious doubts about the truth of the statement?"

As explained in the "Directions for Use" of CACI Verdict Form 1702, the model verdict form is based on CACI 1701, Defamation per se – Essential Factual Elements (Private Figure – Matter of Public Concern) and "should be used in this type of case."  The model special verdict form "may need to be modified depending on the facts of the case."  CACI VF-1702.  Mr. Musk has modified the model verdict form to reflect that Mr. Unsworth is seeking actual damages only for harm to reputation and for shame, mortification, or hurt feelings, and to include Mr. Musk's affirmative defenses.

Mr. Musk objects to Mr. Unsworth's proposed verdict form.  Mr. Unsworth's verdict form does not require the jury to answer yes or no to each element of liability, which risks jury confusion on the issue whether Mr. Musk is liable for defamation.  Mr. Unsworth's only question on liability is: "Did Mr. Musk negligently publish the July 15, 2018 false defamatory *per se* statements about Mr. Unsworth?".  This question invites the jury to assume that the statements were statements of fact, that they were false, that they were about Mr. Unsworth, and that the average reader would understand them to be defamatory per se, such that the only question the jury must decide is whether those statements were published negligently.  For this reason alone, the Court should reject Mr. Unsworth's proposed verdict form. *United States v. Real Prop. Located at 20832 Big Rock Drive, Malibu,*

1  *Cal. 902655*, 51 F.3d 1402, 1408 (9th Cir. 1995) ("The district court has broad

2  discretion in deciding whether to send the case to the jury for a special or general

3  verdict. This discretion extends to determining the content and layout of the verdict

4  form, and any interrogatories submitted to the jury, *provided the questions asked are*

5  *reasonably capable of an interpretation that would allow the jury to address all*

6  *factual issues essential to judgment*.") (emphasis added); *In re Hawaii Fed. Asbestos*

7  *Cases*, 871 F.2d 891, 894 (9th Cir. 1989) (same).  Mr. Unsworth's proposed verdict

8  form does not allow the jury to address all factual issues essential to judgment, and

9  should be rejected.

10     And even if Mr. Unsworth's question were not phrased in the legally incorrect

11  and misleading manner, the jury should be presented with a verdict form requiring

12  them to answer yes or no as to every element of liability for defamation.  "[T]he

13  propriety of using a special verdict should be determined according to 'the particular

14  circumstances of [each] case.'"  *United States v. Reed*, 147 F.3d 1178, 1180 (9th

15  Cir. 1998) (citation omitted).  A detailed special verdict form is warranted in this

16  case, as the CACI form indicates, because, for liability and damages, the jury must

17  be unanimous as to a number of elements.  It risks confusing the issues for the jury

18  to answer only general verdict questions, and use of the special verdict form

19  proposed by Mr. Musk "eliminates the necessity for and use of complicated

20  instructions on the law, which are a normal concomitant of the general verdict."  *R.*

21  *H. Baker & Co. v. Smith-Blair, Inc.*, 331 F.2d 506, 511 (9th Cir. 1964).  Mr.

22  Unsworth's proposed verdict form is overly simplistic, risks misleading the jury,

23  and will require overly complicated jury instructions in order for the jury to

24  determine whether it should find for Mr. Unsworth.

25     For the same reason, the jury should also be required to answer specific

26  questions related to its damages awards, and Mr. Unsworth's general questions on

27  damages should be rejected.  The damages questions are overly simplistic, risk

28  misleading the jury, and will require overly complicated jury instructions in order

1   for the jury to determine whether it should award damages to Mr. Unsworth.  The

2   damages questions also do not "allow the jury to address all factual issues essential

3   to judgment" because they fail to inform the jury that it must find by clear and

4   convincing evidence that Mr. Musk acted with actual malice and acted with

5   common law malice or oppression.  Mr. Unsworth's proposed verdict form also fails

6   to explain that the jury may not award assumed damages if it finds Mr. Unsworth

7   presented evidence of both harm to reputation and shame, mortification, or hurt

8   feelings.  Mr. Unsworth's proposed verdict form does not even allow the jury to

9   separate out actual damages for harm to reputation from actual damages for shame,

10  mortification, or hurt feelings, so the jury cannot properly evaluate whether as a

11  matter of law it is even allowed to award assumed damages.  His proposed verdict

12  form is therefore improper under *Real Prop. Located at 20832 Big Rock Drive,*

13  *Malibu, Cal. 902655*, 51 F.3d at 1408, and *In re Hawaii Fed. Asbestos Cases*, 871

14  F.2d at 894.

15      Finally, Mr. Unsworth's proposed verdict form fails to include any of Mr.

16  Musk's affirmative defenses.  This is prejudicial to Mr. Musk, and the jury should

17  be given the opportunity to state whether it finds any of Mr. Musk's affirmative

18  defenses apply in this case.  *See Nash v. Lewis*, 365 F. App'x 48, 51 (9th Cir. 2010)

19  ("Verdict forms are, in essence, instructions to the jury … Reversible error occurs

20  when the instructions do not 'fairly and correctly' cover the substance of the

21  applicable law … and failing to list affirmative defenses or elements thereof is an

22  error); *Falcon Stainless, Inc. v. Rino Companies, Inc.*, 2011 WL 13130703, at *17

23  (C.D. Cal. Oct. 21, 2011), *aff'd*, 572 F. App'x 483 (9th Cir. 2014) (The district court

24  replaced "the parties' special verdict form with a general verdict form. In so doing,

25  space for a finding on [defendant's] affirmative defense of unclean hands was not

26  included. Where the original agreed-upon verdict form allowed for a finding on this

27  issue, and defendants had relied on the defense during their case, the substituted

28

1    general verdict should have provided for a jury finding on this issue. Because it did

2    not, a new trial is warranted.").

3         Mr. Musk requests the Court adopt his proposed verdict form.