QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>  Plaintiff,<br><br>  vs.<br><br>ELON MUSK,<br><br>  Defendant. | Case No. 2:18-cv-08048<br><br>Judge: Hon. Stephen V. Wilson<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW (L.R. 16-10)**<br><br>Complaint Filed: September 17, 2018<br>Trial Date: December 3, 2019 |

**REPLY MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Pursuant to Local Rule 16-10(c), Defendant Elon Musk submits this reply to Plaintiff Vernon Unsworth's memorandum of contentions of fact and law to inform the Court that Mr. Unsworth's abandonment of his claim that Mr. Musk's emails to BuzzFeed are defamatory renders inadmissible all evidence on the emails and an investigation into Mr. Unsworth that pre-dates the emails. Mr. Musk will address the remainder of the disputed issues at the Pre-Trial Conference.

## I. EVIDENCE RELATED TO MR. UNSWORTH'S ABANDONED CLAIM BASED ON THE BUZZFEED EMAILS SHOULD BE EXCLUDED.

As part of his original defamation claim, Plaintiff's Complaint included statements Mr. Musk made about Mr. Unsworth in two August 30, 2018 emails to a BuzzFeed reporter. (*See* Dkt. 1, ¶¶ 88-90, 92-93, 95-96.) In his Pre-Trial filings, however, Mr. Unsworth abandoned that part of his claim and has confined it to statements Mr. Musk made in three July 2018 tweets. (*See* Dkt. 129, at 5 (identifying and quoting the July 15, 2018 tweets as the entirety of allegedly defamatory statements at issue in the case); *see also* Dkt. 113-1, at 2; Dkt. 114, at 3.) Yet to bolster his case, Mr. Unsworth still wants to introduce the evidence of BuzzFeed's publication of Mr. Musk's emails and of "efforts to leak to the press false and defamatory information about Plaintiff, including through Defendant's private investigator." (Dkt. 114, at 4, 11.) The Court should exclude this evidence, on several grounds.

### A. The Investigation And BuzzFeed Evidence Is Not Relevant.

Given Mr. Unsworth's narrowing of his claim, evidence concerning the investigation into Mr. Unsworth and the BuzzFeed emails is irrelevant.

To start, the investigation and BuzzFeed emails relate to claims that are no longer in the case and should be excluded on this ground alone. *See Siqueiros v. Fed. Nat'l Mtge. Ass'n*, 2015 WL 3465782, at *2 (C.D. Cal. June 1, 2015) (sustaining objection to admission of statements that "relate to claims the Court has already

-1- Case No. 2:18-cv-08048
DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

dismissed, and thus are not relevant to the remaining claims in the case"); *Herwick v. Budget Rent-A-Car Sys. Inc.*, 2011 WL 13213626, at *4 (C.D. Cal. Mar. 22, 2011) (excluding evidence related to dismissed claims). Such evidence is not probative of any element of Mr. Unsworth's claim that Mr. Musk's July 15, 2018 tweets were defamatory. It does not make the fact of publication of the July tweets any more or less probable; it does not address or concern whether people understood the July tweets to be about Mr. Unsworth; it is does not make the falsity of the July tweets any more or less probable; and it is not probative in any way of the requirement that the July tweets be provable statements of fact, not opinion.

Nor could the investigation and BuzzFeed email evidence be relevant to Mr. Unsworth's request for punitive damages. That is because it post-dated the conduct for which Mr. Unsworth seeks to hold Mr. Musk liable—by at least one month. Evidence of purported "'bad conduct' … for which punitive damages might be assessed must have occurred **at or before**" the time of the conduct giving rise to the cause of action. *Klawer v. SDI Residual Assets LLC*, 2012 WL 13001298, at *5 (C.D. Cal. Mar. 26, 2012) (rejecting "plaintiff's argument that evidence of subsequent conduct might be relevant to defendant's state of mind at the time of the injury" because "admitting evidence of subsequent wrongful conduct [has a] danger it would be used to punish defendant for conduct other than that giving rise to plaintiff's actual damages"). *Cf. Okada v. Whitehead*, 759 F. App'x 603, 605 (9th Cir. 2019) (allowing only evidence that occurred "**contemporaneously** with [defendant]'s fraudulent conduct" because only that is "relevant to whether [defendant] acted with malice") (emphasis added).

