L. LIN WOOD, P.C.
L. Lin Wood (*pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (*pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (*pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (*pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (*pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff VERNON UNSWORTH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 2:18-cv-08048-SVW (JCx)<br><br>Judge: Hon. Stephen V. Wilson<br><br>**JOINT SUPPPLEMENTAL PROPOSED JURY INSTRUCTIONS**<br><br>Complaint Filed: Sept. 17, 2018<br>Trial Date: Dec. 3, 2019<br>Pretrial Conference: Nov. 25, 2019<br>Time: 3:00 p.m.<br>Courtroom: 10A |

Plaintiff submits the following jury instructions as a supplement to the Joint Proposed Jury Instructions that were submitted on November 21, 2019.

Dated: November 25, 2019     L. LIN WOOD, P.C.

By: */s/L. Lin Wood*
L. Lin Wood
***Attorneys for Plaintiff Vernon Unsworth***

1

# NUMBERED INDEX

**Plaintiff's Supplemental Proposed Jury Instructions**

| No. | *Opp. Party No.* | Title | Page |
|---|---|---|---|
| 11 |  | Limiting Instruction Regarding Evidence | 4 |
| 12 | *15* | Impeachment – Inconsistent statement or conduct | 6 |

**Defendant's Supplemental Proposed Jury Instructions**

| No. | *Opp. Party No.* | Title | Page |
|---|---|---|---|
| 15 | *12* | Credibility of Witnesses | 11 |

# UN-NUMBERED INDEX

**Plaintiff's Supplemental Proposed Jury Instructions**

| Title | Page |
|---|---|
| Limiting Instruction Regarding Evidence | 4 |
| Impeachment – Inconsistent statement or conduct | 6 |

**Defendant's Supplemental Proposed Jury Instructions**

| No. | Title | Page |
|---|---|---|
|  | Credibility of Witnesses | 11 |

**Plaintiff's Proposed Jury Instruction No. 11**

**LIMITING INSTRUCTION REGARDING EVIDENCE**

I instruct you that evidence of Mr. Musk's intent is not relevant to your inquiry as to whether the published statements conveyed the objective fact that Mr. Unsworth is a pedophile or were merely an expression of opinion by Mr. Musk in the form of an insult. To resolve this issue, you can only construe the words in the context in which they were published. Your consideration of context is limited to the four corners of the words published by Mr. Musk in the July 15, 2018 tweets and the Twitter threads in which they were published. Again, in resolving this issue, Mr. Musk's intent in publishing the July 15 Twitter statements is not relevant and should not be considered. Stated in lay terms, a person can write one thing but mean something else. Here, your inquiry is limited to what Mr. Musk wrote without consideration of what he claims he meant to say. Mr. Unsworth's burden on the issue of objective fact or opinion is proof by a preponderance of the evidence.

However, since Mr. Unsworth is seeking presumed damages and punitive damages in addition to actual damages, you may consider evidence of Mr. Musk's intent along with other relevant evidence in determining Mr. Unsworth's right to recover presumed damages and punitive damages and your determination of the amount of such damages to be awarded, if any. Mr. Unsworth's burden on the issues of presumed and punitive damages is proof by clear and convincing evidence.

**Source**:

*Bakst v. Community Memorial Health Sys., Inc.*, 2011 WL 13214315, at *8 (C.D. Cal. Mar. 7, 2011) ("When evidence is admitted for a reason other than to prove its truth, a limiting instruction is appropriate."); *Friedman v. Medjet Assistance, LLC*, 2010 WL 9081271, at *16 (C.D. Cal. Nov. 8, 2010) (where state of mind evidence was introduced to show good faith, "a limiting instruction is appropriate").

# Plaintiff's Proposed Jury Instruction No. 12

# IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Source**:

3 Fed. Jury Prac. & Instr. § 105:04 (6th ed. 2019).

# DEFENDANT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

## 1. MR. MUSK'S OBJECTION TO MR. UNSWORTH'S PROPOSED JURY INSTRUCTION NUMBER 11

Mr. Musk objects to Mr. Unsworth's proposed jury instruction No. 11, "Limiting Instruction Regarding Evidence." To the extent this instruction is directed at the effect the statement has on the average reader or the relevant context in which to consider the statement, Mr. Musk has included accurate instructions on these topics in proposed instruction Nos. 4, 5, 6, and 7, and in the proposed jury instructions on assumed and punitive damages.

