UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
| Title | *Vernon Unsworth v. Elon Musk* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   PRETRIAL ORDER

**Pretrial Order**

  The Court heard oral argument over two days of court proceedings and has considered the parties' motions. In considering the requests, the Court contemplated bifurcating the trial "to avoid prejudice" and "to expedite and economize" resolution of the claim. Fed. R. Civ. P. 42(b). In Phase I, the jury would consider liability and actual damages, and Phase II would determine assumed damages and punitive damages if necessary. The Court was prepared to bifurcate the trial if Defendant Musk ("Musk") was willing to concede that he had satisfied the mental state requirement of libel per se under California law. *See Judicial Council of California Civil Jury Instructions* ("CACI") § 1702(5) Defamation per se—Essential Factual Elements (Private Figure—Matter of Public Concern) (defendant "failed to use reasonable care to determine the truth or falsity of the statements."). Although Musk was willing to concede that he did not know if Plaintiff Unsworth ("Unsworth") was or was not a pedophile, he was unwilling to concede that he did not use reasonable care—element five of CACI § 1702.

  It is therefore clear to the Court that Defendant's state of mind will be a contested issue in the negligence claim as well as the presumed and punitive damages issues. Because Musk's state of mind can be contested by similar evidence on liability as well as damages, bifurcation is unfeasible. For both parties to fully, efficiently, and fairly present their cases, the Court concludes all relevant issues should be considered in the same trial. The jury trial will begin on December 3, 2019 at 9 a.m., with a final pretrial conference at 2:30 p.m. on December 2, 2019. To fully, efficiently, and fairly conduct the trial, the Court orders as follows:

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|

| Title | *Vernon Unsworth v. Elon Musk* |
|---|---|

### I.     Defamation per se

Unsworth brings a claim for libel (defamation) under California Civil Code § 45.[1] In California, "Defamation involves (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and that (5) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 151 P.3d 1185 (Cal. 2007). "There are generally two types of libel recognized in California—libel per se and libel per quod. 'A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face. Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof.'" *Bartholomew v. YouTube, LLC.*, 225 Cal. Rptr. 3d 917, 923 (Ct. App. 2017) (quoting Cal. Civ. Code § 45a). Unsworth brings this claim as libel on its face (or "libel per se"), under California Civil Code § 45a. Under § 45a, Unsworth may pursue actual, assumed (presumed), and punitive damages.

Unsworth claims that Musk defamed him by calling him a "pedophile." To establish that Musk called him a pedophile, Unsworth maintains that Musk made the following writings on his verified Twitter account:

- "Never saw this British expat guy who lives in Thailand (sus) at any point when we were in the caves."
- "Sorry pedo guy, you really did ask for it."
- "Bet ya a signed dollar it's true."

To establish Musk's liability for his libel per se claim, Unsworth must prove all of the following by a preponderance of the evidence:

1. That Musk made one or more of the statements to persons other than Unsworth;

---

[1] "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

2. That these people reasonably understood that the statements were about Unsworth;
3. That these people reasonably understood the statements to mean that Unsworth was a pedophile;
4. That the statements were false; and
5. That Musk failed to use reasonable care to determine the truth or falsity of the statements.

*See* Judicial Council of California Civil Jury Instructions ("CACI") § 1702 Defamation per se—Essential Factual Elements (Private Figure—Matter of Public Concern) (2019).

Making a false statement that a person is a pedophile (a criminal act) is defamatory per se as a matter of law. *See Grenier v. Taylor*, 183 Cal. Rptr. 3d 867, 878 (2015). However, the Court has not concluded Musk called Unsworth a "pedophile" or did so as a statement of fact—this is now a question for the jury to resolve. *Campanelli v. Regents of Univ. of California*, 51 Cal. Rptr. 2d 891 (Ct. App. 1996).

**II.    Damages**

Plaintiff has elected to pursue liability and damages only for the Tweets, and not further potentially defamatory statements made to Buzzfeed by Musk via emails on August 28, 2019 ("Buzzfeed Emails"). The Buzzfeed Emails do not form an independent basis for defamation liability but may be considered as relevant evidence to Musk's state of mind during the July 15, 2019 Tweets. This state of mind is relevant to the negligence claim, as well as presumed and punitive damages.

