L. LIN WOOD, P.C.
L. Lin Wood (*pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (*pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (*pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (*pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402; 404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (*pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

*Attorneys for Plaintiff Vernon Unsworth*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERNON UNSWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 2:18-cv-08048-SVW (JCx)<br>Judge: Hon. Stephen V. Wilson<br><br>**PLAINTIFF VERNON UNSWORTH'S OBJECTION TO JURY INSTRUCTION #2 AND PROPOSED ALTERNATE INSTRUCTION**<br><br>Pretrial Conference: Dec. 2, 2019<br>Time:              2:30 p.m.<br>Courtroom:         10A |

Plaintiff Vernon Unsworth respectfully submits this objection to the Court's Jury Instruction #2 on presumed damages, (*see* Doc. 137 pp. 4, 13), and proposes an alternate instruction that remedies an error of law contained in CACI § 1702, upon which the Court relied.

## I. **CACI § 1702 Erroneously Purports to Bar Recovery of Presumed Damages in Addition to General Actual Damages.**

Relying on CACI § 1702, the Court has indicated that it intends to charge the jury that Unsworth can recover presumed damages only if he does not recover general actual damages. (*See* Doc. 137 at 4, 13). General damages are those for harm to reputation and for shame, mortification, or hurt feelings, and include both actual and presumed damages. *See Gomes v. Fried*, 136 Cal. App. 3d 924, 939 (Ct. App. 1982). The Court's proposed instruction on damages is taken from a pattern instruction (CACI § 1702) that appears to contain a scrivener's error and is contrary to undisputed California law. "The CACI is not binding authority," and CACI's instructions "do not absolve the courts of their responsibility for interpreting California law." *Cal.-Agrex, Inc. v. Van Tassell*, No. C-07-0964 SC, 2008 U.S. Dist. LEXIS 7708, at *5 n.1 (N.D. Cal. Jan. 22, 2008).

*First*, CACI § 1702 is inconsistent with the two other CACI instructions on defamation *per se*. CACI has three distinct instructions for defamation *per se* in order to distinguish between private and public figures and private and public matters. *See* CACI §§ 1700, 1702, and 1704. Two of these three sections correctly allow a plaintiff to recover presumed damages ***and*** actual damages:

> **Even if** [name of plaintiff] has not proved any actual damages for harm to reputation or shame, mortification or hurt feelings, the law assumes that [he/she] has suffered this harm. Without presenting evidence of damage, [name of plaintiff] is entitled to receive compensation for this assumed harm . . . .

CACI §§ 1700, 1704 (pp. 98, 1002) (emphasis added).

1

By contrast, CACI § 1702 omits the word "even" and thereby erroneously suggests that a plaintiff can recover presumed damages only if he does not recover actual damages:

> **If** [name of plaintiff] has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings but proves by clear and convincing evidence that [name of defendant] knew the statement(s) [was/were] false or that [he/she] had serious doubts about the truth of the statement(s), then the law assumes that [name of plaintiff]'s reputation has been harmed and that [he/she] has suffered shame, mortification, or hurt feelings. Without presenting evidence of damage, [name of plaintiff] is entitled to receive compensation for this assumed harm . . . .

CACI § 1702 (emphasis added). Given that California law rejects this restriction, the only logical explanation for this difference is a scrivener's error.[1]

---

[1] The extra limitation in section 1702 cannot be explained by the fact that the instruction addresses a private figure claim on a matter of public concern. For example, Section 1700 provides the defamation *per se* instruction in a public figure case, which triggers the First Amendment requirement to prove actual malice for the plaintiff to recover any damages. CACI § 1700 (pp. 981-82). Yet Section 1700 allows for the recovery of both presumed and actual general damages, as there is no First Amendment prohibition on recovering both when actual malice is proven. *Id.* Section 1704 addresses a private figure claim for defamation *per se* on a private matter, and likewise allows for recovery of both presumed and actual general damages. CACI § 1704 (pp. 1002-03). The instruction at issue, Section 1702, applies to private figure defamation *per se* claims on a matter of public concern—thus requiring proof of actual malice to recover presumed (and punitive) damages. CACI § 1702 (pp. 993-94). There is no basis in law for depriving a private figure involved in a matter of public concern from recovering both presumed and actual general damages, while allowing a public figure to recover both. If anything, public figures face more stringent limitations than private figures.

*Second*, CACI § 1702 as written is contrary to California law, which allows a plaintiff to recover both actual and presumed general damages. In *Weller v. American Broadcasting Companies, Inc.*, 232 Cal. App. 3d 991 (1991), the court affirmed a jury of award of both general actual damages and presumed damages. *Id.* at 1014. In *Weller*, "[t]he jury returned a general verdict that [defendants] were liable to Weller [for] general damages in the amount of $1 million for mental suffering, $500,000 for proven injury to reputation and $500,000 for presumed damages to reputation." *Id.* at 998. The court rejected the argument that awarding general damages for both actual damages and presumed damages was a "double recovery." *Id.* at 1014. The court held that even "if a plaintiff offers proof of actual injury to reputation," it does not mean "that he has proved or can prove all the likely effects of the damage to his reputation." *Id.* The court recognized that the alternative would be fundamentally unfair:

> If we were to accept . . . that presumed damages are available only in lieu of damages for proven injury to reputation, the plaintiff who can prove $1 of actual injury would be precluded from further recovery, whereas the plaintiff who cannot marshal *any* evidence of actual injury would not be so limited.

