QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH, | Case No. 2:18-cv-08048 |
| Plaintiff, | Judge: Hon. Stephen V. Wilson |
| vs. | **DEFENDANT'S EXCEPTIONS TO PRELIMINARY JURY INSTRUCTIONS** |
| ELON MUSK, | |
| Defendant. | Complaint Filed: September 17, 2018 Trial Date: December 3, 2019 |

Defendant Elon Musk respectfully submits the following exceptions to the Court's Preliminary Jury Instructions.

## A.    Preliminary Jury Instruction No. 1 – Defamation per se—Essential Factual Elements

Mr. Musk takes exception to Preliminary Jury Instruction No. 1 to the extent it does not include any instruction requiring the jury to determine whether the statements qualify as a fact or opinion.  For a statement to be defamatory, it must be a statement of fact, not opinion.  *Gardner v. Martino*, 563 F.3d 981, 987 (9th Cir. 2009) (holding that threshold question in a defamation claim is "whether a reasonable factfinder could conclude that the contested statement implies an assertion of objective fact.  If the answer is no, the claim is foreclosed by the First Amendment") (quoting *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir. 1990)); Dkt. 42 at 6.

Mr. Musk thus submits that Preliminary Instruction No. 4 (Fact versus Opinion) should be given with Preliminary Instruction No. 1.  Mr. Musk also submits that his proposed additional instructions on what the jury should consider in assessing whether the statement is a fact or opinion be given.  *See supra*, Exceptions to Instruction No. 4.

For these same reasons, Mr. Musk further takes exception with Preliminary Instruction No. 1 because it omits that the jury must construe the term "pedophile" as the crime of pedophilia and not simply an insult.  *See, e.g.*, *Gardner*, 563 F.3d at 989; *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1194 (9th Cir. 1989); *Harrell v. George*, 2012 WL 3647941, at *7 (E.D. Cal. Aug. 22, 2012); Dkt. 42 at 10.  Thus, Mr. Musk requests that the portion of the instruction that reads "That these people reasonably understood the statements to mean that Mr. Unsworth was a pedophile," be replaced by the phrase "<u>That these people reasonably understood the statements to mean that Mr. Unsworth was a pedophile, that is, that he had committed the crime of pedophilia.</u>"

Finally, Mr. Musk takes exception to Preliminary Instruction No. 1 because the instruction is based upon Mr. Unsworth being a private figure when Mr. Unsworth actually is a public figure and therefore the instruction should apply the "actual malice" standard instead of the "reasonable care" standard, which must be proved by clear and convincing evidence. CACI 1700. A public controversy exists, Mr. Unsworth voluntarily injected himself into the controversy and/or sought to influence the resolution of it, and the alleged defamatory statement is "germane" to Mr. Unsworth's participation in the controversy. *See Copp v. Paxton*, 45 Cal. App. 4th 829, 845-46 (1996); *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 589 (D.C. Cir. 2016) (statements are germane if they relate "to understanding [plaintiff's] role and why he wanted to be involved" in the controversy); *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1298 (D.C. Cir. 1980); *see also Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175, 183 (Ga. App. 2001). Likewise, Mr. Unsworth should be considered a general ("all purpose") public figure because has used his role in the Thai Cave rescue as a springboard to fame, starting with the CNN interview he gave attacking Mr. Musk. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 334 (1974).

**B.     Preliminary Jury Instruction No. 2 - Damages (CACI § 1702)**

Mr. Musk takes exception to Preliminary Jury Instruction No. 2 on the ground that the phrase "[e]xpenses Mr. Unsworth had to pay as a result of the defamatory statements" should be omitted because Mr. Unsworth does not claim that he had to pay any expenses as a result of the allegedly defamatory statements and thus this instruction lacks any foundation in the evidence. *Vigal v. Monin, Inc.*, 166 F.3d 1219 (9th Cir. 1999) ("[A] jury instruction must have some foundation in the evidence ….").

In addition, Mr. Musk takes exception to the omission of any instruction informing the jury as to the standard for assessing whether Mr. Musk knew the statements were false or had serious doubts about the truth of the statements. Mr.

