L. LIN WOOD, P.C.
L. Lin Wood (*pro hac vice*)
lwood@linwoodlaw.com
Nicole J. Wade (*pro hac vice*)
nwade@linwoodlaw.com
Jonathan D. Grunberg (*pro hac vice*)
jgrunberg@linwoodlaw.com
G. Taylor Wilson (*pro hac vice*)
twilson@linwoodlaw.com
1180 West Peachtree Street, Ste. 2040
Atlanta, Georgia 30309
404-891-1402
404-506-9111 (fax)

WEISBART SPRINGER HAYES, LLP
Matt C. Wood (*pro hac vice*)
mwood@wshllp.com
212 Lavaca Street, Ste. 200
Austin, TX 78701
512-652-5780
512-682-2074 (fax)

CHATHAM LAW GROUP
Robert Christopher Chatham
chris@chathamfirm.com
CA State Bar No. 240972
3109 W. Temple St.
Los Angeles, CA 90026
213-277-1800

Attorneys for Plaintiff VERNON UNSWORTH

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>    Plaintiff,<br><br>v.<br><br>ELON MUSK,<br><br>    Defendant. | Case No. 2:18-cv-08048-SVW (JCx)<br><br>Judge: Hon. Stephen V. Wilson<br><br>**PLAINTIFF VERNON UNSWORTH'S NOTICE OF MOTION AND MOTION IN LIMINE**<br><br>Pretrial Conference: Dec. 2, 2019<br>Hearing Date: Dec. 2, 2019<br>Time: 2:30 p.m.<br>Courtroom: 10A |

1  PLEASE TAKE NOTICE THAT on December 2, 2019, at 2:30 p.m. in
2 Courtroom 10A of the above-titled Court, Plaintiff Vernon Unsworth will move this
3 Court for an order granting Plaintiff's Motion in Limine.  Plaintiff's Motion in
4 Limine is made pursuant to this Notice of Motion, Plaintiff's memorandum in
5 support filed below, and any such additional argument or materials as may be
6 submitted to the Court before the time of the decision in this matter.

7  DATED:  December 2, 2019          Respectfully submitted,

**L. Lin Wood, P.C.**

By: */s/ L. Lin Wood*
L. Lin Wood

*Attorney for Plaintiff Vernon Unsworth*

At every opportunity, Musk demeans Unsworth's right to present his case pursuant to the pretrial order entered in this case. From the time of the filing of his Complaint to the present day, Unsworth has pursued a cause of action against Musk for defamation based on the July 15 tweet in which Musk described Unsworth as a "pedo guy." Musk now wishes to misrepresent the civil process that results in the entry of a pretrial order which supersedes prior pleadings and arguments by the parties on motion to dismiss and motion for summary judgement. The legal rule that the pretrial order governs the case cannot be manipulated by Musk to improperly argue or comment to the jury that Unsworth is engaging in "gamesmanship" by "abandoning" his claims based on Musk's emails to BuzzFeed. That is false and if allowed to be argued would open the door to presentation of the entire record in the case prior to the entry of the pretrial order.

Unsworth files this motion in limine asking the Court to exclude any argument or comment by defense counsel to the effect that Unsworth has purportedly engaged in gamesmanship, or that he abandoned a claim, or that he changed his case by not pursuing a legal claim arising out of the emails to BuzzFeed. Those emails are relevant to Musk's state of mind on July 15, and the decision against suing separately on them is not an admission that the terms used therein were not defamatory. In fact, the terms used in the emails are consistent with describing potential acts of pedophilia. The emails are highly relevant proof of Musk's common law malice against Unsworth. Musk cannot be allowed to prejudice the jury by arguing, for example, that Unsworth has conceded the truth of Musk's heinous allegations to BuzzFeed, or that Unsworth has in some fashion been unfair in how he pursued his legitimate cause of action against Musk by following the established rules governing the pretrial process and the effect of the pretrial order.  Musk's demeaning terms are not only irrelevant and not supported by admissible evidence but would undoubtedly create jury confusion, a waste of time, undue delay, and harmful prejudice to Unsworth's right to follow the rules of civil procedure in presenting his case in chief to the jury.  To evaluate Musk's

specious arguments, the jury would have to review and consider the extensive pleadings and motions practice to begin to understand Unsworth's decision regarding the presentation of his single cause of action. That decision is within the sole province of the Court, and the Court has entered its pretrial rulings and has now entered the pretrial order. No argument or comment by counsel should suggest that the jury has the right to revisit those rulings by the Court or that Unsworth has somehow used the rules to gain an unfair advantage.

