QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted pro hac vice)
alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VERNON UNSWORTH,

Plaintiff,

vs.

ELON MUSK,

Defendant.

Case No. 2:18-cv-08048

Judge: Hon. Stephen V. Wilson

**DEFENDANT'S MOTION TO STRIKE IRRELEVANT TESTIMONY OF JARED BIRCHALL**

Complaint Filed: September 17, 2018
Trial Date: December 3, 2019

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

This motion to strike the irrelevant testimony of Jared Birchall is made on the following grounds: (1) this Court, in the Pretrial order, specified that events occurring after July 15, 2018 were admissible only to show Mr. Musk's state of mind when he published the July 15, 2018 tweets; and (2) Mr. Birchall's testimony as to activities occurring after July 15, 2018 of which Mr. Musk had no knowledge cannot possibly be relevant to Mr. Musk's mental state. Mr. Musk therefore requests this court to strike such testimony from the record.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities; all pleadings and papers on file in this action; such other evidence or arguments as may be presented to the Court; and such other matters of which this Court may take judicial notice.

DATED: December 5, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Alex Spiro*
Alex Spiro
*Attorneys for Defendant Elon Musk*

## I. INTRODUCTION.

Defendant Elon Musk requests the Court strike from the record certain testimony of Jared Birchall that is irrelevant because it is evidence of events occurring subsequent to July 15, 2018 of which Mr. Musk had no knowledge. This Court recognized that Mr. Unsworth is not seeking to hold Mr. Musk liable for any words or conduct subsequent to July 15, 2018, and stated that Mr. Unsworth may only use evidence of events occurring after July 15, 2018 "for the limited purpose of establishing Musk's state of mind at the time of the alleged defamation." (Dkt. 137, at 4.) Jared Birchall's testimony on subsequent events that Mr. Musk had no knowledge of cannot be relevant to Mr. Musk's mental state on July 15, 2018 and therefore should be stricken from the record and the jury should be instructed to disregard it.

## II. MR. BIRCHALL'S TESTIMONY AS TO EVENTS OCCURRING AFTER JULY 15, 2018 OF WHICH MR. MUSK HAD NO KNOWLEDGE MUST BE STRICKEN.

A motion to strike is properly granted where testimony is inadmissible. *See Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1010 (9th Cir.), *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001)(district court should have stricken inadmissible trial testimony, reversing and remanding for new trial because improper testimony "was inflammatory"); *Benjamin v. Peter's Farm Condo. Owners Ass'n,* 820 F.2d 640, 643 (3d Cir. 1987) (reversible error not to strike trial testimony which lacked foundation and was inadmissible). In this case, the Court determined that evidence of events occurring after July 15, 2018 was admissible only to show Mr. Musk's mental state at the time he published the tweets that form the basis of Mr. Unsworth's defamation claim. (Dkt. 137, at 4 (holding Plaintiff may use subsequent events "for the limited purpose of establishing Musk's state of mind at the time of the alleged defamation").) Because subsequent events are not admissible for any purpose other than to show mental state evidence is irrelevant and therefore inadmissible

unless it shows Mr. Musk's mental state. Consequently, any evidence of events occurring after July 15, 2018 that does *not* go to Mr. Musk's mental state is inadmissible under Federal Rules of Evidence 401 and 402. This evidence must be stricken from the record and the jury must be instructed not to consider it.

The following testimony, which does not go to Mr. Musk's mental state, must be stricken and disregarded. First, Mr. Musk did not know that Mr. Birchall used the alias "James Brickhouse" to communicate with Mr. Howard. (12/3/2019 Tr. at 87:22-88:2; 12/4/2019 A.M. Tr. at 75:3-13). Similarly, whether and to what extent Mr. Birchall investigated Mr. Howard's purported credentials before engaging him is irrelevant because Mr. Musk did not know what, if any diligence, Birchall performed. (12/3/2019 Tr. at 89:19-90:2). Mr. Musk also testified that he did not know whether Mr. Birchall offered Howard a $10,000 bonus for confirmation of information and Plaintiff pointedly ***did not ask*** Birchall whether he told Mr. Musk that he made such an offer. (12/3/2019 Tr. at 91:14-22; 12/4/2019 A.M. Tr. at 85:19-86:5; TX 72). Finally, Plaintiff failed to establish or elicit any testimony that Mr. Musk had personal knowledge of either the specific information Mr. Birchall instructed Mr. Howard to release to the press or the questions that Mr. Birchall asked Mr. Howard to answer in his August 26, 2018 email. (12/4/2019 A.M. Tr. at 81:7-82:11 (discussing TX 66); 12/4/2019 P.M. Tr. 21:11-22:5.)

Information that Mr. Musk did not know about cannot possibly go to his mental state. Therefore, the evidence must be stricken and the jury must be instructed to disregard it in reaching its verdict.

## III. CONCLUSION.

Mr. Musk respectfully requests the Court strike from the record the above-referenced testimony of Jared Birchall and instruct the jury not to consider it.

DATED: December 5, 2019

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By *<u>/s/ Alex Spiro</u>*
Alex Spiro (admitted *pro hac vice*)
*Attorneys for Defendant Elon Musk*