QUINN EMANUEL URQUHART & SULLIVAN, LLP
Alex Spiro (admitted *pro hac vice*)
  alexspiro@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Robert M. Schwartz (Bar No. 117166)
  robertschwartz@quinnemanuel.com
Michael T. Lifrak (Bar No. 210846)
  michaellifrak@quinnemanuel.com
Jeanine M. Zalduendo (Bar No. 243374)
  jeaninezalduendo@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

*Attorneys for Defendant Elon Musk*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON UNSWORTH,<br><br>           Plaintiff,<br><br>    vs.<br><br>ELON MUSK,<br><br>           Defendant. | Case No. 2:18-cv-08048<br><br>Judge: Hon. Stephen V. Wilson<br><br>**DEFENDANT'S EXCEPTIONS TO FINAL JURY INSTRUCTIONS**<br><br>Complaint Filed: September 17, 2018<br>Trial Date: December 3, 2019 |

Defendant Elon Musk respectfully submits the following exceptions to the Court's Final Jury Instructions.

**A.      Final Jury Instruction No. 1 – Defamation per se—Essential Factual Elements (p. 12)**

Mr. Musk takes exception to Preliminary Instruction No. 1 because the instruction is based upon Mr. Unsworth being a private figure when Mr. Unsworth actually is a public figure and therefore the instruction should apply the "actual malice" standard instead of the "reasonable care" standard, which must be proved by clear and convincing evidence.  CACI 1700.  A public controversy exists, Mr. Unsworth voluntarily injected himself into the controversy and/or sought to influence the resolution of it, and the alleged defamatory statement is "germane" to Mr. Unsworth's participation in the controversy.  *See Copp v. Paxton*, 45 Cal. App. 4th 829, 845-46 (1996); *Jankovic v. Int'l Crisis Grp.*, 822 F.3d 576, 589 (D.C. Cir. 2016) (statements are germane if they relate "to understanding [plaintiff's] role and why he wanted to be involved" in the controversy); *Waldbaum v. Fairchild Publications, Inc.*, 627 F.2d 1287, 1298 (D.C. Cir. 1980); *see also Atlanta Journal-Constitution v. Jewell*, 555 S.E.2d 175, 183 (Ga. App. 2001).  Likewise, Mr. Unsworth should be considered a general ("all purpose") public figure because has used his role in the Thai Cave rescue as a springboard to fame, starting with the CNN interview he gave attacking Mr. Musk.  *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 334 (1974).

**B.      Final Jury Instruction No. 2 – Fact versus Opinion (p. 13)**

Mr. Musk takes exception to Preliminary Jury Instruction No. 2 being given without the following additions:

A statement that does not make an assertion of a factual matters, and which does not suggest that a conclusion is being drawn from facts not disclosed in the statement, is commonly a statement of opinion.  In considering the context, you should take into account whether the

2

1  <u>surrounding circumstances of the statement, including the words used,</u>

2  <u>the medium by which the statement is disseminated and whether the</u>

3  <u>statement was made in the course of a debate or dispute, such that the</u>

4  <u>remark was intended and understood not as fact but as rhetorical</u>

5  <u>hyperbole, name-calling, or ridicule and thus a statement of opinion.</u>

6  Although there is no model jury instruction on the relevant context for

7  assessing whether a statement is a fact or opinion, Mr. Musk's proposed instruction

8  is an "accurate statement of the law." *See, e.g.*, *United States v. Garza*, 980 F.2d

9  546, 554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law,"

10  although "formulation or choice of language of the jury instructions is within the

11  discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir.

12  1990) (jury instruction must be "accurate statement of the law"). The instruction is

13  based upon Ninth Circuit and California authority for determining the relevant

14  context for assessing whether a statement is a fact or opinion. *Koch v. Goldway*,

15  817 F.2d 507 (9th Cir. 1987); *Information Control Corp. v. Genesis One Computer*

16  *Corp.*, 611 F.2d 781, 784 (9th Cir. 1980); Restatement (Second) of Torts § 566 cmt.

17  e (1977).