### B. Such Evidence Also Should Be Excluded Under Rule 403 Because It Will Result In Unfair Prejudice.

The investigation and BuzzFeed evidence is inadmissible also under Rule 403 because it would confuse and mislead the jury and result in unnecessary delay, substantially outweighing any probative value. Fed. R. Evid. 403.

### 1. The Evidence Risks Substantial Confusion and Delay.

*First*, evidence regarding "claims that have been abandoned, modified, adjudicated, or otherwise rendered obsolete" is properly excluded under Rule 403 because it risks confusion about the issues in dispute and the "claims currently asserted." *Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am. Inc.*, 2009 WL 1046135 at *10 (M.D. Fla. April 19, 2009). Courts in this Circuit have therefore excluded evidence that related to dismissed claims or conduct alleged in other cases and would therefore confuse the issues and mislead the jury as to what was actually in dispute. *See, e.g.*, *Ferguson v. Waid*, 2018 WL 5734662 at *3 (W.D. Wash. Nov. 2, 2018) (excluding evidence related to prior alleged discrimination and constitutional violations by defendant, and prior lawsuit by a different plaintiff , where those claims had been dismissed or were not at issue in present action); *Oyarzo v. Tuolumne Fire Dist.*, 2013 WL 5718882, at *12 (E.D. Cal. Oct. 18, 2013) (excluding evidence of co-plaintiff's dismissed discrimination claim, even though relevant, because of the "danger [of] confusing the issues and misleading the jury").

Here, introduction of the BuzzFeed emails is likely to confuse the jury as to whether Mr. Unsworth's defamation claim is based also on the statements to BuzzFeed, or just the earlier tweets, allowing the jury to find against Mr. Musk on the basis of the BuzzFeed emails. Such evidence is thus to be excluded. *Adelson v. Hananel*, 428 F. App'x 717, 718 (9th Cir. 2011) (evidence in a defamation case showing defendant had repeated the allegedly defamatory statements that formed the basis of plaintiff's defamation properly excluded because evidence was of "extremely limited or no probative value" and "had a high probability of confusing the jury").

*Second*, introduction of evidence of the investigation and the BuzzFeed emails and article will cause substantial delay.[1] The evidence will lead to a "trial within a

---

[1] This evidence is the subject of numerous motions in limine. (*See, e.g.*, Dkt. 95, at 10, 16; Dkt. 98, Dkt. 101.)

DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

trial" as to whether the statements to BuzzFeed were defamatory, whether Mr. Musk spoke with actual or common law malice, oppression, or fraud (including but not limited to, based on what Mr. Musk had learned from the investigation about Mr. Unsworth), whether BuzzFeed's republication of Mr. Musk's emails was reasonably foreseeable, and whether Mr. Unsworth invited or induced to their publication.  Far from rendering the trial *more* efficient, Mr. Unsworth's gamesmanship in seeking to backdoor a claim based on the BuzzFeed emails would cause substantial jury confusion and delay that substantially outweighs any legitimate, probative value of the evidence.  *See, e.g.*, *Bhatti v. Ulahannan*, 414 F. App'x 988, 989 (9th Cir. 2011) ("[A]llowing the evidence would effectively require a mini-trial within a trial and likely confuse the jury.").