Mr. Musk's proposed jury instruction No. 4 informs the jury that "you should consider whether the average reader would conclude from the language of the statement and its context that Mr. Musk was implying that a false statement of fact is true." His proposed jury instruction No. 5 instructs the jury it should consider the context of the statement when determining if it was fact or opinion, and his proposed jury instruction No. 6 instructs the jury what to do if it determines it is ambiguous whether the statement was a statement of fact or opinion. These proposed instructions correctly instruct the jury that the questions whether Mr. Musk's statement was a statement of fact or opinion and whether the statement had a defamatory meaning must be decided based on the statement's effect on the average reader, considering the context of the statements. Further, both parties' proposed jury instructions on assumed and punitive damages make clear that Mr. Musk's intent is relevant to those questions, because the jury must decide whether Mr. Musk acted with actual malice, and common law malice, oppression, or fraud. Therefore, Mr. Unsworth's proposed jury instruction No. 11 is duplicative of other jury instructions, and should not be given. *See Dang v. Cross*, 422 F.3d 800, 809 (9th Cir. 2005) (it is not an error to reject duplicative instructions); *Yowan Yang v. ActioNet, Inc.*, 2017 WL 2117028, at *9 (C.D. Cal. Jan. 23, 2017) ("The Court

rejected this instruction because it is redundant … it was not error to reject Defendant's duplicative proposed instruction.").

Further, Mr. Unsworth's proposed jury instruction wrongly tells the jury it may not consider Mr. Musk's intent when determining whether his statement was fact or opinion. ("[E]vidence of Mr. Musk's intent is not relevant to your inquiry as to whether the published statements conveyed the objective fact that Mr. Unsworth is a pedophile or were merely an expression of opinion by Mr. Musk in the form of an insult."). This is contrary to the law. California law requires the jury to consider the context of Mr. Musk's statements, including whether the statement was made in the course of a debate or dispute, such that the remark was intended and understood not as fact but, for example, as rhetorical hyperbole, name-calling, or ridicule and thus a statement of opinion. *See Info. Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980) (including in relevant context whether the statement was made as part of a "public debate, heated labor dispute, or other circumstances in which an audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole"); *Good Gov't Grp. of Seal Beach, Inc. v. Superior Court*, 22 Cal. 3d 672, 684 (1978) (if it is ambiguous whether statement was fact or opinion, the jury must find "that the defendant either deliberately cast his statements in an equivocal fashion in the hope of insinuating a defamatory import to the reader, or that he knew or acted in reckless disregard of whether his words would be interpreted by the average reader as defamatory statements of fact"). Mr. Musk's intent is relevant to whether the statements were made in the course a dispute and to whether he deliberately cast his statements in an equivocal fashion or otherwise acted in reckless disregard of whether his words would be interpreted as fact. Mr. Unsworth's proposed jury instruction is legally incorrect and should not be given. *See Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991) (jury instruction must be an "accurate statement of the law in question").

9

In addition, Mr. Unsworth's proposed jury instruction is confusing and misleading, because it implies that the jury may consider Mr. Musk's intent only once it reaches the questions of assumed and punitive damages. Not so. What Mr. Musk thought is relevant to a number of other issues in this action, including but not limited to whether the statement was a statement of fact, whether the statement was defamatory, and whether Mr. Musk was negligent in publishing the statement. As explained *supra*, Mr. Musk's intent is relevant to assessing whether the statement states a fact or opinion. Mr. Musk's intent is also relevant to whether the statement has defamatory meaning or he acted negligently with regard to the truth or falsity of the statement. *Selleck v. Globe Int'l, Inc.*, 166 Cal. App. 3d 1123, 1131 (1985) (in determining if statement has defamatory meaning, jury must consider the publication "the whole scope and apparent object of the writer, considering not only the actual language used, but the sense and meaning that may be fairly presumed to have been conveyed to those who read it"). Mr. Unsworth's proposed jury instruction thus "materially misstate[s] the law[,]" *United States v. Service Deli Inc.*, 151 F.3d 938, 942 (9th Cir. 1998), and is impermissibly misleading, *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005); *see also United States v. Service Deli Inc.*, 151 F.3d 938, 942 (9th Cir. 1998) (district court properly refused a proposed jury instruction that "contained an inaccurate statement of the law, because it implied that price sharing between commonly owned companies is always permissible" when "price sharing is only permissible in some circumstances," and the instruction "would have misled the jury in a material respect").

Finally, this proposed jury instruction is overly long and complicated. It is not "a clear, concise, and accurate statement of the law in question." *Floyd*, 929 F.2d at 1394. Because it is confusing, misleading, legally incorrect, and duplicative of other jury instructions, Mr. Musk requests the Court reject Mr. Unsworth's proposed jury instruction No. 11.

## 15.     CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

11

(Source: Ninth Circuit Model Civil Jury Instructions 1.14.).

**Basis for Adopting Mr. Musk's Proposed Jury Instruction:**

Mr. Musk's proposed jury instruction is based on the Ninth Circuit model civil jury instruction on witness credibility. This instruction is a concise and accurate statement of the law. *See Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991).

Mr. Musk objects to Mr. Unsworth's proposed instruction No. 12 because the substance of the instruction is covered by the Ninth Circuit Model Civil Jury Instruction on Credibility of Witnesses, which is the preferred instruction in this Circuit. If the Court determines a specific instruction on impeachment is necessary, it should follow Ninth Circuit Model Civil Jury Instructions 2.9 (Impeachment Evidence – Witness).