In a defamation case, the defendant's subsequent conduct can be relevant to the state of mind at the time of the alleged defamation. *See Herbert v. Lando*, 441 U.S. 153, 210 n.12 (1979) (holding *all* circumstantial evidence can be relevant to show actual malice in a defamation case, provided the evidence is "not too remote"). In *Herbert*, the U.S. Supreme Court cites to American Jurisprudence 2d for the proposition that:

> The existence of actual malice may be shown in many ways. As a general rule, any competent evidence, either direct or circumstantial, can be resorted to, and all the relevant circumstances surrounding the transaction may be shown, provided they are not too remote, including threats, prior or **subsequent defamations**, **subsequent statements of the defendant**, circumstances indicating the existence of rivalry, ill will, or hostility between the

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
| Title | *Vernon Unsworth v. Elon Musk* | | |

parties, facts tending to show a reckless disregard of the plaintiff's rights . . . .

*Id.* at 192 n.12 (emphasis added). *Herbert* demands the Court make its own relevance determination, here under Federal Rule of Evidence 403. In weighing the relevance of the Buzzfeed Emails, the Court finds the contents more probative than prejudicial. Unsworth may use the Buzzfeed Emails for the limited purpose of establishing Musk's state of mind at the time of the alleged defamation. Unsworth may not use the Buzzfeed Emails to establish further damage to his reputation—any damages in this case must flow from the Tweets, not subsequent potentially defamatory conduct.

    a.  Worldwide Damages

Pursuant to Unsworth's request, damages will be pursued on a world-wide basis, with no exclusion for litigation on the same issue in the United Kingdom and/or Wales.

    b.  Actual Damages

If the jury finds Musk is liable for defamation, Unsworth may recover his actual damages (if any). In this case, Unsworth is only seeking actual damages for harm to his reputation, and the emotional harm he allegedly suffered (shame, mortification, or hurt feelings). CACI § 1702. Unsworth has elected to exclude evidence of loss of business.

    c.  Assumed (Presumed) Damages

If Unsworth has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings but proves by clear and convincing evidence that Defendant knew the statements were false or that he had serious doubts about the truth of the statements, then the law assumes that Plaintiff's reputation has been harmed and that he has suffered shame, mortification, or hurt feelings. CACI § 1702.

    d.  Punitive Damages

Plaintiff may also recover damages to punish Defendant if Plaintiff proves by clear and

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

convincing evidence that Defendant either knew the statements were false or had serious doubts about the truth of the statements, and that he acted with malice, oppression, or fraud. CACI § 1702 (2019).

### III. Affirmative Defenses

The affirmative defenses raised are without legal support on these facts and are insufficient as affirmative defenses as a matter of law.

### IV. Motions in Limine

#### a. Plaintiff's Motions in Limine

1. Exclude evidence of litigation outside of the U.S..

GRANTED. Because Unsworth is pursuing damages on a world-wide basis, litigation outside of the U.S. is no longer relevant.

2. Exclude Unsworth's and his lawyer's alleged motive for suit.

DENIED. Because Unsworth is seeking actual, presumed, and punitive damages for reputational harm and emotional damage, information about his motivation may become relevant. The parties may use evidence of Unsworth's motivation to show a lack of actual damage. The parties may not, however, suggest it is improper as a matter of law for Unsworth to seek monetary remuneration for the alleged defamation.

3. Exclude Unsworth's failure to sue republishers (Buzzfeed).

GRANTED. The Court has concluded there is little probative value and high risk of confusion in discussing who Unsworth did not sue.

4. Exclude evidence Unsworth was not damaged.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

DENIED. Because Unsworth is seeking actual damages to his reputation and for emotional harm, as well as presumed and punitive damages, evidence of a lack of damage will be allowed if relevant to the claims. *Clay v. Lagiss*, 143 Cal. App. 2d 441 (1956).

5. Exclude evidence of Unsworth's previous employment.

GRANTED. Unsworth is not seeking special damages for harm to his business reputation, so evidence of his previous business ventures, unrelated to the Rescue, are of low probative value. Neither party may discuss Unsworth's previous employment in the financial services industry beyond basic biographical information. Similarly, Unsworth may not suggest that he has lost business opportunities as a result of the alleged defamation.