*Id.* As the law recognizes, just because a plaintiff can prove *some* damage for defamation does not mean he or she can prove *all* the damage.

*Weller* is not alone in allowing recovery for general presumed and actual damages. In *Alberts v. Franklin*, 2004 WL 1345078 (Cal. Ct. App. June 16, 2004), the plaintiff recovered actual damages for harm to reputation and emotional distress, and also recovered presumed damages for harm to reputation:

> A logical and reasonable explanation for the jury's defamation verdict and answer to the court's supplemental question is that the jury awarded James (1) *actual* general damages for his emotional distress and injury to his reputation *shown by the evidence,* and (2) *presumed* general

3

> damages, not necessarily shown by the evidence, for the injury to his reputation based on the court's determination that four of the statements at issue were defamatory per se.

*Id.* at *23 (italics in original); *see also Peterson v. Stewart*, 2012 WL 541521, at *10 (Cal. Ct. App. Feb. 17, 2012) (awarding $500 in actual damages and $150,000 in presumed damages, without describing allocations to harm to reputation versus shame, mortification, and hurt feelings).

*Third*, the authority cited by CACI § 1702 does not hold that awards of actual damages and presumed damages are mutually exclusive. To the contrary, a case cited by CACI § 1702 affirmed a judgment that awarded both actual and presumed damages. *See Khawar v. Globe Int'l, Inc.*, 19 Cal. 4th 254, 261-62 (1998), *as modified* (Dec. 22, 1998) (affirming jury award for "$100,000 for injury to . . . reputation, $400,000 for emotional distress, [and] $175,000 in presumed damages").

*Fourth*, CACI § 1702 itself relies on the California Civil Jury Instructions, which correctly allow a plaintiff to recover both actual and presumed general damages. *See* Cal. Jury Instr.--Civ. 7.10 (BAJI 7.10 Libel/Slander—General or Compensatory Damages); Cal. Jury Instr.--Civ. 7.10.1 (BAJI 7.10.1 Presumed General Damages). In fact, in one case cited in CACI § 1702, the California court of appeals approved the relevant California Civil Jury Instructions and affirmed a general damages award without regard to whether it was based on only actual damages or actual and presumed damages. *See Sommer v. Gabor*, 40 Cal. App. 4th 1455, 1472-73 (1995).

In short, CACI § 1702's approach to actual and presumed general damages is a stark and unsupportable outlier—contrary to CACI's own treatment of defamation *per se*, to California law, to the cases cited by CACI, and to the California Civil Jury Instructions. Because "[t]he CACI is not binding authority" and "do not absolve the courts of their responsibility for interpreting California law,"

4

it would be error to instruct the jury using CACI § 1702 without modification. *See Cal.-Agrex, Inc.*, 2008 U.S. Dist. LEXIS at *5 n.1.

## II. Unsworth's Proposed Alternate Instruction.

Unsworth respectfully requests that the Court refrain from issuing the erroneous portion of CACI § 1702, and that the Court instead issue the following instruction on assumed damages that resolves the error in the pattern charge by correcting the opening phrase:

> Even if Mr. Unsworth has not proved any actual damages for harm to reputation or shame, mortification, or hurt feelings, if Mr. Unsworth proves by clear and convincing evidence that Mr. Musk knew the statements were false or that he had serious doubts about the truth of the statements, then the law assumes that Mr. Unsworth's reputation has been harmed and that he has suffered shame, mortification, or hurt feelings. Without presenting evidence of damage, Mr. Unsworth is entitled to receive compensation for this assumed harm in whatever sum you believe is reasonable. To award assumed damages, you must award at least a nominal sum, such as one dollar.

*See* CACI §§ 1700, 1702, 1704.

## CONCLUSION

Unsworth submits this objection out of an abundance of caution, recognizing that the Court's proposed instruction on assumed damages may not necessarily reflect the Court's intention to limit Unsworth from obtaining both actual and assumed damages, and to ensure that the Court possesses the pertinent authority on the subject. Accordingly, Unsworth requests that the Court provide his proposed alternative instruction, as it correctly states the undisputed law. Consistent with the Court's Pretrial Order, Unsworth will be prepared at the conference on December 2, 2019, to address further objections, if any, to the Court's proposed instructions.

5

Dated: November 29, 2019          L. LIN WOOD, P.C.

By: */s/L. Lin Wood*
L. Lin Wood
*Attorneys for Plaintiff Vernon Unsworth*