3

Musk submits the following instruction should be given:

> Only the mental state of Mr. Musk may satisfy the requirement that Mr. Musk knew the statements were false at the time he made them on July 15 or had serious doubts about the truth of the statements at that time. Only a high degree of awareness of the probable falsity of statements is sufficient to qualify as "serious doubts about the truth of the statements." Your decision must be based upon Mr. Musk's mental state at the time Mr. Musk allegedly published the statement.

Mr. Musk's proposed jury instruction is based on Supreme Court and California case law defining actual malice. *See New York Times Co. v. Sullivan*, 376 U.S. 254 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *Beckley Newspapers Corp. v. Hanks*, 389 U.S. 81 (1967); *Garrison v. Louisiana*, 379 U.S. 64 (1964); *St. Amant v. Thompson*, 390 U.S. 727 (1968); *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657 (1989); *Rosenaur v. Scherer*, 88 Cal. App. 4th 260 (2001); *Antonovich v. Superior Court*, 234 Cal. App. 3d 1041 (Ct. App. 1991). Actual malice means the statement was made with "knowledge that it was false or with reckless disregard of whether it was false or not" and requires "clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 334, 342(1974). Actual malice is a subjective test and, at minimum, reckless disregard means that only "false statements made with the high degree of awareness of their probable falsity" can give rise to liability under the actual malice test. *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964); *see also Beckley Newspapers Corp. v. Hanks*, 389 U.S. 81, 82 (1967) (jury instructions equating constitutional malice with "ill will" "were clearly impermissible").

Further, Mr. Musk submits that the Court should give an instruction on ambiguous statements of fact or opinion in connection with the instruction on

1  knowledge of falsity or serious doubts as to the truth of a statement.  Mr. Musk

2  therefore submit the Court should give the following instruction:

> If you find the words used by Mr. Musk in his statements are
> ambiguous as to whether the statement is a statement of fact or opinion,
> but you determine Mr. Musk honestly and without recklessness
> believed that they were an opinion and not a fact, then to find the words
> were meant as fact you must determine not only that a reasonable
> reader would interpret the words in a defamatory, factual sense, but
> also that Mr. Musk either:  (a) deliberately framed his statements in an
> ambiguous manner in the hope of insinuating a defamatory import to
> the reader, or (b) that Mr. Musk knew or acted in reckless disregard of
> whether his words would be interpreted by the average reader as
> defamatory statements of fact.

This proposed addition would explain to the jury what to do if it finds it ambiguous whether Mr. Musk's statements were statements of fact or opinion.  Although there is no model jury instruction on the ambiguity of statements as fact or opinion, Mr. Musk's proposed instruction is an "accurate statement of the law."  *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law," although "formulation or choice of language of the jury instructions is within the discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate statement of the law").

The California Supreme Court has explained that "a statement is entitled to constitutional protection if the words used are ambiguous but the defendant honestly and without recklessness believes that they constitute an opinion or idea."  *Good Gov't Grp. of Seal Beach, Inc. v. Superior Court*, 22 Cal. 3d 672, 684 (1978). Therefore, if the jury finds it ambiguous whether a statement was a statement of fact or opinion, and determines that the defendant honestly and without recklessness

believed the statement was an opinion and not a fact, then to find the words were meant as fact "the jury must find not only that the words were reasonably understood in their defamatory, factual sense, but also that the defendant either deliberately cast his statements in an equivocal fashion in the hope of insinuating a defamatory import to the reader, or that he knew or acted in reckless disregard of whether his words would be interpreted by the average reader as defamatory statements of fact." *Id.*

Finally, Mr. Musk takes exception to the omission of any instruction that Mr. Unsworth was required to mitigate his damages. Thus, Mr. Musk submits the following addition should be given in connection with the instruction on damages:

> You should also consider what efforts Mr. Unsworth took to minimize the effects of his alleged injury. One who has been injured by the defamation of another must use reasonable care to prevent any aggravation or increase of the injury. Mr. Unsworth is not entitled to be compensated for any injury or aggravation of injury caused by his failure to minimize damages. Thus, you should reduce the damages awarded to Mr. Unsworth to the extent you find that Mr. Unsworth made his condition worse by not taking reasonable care to prevent any aggravation or increase of the injury. It is Mr. Musk's burden to prove by a preponderance of the evidence that Mr. Unsworth has failed to minimize his damages.