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Moreover, even relevant evidence may be excluded under certain circumstances:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403. Evidence is unfairly prejudicial if it has an "undue tendency to suggest decision on an ***improper basis***, commonly, though not necessarily, an ***emotional*** one." *Contreras v. City of Los Angeles*, No. 2:11-CV-01480-SVW-SH, 2012 WL 12893417, at *3 (C.D. Cal. Sept. 11, 2012) (emphasis added).

Courts routinely bar discussion of the fact that the scope of a plaintiff's claim has changed before trial. *See, e.g.*, *Oyarzo v. Tuolumne Fire Dist.*, 1:11-CV-01271-SAB, 2013 WL 5718882, at *9 (E.D. Cal. Oct. 18, 2013) ("The fact that Defendants motion for summary judgment has been granted in respect to certain claim or defendants is irrelevant and the admission of such evidence is highly prejudicial.").

Unsworth's claim against Musk has always been styled as a single cause of action, beginning with the first filing—the Complaint. (*See* Doc. 1 at pp. 17-20). Nevertheless, Musk feigns surprise that Unsworth is pursuing the same case he has always been pursuing—a claim for defamation based on Musk's false and defamatory accusation that Unsworth is a pedophile. Unsworth's fundamental claim has never

changed. And as the Court noted in the pretrial conference on November 26, 2019, Unsworth's decision to focus his case before the jury is not "prejudicial because if anything, it has limited rather than expanded" the case to be tried.

The Complaint, however, is no longer what governs the case to be tried. The Pretrial Order is operative. (*See* Doc. 137). And the Pretrial Order correctly states that the cause of action is based on the July 15 Tweets:

> Unsworth claims that Musk defamed him by calling him a "pedophile." To establish that Musk called him a pedophile, Unsworth maintains that Musk made the following writings on his verified Twitter account:
> - "Never saw this British expat guy who lives in Thailand (sus) at any point when we were in the caves."
> - "Sorry pedo guy, you really did ask for it."
> - "Bet ya a signed dollar it's true."

(*Id.* at 2).

To the extent Musk wishes to characterize the trajectory from the Complaint to the Pretrial Order—including through false allegations of gamesmanship or abandonment—this would be an unduly prejudicial sideshow that would confuse the jury, waste time, and cause undue delay. Musk cannot identify any relevance to Unsworth's decision to focus his cause of action on the July 15 Tweets. Rather, the only purpose of discussing this issue with the jury would be to plant an unfairly prejudicial seed in the jury's mind that Unsworth was somehow unable to substantiate a claim. Not only is that false—as demonstrated by this Court's denial of Musk's Motion for Summary Judgment (*see* Doc. 124)—it is unfairly prejudicial and misleading.

Moreover, in order for the jury to properly contextualize Unsworth's trial strategy, the jury would need to consider the lengthy pleadings and motion filings that took the case from the Complaint to the Pretrial Order. This would be a lengthy

sideshow that would confuse the jury, waste time, and cause undue delay. Indeed, it is not for the jury to muddle through the unproven and erroneous factual and legal arguments Musk raised while litigating this matter.

Ultimately, the case that the jury will hear is defined by the Pretrial Order. The Court has already found that Unsworth's proper use of the pretrial order proceedings to define the defamation case he will present to the jury is not prejudicial to Musk. Unsworth has played by the rules. Musk seeks to misrepresent the rules. The Court should thus bar Musk from presenting to the jury any argument or make any comments that Unsworth has purportedly engaged in gamesmanship, changed his claim, or abandoned claims.

Dated: December 2, 2019  L. LIN WOOD, P.C.

By: */s/L. Lin Wood*
L. Lin Wood

*Attorneys for Plaintiff Vernon Unsworth*