18  This proposed addition would explain to the jury the boundaries between fact

19  and opinion, and would correctly inform the jury that, in deciding whether Mr.

20  Musk's statements were statements of fact, it must consider the context in which the

21  statements were made, including the words used, the medium by which the

22  statement was disseminated, and whether the statement was made in the course of a

23  debate or dispute, such that the remark was intended and understood not as fact but,

24  for example, as rhetorical hyperbole, name-calling, or ridicule and thus a statement

25  of opinion. *See Info. Control Corp. v. Genesis One Computer Corp.*, 611 F.2d 781,

26  784 (9th Cir. 1980) ("In sum, the test to be applied in determining whether an

27  allegedly defamatory statement constitutes an actionable statement of fact requires

28  that the court examine the statement in its totality in the context in which it was

3

1  uttered or published.  The court must consider all the words used, not merely a

2  particular phrase or sentence.  In addition, the court must give weight to cautionary

3  terms used by the person publishing the statement.  Finally, the court must consider

4  all of the circumstances surrounding the statement, including the medium by which

5  the statement is disseminated and the audience to which it is published.").

6  **C.    Final Jury Instruction No. 3 – Statement (p. 14)**

7  Mr. Musk takes exception to Final Jury Instruction on the meaning of the

8  word "statement" is confusing because it implies that the jury may hold Mr. Musk

9  liable for a statement of opinion.  Mr. Musk requests the Court omit this jury

10  instruction.

11  **D.    Final Jury Instruction No. 6 – Assumed Damages (p. 17)**

12  Mr. Musk takes exception to Final Jury Instruction No. 6 on the ground that

13  the phrase "[a]ssumed damages should be calculated independently of actual

14  damages" should be omitted because Mr. Unsworth is not entitled to double

15  recovery.  This phrase would allow the jury to award Mr. Unsworth damages twice

16  for the same reputational and emotional harm, which is not permitted.  "[T]he

17  general theory of compensatory damages bars double recovery for the same

18  wrong[.]"  *Lafayette v. Cty. of Los Angeles*, 162 Cal. App. 3d 547, 554 (1984); *see*

19  *also Fuller v. Capitol Sky Park*, 46 Cal. App. 3d 727, 732 (1975) ("The

20  compensatory damage principle dictates no double recovery, for by definition,

21  double recovery is antithetical to compensatory damages.  The compensatory

22  damage principle is basic to the law of damages[.]").

23  In addition, Mr. Musk takes exception to the omission of any instruction

24  informing the jury as to the standard for assessing whether Mr. Musk knew the

25  statements were false or had serious doubts about the truth of the statements.  Mr.

26  Musk submits the following instruction should be given:

27  <u>Only the mental state of Mr. Musk may satisfy the requirement that Mr.</u>

28  <u>Musk knew the statements were false at the time he made them on July</u>

4

1    15 or had serious doubts about the truth of the statements at that time.
2    Only a high degree of awareness of the probable falsity of statements is
3    sufficient to qualify as "serious doubts about the truth of the
4    statements."  Your decision must be based upon Mr. Musk's mental
5    state at the time Mr. Musk allegedly published the statement.

6    Mr. Musk's proposed jury instruction is based on Supreme Court and California
7    case law defining actual malice.  *See New York Times Co. v. Sullivan*, 376 U.S. 254
8    (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *Beckley Newspapers*
9    *Corp. v. Hanks*, 389 U.S. 81 (1967); *Garrison v. Louisiana*, 379 U.S. 64 (1964); *St.*
10   *Amant v. Thompson*, 390 U.S. 727 (1968); *Harte-Hanks Commc'ns, Inc. v.*
11   *Connaughton*, 491 U.S. 657 (1989); *Rosenaur v. Scherer*, 88 Cal. App. 4th 260
12   (2001); *Antonovich v. Superior Court*, 234 Cal. App. 3d 1041 (Ct. App. 1991).
13   Actual malice means the statement was made with "knowledge that it was false or
14   with reckless disregard of whether it was false or not" and requires "clear and
15   convincing proof that the defamatory falsehood was made with knowledge of its
16   falsity or with reckless disregard for the truth."  *Gertz v. Robert Welch, Inc.*, 418
17   U.S. 323, 334, 342(1974).  Actual malice is a subjective test and, at minimum,
18   reckless disregard means that only "false statements made with the high degree of
19   awareness of their probable falsity" can give rise to liability under the actual malice
20   test.  *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964); *see also Beckley Newspapers*
21   *Corp. v. Hanks*, 389 U.S. 81, 82 (1967) (jury instructions equating constitutional
22   malice with "ill will" "were clearly impermissible").