*Finally*, even if Mr. Unsworth could claim the evidence was relevant to Mr. Musk's state of mind for purposes of seeking punitive damages, the evidence should be excluded because of the substantial risk it will confuse and mislead the jury into believing that the challenged evidence was actually part of the claim.  *See McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1033-34 (9th Cir. 2003) (affirming exclusion of evidence "directly relevant to [the defendant's] state of mind" for purposes of punitive damages because of likelihood of jury confusion).

### 2. The Disputed Evidence Is Unfairly Prejudicial And Implicates Mr. Musk's Constitutional Rights.

The disputed evidence is inadmissible under Rule 403 additionally because it is unfairly prejudicial to Mr. Musk.  Although Mr. Musk believed his emails to BuzzFeed were, at the time, true, the content of the emails is inflammatory and may cause the jury to decide the case based on their passions and emotions instead of the evidence concerning the only statements Mr. Unsworth seeks to prove are defamatory—the July tweets.  That would constitute unfair prejudice warranting exclusion.  *See* Advisory Committee Notes, Fed. R. Evid. 403 ("Unfair prejudice" in

Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

Admission of the BuzzFeed evidence also implicates Mr. Musk's constitutionally protected right to engage in free speech. Now that Mr. Unsworth has abandoned his claim for defamation based on the BuzzFeed evidence, he is no longer required to prove, among other things, the falsity of the assertions in the BuzzFeed emails and whether they were nonactionable opinion, which is protected by the First Amendment. *See Gardner v. Martino*, 563 F.3d 981, 988 (9th Cir. 2009) (nonactionable opinion protected by First Amendment); *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995) (same). Admission of this evidence, without requiring Mr. Unsworth to prove the falsity or factual nature thereof, thus raises a serious constitutional concern: it allows the jury to use constitutionally protected speech against Mr. Musk to determine liability and damages in a defamation suit.

### C. The BuzzFeed Evidence Must be Excluded Under Rule 404.

Evidence of the investigation and BuzzFeed emails also should be excluded under Rule 404(b) because "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

Mr. Unsworth seeks to use the investigation and BuzzFeed evidence as evidence of "other acts" to demonstrate that Mr. Musk "acted in accordance" with these "other acts" when he made his July 15 statement. As explained above, this evidence is not relevant to Mr. Musk's mental state at the time, or to any element of Mr. Unsworth's narrowed defamation claim. Such evidence is thus improper character evidence. *See United States v. Burns*, 529 F.2d 114, 118 (9th Cir. 1975) ("The rule is well established in this Circuit that evidence of other acts or conduct of a like or similar nature will not be admitted to prove the character of a person in order to show that he acted in conformity therewith.").

## II. IN THE ALTERNATIVE, BIFURCATION IS WARRANTED.

Mr. Musk agrees that, if this Court excludes the investigation and BuzzFeed email evidence, no bifurcation is necessary. But the trial should be separated between liability and damages to avoid undue prejudice to Mr. Musk and the risk of jury confusion if Mr. Unsworth is permitted to introduce such evidence.

A court has broad discretion to bifurcate a trial to "avoid prejudice." Fed. R. Civ. P. 42(b); *M2 Software, Inc. v. Madacy Enter. Corp.*, 421 F.3d 1073, 1088 (9th Cir. 2005) (affirming bifurcation of trial on liability and damages "to avoid prejudice and confusion"). Where bifurcation will "simplif[y] the issues for the jury" and eliminate the "danger of unnecessary jury confusion," bifurcation should be granted. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

Here, if the Court determines that evidence of the investigation and BuzzFeed emails is relevant to punitive damages, it should bifurcate the trial to avoid allowing the jury to decide the sole defamation claim based on evidence of completely separate statements. Bifurcation would be warranted to ensure that the jury does not unnecessarily receive highly inflammatory evidence relevant solely to punitive damages until it has first determined that Mr. Musk is even liable.

DATED: November 25, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART
  & SULLIVAN, LLP

By  */s/ Alex Spiro*
    Alex Spiro (admitted *pro hac vice*)
    *Attorneys for Defendant Elon Musk*