6. Exclude evidence of Unsworth's relationship with his family.

DENIED. Under California law, Unsworth may compound his actual damages because of his knowledge of the mental suffering of his family. Therefore, evidence relating to Unsworth's relationship with his family may be relevant. The parties may establish biographical information about Unsworth and inquire into elements of his personal life that are relevant to the emotional harm alleged. The parties are strongly cautioned to avoid inflammatory or otherwise irrelevant evidence regarding Unsworth's family.

7. Exclude evidence of Unsworth's purported interest in publicity.

DENIED. As agreed by the parties at oral argument, Unsworth's attempted or actual media presence may be relevant to the level of emotional and reputational harm Unsworth actually suffered. Evidence of Unsworth's interviews after the alleged defamation (especially those concerning Musk's comments) are relevant to establish Unsworth's level of emotional harm from the July 15, 2018 Tweets. At oral argument, the parties agreed that positive publicity Unsworth received from the Rescue may be relevant to show the level of reputational harm Unsworth suffered.

8. Exclude Buzzfeed News Standards and Ethics Guide.

GRANTED. As discussed at oral argument, the Guide is not relevant to Musk's state of mind during the Tweets. Musk may introduce evidence of his experience with Buzzfeed, or reporters in general. As

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

discussed above, since Unsworth is not seeking liability for the Buzzfeed Emails, the issue of reasonable foreseeability is not relevant.

   9. Exclude "Big Kren" Facebook post.

GRANTED. As discussed at oral argument, there is no foundation for this evidence, and the arguments for its admission are not substantive.

   10. Purported posting from page from Jobpub.com.

GRANTED. As discussed at oral argument, there is no foundation for this evidence, and the arguments for its admission are not substantive.

   11. Exclude evidence of Unsworth's viewing of pornography.

GRANTED. As discussed at oral argument, the motion is unopposed.

   12. Exclude unidentified third-party tweets.

GRANTED. This evidence lacks foundation and bears a significant risk of confusion. Unidentified third-party tweets (especially those made after the announcement of this lawsuit) are not relevant the question of whether readers of the Tweets reasonably understood the statements to mean that Musk called Unsworth a pedophile.

   13. Exclude previously undisclosed trial witness: Ben Reymenants and Ray Lightfoot.

DENIED. As discussed at oral argument, these parties are not anticipated to be called unless necessary to impeach the credibility of Unsworth.

   **b. Defendant's Motions in Limine:**

   1. Exclude evidence of unrelated tweets and SEC Settlement Agreement.

GRANTED. The evidence is not relevant and bears a strong risk of confusion and prejudice. Musk's

|  | : |  |
|---|---|---|
| Initials of Preparer | | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

prior settlement with the SEC because of unrelated tweets has no relevance to this action and bears a risk the jury will conflate the two events. There is a high risk of unnecessary delay and confusion in explaining to the jury how SEC settlements are reached.

2. Exclude evidence Defendant regularly replaces his cell phone.

GRANTED. The motion is unopposed.

3. Exclude evidence of purported press leaks.

DENIED. Evidence that Musk, either through Jared Birchall or investigator James Howard, attempted to leak damaging information about Unsworth in the European press may be relevant to show Musk's state of mind for the negligence claim, presumed damages, or common law malice for punitive damage calculations. However, the evidence should be strictly limited that which bears on Musk's state of mind. Evidence that Musk investigated Unsworth or attempted to have portions of that investigation leaked does not open the door to false information about Unsworth in the underlying report. The parties should be careful to avoid evidence that is confusing, inflammatory, or otherwise irrelevant.

4. Exclude Expert Eric W. Rose.

The expert is withdrawn, and the motion is moot.

5. Exclude computer science and media expert Dr. Bernard Jansen.

DENIED in part. Dr. Jansen will be certified as an expert in computer-science. However, Dr. Jansen's conclusions based on his use of SimilarWeb are to be excluded. The conclusions do not have the safeguards of reliability this Court requires, as they are not based on peer-reviewed, scientific methodologies, the error rate of the software is unknown.

     Further, Dr. Jansen himself is unable to fully explain how SimilarWeb actually functions, as the software's mechanism is proprietary. Even the application of the SimilarWeb technology is questionable, as the methodology described does not accurately reflect the number of individuals who actually viewed the relevant articles. Using Dr. Jansen's methodology, an individual who simply visited

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

the website on which a relevant article was posted may be counted as a viewer. Individuals who visited multiple websites containing relevant articles would be counted multiple times as unique viewers. The number daily unique viewers produced from the SimilarWeb date is not reliable or accurate enough to warrant admission, and the risk of presenting the jury with a misleading number is high.