As a matter of law, Mr. Unsworth was required to mitigate his damages. *See Green v. Smith*, 261 Cal. App. 2d 392, 396 (1968) ("It has been the policy of the courts to promote the mitigation of damages. The doctrine applies in tort, wilful [sic] as well as negligent. A plaintiff cannot be compensated for damages which he could have avoided by reasonable effort or expenditures."). Mr. Musk's proposed instruction is based on CACI 3930, modified to include the names of the parties and the nature of the claim at issue in this case. It is a short and plain statement of the law, that

correctly instructs the jury that Mr. Unsworth is not entitled to damages for harm that he could have prevented.

### C.   Preliminary Jury Instruction No. 4 – Fact versus Opinion

Mr. Musk takes exception to Preliminary Jury Instruction No. 4 being given without the following additions:

> A statement that does not make an assertion of a factual matters, and which does not suggest that a conclusion is being drawn from facts not disclosed in the statement, is commonly a statement of opinion.  In considering the context, you should take into account whether the surrounding circumstances of the statement, including the words used, the medium by which the statement is disseminated and whether the statement was made in the course of a debate or dispute, such that the remark was intended and understood not as fact but as rhetorical hyperbole, name-calling, or ridicule and thus a statement of opinion.

Although there is no model jury instruction on the relevant context for assessing whether a statement is a fact or opinion, Mr. Musk's proposed instruction is an "accurate statement of the law."  *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law," although "formulation or choice of language of the jury instructions is within the discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate statement of the law").  The instruction is based upon Ninth Circuit and California authority for determining the relevant context for assessing whether a statement is a fact or opinion.  *Koch v. Goldway*, 817 F.2d 507 (9th Cir. 1987); *Information Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980); Restatement (Second) of Torts § 566 cmt. e (1977).

This proposed addition would explain to the jury the boundaries between fact and opinion, and would correctly inform the jury that, in deciding whether Mr.

Musk's statements were statements of fact, it must consider the context in which the statements were made, including the words used, the medium by which the statement was disseminated, and whether the statement was made in the course of a debate or dispute, such that the remark was intended and understood not as fact but, for example, as rhetorical hyperbole, name-calling, or ridicule and thus a statement of opinion. *See Info. Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980) ("In sum, the test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality in the context in which it was uttered or published.  The court must consider all the words used, not merely a particular phrase or sentence.  In addition, the court must give weight to cautionary terms used by the person publishing the statement.  Finally, the court must consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published.").

**D.     Preliminary Jury Instruction No. 5 - Physical Pain, Mental Suffering, and Emotional Distress (Noneconomic Damage) (CACI § 3905A)**

Mr. Musk takes exception to Preliminary Jury Instruction No. 5 to the extent it states as follows:  "For future emotional distress, determine the amount in current dollars paid at the time of judgment that will [sic] Mr. Unsworth for future emotional distress.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages."  Because Mr. Unsworth does not seek any economic damages, this portion of the instruction should be omitted as lacking a foundation in the evidence and likely to confuse the jury.

### E.   Preliminary Jury Instruction No. 6 - Punitive Damages— Individual Defendant—Trial Not Bifurcated (CACI § 3940)

Mr. Musk takes exception to Preliminary Jury Instruction No. 6, which omits the need for Mr. Unsworth to prove, on his request for punitive damages, actual (constitutional) malice by clear and convincing evidence in addition to proving common-law malice.   Thus, Mr. Musk submits that the sentence stating that "You may award punitive damages only if Mr. Unsworth proves by clear and convincing evidence that Mr. Musk engaged in that conduct with malice, oppression, or fraud" should be replaced with "You may award punitive damages only if Mr. Unsworth proves by clear and convincing evidence that Mr. Musk both knew the statements were false or had serious doubts about the truth of the statements, and that he acted with malice, oppression, or fraud."

### F.   Preliminary Jury Instruction No. 7 – Highly Probable—Clear and Convincing Proof (CACI § 201)

Mr. Musk takes exception to Preliminary Jury Instruction No. 7 on clear and convincing evidence because the Court has indicated it will give Ninth Circuit Model Instruction No. 1.7 (Burden of Proof – Clear and Convincing Evidence) and the inclusion of conflicting instructions on clear and convincing evidence is likely to confuse the jurors.