23       Further, Mr. Musk submits that the Court should give an instruction on
24   ambiguous statements of fact or opinion in connection with the instruction on
25   knowledge of falsity or serious doubts as to the truth of a statement.  Mr. Musk
26   therefore submit the Court should give the following instruction:

27       If you find the words used by Mr. Musk in his statements are
28       ambiguous as to whether the statement is a statement of fact or opinion,

1   but you determine Mr. Musk honestly and without recklessness

2   believed that they were an opinion and not a fact, then to find the words

3   were meant as fact you must determine not only that a reasonable

4   reader would interpret the words in a defamatory, factual sense, but

5   also that Mr. Musk either:  (a) deliberately framed his statements in an

6   ambiguous manner in the hope of insinuating a defamatory import to

7   the reader, or (b) that Mr. Musk knew or acted in reckless disregard of

8   whether his words would be interpreted by the average reader as

9   defamatory statements of fact.

10  This proposed addition would explain to the jury what to do if it finds it ambiguous

11  whether Mr. Musk's statements were statements of fact or opinion.  Although there

12  is no model jury instruction on the ambiguity of statements as fact or opinion, Mr.

13  Musk's proposed instruction is an "accurate statement of the law."  *See, e.g.*, *United*

14  *States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be

15  "accurate statement of the law," although "formulation or choice of language of the

16  jury instructions is within the discretion of the district court"); *United States v.*

17  *Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate

18  statement of the law").

19         The California Supreme Court has explained that "a statement is entitled to

20  constitutional protection if the words used are ambiguous but the defendant honestly

21  and without recklessness believes that they constitute an opinion or idea."  *Good*

22  *Gov't Grp. of Seal Beach, Inc. v. Superior Court*, 22 Cal. 3d 672, 684 (1978).

23  Therefore, if the jury finds it ambiguous whether a statement was a statement of fact

24  or opinion, and determines that the defendant honestly and without recklessness

25  believed the statement was an opinion and not a fact, then to find the words were

26  meant as fact "the jury must find not only that the words were reasonably

27  understood in their defamatory, factual sense, but also that the defendant either

28  deliberately cast his statements in an equivocal fashion in the hope of insinuating a

6

DEFENDANT'S EXCEPTIONS TO PRELIMINARY JURY INSTRUCTIONS

defamatory import to the reader, or that he knew or acted in reckless disregard of whether his words would be interpreted by the average reader as defamatory statements of fact." *Id.*

Finally, Mr. Musk takes exception to the omission of any instruction that Mr. Unsworth was required to mitigate his damages. Thus, Mr. Musk submits the following addition should be given in connection with the instruction on damages:

> You should also consider what efforts Mr. Unsworth took to minimize the effects of his alleged injury. One who has been injured by the defamation of another must use reasonable care to prevent any aggravation or increase of the injury. Mr. Unsworth is not entitled to be compensated for any injury or aggravation of injury caused by his failure to minimize damages. Thus, you should reduce the damages awarded to Mr. Unsworth to the extent you find that Mr. Unsworth made his condition worse by not taking reasonable care to prevent any aggravation or increase of the injury. It is Mr. Musk's burden to prove by a preponderance of the evidence that Mr. Unsworth has failed to minimize his damages.