Dr. Jansen may testify as to his own research regarding the reach of the Tweets. He may present evidence of the number of and content of articles he discovered discussing the Tweet, but Dr. Jansen must exclude any articles that discuss the present lawsuit or the Buzzfeed Emails. Dr. Jansen may testify as to the names and, if he can provide a foundation, the reputation and subscriber base of the publications containing the relevant articles.

### V.     Enforcement of trial subpoenas

Defendant Elon Musk ("Musk") has moved for enforcement of certain trial subpoenas as to Plaintiff Vernon Unsworth ("Unsworth"). Dkt. 118. Unsworth has moved to quash those subpoenas. Dkt. 126. Despite nearly six hours of oral argument, the parties were unable to address the issue of the subpoenas. The Court reserves ruling on the subpoenas until and unless a ruling becomes necessary before or during trial.

### VI.     Conclusion

The parties are **ORDERED** to strictly adhere to the instructions above, as well as the Court's Civil Trial Preparation Order, Dkt. 46, and any further admonitions from the Court. Regarding opening statements, the parties are further **ORDERED** as follows:

Lawyers are not state their personal beliefs. Phrases such as:

"I believe . . ."
"I think . . ." or
"it is my understanding . . ."   will not be allowed.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

Lawyers are not allowed to present argument during opening statements. Phrases such as:

"The Evidence will show . . ."
"You will be asked to decide . . ."
"We will prove . . ."

or any similar phrases intended to disguise argument are strictly forbidden. Lawyers are not to state the law in opening statements, as the Court will pre-instruct the jury. The parties are, of course, permitted to summarize what they expect the witnesses to testify to or what documentary or physical evidence will be introduced. Lawyers are not permitted to characterize or provide argument about such evidence during opening statements.

    IT IS SO ORDERED

                                                                                                                :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
| Title | *Vernon Unsworth v. Elon Musk* | | |

**Proposed Jury Instructions**

For the benefit of the parties, and without binding effect, the Court provides proposed jury instructions. Substantive instructions on the California law are attached to this Order, and are modeled from *Judicial Council of California Civil Jury Instructions* (2019) ("CACI"). At the final pretrial conference on Monday December 2, 2019, the parties should be prepared to discuss objections (if any) and provide alternatives (if any) to the instructions provided below.

Additionally, in according with the Court's Standing Pretrial Order, the parties are instructed to review the *Ninth Circuit Model Jury Instructions* (2017). The Court intends to provide the general jury instructions from: §§ 1.4, 1.6, 1.7, 1.9, 1.10, 1.11, 1.12, 1.13, 1.14, 1.16, 1.18, 2.4, 2.13, 3.1, 3.2, 3.3, and 3.5. Limited objections to these instructions will be heard (only if necessary) at the pretrial conference.

**Instructions List**

1. Defamation Per Se—Private Figure on Matter of Public Concern (CACI § 1702)
2. Damages (CACI § 1702)
3. Definition of Statement (CACI § 1706)
4. Fact Versus Opinion (CACI § 1707)
5. Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage) (CACI § 3905A)
6. Punitive Damage (CACI § 3940)
7. Highly Probable—Clear and Convincing Proof (CACI § 201)

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

**Jury Instruction #1**
**Defamation per se—Essential Factual Elements**

**CACI § 1702**

Mr. Unsworth claims that Mr. Musk harmed him by making one or more of the following statements:

- "Never saw this British expat guy who lives in Thailand (sus) at any point when we were in the caves."
- "Sorry pedo guy, you really did ask for it."
- "Bet ya a signed dollar it's true."