### G.   Exception To Omission of Any Instruction On Mr. Musk's Affirmative Defenses

Mr. Musk submits the Court should give the following instruction on his affirmative defense of unclean hands.

Mr. Musk has raised as an affirmative defense the allegation that Mr. Unsworth has come into court with unclean hands.  The doctrine of unclean hands is invoked when a plaintiff has engaged in inequitable, unfair, unconscionable, or deceitful conduct in connection with the same subject matter for which the plaintiff claims a right to damages.

1      <u>Even if you determine that Mr. Unsworth has proved the elements of</u>

2      <u>his case, you may still find against Mr. Unsworth if you determine that</u>

3      <u>Mr. Musk has shown that Mr. Unsworth's conduct has been</u>

4      <u>inequitable, unfair, unconscionable, or deceitful, and resulted in</u>

5      <u>prejudice to Mr. Musk.  Mr. Unsworth's misconduct must be intimately</u>

6      <u>connected with the issues in this case.</u>

7  This affirmative defense is properly pled, follows California law, and has a basis in

8  the evidence.

9      As a matter of law, unclean hands is a proper defense in California.  *Unilogic,*

10  *Inc. v. Burroughs Corp.*, 10 Cal App. 4th 612, 623 (1992) ("equitable defense of

11  unclean hands was available against the legal claim for conversion").  This defense

12  applies in tort actions.  *Kendall–Jackson Winery, Ltd. v. Superior Court*, 76 Cal.

13  App. 4th 970 (1999), *as modified on denial of reh'g* (Jan. 3, 2000) (application of

14  unclean hands doctrine in malicious prosecution action).  And a determination of

15  whether a plaintiff has unclean hands is a question of fact for the jury.  *Unilogic,*

16  *Inc.*, 10 Cal App. 4th at 623 (application of unclean hands is "primarily a question of

17  fact").

18      This instruction has a foundation in the evidence.  As Mr. Unsworth

19  concedes, unclean hands requires a showing only that "Plaintiff's conduct is

20  inequitable, as demonstrated through a showing of wrongfulness, willfulness, bad

21  faith, or gross negligence," that "relates to the subject matter of the plaintiff's

22  claims.  (Dkt. 114, at 6 (citing *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp.

23  3d 1085, 1092 (C.D. Cal. 2016).)   Here, Mr. Unsworth's conduct was inequitable in

24  relation to the subject matter of his claim:  Mr. Musk's tweet responded to Mr.

25  Unsworth's CNN interview in which Mr. Unsworth stated, on a live international

26  news broadcast, that Mr. Musk's rescue efforts were a PR stunt and that Mr. Musk

27  should stick his submarine where it hurts.  This direct attack accusing Mr. Musk of

28  seeking to endanger the lives of children for his own gain was unfair and

1  inequitable.  *See Kendall-Jackson Winery*, 76 Cal. App. 4th at 979 ("Not every

2  wrongful act constitutes unclean hands.  But, the misconduct need not be a crime or

3  an actionable tort.  Any conduct that violates conscience, or good faith, or other

4  equitable standards of conduct is sufficient cause to invoke the doctrine.").  And the

5  misconduct occurred in the same interaction as the tweets that are the subject of this

6  lawsuit.  *See Unilogic, Inc.*, 10 Cal App. 4th at 623 ("[Defendant's] conversion and

7  [Plaintiff's] misconduct occurred in the same transaction that forms the subject of

8  this litigation--the joint development project. In our view, that is enough to trigger

9  application of the unclean hands doctrine.").  Because Mr. Unsworth's own conduct

10  in this interaction could be characterized by a reasonable juror as inequitable and

11  relating to the subject matter of his claim, the Court should allow Mr. Musk to

12  present this defense.

13        Although there is no model jury instruction on unclean hands, Mr. Musk's

14  proposed jury instruction is an "accurate statement of the law."  *See, e.g.*, *United*

15  *States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be

16  "accurate statement of the law," although "formulation or choice of language of the

17  jury instructions is within the discretion of the district court"); *United States v.*

18  *Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate

19  statement of the law").  Mr. Musk's proposed instruction is based on the California

20  Forms of Jury Instruction 300F.29 and applicable California law on the unclean

21  hands doctrine.