As a matter of law, Mr. Unsworth was required to mitigate his damages. *See Green v. Smith*, 261 Cal. App. 2d 392, 396 (1968) ("It has been the policy of the courts to promote the mitigation of damages. The doctrine applies in tort, wilful [sic] as well as negligent. A plaintiff cannot be compensated for damages which he could have avoided by reasonable effort or expenditures."). Mr. Musk's proposed instruction is based on CACI 3930, modified to include the names of the parties and the nature of the claim at issue in this case. It is a short and plain statement of the law, that correctly instructs the jury that Mr. Unsworth is not entitled to damages for harm that he could have prevented.

### E.   Exception To Omission of Any Instruction On Mr. Musk's Affirmative Defenses

Mr. Musk submits the Court should give the following instruction on his affirmative defense of unclean hands.

> Mr. Musk has raised as an affirmative defense the allegation that Mr. Unsworth has come into court with unclean hands.  The doctrine of unclean hands is invoked when a plaintiff has engaged in inequitable, unfair, unconscionable, or deceitful conduct in connection with the same subject matter for which the plaintiff claims a right to damages.  Even if you determine that Mr. Unsworth has proved the elements of his case, you may still find against Mr. Unsworth if you determine that Mr. Musk has shown that Mr. Unsworth's conduct has been inequitable, unfair, unconscionable, or deceitful, and resulted in prejudice to Mr. Musk.  Mr. Unsworth's misconduct must be intimately connected with the issues in this case.

This affirmative defense is properly pled, follows California law, and has a basis in the evidence.

As a matter of law, unclean hands is a proper defense in California.  *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal App. 4th 612, 623 (1992) ("equitable defense of unclean hands was available against the legal claim for conversion").  This defense applies in tort actions.  *Kendall–Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970 (1999), *as modified on denial of reh'g* (Jan. 3, 2000) (application of unclean hands doctrine in malicious prosecution action).  And a determination of whether a plaintiff has unclean hands is a question of fact for the jury.  *Unilogic, Inc.*, 10 Cal App. 4th at 623 (application of unclean hands is "primarily a question of fact").

This instruction has a foundation in the evidence.  As Mr. Unsworth concedes, unclean hands requires a showing only that "Plaintiff's conduct is

8

inequitable, as demonstrated through a showing of wrongfulness, willfulness, bad faith, or gross negligence," that "relates to the subject matter of the plaintiff's claims. (Dkt. 114, at 6 (citing *POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1092 (C.D. Cal. 2016).)   Here, Mr. Unsworth's conduct was inequitable in relation to the subject matter of his claim:  Mr. Musk's tweet responded to Mr. Unsworth's CNN interview in which Mr. Unsworth stated, on a live international news broadcast, that Mr. Musk's rescue efforts were a PR stunt and that Mr. Musk should stick his submarine where it hurts.  This direct attack accusing Mr. Musk of seeking to endanger the lives of children for his own gain was unfair and inequitable.  *See Kendall-Jackson Winery*, 76 Cal. App. 4th at 979 ("Not every wrongful act constitutes unclean hands.  But, the misconduct need not be a crime or an actionable tort.  Any conduct that violates conscience, or good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine.").  And the misconduct occurred in the same interaction as the tweets that are the subject of this lawsuit.  *See Unilogic, Inc.*, 10 Cal App. 4th at 623 ("[Defendant's] conversion and [Plaintiff's] misconduct occurred in the same transaction that forms the subject of this litigation--the joint development project. In our view, that is enough to trigger application of the unclean hands doctrine.").  Because Mr. Unsworth's own conduct in this interaction could be characterized by a reasonable juror as inequitable and relating to the subject matter of his claim, the Court should allow Mr. Musk to present this defense.

Although there is no model jury instruction on unclean hands, Mr. Musk's proposed jury instruction is an "accurate statement of the law."  *See, e.g.*, *United States v. Garza*, 980 F.2d 546, 554 (9th Cir. 1992) (jury instruction must be "accurate statement of the law," although "formulation or choice of language of the jury instructions is within the discretion of the district court"); *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990) (jury instruction must be "accurate statement of the law").  Mr. Musk's proposed instruction is based on the California

9

Forms of Jury Instruction 300F.29 and applicable California law on the unclean hands doctrine.