To establish liability for this claim, Mr. Unsworth must prove all of the following:
1. That Mr. Musk made one or more of the statements to persons other than Mr. Unsworth;
2. That these people reasonably understood that the statements were about Mr. Unsworth;
3. That these people reasonably understood the statements to mean that Mr. Unsworth was a pedophile;
4. That the statements were false; and
5. That Mr. Musk failed to use reasonable care to determine the truth or falsity of the statements.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

**Jury Instruction #2**
**Damages**

**CACI § 1702**

**Actual Damages**

  If Mr. Unsworth has proved all of the above, then he is entitled to recover his actual damages if he proves that Mr. Musk's wrongful conduct was a substantial factor in causing any of the following:
- Expenses Mr. Unsworth had to pay as a result of the defamatory statements;
- Harm to Mr. Unsworth's reputation; or
- Shame, mortification, or hurt feelings.

**Assumed Damages**

  If Mr. Unsworth has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings but proves by clear and convincing evidence that Mr. Musk knew the statements were false or that he had serious doubts about the truth of the statements, then the law assumes that Mr. Unsworth's reputation has been harmed and that he has suffered shame, mortification, or hurt feelings. Without presenting evidence of damage Mr. Unsworth is entitled to receive compensation for this assumed harm in whatever sum you believe is reasonable. To award assumed damages, you must award at least a nominal sum, such as one dollar.

**Punitive Damages**

  Mr. Unsworth may also recover damages to punish Mr. Musk if Mr. Unsworth proves by clear and convincing evidence that Mr. Musk either knew the statements were false or had serious doubts about the truth of the statements, and that he acted with malice, oppression, or fraud.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

**Jury Instruction #3**
**Definition of "Statement"**

**CACI § 1706**

The word "statement" in these instructions refers to any form of communication or representation, including spoken or written words or pictures.

Initials of Preparer     PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

**Jury Instruction #4**
**Fact Versus Opinion**

**CACI § 1707**

    For Mr. Unsworth to recover, Mr. Musk's statements must have been statements of fact, not opinion. A statement of fact is one that can be proved to be true or false. In some circumstances, Mr. Unsworth may recover if a statement phrased as an opinion implies that a false statement of fact is true.

    In deciding this issue, you should consider whether the average reader would conclude from the language of the statement and its context that Mr. Musk was implying that a false statement of fact is true.

                                                                                                                   :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

### Jury Instruction #5
### Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage)
**CACI § 3905A**

    Past and future mental suffering, grief, anxiety, humiliation, and emotional distress. No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

    To recover for future emotional distress, Mr. Unsworth must prove that he is reasonably certain to suffer that harm. For future emotional distress, determine the amount in current dollars paid at the time of judgment that will Mr. Unsworth for future emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

                                                                                                                              :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

**Jury Instruction #6**
**Punitive Damages—Individual Defendant—Trial Not Bifurcated**

**CACI § 3940.**

If you decide that Mr. Musk's conduct caused Mr. Unsworth harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.
You may award punitive damages only if Mr. Unsworth proves by clear and convincing evidence that Mr. Musk engaged in that conduct with malice, oppression, or fraud.
"Malice" means that Mr. Musk acted with intent to cause injury or that Mr. Musk's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Mr. Musk's conduct was despicable and subjected Mr. Unsworth to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Mr. Musk intentionally misrepresented or concealed a material fact and did so intending to harm Mr. Unsworth.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:
(a) How reprehensible was Mr. Musk's conduct? In deciding how reprehensible Mr. Musk's conduct was,
you may consider, among other factors:
    1. Whether the conduct caused physical harm;
    2. Whether Mr. Musk disregarded the health or safety of others;
    3. Whether Mr. Unsworth was financially weak or vulnerable and Mr. Musk knew Mr. Unsworth

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

was financially weak or vulnerable and took advantage of him;
4. Whether Mr. Musk's conduct involved a pattern or practice; and
5. Whether Mr. Musk acted with trickery or deceit.

(b) Is there a reasonable relationship between the amount of punitive damages and Mr. Unsworth's harm or between the amount of punitive damages and potential harm to Mr. Unsworth that Mr. Musk knew was likely to occur because of his conduct?

(c) In view of Mr. Musk's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Mr. Musk has substantial financial resources.

Punitive damages may not be used to punish Mr. Musk for the impact of his alleged misconduct on persons other than Mr. Unsworth.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08048-SVW-JC | Date | November 27, 2019 |
|---|---|---|---|
| Title | *Vernon Unsworth v. Elon Musk* | | |

**Jury Instruction #7**
**Highly Probable—Clear and Convincing Proof**

**CACI § 201**

    Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

Initials of Preparer    PMC