22        Mr. Musk also submits the Court should give the following instruction on his

23  affirmative defense of consent.

24        Mr. Musk has raised as an affirmative defense the allegation that Mr.

25        Unsworth, through his conduct, invited or induced Mr. Musk's

26        statements.  Mr. Musk is not responsible for any reputational harm Mr.

27        Unsworth claims has occurred if Mr. Musk shows that Mr. Unsworth

28        consented, by words or conduct, to the publication or republication of

1   <u>Mr. Musk's communication of the statement to others.  Inaction or</u>
2   <u>silence can constitute consent to publication.  In deciding whether Mr.</u>
3   <u>Unsworth consented to the communication, you should consider the</u>
4   <u>circumstances surrounding the words or conduct.</u>
5   This affirmative defense is properly pled, follows California law, and has a basis in
6   the evidence.
7        To start, Mr. Musk's Answer preserved his right to raise as an affirmative
8   defense "common interest or other applicable privilege," and the affirmative defense
9   of consent qualifies as an "other applicable privilege." (Dkt. 45, at 15.)  Under
10  California law, "[o]ne of the oldest and most widely recognized defenses to the
11  publication of defamatory matter is the doctrine of consent, which has been
12  classified as a form of ***absolute privilege***."  *Royer v. Steinberg*, 90 Cal. App. 3d 490,
13  499 (1979) (emphasis added); *see also Kelly v. William Morrow & Co.*, 186 Cal.
14  App. 3d 1625, 1634 (1986) (examining *Royer* rule that consent is a privilege in
15  defamation cases and collecting cases from other jurisdictions holding the same).
16  The CACI instruction on Consent as an affirmative defense in a defamation action
17  specifically cites to *Royer*.  CACI 1721, Sources & Authorities.  Thus, the
18  affirmative defense of consent falls with the scope of "other applicable privilege"
19  and is properly pled.
20       Consent is a proper defense to a defamation claim.  As a general matter, the
21  CACI jury instructions expressly recognize consent as an affirmative defense in a
22  defamation action.  CACI 1721.  The supporting authority for the instruction states:
23  "The primary purposes of the doctrine of consent in defamation law is to prevent a
24  party from inviting or inducing indiscretion and thereby laying the foundation of a
25  lawsuit for his own pecuniary gain."  *Royer*, 90 Cal. App. 3d at 499.  "[C]onduct
26  that gives apparent consent is sufficient to bar recovery."  Restatement (Second) of
27  Torts § 583 (1977). "Whether words or other conduct are reasonably to be
28  interpreted as expressions of consent to the publication is to be determined by the

1  reasonable inferences from the conduct in the light of the circumstances surrounding

2  it." *Id.*  As the Second Circuit explained in *Sleepys LLC v. Select Comfort*

3  *Wholesale Corp.*, 779 F.3d 191 (2d Cir. 2015), "the consent of the person defamed

4  to the making of a defamatory statement bars that person from suing for the

5  defamation, and ... in some circumstances, a person's intentional eliciting of a

6  statement she expects will be defamatory can constitute her consent to the making of

7  the statement." *Id.* at 199-200.

8       This instruction has a foundation in the evidence.  Mr. Musk intends to show

9  that Mr. Unsworth invited or otherwise induced Mr. Musk's allegedly defamatory

10  tweets by airing a baseless accusation on an international CNN news broadcast

11  accusing Mr. Musk of engaging in a PR stunt, alleging that Mr. Musk did not care

12  about the lives of the trapped Thai children, and telling Mr. Musk to stick his

13  submarine where it hurts.  Mr. Unsworth's criticism and insult invited a response

14  from Mr. Musk, which Mr. Musk gave via his July 15, 2018 tweets.  This

15  affirmative defense has a basis in the evidence; thus, Mr. Musk should be permitted

16  to present it at trial.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (only

17  some foundation in evidence is necessary).

18

19  DATED:  December 2, 2019          Respectfully submitted,

20                                    QUINN EMANUEL URQUHART

21                                      & SULLIVAN, LLP

22                                    By    */s/ Alex Spiro*

23                                          Alex Spiro
                                      *Attorneys for Defendant Elon Musk*
24

25

26

27

28

13