Mr. Musk also submits the Court should give the following instruction on his affirmative defense of consent.

> Mr. Musk has raised as an affirmative defense the allegation that Mr. Unsworth, through his conduct, invited or induced Mr. Musk's statements. Mr. Musk is not responsible for any reputational harm Mr. Unsworth claims has occurred if Mr. Musk shows that Mr. Unsworth consented, by words or conduct, to the publication or republication of Mr. Musk's communication of the statement to others. Inaction or silence can constitute consent to publication. In deciding whether Mr. Unsworth consented to the communication, you should consider the circumstances surrounding the words or conduct.

This affirmative defense is properly pled, follows California law, and has a basis in the evidence.

To start, Mr. Musk's Answer preserved his right to raise as an affirmative defense "common interest or other applicable privilege," and the affirmative defense of consent qualifies as an "other applicable privilege." (Dkt. 45, at 15.) Under California law, "[o]ne of the oldest and most widely recognized defenses to the publication of defamatory matter is the doctrine of consent, which has been classified as a form of ***absolute privilege***." *Royer v. Steinberg*, 90 Cal. App. 3d 490, 499 (1979) (emphasis added); *see also Kelly v. William Morrow & Co.*, 186 Cal. App. 3d 1625, 1634 (1986) (examining *Royer* rule that consent is a privilege in defamation cases and collecting cases from other jurisdictions holding the same). The CACI instruction on Consent as an affirmative defense in a defamation action specifically cites to *Royer*. CACI 1721, Sources & Authorities. Thus, the affirmative defense of consent falls with the scope of "other applicable privilege" and is properly pled.

10

Consent is a proper defense to a defamation claim.  As a general matter, the CACI jury instructions expressly recognize consent as an affirmative defense in a defamation action.  CACI 1721.  The supporting authority for the instruction states: "The primary purposes of the doctrine of consent in defamation law is to prevent a party from inviting or inducing indiscretion and thereby laying the foundation of a lawsuit for his own pecuniary gain."  *Royer*, 90 Cal. App. 3d at 499.  "[C]onduct that gives apparent consent is sufficient to bar recovery."  Restatement (Second) of Torts § 583 (1977). "Whether words or other conduct are reasonably to be interpreted as expressions of consent to the publication is to be determined by the reasonable inferences from the conduct in the light of the circumstances surrounding it."  *Id.*  As the Second Circuit explained in *Sleepys LLC v. Select Comfort Wholesale Corp.*, 779 F.3d 191 (2d Cir. 2015), "the consent of the person defamed to the making of a defamatory statement bars that person from suing for the defamation, and ... in some circumstances, a person's intentional eliciting of a statement she expects will be defamatory can constitute her consent to the making of the statement."  *Id.* at 199-200.

This instruction has a foundation in the evidence.  Mr. Musk intends to show that Mr. Unsworth invited or otherwise induced Mr. Musk's allegedly defamatory tweets by airing a baseless accusation on an international CNN news broadcast accusing Mr. Musk of engaging in a PR stunt, alleging that Mr. Musk did not care about the lives of the trapped Thai children, and telling Mr. Musk to stick his submarine where it hurts.  Mr. Unsworth's criticism and insult invited a response from Mr. Musk, which Mr. Musk gave via his July 15, 2018 tweets.  This affirmative defense has a basis in the evidence; thus, Mr. Musk should be permitted to present it at trial.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (only some foundation in evidence is necessary).

**F.     Exception To Final Verdict Form**

Mr. Musk takes exception to the final verdict form because it is inconsistent with the CACI verdict form 1702 for defamation per se—private figure, matter of public concern.  Mr. Musk requests the Court give CACI VF-1702, which would allow the jury to answer yes or no to every element of defamation per se for a private figure on a matter of public concern.

DATED:  December 6, 2019                Respectfully submitted,

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

By_____*/s/ Alex Spiro*_____
                Alex Spiro
        *Attorneys for Defendant Elon Musk*

Case No. 2:18-cv-08048
DEFENDANT'S EXCEPTIONS TO PRELIMINARY JURY INSTRUCTIONS